**1983 FORM**

## FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
### UNDER THE CIVIL RIGHTS ACT, 42 USC § 1983

KIM SMITH CT-2162

~~P.O. BOX 999~~ *Kelly Dr*

~~1120 PIKE ST.~~ *Coal Township PA 17866-1021*

~~HUNTINGDON   PA. 16652~~

(Enter above the full name of the plaintiff
or plaintiffs in this action)

In the United States District
Court for the Middle
District of Pennsylvania

FILED
SCRANTON

MAY 1 0 2001

PER _____
DEPUTY CLERK

1:CV01-0817

vs.

~~MR WEAVER CORRECT HEALTH CARE ADM~~

P.O. BOX 999

1120  PIKE  ST.     *see #2 additional Defendants*

HUNTINGDON  PA. 16652  ET, AL

(Enter above the full name of the defendant
or defendants in this action)

I.    Previous Lawsuits

    A.    Have you begun other lawsuits in state or federal court dealing with the same facts
involved in this action or otherwise relating to your imprisonment?

        Yes **x** No____

      **T.R.O. FROM ABUSE WITH SCANTON**

    B.    If your answer to A. is yes, describe each lawsuit in the space below. (If there is more
than one lawsuit, describe the additional lawsuits on another piece of paper, using the
same outline.)

      **T.R.O. FROM ABUSE OF MEDICAL STAFF IN THE FAILURE TO TREAT
SERIOUS MEDICAL PROBLEM, SLEEP APENA, WHERE PETITIONER WILL
STOP BREATHING  IN AN HOUR 16 OR MORE TIMES AT 16 OR MORE
SECOND EACH TIME.** *Assault by staff June 16, 2000 C.O. repeatedly
forced inmates face into wall without cause or reason for
force, knocking out front teeth    EXD*

1. Parties to this previous lawsuit

   Plaintiffs: KIM SMITH CT-2162

   P.O. BOX 999    1120 PIKE ST. HUNTINGDON  PA. 16652

   Defendants: MR. WEAVER CORRECTION HEALTH CARE ADM.

   P.O. BOX 999  1120 PIKE  ST. HUNTINGDON  PA. 16652
   OTHER PARTIES NOT LISTED

2. Court (if federal court, name the district: if state court, name the county).

   HUNTINGDON COUNTY

3. Docket Number        NOT YET DOCKETED

4. Name of judge to whom case was assigned:

   UNKOWN

5. Disposition (for example: was the case dismissed? Was it appealed? Is it still pending?)

   NOT YET DECIDED

6. Approximate date of filing lawsuit: OCT. 1, 1999

7. Approximate date of disposition: UNKNOWN

II. Place of Present Confinement: S.C.I. SMITHFEILD

A. Is there a prisoner grievance procedure in this institution? Yes X No____
   A GREAT NUMBER, NO ADM. RELIEF, ABUSE CONTINUES

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure? Yes X No____

C. If your answer is YES:    *Greivances to Camp Hill no action to Be*

   1. What steps did you take? REQUEST TO DR LONG AND  MR WEAVER

   AND OTHER HEARTH CARE PERSONEL, CONTACTED THE D.O.C.  CLIFFORD
   O'HARA, S. HEASTER, BUREAU OF HEALTH CARE C. MCVEY, AND OTHER PARTI

   2. What was the result?

   REJECTED NO ACTION TAKEN, NO TREATMENT GIVEN, EVEN THOUGH APPROVED
   FOR TREATMENT BY WEXFORD THE INSTITUTIONAL MEDICAL STAFF HAS FAIL-
   ED IN THIER RESPONSIBILITY TO TREAT, REFUSAL TO BE TREATED FOR SORES
   ON BODY, FOOT CREAM, ARTHRITS IN KNEE AND LOWER BACK, LOWER BACK
   PROBLEM, THE AGGERVATING OF A PRE-EXISTING INJURY LEFT WRIST WHERE
   BONES ARE OVER LAPPING, SLEEP APENA PROBLEM STOMACK PROBLEMS, AND
   A CONTINUING LOSS OF WEIGHT.

D.    If your answer is NO, explain why not:_____

_____

III.    Parties

(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any).

A.    Name of plaintiff   KIM SMITH CT-2162

        Address   P.O. BOX 999 1120 PIKE  ST. HUNTINGDON   PA. 16652

(In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants).

B.    Defendant  MR. WEAVER CHCA                                            is

        employed as  S.C.I. SMITHFEILD/ OR WEXFORD HEALTH                  at

         P.O. BOX 999, 1120  PIKE  ST. HUNTINGDON  PA. 16652

C.    Additional Defendants:   DR. LONG, K. ALLEN, K GROVE , PAT YARGER
MR. WEAVER, SUPT MORGAN, MRS BURKS, MR MORDER, MR BIVANIO, DR.
JOHNS, H. ZIMMERMAN,.   P.O. BOX 999, 1120 PIKE ST, HUNTINGDON XR
PA. 16652.  WEXFORD HEALTH, BUREAU OF HEALTH CARE CAMP HILL PA.

17001. ET AL, ADRESSES AND NAMES NOT KNOWN AT THIS TIME.

IV.    Statement of Claim:

State here as briefly as possible the **facts** of your case. Describe how each defendant is

involved. Include also the names of other persons involved, dates and places. Do not give

any legal arguments or cite any cases or statutes. If you intend to allege a number of related

claims, number and set forth each claim in a separate paragraph. (Use as much space as you

need. Attach extra sheet if necessary).

SINCE 1995 I HAVE HAD A NUMBER OF MEDICAL PROBLEMS, AND WHEN SHIP FROM
CAMP HILL TO S.C.I. SMITHFIELD IT WAS DONE WITH THEM KNOWING I HAD A NUMBER
OF HEALTH PROBLEMS INCLUDING A DOUBLE HERNIA. AT SMITHFEILD I WAS TREATED
FOR HERNIA AND OTHER HEALTH PROBLEMS, THEN THE STATE STARTED A CO-PAY
POLICY IN WHICH AI WAS CHARGE REPEATEDLY THIS CO-PAY FOR CHRONIC HEALTH
PROBLEMS IN WHICH I HAD BEEN TREATED FOR, FOR OVER A YEAR, THEN WHEN MAKING
STATEMENT ABOUT THESE ISSUES THE DR'S HOFFMAN AND KAUFFMAN TOOK ME OFF
OF MEDICATION AND HAVE SINCE REFUSED TO RENEW THEM.  AFTER A NUMBER OF TEST

TO DETERMINE THE SLEEP APENA, AND THE TREATMENT AFTER BEING ~~XXXXXX~~ APPROVED

FOR THE TREATMENT, DR. LONG TOLD ME THAT THIS INSTITUTION WAS NOT SET UP

TO TREAT SUCH A PROBLEM.   THEN HE WENT ON TO SAW THAT I MUST HAVE THE C-PAP

CALABRATED.   AFTER SUCH TEST I STILL HAVE NOT GOTTEN THE C-PAP TREATMENT

AND HAVE SINCE BEEN SOLD A DREAM, AND REFUSED TREATMENT, FOR SORES ON MY

BODY, FOOT FUNGUS, CHEAT PAIN, NUMBNESS IN LEFT ARM. ARTHRITIS LEFT KNEE

LOWER BACK PAIN, DIZZINESS,HEADACHES.   AFTER 6 MONTH I WAS FINALLY TREATED

FOR A FISHER/BOIL ON ANUS. AT WHICH TIME AFTER THE OPERATION I WAS TOLD

I COULD NOT HAVE DRESSING FOR THIS OPEN WOUND, THAT IT WAS A SECURITY ISSUE
AND PUT MYSELF AT RISK FOR INFECTION BY DRESSING THIS WOUND
WITH TOLET PAPER

**V. RELIEF**

State briefly exactly what you want the court to do for you.

Make no legal arguments. Cite no cases or statutes.

A SCANTION IMPOSED FOR EVERYDAY THAT MEDICAL STAFF HAS FAILED TO TREAT MY

SLEEP APENA, TO BE SEEN BY A INDENPENDENT DR. TO DETERMINE ILLNESS AND

AND CAUSE, AMOUNT OF PAIN THAT I HAD TO ENDURE FOR THE FAILURE TO MEDICATE

THE PROBLEM, AND REFUSAL OF TREATMENT.   FOR THE LEVEL OF PAIN AND SUFFER-

ING. PUNITIVE AND COMPENSARY, DELIBRATE INDIFFERENCE ETC. , IN EXCESS OF

$450,000.00 FOR DAMAGES *as well as specalist for dialetes*

*which came on while incarcerated. Daily Aprobucts*

~~AND TREATMENT OF ALL MEDICAIL PROBLEMS AND THAT CONTINUED TREATMENT.~~

*for these problems, also denial of legal mail*
*leaving institution. 5 years delay in treating Hepatitis*
*C by Dr. Long. Dr. Fuller Dentist failed to treat infected teeth*
*from Aug 7, 2000 to this date. Dr. Gehris denying night employment*
*because of insomnia, stating D.O.C is not required to treat such*
*a sleep disorder. Educational discrimination, neglect, neglance*
*emotional distress, mental anguish, 8th cruel punishment, due*
*process mutation, being denied institutional staff as witness at a*
*misconduct hearing. C.O. Cook interfering with medical Treatment*

*See Attached # 1*

Signed this _____ day of _____, 19___

_____
_____
(Signature of plaintiff or plaintiffs)

Executed at _____
(Name of institution, city, county)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
(Date)

_____
_____
(Signature of plaintiff or plaintiffs)

#1

and ordering inmate to sign refusal of treatment
when he was withheld ~~the~~ health care device
    Unit Manager Mrs Hannah holding inmates
to a higher standard not consistent with D.O.C
policy, acting as final policy maker.
    C.O. Whysong harrasment the repeatedly
searching inmates cells, when they are not
present, filing false reports harrasment
abuse of power.
    Sgt Kenny, destroying personal property
spitting in inmates food filing false reports
and letting other inmates into my property
    C.O Right depriving me access to library
cause Lt Simpson advised him to take
library previlage
    Lt Simpson denying diabetic inmate meals
    Sgt Uring denying inmate the right to speak
to other ~~inmates~~ higher up Officers for
and about problems
    Lucas, Clark, Beatty, Kozak denying inmate
educational programs
    Hearing Examiner Norris denying due
process rights
    Bureau of health care service denying
medical treatment for serious illnesses ~~treatm~~
    Wexford Health System denying medical

CHCA Weaver refusing health care for [illegible] 7
months CPap device, while in RHC.
C.O. Creek interfering with health care
Dr Long 5 year delay in Step-C
Warden Morgan failure to train and
administer health care for serious illness
See Harr in failure to train
Dept of Correction failure to train its
health care personnel in the administration
of adequate health care
See Ex. A Grievances

Dr Kort SCIC claims xrays show no back
problems, diagnosed with slippage L-5-S-1-L-4 and
disc disease. Bones overlapping left wrist
premature termination # of C treatment. Denial
of Daily Accucheck for type 2 diabetes

RN Bernos cutting diabetic medication without
authority or orders, Presently in RHA 45 days
for disobeying orders, Act of retaliation
for seeking adequate health care and its
done Bernos incompetence

Defendants

James Morgan
Mrs Busks
Hazel Zimmerman
R.N. K. allen
Pa M. Baker
Pa Hoffman
Bureau of Health Care Services
Wexford Health
Cathy C. McVey
Dr Long
Dr Johns
Mr Hannah
Commissioner Beard
State Correction Institution Smithfield


Warden Gillis
Mrs Sewell
Dr Kort
RN Berges
RN Wolfgang
RN Ambrose
Dr Diorio
H Jordan
C.O. Learn
State Correctional Institution Coal Township

# 2

1 : CV01-0817

#3

Delay in treatment or no treatment at all
5 year delay in treating Hepatitis C, 3 week
plus delay in treating tooth ache, and action
of retaliation toward plaintiff for filing
claim

C.O. Creek interfering with health care, withholding
a cpap device after ordered to turn over such, Order
Smith to sign a refusal of health care then issuing
a misconduct. This C.O. Did not have medical
knowledge or authority to order inmate to sign
a refusal. I can deny such and not be
subjected to punishment for such

C.O. Whysory and others conspired to cover
up this act by claiming their was a note
attached prohibiting this issuing of the device
medical stated no such note was on the device

Failure of Warden and Dept. Of Correction
to comply with grievances in a timely
manner to comply with D.O.C policy Since
Sept 2000 have not gotten any replies
and since they violated D.O.C policy, I
deem administrative exhaustion compilet

**DC-804**
PART II

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17011

**OFFICIAL INMATE GRIEVANCE**
**INITIAL REVIEW RESPONSE**

GRIEVANCE NO.

SMI – 353-00

| TO: (Name & DC #) | INSTITUTION | QUARTERS | GRIEVANCE DATE |
|---|---|---|---|
| CT-2162 Smith | SCI-Smithfield | H/2/32 | 9/26/00 |

For your information policy 6.5.1 Administration of Security Level 5 Housing Units became effective September 1, 2000, by the authority of Martin F. Horn, Secretary of Corrections.

The policy requires the institution to issue the RHU Inmate Handbook to inform inmates of the rules and regulations of the RHU. Also, part of the policy requires the Major of the Guard and the Deputy for Facility Management to review/revise the handbook annually. That is the reason for the signature on the front of the handbook.

In that no policy has been violated, your grievance is denied.

Dale M. Norris
Major of the Guard

Category: Search

cc:    Superintendent J. Morgan
       Captain R. Glenny
       DC 15
       File

| Refer to DC-ADM 804, Section VIII, for instructions on grievance system appeal procedures. | SIGNATURE OF GRIEVANCE COORDINATOR | DATE |
|---|---|---|
| | Sharon M. Burke | 10/3/00 |

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA 17001-0598
01 FEB -9 PM 3:44

FOR OFFICIAL USE ONLY

0108-01

GRIEVANCE NUMBER

**OFFICAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY | DATE: |
|---|---|---|
| Kanidas Dascani | SCIC | 2-07-01 |

| FROM: (INMATE NAME & NUMBER) | SIGNATURE of INMATE: |
|---|---|
| Kim Smith CT2162 | Smith Kim |

| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: |
|---|---|
| N/A | D-1-02 |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B the specific actions you have taken to resolve this matter informally. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages.

On 2-2-01 I was seen by Dr Kort who terminated Hep C treatment. In 9-00 live enzyme level was 88,000 and treatment was ordered for 6 months. On this date blood test showed a 36,000 drop in live enzyme related to Hepetite C, which is a clear showing that I'm responding to this treatment. Moreover this treatment used to be a year before any significant results can be determed. The drop from 88,000 to 36,000 shows I'm responding. And Dr Kort knew or should have known that to terminate put me at risk and could have harmful and serious consequences. Attempted murder and acts to retaliation for filing a Grievance after he told me to do so. Positive, monitory compensory dramages for denial of this health care treatment and acts of retaliation to a serious health need.

B. List actions taken and staff you have contacted, before submitting this grievance. Attach the copy of the DC-135A with the staff member's response of your informal resolution attempt.

Dr Kort    C.O Groenwald D-1 Block Officer

Your grievance has been received and will be processed in accordance with DC-ADM 804.

| KK Dascani | 2/13/01 |
|---|---|
| Signature of Facility Grievance Coordinator | Date |

**WHITE** - Facility Grievance Coordinator Copy    **CANARY** - File Copy    **PINK** - Action Return Copy    **GOLDENROD** - Inmate Copy

Revised
July 2000

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA 17001-0598

FOR OFFICIAL USE ONLY

0062-01

GRIEVANCE NUMBER

**OFFICAL INMATE GRIEVANCE**    01 JAN 31 PM 1:21

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| DASCANI | SCI C | 1-29-01 |

FROM: (INMATE NAME & NUMBER)    SIGNATURE of INMATE:
Kim Smith CT2164    Kim Smith

WORK ASSIGNMENT:    HOUSING ASSIGNMENT:
N/A    D-1-02

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B the specific actions you have taken to resolve this matter informally. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used; maximum two pages.

Based on SCI's denial to let me use C-Pap device for sleep apnea, I'm now being denied such at SCIC.

Dr. refused to treat lumbar, and slippage at L5-S1-L4 or give brace, but denies activities weight lifting what would aid and help problem as employment. If he will not treat a condition, why deprive inmate his rec. so condition can worsen. To do such is a showing of neglect and is deliberately done. To file grievance so if nothing can be done moreover to claim X-Rays were Normal for low back, left knee, left wrist, right shoulder, when I know better and a lay person could tell.

B. List actions taken and staff you have contacted, before submitting this grievance. Attach the copy of the DC-135A with the staff member's response of your informal resolution attempt.

Medical Staff

Your grievance has been received and will be processed in accordance with DC-ADM 804.

K.K. Dascani    2/1/01

Signature of Facility Grievance Coordinator    Date

**WHITE** - Facility Grievance Coordinator Copy    **CANARY** - File Copy    **PINK** - Action Return Copy    **GOLDENROD** - Inmate Copy

Revised
July 2000

DC-804
Part 2

**COMMONWEALTH OF PENNSYLVANIA** RECEIVED
**DEPARTMENT OF CORRECTIONS** COAL TOWNSHIP
**P.O. BOX 598**
**CAMP HILL, PA 17001** '01 FEB 15 PM 2: 25

**OFFICIAL INMATE GRIEVANCE**

**INITIAL REVIEW RESPONSE**      SUPERINTENDENT'S
                                  OFFICE GRIEVANCE

NO.                                                    0062-01
                                                       0108-01



| TO: Kim Smith, CT-2162 | FACILITY SCI-Coal Township | HOUSING LOCATION D-1-02 | GRIEVANCE DATE 1-29-01 & 2-7-01 |
|---|---|---|---|

The following is a summary of my findings regarding your grievance:

Mr. Smith,

Your hepatitis treatment was discontinued because your blood tests did not meet DOC criteria in order for the treatment to be continued, namely, a 50% reduction in your virus concentration with treatment. Your virus concentration only dropped 30%.

It is well documented in your chart that while at Smithfield you refused C-Pap on multiple occasions and that treatment was discontinued before your transfer.

Your x-rays of your back are normal and most certainly a back brace is not indicated. By your own words you stated, "that I will blow my back out while lifting weights". Therefore this activity will not be permitted.

It is well documented that you did not complain of any shoulder problem.

In your grievance you stated, "left knee, as a ward of the state, certain medical device should be provided." You neglect to state your specific problem. Once again there is no documentation that you requested a "medical device" or complained of a left knee problem. You also complained of nerve damage to right eye." There is no documentation that you asked Dr. Kort or signed up for Sick Call concerning this problem.

Mr. Smith your medical chart has been carefully reviewed and these are my findings. If you are in need of medical care for one reason or another, please sign up for Sick Call.

WJS/mp

CC:  Kandis Dascani, Superintendent's Assistant
     Inmate Records, DC-15
     Unit Manager
     File

| Print Name and Title of Grievance Officer | SIGNATURE OF GRIEVANCE OFFICER | DATE |
|---|---|---|
| Wilma J. Sewell Corr. Health Care Adm. | Wilma J. Sewell, crha | 2-14-01 |

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**2520 LISBURN ROAD, P.O. BOX 598**
**CAMP HILL, PA 17001-0598**

**THE SECRETARY'S OFFICE OF**
**INMATE GRIEVANCES AND APPEALS**

February 8, 2001

Kim Smith, CT-2162
SCI Coal Township

Re:    DC-ADM 804 - Final Review
       Grievance No. SMI-0032-01

Dear Mr. Smith:

This is to acknowledge receipt of your letter to this office. Upon review of your letter, it is the decision of this office to file your letter without action because you have failed to comply with the provision(s) of the revised DC ADM 804 effective January 2, 2001.

In accordance with the provisions of the DC-ADM 804, VI D, 1, a proper appeal to final review should include photocopies of the Initial Grievance, Initial Review, the Appeal to the Facility Manager, and the Facility Manager's decision. The text of your appeal to this office shall be legible, presented in a courteous manner, and the statement of facts shall not exceed two (2) pages.

Review of the record reveals that your appeal is incomplete. An appeal at this level will not be permitted until you have complied with all procedures established in DC ADM 804.

Sincerely,

*Tshanna Kyler*

Tshanna C. Kyler
Administrative Assistant

File

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA 17001-0598

FOR OFFICIAL USE ONLY

0161-01

GRIEVANCE NUMBER

**OFFICAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| SCIC K. Canbis | S.C.I.S | 2-25-01 |

FROM: (INMATE NAME & NUMBER)
Kim Smith CT2162

SIGNATURE OF INMATE:
Kim Smith

WORK ASSIGNMENT:

HOUSING ASSIGNMENT:
D-1-02

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B the specific actions you have taken to resolve this matter informally. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages. On this date I went to sick call. I put in 3 slips one for each condition. In reply to Ms Sewell statement that my file showed I had not requested to be seen for these conditions. Even though I did in fact get some treatment. When seeing his assistant he stated, pick one or two of these conditions or not get treated. When asking to see Ms Sewell this assistant stated who the hell do I think I am, to get out of their before he issue a misconduct. Nurse on duty told me to leave, before I get a misconduct, I was forced to leave medical without being treated under threat of harm and misconduct. And the assistant threaten if I seeked medical treatment or filed I sick call slip he would issue a misconduct. Under this threat I fear for my safety, and is clear I will not get adequate health care. This assistant knew or should have known, that to deny health care deprived me of D.O.C. requirement; Will seek monentary, punitive, compensatory damages for these denials.

B. List actions taken and staff you have contacted, before submitting this grievance. Attach the copy of the DC-135A with the staff member's response of your informal resolution attempt.

Mr Dunn, Mr Smith, request sent to Gillis and Ms Sewell. Because of the level and denial I should not be forced to wait for their reply as some of the conditions could be life threatning.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator

Date 3/1/01

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
2520 LISBURN ROAD, P.O. BOX 598
CAMP HILL, PA  17001-0598

THE SECRETARY'S OFFICE OF
INMATE GRIEVANCES AND APPEALS

February 26, 2001

Kim Smith, CT-2162
SCI Coal Township

Re:    Final Review
       COA-0071, 0072-01

Dear Mr. Smith:

This is to acknowledge receipt of your letter to this office.  Upon review of your letter, it is the decision of this office to file your letter without action because you have failed to comply with the provision(s) of the revised DC ADM 804 effective January 2, 2001.

In accordance with the provisions of the DC-ADM 804, VI D, 1, a proper appeal to final review should include photocopies of the Initial Grievance, Initial Review, the Appeal to the Facility Manager, and the Facility Manager's decision.  The text of your appeal to this office shall be legible, presented in a courteous manner, and the statement of facts shall not exceed two (2) pages.

You have failed to include your appeal to the Superintendent and the Superintendent's response to your appeal.

Review of the record reveals that your appeal is incomplete.  An appeal at this level will not be permitted until you have complied with all procedures established in DC ADM 804.

Sincerely,

Tshanna Kyler

Tshanna C. Kyler
Administrative Assistant

File

**DC-804**
**PART 1**

## COMMONWEALTH OF PENNSYLVANIA
### DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA. 17001-0598

**OFFICIAL INMATE GRIEVANCE**

GRIEVANCE NO: Sms-417-00

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| Burks | S.C.I.S. | 11-3-00 |
| FROM: (Commitment Name & Number) | INMATE'S SIGNATURE | |
| Kim Smith CT-262 | Kim Smith | |
| WORK ASSIGNMENT    N/A | QUARTERS ASSIGNMENT    E-A-29 | |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

In Sept. I was told by P.R.C. and A. Zimmerman that I would be transfer. According to A. Zimmerman because I would not cooperate and advise her of my intent towards C.O.W. hysaying that I would not be transfered. How could Zimmerman expect me to incriminate myself for a issue such as this, then punish me by placing me on control unit, and deny transfer, for this reason. Claiming I refused transfer, which I did not, I wasn't out of this place in the wrose way. Why am I being punished and it is cruel to hold me on C/U based on A. Zimmerman expectation that I must cooperate and incriminate and inform her of some intent based on this idealism. If Im not to be transfered why am I being held on C/U and is such justifiable (SEE ATTACHED

B. Actions taken and staff you have contacted before submitting this grievance:

A. Zimmerman, Lt. Shoop, Bivario, Un. Mag. Hexster Mr. Hannah, D. Williamson.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____
Signature of Grievance Coordinator

_____
Date

**WHITE**—Grievance Coordinator Copy    **CANARY**—File Copy    **PINK**—Action Return Copy    **GOLDENROD**—Inmate Copy

PART II

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17011**

**OFFICIAL INMATE GRIEVANCE**
**INITIAL REVIEW RESPONSE**

GRIEVANCE NO.    SMI-417-00

| TO: (Name & DC No.) | INSTITUTION | QUARTERS | GRIEVANCE DATE |
|---|---|---|---|
| KIM SMITH, CT2162 | SCIS | E/A/2029 | 11/03/00 |

The following is a summary of my findings regarding your grievance:

I am in receipt of your grievance wherein you indicate that you have been unjustly placed into the control unit and that a transfer has been denied.

While it is true that PRC had previously denied a transfer request, that decision changed following your 30 day control unit review. I was unaware of PRC's previous stance on this issue and as a result, authorized the circulation of a transfer vote sheet for separation purposes. That recommendation was approved, and a transfer request is pending. My rationale for supporting the transfer was based on the concern for safety of staff. Your refusal to discuss your stance with regard to staff (and your) safety is interpreted by me as an unacceptable risk, and therefore, I support your transfer to the farthest location from your home region.

Your placement in the control unit is consistent with policy promulgated by Superintendent Morgan and is less restrictive than placement into administrative custody. Your placement into the unit is viewed as appropriate given your current and past circumstances, and that decision will stand pending the results of our transfer request.

Lastly, you should not consider a transfer (if approved by Central Office) as a solution to your Smithfield difficulties. Your difficulties are a result of your behavior, and that will follow you wherever you go.

rlh/jm

cc:    Superintendent Morgan
       Major Norris
       Captain Glenny
       Mr. Royer
       DC-14
       DC-15
       File

R. L. Heaster, Unit Manager                    Date

| Refer to DC-ADM 804, Section VIII, for instructions on grievance system appeal procedures. | SIGNATURE OF GRIEVANCE COORDINATOR | DATE |
|---|---|---|
| | Sharon B. Burks | 11/27/00 |

**DC-804**
**PART 1**

# COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA. 17001-0598

**OFFICIAL INMATE GRIEVANCE**

GRIEVANCE NO. Smi - ~~413-00~~

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| Ms. Kusta | SCIS | 11-10-00 |
| FROM: (Commitment Name & Number) | INMATE'S SIGNATURE | |
| Kim Smith CT3162 | Kim Smith | |
| WORK ASSIGNMENT | QUARTERS ASSIGNMENT | |
| N/A | E-A-39 | |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

Ive been advised that I can not get idol pay because I'm on control unit. Through no fault of my own C. Zimmerman determined the denial of transfer and this placement claiming I would not cooperate, and inform her of my intent towards C.O. Whyeang. I told her I intended to see him, and it appearing not to be good enough for her standard or expectation of this issue and threw no fault of my own, the being denied idol pay due no control over staffs opinionated determination, and being held in a unit based on their determination, it would appear not to be my fault idol pay is being exacted from dept _____ to this date and forward. This confinement on control unit is not my fault and whereon I being denied idol pay.

B. Actions taken and staff you have contacted before submitting this grievance:

Bivano, A. Zimmerman, Hooster, Employment Office

---

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Sharon M. Burke
Signature of Grievance Coordinator                    11/15/00
                                                      Date

DC-804
Part II

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17011

OFFICIAL INMATE GRIEVANCE

GRIEVANCE NO.

SMI-413-00

| TO: (Name & DC NO.)<br>Smith, Kim    CT2162 | INSTITUTION<br>SCIS | QUARTERS<br>E A 2029 | GRIEVANCE DATE<br>11-10-00 |
|---|---|---|---|

The following is a summary of my findings regarding your grievance:
In inmate Smith's grievance, he states that he is being denied idle pay because he is in the control unit and through no fault of his own he is being denied idle pay.

Inmate Smith, CT2162, is not receiving maintenance payroll (idle pay) because on June 14, 2000 he received a misconduct and was removed from his job by the hearing examiner, also on June 16, 2000 he received a Class I Category A misconduct. As per the following DC ADM 816 F (2) any employed inmate found guilty of a Class I Category A misconduct shall be removed from his work assignment. DC ADM 816 I (1) Inmates who do not have a work assignment, including education, through no fault of their own are eligible to receive a daily allowance. Inmate Smith does not have a job due to his behavior and subsequent job removal. Also DC ADM 816 I (3) Inmates who are terminated from a work assignment are ineligible for a daily allowance until unit team action or reassignment.

DOC policy and procedures have been properly followed in regards to inmate Smith's job removal and loss of maintenance payroll. The employment office will continue to provide assistance to inmate Smith's pursuit of employment provided it is within the guidelines set forth in DC ADM 816.

Category: Work

cc: Superintendent Morgan
    Major Tennis
    Captain Glenny
    Mr. Royer
    DC-15
    File

Brian Lightner
Employment Officer
11-22-00

| Refer to DC-ADM 804,<br>Section VII<br>for Instructions on grievance<br>system appeal procedures | SIGNATURE OF GRIEVANCE COORDINATOR | Date<br>11\22\00 |
|---|---|---|

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
2520 LISBURN ROAD, P.O. BOX 598
CAMP HILL, PA 17001-0598

THE SECRETARY'S OFFICE OF
INMATE GRIEVANCES AND APPEALS

December 13, 2000

Kim Smith, CT-2162
SCI Smithfield

Re:    DC-ADM 804 - Final Review
       Grievance No. SMI-0353-00

Dear Mr. Smith:

This is to acknowledge receipt of your appeal to final review of the above numbered grievance.

In accordance with the provisions of DC-ADM 804, VI D, as amended effective November 1, 1997, I have reviewed the entire record of this grievance; including your initial grievance, the Grievance Officer's response, your appeal from initial review and the Superintendent's response. I have also carefully reviewed the issues you raise to final review.

Upon completion of this review, it is the decision of this office to uphold the responses provided by staff at the institutional level. I find the issues raised for final review have been addressed by the Grievance Coordinator and the Superintendent, and their responses are reasonable and appropriate.

I concur with the responses already provided at the institution level. Accordingly, your appeal to final review must be denied.

Sincerely,

Thomas L. James
Chief Grievance Coordinator

TLJ:tck

pc:    Superintendent Morgan

B-13

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

<table>
<tr><td colspan="2">

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.
</td></tr>
</table>

| 1. To: (Name and Title of Officer) | 2. Date: 1-04-01 |
|---|---|
| Ms Hannah | |

| 3. By: (Print Inmate Name and Number) | 4. Counselor's Name |
|---|---|
| Jim Smith CT-2162 | R. Zimmerman |
| *Kim Smith* | 5. Unit Manager's Name |
| Inmate Signature | Ms Hannah |

| 6. Work Assignment | 7. Housing Assignment |
|---|---|
| N/A | H-B-13 |

8. Subject: State your request completely but briefly. Give details.

Ms I never refused to use the apena device. And when reviewing my chart with Dr. Pulmuller their is no record of me refusing such - I their are no power in H+) block cells to plug into, nor was the security issue about an extention cord ever addressed to safely use this device

① On 12-19-00 I put in legal mail with cash slip signed - by C.O. But it come back on 12-28-00 with no reason for its return. On 12-27-00 I gave this same legal mail to C.O. Ticcon. On 12-28-00 my balance was 26.95 on 1-4-01 it was 22.93 missing $4.02 which did not cover the 7.22 sign to cash slip 5.00 check 2.22 postage. etc what I understand to review this federal visit was not sent out could you please check mailroom or inmate accounts, and see if a 5.00 check was cut for U.S. District Court Western District and nature of 4.02 deduction so I can

9. Response: (This Section for Staff Response Only)

stop worring about legal mail.

- I have addressed your request for the device to HCA M. Weaver.

Inmate Accounts will not charge you for cable for January. Any other questions concerning your account need to be addressed to them.

To DC-14 DAR only ☐    To DC-14 DAR and DC-15 IRS ☐

Why I do not I recieve you my monthly statement?

| Staff Member Name | | Date |
|---|---|---|
| | Print | |

Revised July 2000

**DC-804**
**PART 1**

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA. 17001-0598**

**OFFICIAL INMATE GRIEVANCE**

GRIEVANCE NO: Smi -032-

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| S Burke | SCIS | 1-05-00 |

| FROM: (Commitment Name & Number) | INMATE'S SIGNATURE |
|---|---|
| Kim Smith, CT2162 | Kim Smith |

| WORK ASSIGNMENT | QUARTERS ASSIGNMENT |
|---|---|
| N/A | H-B-13 |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

On 1-04-00 I was told by Ms Hannah that CHCA G. Weaver stated I refused to use C-Pap device 7 times I did not. On 1-03-0 me and Dr Palmuller went over medical chart and their was no evidence that I refused such. In June 2000 this device was taken from my property as well as a knee sleeve, and back brace at that time Weaver stated to contact him if I needed the device, all request since then have not been addressed and he is now denying me this health care, since I never refused such, and cells on J & H Blocks do not have power to use device as well as an extension cord to safely use the device

B. Actions taken and staff you have contacted before submitting this grievance:

Dr Long; Lt Leon; G. Weaver; C.O. Long A. Zimmerman; C.O. Seguel; Ms Hannah

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Grievance Coordinator

1/5/01

Date

**WHITE**—Grievance Coordinator Copy     **CANARY**—File Copy     **PINK**—Action Return Copy     **GOLDENROD**—Inmate Copy

**DC-ADM 804, Inmate Grievance System**                                      *Attachment B*

DC-804
Part 2

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17001

**OFFICIAL INMATE GRIEVANCE**
**INITIAL REVIEW RESPONSE**

GRIEVANCE NO.        SMI-032-01

| TO: (Inmate Name & DC No.) | FACILITY | HOUSING LOCATION H/B | GRIEVANCE DATE |
|---|---|---|---|
| Kim Smith    CT-2162 | SCI-Smithfield | | 1/05/00 |

The following is a summary of my findings regarding your grievance:

You are indicating that the Corrections Health Care Administrator has denied you the use of the C-Pap device. You state that you never refused to use this instrument.

**Disposition:**

I am answering this request without the medical record. You have been transferred to another institution to which the medical record has been forwarded. What I remember of this situation is that you were placed in the Restricted Housing Unit. Medical staff observed that you had sufficient length of electrical cord on the device to plug into the electrical socket and use the device. You were not satisfied with this, therefore, you chose not to utilize the device for several months. You bring up the issue of an extension cord. Since it was determined that the device was useable without the extension cord, an extension cord was not provided. I also remember that before you got to the RHU there was a signed refusal on the medical record to accept the machine. Several months without the use of the machine produced no problems for you, therefore, Dr. Long discontinued the order for using the machine. This order was generated after I instructed medical staff to review the issue again for reissuing of the machine, prompted by Ms. Hannah's (Unit Manager) request that you wanted the machine again.

Category: HEALTH CARE

Cc: Superintendent Morgan
    Major Norris
    DC-15
    File

| Print Name and Title of Grievance Officer | SIGNATURE OF GRIEVANCE OFFICER | DATE |
|---|---|---|
| George Weaver<br>Corrections Health Care Administrator | *[signature]* | 1/12/01 |

**DC-804**
**PART 1**

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA 17001-0598

01 JAN 17 AM 11:22

**OFFICIAL INMATE GRIEVANCE**

GRIEVANCE NO. | 0036-00

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| Kanbis K. Dascani | SCIE | 1-16-01 |
| FROM: (Commitment Name & Number) | INMATE'S SIGNATURE | |
| Kim Smith CT3162 | Kim Smith | |
| WORK ASSIGNMENT | QUARTERS ASSIGNMENT | |
| N/A | HD-1006 | |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A: Brief, clear statement of grievance:

On 1-10-01 I came here as an Adm. transfer from SCI-Smi at which time I was placed on A/C status pending review PRC claiming this action is necessary. On 1-11-01 I saw PRC saw me and imposed a 14 day sanction without justifiable reasoning and has failed to give me a DC-141 explaining reason for this continued confinement I should not be punished or deprived rights because PRC claims the need to review. My behavior since June 2000 does not warrant this level of abuse or deprivation of legal rights and access to the courts. Is this action a known DOC policy or is this PRC acting as policy makers for the DOC issue failure to train in Adm transfer policy. On 1-16-01 at RHU Pill line C.O refused to give me grievance officers name

B. Actions taken and staff you have contacted before submitting this grievance:

PRC, Deputy Johnson, Deputy Lane, Media, U/M, Lt. Miller Lt. Montino, RHU Block officers from 1-10-01 to this date

Your grievance has been received and will be processed in accordance with DC-ADM 804.

K. D. Dascani
Signature of Grievance Coordinator

1/18/01
Date

**WHITE**—Grievance Coordinator Copy     **CANARY**—File Copy     **PINK**—Action Return Copy     **GOLDENROD**—Inmate Copy

D-A-1002-2

| DC-141 PART III<br>PROGRAM REVIEW COMMITTEE ACTION<br>[ ] Misconduct Appeal  [x] Periodic review  [ ] Other | COMMONWEALTH OF PENNSYLVANIA<br>DEPARTMENT OF CORRECTIONS | | | |
|---|---|---|---|---|
| DC NUMBER | NAME | INSTITUTION | DATE OF REVIEW | No. from PART 1 |
| CT-2162 | Smith, Kim | SCI-COA | 1-18-01 | 203176 |

PROGRAM REVIEW COMMITTEE'S DECISION AND ITS RATIONALE

Mr. Smith is currently in A.C. status.  He is an administrative transfer from SCI-Smithfield. He was placed in A.C. status on 1-10-01.  He was interviewed in person by PRC. His adjustment in the RHU is described as satisfactory. Mr. Smith has a Custody Level of 5T.  PRC releases Mr. Smith to general population on 1-18-01 to Housing Unit DA.

LK:jb
cc:      DC-14
         RHU (2)

DECISION RELATIVE TO HEARING COMMITTEE'S VERDICT

[ X ] Not Applicable     [ ] Sustain     [ ] Sustain-Amend     [ ] Refer Back For Further Study     [ ] Exonerate Inmate

| Names of Program Review Committee Members | Signatures | Date |
|---|---|---|
| B.L. Lane, DSCS | | 1-18-01 |
| R. Medon, U.M. | | 1/18/01 |
| L. Kaskie, U.M. | | 1/18/01 |

copy (1)-DC-15   copy (2) – Inmate Cited   copy (3) - Staff Member Reporting Misconduct   copy (4) - Deputy Superintendent

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA 17001-0598

01 JAN 31 PM 1:21

FOR OFFICIAL USE ONLY
0062-01
GRIEVANCE NUMBER

**OFFICAL INMATE GRIEVANCE**

TO: FACILITY GRIEVANCE COORDINATOR
DAS CADI

FROM: (INMATE NAME & NUMBER)
Kim Smith  CT8162

WORK ASSIGNMENT:  N/A

FACILITY: SCIC

DATE: 1-30-02

SIGNATURE of INMATE: Kim Smith

HOUSING ASSIGNMENT: D-1-02

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B the specific actions you have taken to resolve this matter informally. Be sure to include the identity of staff members you have contacted.

**A.** Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages.

① M.D refused to treat back problem as give prescription for living with deck for 5 years. Stating I was in jail, living with deck for 5 years, bone spine, with Osteoporosis
② Right shoulder, with arthritis refused to treat, indifference refused to treat and using C-tap device
③ Sleep apnea, after being treated and using C-tap device now being denied by medical over at SCIS
④ left _____ knee, as a ward of state certain medical devices should be provided
⑤ nerve damage right eye orbital blow out, refused treatment. Inmate should not be lied to by medical staff about health condition when they know better, and were treated in the past. Nor should this confinement deny a inmate health care or condition not be addressed. I'm being denied medical treatment and forced to pay for and blame where such should provided for him

**B.** List actions taken and staff you have contacted, before submitting this grievance. Attach the copy of the DC-135A with the staff member's response of your informal resolution attempt.

Talk to medical staff, filed another grievance on issue, M.D this day. Met with indifference given incompetent, when stating he in jail and not to get adequate medical treatment

Your grievance has been received and will be processed in accordance with DC-ADM 804.

K.K. Dascani
Signature of Facility Grievance Coordinator

2/1/01
Date

**WHITE** - Facility Grievance Coordinator Copy    **CANARY** - File Copy    **PINK** - Action Return Copy    **GOLDENROD** - Inmate Copy

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA 17001-0598

FOR OFFICIAL USE ONLY
**0163-01**
GRIEVANCE NUMBER

**OFFICAL INMATE GRIEVANCE**

| | | |
|---|---|---|
| TO: FACILITY GRIEVANCE COORDINATOR<br>K. Candis | FACILITY:<br>SCIC | DATE:<br>2-27-01 |
| FROM: (INMATE NAME & NUMBER)<br>Kim Smith CT3162 | SIGNATURE of INMATE:<br>Kim Smith | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT:<br>D-1-02 | |

INSTRUCTIONS:
1  Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2.  State your grievance in Block A in a brief and understandable manner.
3.  List in Block B the specific actions you have taken to resolve this matter informally.  Be sure to include the identity of staff members you have contacted.

**A.** Provide a brief, clear statement of your grievance.  Additional paper may be used, maximum two pages. On this date at 9 am also called to medical for sick call and to see foot Dr. On the walk a C.O. requested to see Pass and I.D. and stated some other words. After I was given my pass & returned to block. This C.O. then called the block claiming I was returning with an attitude. I told this C.O. I didn't have a attitude that she did and walked away. This C.O. then continued to make statement. I take this C.O. action to be part of the oppression from medical on 2-26-01, and to deter and interfere with health care. 30 min later a Lt. Sgt. U/M Smith called me into office, at which time the Lt. advised me if I exercise my 1st amendment rights I would be issued a misconduct for disobeying order. In directly he stated that I'm to stand and endure any level of abuse and not say anything for 2 days I've been threaten by staff for exercising my rights and seeking health care. I feel this act and that acts of 2-26-01 created a fear that caused me not to go to appointments out of fear to be issued a fabricated unwarranted misconduct.

**B.** List actions taken and staff you have contacted. Before submitting this grievance. Attach the copy of the DC-135A with the staff member's response of your informal resolution attempt. This Lt, Sgt, U/M Smith called to cell and imposed a level of indifference, based on the C.O. opinion on the walk and her acts

---

Your grievance has been received and will be processed in accordance with DC-ADM 804.

K. K. Dascan

Signature of Facility Grievance Coordinator

3/1/01

Date

**WHITE** - Facility Grievance Coordinator Copy    **CANARY** - File Copy    **PINK** - Action Return Copy    **GOLDENROD** - Inmate Copy
Revised

DC-804
Part 1

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17001-0598

FOR OFFICIAL USE ONLY
0[illegible]-01
GRIEVANCE NUMBER

OFFICAL INMATE GRIEVANCE

| TO: FACILITY GRIEVANCE COORDINATOR K. CANDIS | FACILITY: SCIC | DATE: 2-27-01 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) Kim Smith CT2162 | SIGNATURE of INMATE: Kim Smith | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: D-1-02 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B the specific actions you have taken to resolve this matter informally. Be sure to include the identity of staff members you have contacted.

**A.** Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages. On this date at 9AM I was called to medical for sick call and to see foot Dr. On the walk a C.O. requested to see Pass and I.D. and stated some other words. After I was given my pass I returned to block. This C.O. then called the block claiming I was returning with an attitude. I told this C.O. I didn't have a attitude [illegible] and walked away. This C.O. then continued to make statement. I take this C.O. action to be part of the oppression from medical on 2-26-01, and to deter and interfere with health care. [illegible] min later a Lt. Sgt. W/M Smith called me into office, at which time the Lt. advised me if I exercise my 1st amendment rights I would be issued a misconduct for disobeying orders. [illegible] he stated that I [illegible] to stand and endure any level of abuse and not say anything for 2 days I've been [illegible] by staff for exercising my rights and seeking health care. I feel this act and that acts of 2-26-01 created a fear that caused me not to go to appointments out of fear to be issued a [illegible] misconduct.

**B.** List actions taken and staff you have contacted, before submitting this grievance. Attach the copy of the **DC-135A** with the staff member's response of your informal resolution attempt.

[illegible] Lt. Sgt. W/M Smith [illegible] and expressed a level of indifference based on the C.O. opinion and the walk and [illegible] acts

Your grievance has been received and will be processed in accordance with DC-ADM 804.

K K Dascani — Signature of Facility Grievance Coordinator

3/1/01 — Date

**WHITE** - Facility Grievance Coordinator Copy **CANARY** - File Copy **PINK** - Action Return Copy **GOLDENROD** - Inmate Copy

Revised
July 2000

DC-ADM 804, Inmate Grievance System

Attachment B

DC-804
Part 2

RECEIVED
COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMPHILL, PA 17001 8: 58

OFFICIAL INMATE GRIEVANCE
INITIAL REVIEW RESPONSE

SUPERINTENDENT'S
OFFICE

GRIEVANCE NO.     #0163-01

| TO: (Inmate Name & DC No.) | FACILITY | HOUSING LOCATION | GRIEVANCE DATE |
|---|---|---|---|
| Kim Smith, CT-2162 | SCICT | DA-1002 | 02-27-01 |

The following is a summary of my findings regarding your grievance:

Reference Commonwealth of Pennsylvania, Department of Corrections, Inmate Handbook, p. 3, #1 Rules (General), #8, which states, "following orders: You will, at various times, be given orders by officers, work supervisors, and other members of the institution staff. When you receive an order, you must promptly and properly do as you are instructed. You must immediately give your name and institution number to any employee when you are requested to do so, and show your I. D. card upon request by an employee. "

The officer requesting your name, institution number, and I. D. card was within policy

The Area Lieutenant and Unit Manager spoke with you informing you of the aforementioned Inmate Handbook Rule, and advising you of the consequences of disobeying an order. No abridgement of your Constitutional Rights is noted, nor your ability to obtain medical care, persuant to DOC/Institution policies and rules.

| Print Name and Title of Grievance Officer | SIGNATURE OF GRIEVANCE OFFICER | DATE 03-03-01 |
|---|---|---|
| J. T. Mushinski, Captain | *[signature]* CO IU | |

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17001-0598**

FOR OFFICIAL USE ONLY.

0282-01

GRIEVANCE NUMBER

**OFFICAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| K. K. Dascani | SCI-C | 4-4-01 |

| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: |
|---|---|
| Kim Smith CT2162 | Kim Smith |

| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: |
|---|---|
| N/A | D-1-02 |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B the specific actions you have taken to resolve this matter informally. Be sure to include the identity of staff members you have contacted.

**A.** Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages.

On 3-29-01 Nurse K. Wolfgang issued a misconduct for being in a unauthorized area. This came after DA block officer called medical and she advised him to send me to medical. She did not give a pass, I had a med-pass, and her request to send me down on med-line one. I was disrespected by this nurse lied to told I was not entitled to accu-check for type 2 diabetes and she went on to state a non-existent D.O.C. policy for accu checks for type 2 diabetes. accu check was high 253, I'm not sure what signs of this illness this nurse required before it would be treated. To hide her gross negligence, malpractice, policy and practice she issued a misconduct to discredit me, and to hide her abuse and lies, after check stated it was 253 and left. I do not expect lies from medical staff about none existent D.O.C policy for a chronic illness.

**B.** List actions taken and staff you have contacted, before submitting this grievance. Attach the copy of the DC-135A with the staff member's response of your informal resolution attempt.

Mr. Smith and mrs Sewell

Your grievance has been received and will be processed in accordance with DC-ADM 804.

K. K. Dascani                                    4/12/01
Signature of Facility Grievance Coordinator                Date

**WHITE** - Facility Grievance Coordinator Copy    **CANARY** - File Copy    **PINK** - Action Return Copy    **GOLDENROD** - Inmate Copy
Revised
July 2000

DC-804
Part 1

**COMMONWEALTH OF PENNSYL**
**DEPARTMENT OF CORRECTIONS**
BOX 598
CAMP HILL, PA 17001-0598

FOR OFFICIAL USE ONLY

0882-01

GRIEVANCE NUMBER

**OFFICAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| K.K. Dascani | SCIC | 4-4-01 |

| FROM: (INMATE NAME & NUMBER) | SIGNATURE of INMATE: |
|---|---|
| Kim Smith CT2162 | Kim Smith |

| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: |
|---|---|
| U/A | D-1-02 |

**INSTRUCTIONS:**
1  Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2.  State your grievance in Block A in a brief and understandable manner.
3.  List in Block B the specific actions you have taken to resolve this matter informally.  Be sure to include the
    identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance.  Additional paper may be used, maximum
   two pages.

On this day during M.D. line seeing Dr. McSomething it was denied adequate health care, stating it was not a necessity that I get regular accu-checks for type 2 diabetes. Based on medical reports this type of diabetes is required to be checked often and regular, to prevent this condition from worsening. Dr. McSomething has projected gross negligence, deliberate indifference, malpractice, in the monitoring type 2 diabetes, and to justify the abuse of nurse Wolfgang and the level of disrespect she projects in inflicting her own personal opinion, and stating non-existent P.O.C. policy and denial of health care

B. List actions taken and staff you have contacted, before submitting this grievance.  Attach the
   copy of the DC-135A with the staff member's response of your informal resolution attempt.

Medical staff

Your grievance has been received and will be processed in accordance with DC-ADM 804.

K.K. Dascani

Signature of Facility Grievance Coordinator

4/12/01

Date

**WHITE** - Facility Grievance Coordinator Copy   **CANARY** - File Copy   **PINK** - Action Return Copy   **GOLDENROD** - Inmate Copy
Revised

Form DC-135A

**INMATE'S REQUEST TO STAFF MEMBER**

RECEIVED TOWNSHIP
01 APR -6 AM 11: 32
SUPERINTENDENT'S INSTRUCTIONS

Commonwealth of Pennsylvania
Department of Corrections

Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer)
   *Warden Gillis*

2. Date: *4-4-01*

3. By: (Print Inmate Name and Number)
   *Lisa Smith CT 2162*
   *Lisa Smith*
   Inmate Signature

4. Counselor's Name
   *Ms Dunn*

5. Unit Manager's Name
   *Ms Smith*

6. Work Assignment
   *U/A*

7. Housing Assignment
   *D-1-02*

8. Subject: State your request completely but briefly. Give details.

I was on 3-29-01, block office on DA called medical, and Nurse Wolfgang said to send me. When I went, this nurse started stating severe off the wall stuff. I'm type 2 diabetic and should have accu check often, this nurse wanted to know symptoms, when stating such it fell on deaf ears, and then went on to state, that I was I not entitled. Accu check was done, it was 253, which is high, and what kind of signs need to be exhibited, to hide her gross negligence, disrespect, lies, and abuses) she issued a misconduct 1-B 43 Presence in a unauthorized area. This comes after, block office was told by this nurse to send me on med line one, since it was requested and I had a med-pass, their was no need for block officer to give me a pass, I should not have to be subject to this from and abuse when seeking health care for a doc-invented chronic health problem, nor disrespect as if my head screws on, and its gross negligent not to order accu checks for type II diabetes.

cc 4-4-01

9. Response: (This Section for Staff Response Only)

Ms Smith.

I'm forwarding this request slip to Ms Seed CHCA for her review & action as warranted.

CC DeParl
Ms Seed

To DC-14 CAR only ☐

To DC-14 CAR and DC-15 IRS ☐

Staff Member Name _____
Print

*Frank W. Kuhn*
Sign

Date *4-6-01*

Revised July 2000

Form DC-135A

**INMATE'S REQUEST TO STAFF MEMBER**

RECEIVED
~~CENTRAL~~ TOWNSHIP

01 APR -6 PM 2:09

SUPERINTE~~NDENT~~
OFFICE

Commonwealth of Pennsylvania
Department of Corrections

**INSTRUCTIONS**

Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer)
   K. K. Dascani

2. Date: 4-5-01

3. By: (Print Inmate Name and Number)
   Kim Smith C-T8162

   _(signature) Kim Smith_
   Inmate Signature

4. Counselor's Name
   Ms Reena

5. Unit Manager's Name
   Mr Smith

6. Work Assignment
   N/A

7. Housing Assignment
   D-1-02

8. Subject: State your request completely but briefly. Give details.

Why have I not gotten a reply to March 2001 grievance in which funds for cable were taken off my account on 3-20-01 and it was approved for cable service. And Business office, Mr Smith, Mr Dunn failed to cut on cable, until late 3-6-01, when requesting a refund (per cable contract) did not have service (for over 72 hours). Filed 3 grievances on this issue, Business office, and Mr Smith, has continued to pass the buck back and forth on cable issue. And, have not addressed the issue of refund for the 6 day delay in the connection of cable

9. Response: (This Section for Staff Response Only)

Grievance 0250-01 was assigned to Mr Voeckler for investigation and response. The time frame for response has not elapsed yet. You will receive your response in a timely manner.

To DC-14 CAR only ☐

To DC-14 CAR and DC-15 IRS ☐

Staff Member Name _K.K. Dascani_ / _K.K. Dascani_   Date 4/9/01
                    Print              Sign

Revised July 2000

DC-804
Part 1

**101**

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA 17001-0598

FOR OFFICIAL USE ONLY

**0342-01**

GRIEVANCE NUMBER

**OFFICAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| K Des Cain | SCI C | 4-20-01 |
| FROM: (INMATE NAME & NUMBER) | SIGNATURE of INMATE: | |
| Kim Smith CT2162 | Kim Smith | |
| WORK ASSIGNMENT: USA | HOUSING ASSIGNMENT: H 106 | |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B the specific actions you have taken to resolve this matter informally. Be sure to include the identity of staff members you have contacted.

**A.** Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages.

On 4-15-01 I was brought to RHU for the 35 since being here have been denied linen, out log at nights, request, sick call aide, towel tooth past etc.

On 4-15-01 Lt Jordan, C.O. Leavn, RN Ambrose, RN Berrios conspired to inflict serious harm and attempt murder by taking med line/medication for diabetes. On 4-17-01, Dr. order blood test diet core check and increase in diabetic medication on med line 3 at no time was any order directed to cut line one medication. R.Ns Berrios and Ambrose took it upon themselves to supersede Dr orders and do so delibierly and wantonly to inflict harm and place Kim Smith at risk of serious injury or death and done so wilfully with deliberate intent, these parties also interfered with the giving blood test when showing RN Berrios the Dr orders on their was no reason to cut meds as stated that the worst it is and there nothing I can do

**B.** List actions taken and staff you have contacted, before submitting this grievance. Attach the copy of the DC-135A with the staff member's response or your informal resolution attempt.

RHU office, Med line Nurse Ambrose

L. L. Breon who supported these favor as medical abuse.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_K. K. Dascani_                                             4/23/01

Signature of Facility Grievance Coordinator                Date

**WHITE** - Facility Grievance Coordinator Copy   **CANARY** - File Copy   **PINK** - Action Return Copy   **GOLDENROD** - Inmate Copy
Revised

Warden Gillis

KIM SMITH CT-2162
D-1-02

Counselor
Mr. Dunn

Unit Manager
Mr. Smith

APPEALS TO GRIEVANCE
FILED NO REPLY
PER ADM. POLICY FOR SUCH.

APPEALS TO GRIEVANCES NUMBERS AND DATE
1-05-01 SMI. 032-01
Treatment for sleep apena
C-PAP resparator

1-29-01 and 2-7-01 S.C.I.C. 0062-01, and 0108-01
Termination of Hep-C treatment, and Denial of C-Pap Device.

2-25-01 S.C.I.C. 0161-01 Denial of medical treatment
for serious illness, and pain from them

2-27-01 S.C.I.C. 0163-01 interference with health care

On 3-1-01 my cable was not turned on until 3-6-01
no reason for such and at present I can't get reply
to grievance of a refund for days I did not get cable
service, and all request for such have went unaddressed
by staff, business office, counselor, unit manager, Lt.
and other staff.  I'm being told to contact the cable
company and request a refund and file brech of contract
I have gotten no reply to this or any of the above
grievance, and before I can move forward I must bring
these issues to your attention by D.O.C. protocol before
I can move forward into court and bring action.

And why have I not gotten a reply to grievance number 0161-
01 appeal filed on 2-26-01
which I now concerned about the delay.

I'm disatisfied with what I being told and the policy that are claimed to be in
compliance with D.O.C. policy.  By this policy I'm entitled to adequate health care
to a level that is a standard on the street, I should not have to plead with your
staff to obtain health care when it is a federal requirement that I get such, and is

Page 2

is gross neglience to deny treatment for known health condiction, such as claiming
back x-rays are normal when their are medical record that would support other wise
and it proves a point that their is something wrong and Dr. Kort saw it and refused
to treat why else would he deny me to work in kitchen, and deny rec. if this
condiction normal then their should be no restriction on me what so ever. *Suppoge 4-5-5-1-2-*
*Mrs. Sewell, Warden Gillis*

Diabetes treatment for type 2 diabetes is not being complied with as I should get an
Acu-check everyday, more over my complaints about low blood sugar when I wake and that
I'm shakey, confused, sweety, and have chills have went unaddressed, and my request
for a diabetic snack during the night, since Dr. Kort has prohibited me from working
I'm unable to provide my self with the require needs to keep diabetes in check during
sleep. *Mrs Sewell RN Wolfgang, Bernas, Ambrose, Dr. Sirria claims I'm not
entitle to acu-check. Claim a non exestent D.O.C. policy that prohibit such*

C-Pap device for sleep apena, I never denied it use and in the hole at S.C.I.S. their
is no power in cells to use this device, even at that time I refused cause I was in
the hole does not give mediacl staff a free ride to not address this issue.  I bring
this to your attention and have forward a copy to other parties in case any thing
happens to me that cause me an injury and for future action, due to this deprivation
of health care.

Hep-C protocol states that I inmate may get treatment for 6 months at that time a
virual load check will be taken and if this load is not cut in half or show a 50%
deduction then treatment will be terminated.  At no time does this policy give Dr.
Kort the authority to terminate pre-maturely without proable cause based on his
personal opinion of what this policy may mean.  In this case my virual load was
288,000  when I started treatment, and in 4 months it was 202,000 and showed a 30%
drop in the virual load and it was taken pre-maturely the load that terminated
treatment, if I was given the treatment for the full 6 month I may have met the
requirements the D.O.C. et for this type of treatment.
And their is the fact that their was a 4 year delay in treating this condiction,
cliaming D.O.C. had a policy that prohibited inmates from being treated for this
illness, goes against any and all medical standard, when a Dr. see a illness he is
to treat if treatment is availible.
Staff at this institution can not knowingly and intentionally enterferr with the  PAGE

PAGE 3

health care of inmates, as I have been subjected to this abuse by C.O. and the PA, of the medical staff as well as Dr. Kort and Mrs. Sewell she has since proven that she will support the abuses and denial of health care to inmates from mediacl staff. At no time have I refused to be seen and with my illness I exspect be seen and have them addressed and not be told by staff that they will no treat my illnesses or all of them because they do not feel like doing their job. And feel they can not be held accountable for their acts.

For these reason I appeal all the above listed grievances to your office and respectfully request a reply on this issues.  I must exhausted this administrative remedies before I can go into federal court and failure to reply can be considered a denial to access to court and is being knowingly and ententionally done with malice, and wanton disregard to my rights and unconstitutional acts under the color of law. Would you have it that I die, go into a coma in my cell for the failure of your health care providers adequately treat health care problems, as I set and my health worsens I have no other chose but to go into federal court and sue you for adequate health care and any harms sustained for the delay in the treatment.


RESPECTFULLY SUBMITTED

Appeal to Warden Gillis;

Grievance number 0161-01

Grievance Date 2-25-01

Grievance Decision Date 3-12-01

Inmate; Kim Smith CT-2162    *EXC*

Institution S.C.I.C.

    I'm dissatisfied with the decision of Mrs Sewell and what the other medical staff told her regarding the denial of health care on 2-25-01 and the threat of misconduct if I seeked health care, and the nurses enforcing the threats of the Pa.  Since Mrs Sewell has failed to provide me with the Pa. name at this time I can only state date and time of this issue. Feb. 25, 2001 at 9 a.m.

    Mrs. Sewell has given me a number of reason which are not justified, in request sent her.  One was because of my conduct I was denied treatment, next it was because I refused to be seen and the was what this Pa. falsely recorded in record, next it was becuase I would no pick one of the 10 sick call slips I filed.  If I was adequately being treated on my condiction addressed their would not be an issue, but since I came here to this institution I have been repeated denied health care for medicial condiction that I have been being treated for, for over 5 years.  Due to the delay in this health care or having the problem addressed, it has only worsen or developed into other condiction which would result in serious health problems.  I have put in a number of request and the medicial staff has repeatedly refused to address these issues, as my health condiction continueally worsen.  See the below listed condiction or health care problems that you medicial staff has failed to address, since Jan 10, 2001, even though I was being treated for these health care problems at S.C.I.S I was told by Dr. Kort I was not entitled to health care and thus the tthreats started when I attempted to seek health care.  I will seek monentart, punitive, compensary damages for the pain and suffering I had to endure at the hads of the medicial staff here at this institution.

    At no time was my conduct to a level that would result in a threat of a misconduct, or warrant a denial of health care. I never at any time in this institution refused health care, or to seek a Dr. and it is clear that any of my health care complaints falls on deaf ears and I'm told for what ever reason to sign up for sick call and these condiction do not get addressed. I've been denied

PAGE 2

health care for the below listed problems except the foot care issue in which I failed
to show up for appointment because a guard went out of her way to oppress and deter
me in seeking health care, in which I felt was delibrate and intentional.
1.    Pain in liver from premature termination of Hep C treatment by Dr kort stating
that I was not reacting to treatment.  I was denied a copy of the D.O.C. policy for
this treatment, and when I started treatment I was told it would last a year and in
6 month a blood test would be taked to determine my viral load, whcih must be cut in
half from the viral load start date.  Dr. Kort terminated this treatment in  earily
Feb. 2001, and start date at S.C.I.S. waslate Sept. 2000.  In 6 month this viral load
should be cut in half at that time it would be decided to keep treating or terminate.
I was reacting to treatment and viral load show a 30% drop in less then 6 month, but
Dr. Kort saw it fit to deprive me of this treatment, and done so knowingly and
intentionally and since I have not been able to have the pains in liver addressed by
medicial staff., and since I was not given a copy of this policy it is hard to belive
that the D.O.C. set out to deprive a inmate with a known health care problem treatment
when it was clear that they were reacting to treatment.
2.    Dr. Kort denied lumbar support, for low back problem and since I have had to
endure the pain.  I had such at S.C.I.S. for years and DR. Kort claims that x-ray
report says back was normal, when I know better as I was in a taylor brace for about
5 years with this back problem, even though he denied to treat this problem, he also
denied and discriminated against me for employment claiming I have a back condiction
but has since failed to treat this condiction.  Moreover he has refused me the right
to work out run etc. to keep muscles toned to stop the detearation of this problem.
And has denied me bottom bunk status and has forced me to cliam in and out of bed with
a back problem.  Cruel punishment, gross neglience, malpractice, and damages will be
requested.
3.    Sores on leg, arms, face which have been their for 5 years I'm being denied
treatment and becuase of the delay in treating this condiction correctly it may have.
developed into skin cancer or worse, and I have no way of knowing since I'm being
denied health care.
4.    Pain in left wrist from work related injury at S.C.I.S. where left wrist was
injuried, in which x-rays show bones over lapping in the wrist, denied health care.
5.    Right shoulder pain, with arthritis, ostelprosis, and bone spurs denied health
care, left shoulder pain from A/C joint removel suspect arthritis in that shoulder to

PAGE 3

but know way of knowing since I'm being deined health care.

6.    Pain in right cheek facial orbital blow out, with never damage, create head aches often.

7.    Right ear problem since late July 2000 that has not went away right ear ache.

8.    Sores, dry, flakey, fungus feet.

9.    I'm being denied daily blood sugar test for my diabestis 2 with maybe resulting in the dizziness, head aches, sweets, and confusion ever day as I'm unable to keep track of this sugar level every day.  And I've been denied the right to see a diabestis specialist for this condiction. Dr. Kort told me I can only get a blood sugar test once a month, which I feel is gross neglience, and denial of health care for this problem.

10.    C-Pap device for sleep apena is where during sleep I stop breathing during an hour of sleep 16 or more time at 16 or more seconds each time.  At S.C.I.S. I had this C-Pap resporator, becuse I was on D/C, A/C status and the cells in the hole did not have power to use this device, and I was no provided with a extention cord to safely use it, and since have been denied such at this institution, and Mrs. Sewell states that because I refused such at S.C.I.S. I was not entitled to such here, and what took place at this institution should not have any affect on health care here.  Even If I refused it at that time which I did not, does not give medical staff the right to deprive me of this health care now.  Putting me at risk for serious health care problems with live, lungs, respatory system, brain heart, when oxygen level in blood stream get low because of this medicial condiction, to deni,y me this health care is being done delibrately, with indifference, malice, wanton infliction of pain, to bring about a desired affect, deprivation under the color of law, to serious health care problems and for delay which it may create.

     Continued prolong delay in treating this condiction has injuried me and has subjected me to seriuos illness, and pain that I must endure.  And because I can not obtain a copy of D.O.C. policy for Hep-C treatment I must consider the acts of Dr. Kort to be delibrate and a attempt at murder, gross negliance, malpractice, and conspiracy as I feel he has the medical staff acting to support all his deprivation and act under the color of law to discriminate against a group of inmate who seek health care for serious illnesses.

RESPECTFULLY SUBMITTED

KIM SMITH CT-2162
1 KELLEY DR.
COAL TOWNSHIP PA. 17866-1021


APRIL 1, 2001


J.A. Holmberg
PA. STATE POLICE
Troop G. Hollidaysburg
N. Juniata St.
Hollidaysburg Pa. 16648



1510


In Re:    Assult by Correction Officer during Strip Srearch in RHU at S.C.I.S without
          Proable cause, in a sadistic manner that was unwarrented. June 16, 2000


Dear Sir;

On June 16, 2000 I was strip search in the whole at this institution and got 30
days in the whole for calling a C.O. Whysong a dick head.  During this strip search
the attending officer with out proable cause knowingly and intentional forced me face
first into the wall repeatedly causing the loss of front right side tooth.  This forces
was unwarranted and without cause as I did not cause a disturbance that would result
in the use of excess force.  Nor was this act done to protect himself or others.  It
was done in a sadistic manner set to inflict harm and such was wantonly done without
concern for rights or policy.  Their is no justification for this officer to repeatedly
force an inmates face in a wall for no reason outside he believed he could and not be
held accountable for his acts.  It is well state that the failure to train can be said
to be the cause of an injury, as this officer knew or should have known that this act
violated my rights, and with wanton disregard, malice, intentional wanton infliction
of harm he did in fact injury Kim Smith with such force that it would be considered
abuse by any human standards.

I do not know the name of this officer by I done know the Lt. that was their at
the time Lt. Simpson I must check for others name.

I addressed this issue with the D.O.C. who has failed to reply or address any of

PAGE 2

the issue of this assult, and S.C.I.S. has fail to reply to this issue and I have suffered a lost tooth, that the root had to be pulled out and a large opening in the front of mouth, which hinders my ability to bite food, and will last me for the rest of my life, because this R.H.U. officer saw fit to abuse his power and abuse me in the exercise of his duties under the color of state law.  I have also addressed this issue to this office in which you failed to either act on it or passed the buck as if this never took place and I'm the one who has suffered and was abused for no reason and your office has refused to address this form of abuse by Correctional Officer, as my missing front tooth would be enough to state a cause of action you have failed to see me or address this issue, be advised I've set this letter to a person and the U.S. Attorney in hopes and prayers that he will aid me in this issue, since it has been clearly shown that your office is not willing to address the form of abuse in the state correctional system, and I can not continue to be abused at the hands of correctional staff and not say anything about it, as I feel my cries are falling on deaf ears.  You must understand the state and federal government has set up standards that must be followed, and anyone who steps outside of this standards can be held liable.

When investigating a crime its not to call the institution and get their opinion of record but to interview the claiming person and see for your self if a injury or abuse has taken place, since I have not seen anyone from your office and your reply to my first letter I feel your discerned with the abuses within these institutions, because I'm an inmate it does not make me less creditable, when claiming abuse.

For these reason I'm resubmitting my request to have your office investigate this abuse and review the tape of the day in question, if their is no tape then it is an act to cover up this abuse.  And I'm sure that they falsified record to justify their wrongful acts of abuse against me for what ever reason the see fit.  Moreover I feel that a fact that a number of staff has gotten in my face claiming to know the victim and his family, and that the victim family is politically correct, and has contact in this area makes me believe, that your failure to investigate may be rooted in this, level of abuse. for this reason I once again bring this issue to your office for investigational reasons and for charges of assult, conspiracy, abuse of power, 8th amendment violation, policy and practice, negligence, malpractice, excess force, personal injury, etc. be investigated, in this case.


CC. 3-20-01

RESPECTFULLY SUBMITTED

Kim Smith CT2162
P.O. Box 999
1120 Pike St
Huntingdon Pa 16652

Sept 1, 2000

Com of Pa
Dept of State
Bureau Pro and Occupational Affairs
P.O. Box 2649
Harrisburg Pa 17105-2649

RECEIVED
SEP 0 6 2000
COMPLAINTS OFFICE

Complaints Office:

Sir:
       I've a number of complaints and I will try
and address there completely one at a time.

① For 5 years I've been told I had high liver enzymes
which was connected to Hepatitis C, a general
elevated liver enzymes and a positive antibody
test for HCV (anti-HCV) chronic hepatitis C,
And Dr Long told me treatment is 1 year
but record state 18 to 24 treatment program

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**State Correctional Institution**
**At Coal Township**
**Medical Department**
**May 3, 2001**

**SUBJECT:**     **Response to Inmate Request  DC-135A**
**Ref:  Kim Smith,  CT-2162**

**TO:**          Deputy Johnson

**FROM:**        Wilma J. Sewell
CHCA

Inmate Smith is correct when he stated that his ACCU cheks were elevated over the past seven days.  Our Medical Director ordered the seven-day evaluation in order to determine which plan of treatment he would choose.  On 4-30-01, inmate Smith's test results were reviewed.  At that time, an additional medication was ordered to attempt to control inmate Smith's blood sugar.  Also ordered was a fasting ACCU-Chek in one week and another panel of blood tests in two weeks.

As you can see, inmate Smith is receiving appropriate diabetic care.  He needs to be more patient to allow the physician to make the necessary determinations before a change in treatment can occur.

WJS/mp

Cc:     Inmate Kim Smith, CT-2162, RHU
File(DT-2162-dsfm)

*I never saw Dr on 4-30-01  7 days worth of accachek touse is inadequate to evaluate a treatment plan, and the one decided on by Medical Director almost cost me my life, as on second day of taking this medication I had a bad reaction because blood sugar dropped so low that it knocked me out and I could not get to call button. Without concern to my health or safety this Dr ordered a medication that would enhance the 20 mg of glyburide with very little concern for cause or affect or my safety.*

When I asked about the 5 year delay he stated that some D.O.C policy prohibited from treating this serious illness and put me at risk to develope liver damage from this virus.

I feel for a Dr to know of a serious life threatening illness and not treat it for 5 years is a clear showing of medical neglect negligence, deliberate indifference, willful misconduct malice, cruel punishment, mental anguish discrimination, equal protection under state and federal constitution, emotional distress, mental and physical injury, pain and suffering, in the delay in treating this Hepatitis C disease

Staff here has also denied me the right to be tested for asbestos contained disease for 3½ years, since for a number of years during work I was exposed.

Or would this issue be better addressed in federal court  42 U.S.C.S. 300aa-26

② Since April 2000 I've been complaining about upper right rear teeth, Dr Kullar, wanted to pull 2 teeth, I felt the filings needed fixed, she saved one but the other she claimed was to far gone.

Aug 4, 2000, from and x-rays showing one face first

into the wall repeatedly broke root stem
of left front cupid tooth, while eating a pair
tooth came off. For 2 weeks I was deprived
dental treatments, on Aug 4, 2000 she removed
root, and put in 3 stitches and denied pain
medication. At this time I advised her of
tooth ache and problems with the tooth
she claimed to have fix. Advised me I would
be on list to see oral Dr, but as of this
date I've gotten no treatment, right cheek is
sore to the touch, and right ear is infected
and still my request go unaddressed

    Would this level of abuse and neglect
be better addressed in the federal forum

    Sir please file these 2 complaints in
your office and advise me of your decision


                    Respectfully yours

Kim Smith CT2162
P.O. Box 299
1120 Pike St
Huntingdon Pa 16652

RECEIVED
SEP 1 2 2000
COMPLAINTS OFFICE

Sept. 8, 2000

Pa. State Board of Medicine
P.O. Box 2649
Harrisburg Pa 17105-2649

Dear Sir:
    The reason for this letter is I'm concerned
about a number of medical issues in my life and
what I'm being told by medical staff at S.C.I.S.
regarding my health care needs or treatment, or
lack of treatment by D.O.C. health care personnel.
1.) July of 95 I came to D.O.C. had all health care test
it was determined at that time I had high liver
enzymes and I was given periodic blood test
and the resulting test showed high liver enzymes
that showed a hepatitis C virus. For 5 years I
was not treated putting me at risk for other liver
disease connected with hepatitis C such as hepat-
ocellular carcinoma, cirrhosis (scarring)
    In July 95 I was sent to S.C.I.S. where

Dr Long took over my health care and for 5 long years test showed high liver enzymes. Not until Aug 2000 did Dr Long told me I had Hepatitis C and to my knowledge I was denied a liver biopsy to confirm what level of liver damage I had. But none the less I started treatment of injection once a week, for a year at the end of Aug 2000, I should be getting my record that the end of this week.

When Dr Long advised me I had Hepatitis C I ask him why was their a 5 year delay he claim D.O.C. produacall prohibited him from treating this disease. Which I feel is not just to be aware of a illness or a disease and refuse to treat it goes against any and all medical standards of professionalism and to cite a policy that clearly shows a deprivation under the color of laws and state and federal civil rights violation, cruel punishment, deliberate indifference, malice, fraud, wanton infliction of emotional distress, mental anguish, policy practice, discriminating against black in mates as a who. It is unjustifiable to know of a health care problem and not address it for a 5 year period, by any medical standard.

Sr Osteoarous in right shoulder with mild arthritis and bone spurs, and I'm being denied a bone density test, as well as my request

for this medical problem goes unaddressed and I'm not afforded it's right to see a specialist. The same with my diabetes, which is a 4 year old and I've been denied the right to see a specialist for this condition, and left to the determination of C.H.C.A. George Weaver R.N. who fails to reply or addressing my request, and Dr Long who does the same.

On Aug 4, 2000 I had a root tip pulled by Dentist Dr Kellar here at S.C.I.S. in which she refused to give me any form a pain medication, after she put 3 stitches in gums, stating Dr Long prohibited her from giving me pain medication. June 2000 she called herself repairing 2 fillings in 2 teeth she wanted to pull, she saved one and stressed I was she was to put me on list to see oral surgeon, but took me off. This came after repeated request of a tooth ache, that went unaddressed. Aug 7, 2000 I once again informed her and was advised I was on the surgeons list for Aug 2000 as of this date Sept 5, 2000 this tooth ache has not been addressed and I've suffered, sore gums, and pain in that tooth, sore drainage, sore cheek, which I fel drainage from tooth has infected ears and same jaw stiffness, I've sent her a request a week and Dr Kellar has failed in her professional responsibility to address medical condition, as well as C.H.C.A G Weaver

and the health director Dr Long, I feel this substandard medical treatment of inmates at S.CIS. can not go unaddress, and would you please inform People's Medical Society to contact me.

Also would you please advise me of the steps I must take.

Respectfully Yours

Kim Scott

# Statement of Claim

In United States District Court for Middle District
Pennsylvania

Ex C

Kim Smith

vs

Secretary Horn          Bureau Health Care Services
Dept of Corrections
Thomas L. James
Commonwealth of Pa. Dept of State
Bureau of Professional & Occupational Affairs
James Morgan Warden      SCIS
S. Burks Assistant Warden
C.H.C.A  G. Weaver
Dr Long
Pa. Hoffman
Pa. Baker
RN. K. Allen
H. Zimmerman
A. Bivario Deupty of Treatment
A. Zimmerman
Dr. Kullar                    Warden Gillis SCIC
C.O. Bigelow                  Mrs Sewell
C.O Eisek                     Dr Kort    Deupt Saxe
C.O Whysong                   Dr Brema   Deupt Johnson
Capt Glenny.                  RN Demas   Lt Gula
Major Norris                  RN Wolfgang
                              RN Ambrose
                              Lt Jordan

# Temporary Restraing Order

to be part
of 1983

And now comes Kim Smith this
4th day of Jan 2001, a lay person
not littered in legal matters in this
motion Temporary Restraining Order
with sanction in money damages for
the delay in medical treatment.

① Sept 1999 I was diagnosed with
diabetes, lock in the infermary for a
week. Taking insulin injection, and oral
medication till stabilized, Dr Long treated
this condiction. I was released with
oral medication. I requested to see a
specialist for this diabetic condiction
and was denied. Filed a grivance with
the Dept. of Correction and was told that
it was not a necessity. The illness
makes it a necessity to be seen by Dr
who address diabetic illness. A 16 month
delay in treating this condiction has
had harmful consequences. A sanction
in money damages should be imposed as
this type of treatment goes against Dr
Long licensing.

② In Sept 2000 I was told by Dr
Long that I have hepatitis C and
this diagnosis was based on a high

3

enzyme. When asking Dr Long why their was a 5 year delay in treating this illness he claimed a Dept of Correction had protocal that prohibited him from treating this illness. Since treatment for hepatitis C (intiferon was founded in 92 for human use.) To deny such treatment for a 5 year period as a learned physician goes against his medical license. To know of a medical condiction and refuse or fail to treat. And the Dept of Correction would not practice such a policy that would put me at risk for serious liver damage and even death, for the delay and if the Dept of Correction did practice such a policy until Sept 2000 a sanction in money damages in the amout of $1,000.00 per day for all inmates who was with hepititis C from July 95 to Sept, 2000; Terminated by Dr Kort SCI prematurely dowing now existent P.J.C. reinstated

③ For 5 years I've complained about sores on body and been denied to see a skin specialist. Neglect sanction for delay

④ For 5 years I've complained about dry fungus feet and was denied the

4

right to see foot specialist, even though I was given some treatment the condiction never went away. Neglience ⑤ In March 2000 after a 4 year delay I was granted the right to get a C-Pap device. I spoke to C.H.C.A. G. Weaver on tuesday and was to pick up the device on thursday on nurse line. Hazel Zimmerman takes the device to F Block so C.O could get use to seeking the device. On thursday I go to medical and nurse Ms Buler adviced me I was to bring the device, I told her I did not have it. Jackie Grove told Ms Buler to issue a misconduct. Ms Buler calls F Block and instructs them to give me the device. C.O Ersek refused to give me the device then went on to order me to return to medical and sign a medical refusal form which I refused to do. This Officer knew or should have known that to deny me my health care device interfered with may health care. This C.O Ersek issed issued a misconduct and was given 30 days cell restriction, and loss of pay, C.O. Ersek on other

5

Officers on the 6-2 shift as well as
C.O. Whysong on the 2-10 shift know-
ingly entered into a conspiracy, claim-
ing that S. Weaver put a note on the
device that prohibited these officers
from issuing the device. And C.O
Whysong signed an affidavit to the
effect their was a note on the device
that prohibited Officers from issuing
the device. S Weaver states it was
a lie, not note was affixed to the device
The Dept of Correction; C.H.C.A S. Weaver
Dr. Long; Secretary Horn; Bureau of
Professional & Occupational Affairs; C.O.
Irsek; C.O Whysong; James Morgan Warden
S. Burks; Hazel Zimmerman; should
have a sanction imposed upon them in
the amount of $250,000.00 in the failure
to train the Officers in the administration
and application of orders for inmates health
care. And to not interfer with orders of
Health care professional and impose
their own personal judgement on the
health care of inmates. C.O Irsek
for his willful and deliberate mis-
conduct and abuse of power as well.

In June 2000 while in RHU I was denied this device and the use, as their were no power in RHU cells to plug device in. Dr. Long and Mr. Coe falsified record claiming I refused this device and I never did. Because of their acts I'm still being denied its use at SCIC based on the acts of the above parties 5-9-01

C.O. Whysong should have sanction imposed upon them in the amount of $150,000.00 for their wrongful acts and willingness to inflict harm.

I've sleep apnea in which during an hour of sleep I stop breathing 16 or more times at 16 or more seconds each time. This causes oxygen level in blood to go down putting me at risk for serious medical injury as damage to heart, lungs Brain, liver, and respiratory system ⑥ In June I came to hole at which time Capt Glenny; Hazel Zimmerman; D. Weaver A. Birosio; Major Norris took C-Pap from my property as well as a knee sleeve and back support. Pa Coe claims I refused to use the device which I did not. The reason I'm being denied this health care device is their is no power in cells on J + H Block to plug the device into, and all request to use this device to Dr Long D. Weaver; A. Zimmerman; Ms Hannah Capt Glenny; A. Birosio have went unaddressed

For the denial of health care the Warden James Morgan as well as

7

(6A)  G. Weaver is now denying me the use of the C-Pap device claiming I refused to use it several times which I have not. Since June 2000 their has not been any power in cells plug outlet and he is not justified in denying me health care for this serious and life threatening breathing illness. From June 14 2000 I've been denied the use of this health care device by Capt Glenny and G Weaver as they feel because I'm in the hole I'm not entitled to this health care, and are acting as policy makers for the Dept of Correction. A sanction should be imposed on G. Weaver and Capt Glenny for every day they deny me this health care and use of C-Pap device for breathing it is cruel to deny such. Sanction in the amount of $2000.00 per day for violation of health code no power in cells and the denial of the use of the C-Pap device from June 14, 2000 until I'm able to use. All request for such has went unaddressed

8

the above listed parties should have
a sanction imposed on them in the
amount of $1,500.00 a day for everyday
that Im being denied use of C-Pap
device in cells with no power
in them since June 14, 2000 to this
date for medical neglect and negligence
and failure to provide as safe cell with
power to inmates who have health
care problems and need power to
use them.

⑦ In March 2000 I saw Pa Hoffman
for right shoulder pain, at which time he
attempted to have me take anti-inflam-
matory medication in which Ive had
allergic reaction to, this comes before he
order x-ray to see the problem. After 8
weeks an x-ray was ordered that showed
Osteoporosis with mild arthritis with
bone spurs. I was given calcum pills
for 30 days Pa Hoffman terminated this
medication and Ive not been given treat-
ment since and all request for treatment
has went unaddress. Due to the
pain and suffering Ive had to
endure a sanction should be im-

posed in the amount of $250,000.00 for his abuses and denial to adequately treat.

⑧ In 1999 I was see for left wrist and hand pain from a work related injury. X-ray showed in left wrist that their was a bone disfigurement and bones over lapping each other. I was denied medical treatment for this condiction for over 18 months and had to endure the pain. Sanction should be imposed for the delay in health care in the amount of $50,000 against Dr Long; Warden James Morgan in the failure to adequately train medical staff in the administration of health care $250,000.00 and secretary Horn $5,000,000.00.

⑨ Pa Hoffman and Pa Baker knew or should have known that to examine Smith threw a hole in the door was inadequate to determine and diagnose an ear infection with fluid that lasted since Aug 2000 to this date and denial to let me a ear, eye, and throat Dr. And a sanction should be imposed for inadequate health care in the amount of $10,000 per month

RN Brown cutting diabetic medication without authority or Dr Orders
have let Jordan to issue misconduct to cover up her incompetence
RN's Wolfgang & Ambrose stating a non existing D.O.C policy
that prohibited inmate with type 2 diabetes from getting Daily Accu-
check, RN Wolfgang even issued a misconduct in an [10]
attempt to justify a denial of this treatment

(10) Dr Keller in the delay in pulling
infected tooth from July 2000 to Sept, And
for pulling a root tip in front of mouth
putting in 3 stitches and not giving any
medication for pain claiming Dr Long
prohibited her. A sanction should be
imposed against Dr Keller in the amount
of $1,500.00 per day for the pain and
suffering from July 2000 to Sept 2000
in her delay to treat. And for the
Bureau of Professional & Occupational Affairs
for the failure to fine a licensing violation
in the practices of Dr Long, Pa. Boke; Pa
Hoffman; Dr Keller in the amount of $2,500,000.00
and any sanction for other inmates that
may have been injured at the above per-
sons hands.

Por these reasons and the on going
abuse I bring this motion and any delay
in treatment will cause a sanction to
be imposed.

Respectfully Submitted

Kim Smith

Kim Smith

4/5 days in hole, for disobeying order, to leave medical
my diabetic medicated

Order

And now this ——— day of ———
——— it is the order of the court
that sanctions are imposed as requested
for the abuses of the listed parties
in this motion.


                              _____
                              By The Court

Proof of Service

I certify that on or about Jan 5, 2001 a true and correct copy of this motion was sent to the below listed parties

Office of the Clerk
U.S. District Court
Middle District of Pa
Mary D'Andrea Clerk
Federal Bldg
N. Washington Ave & Linden St
P. O. Box 148
Scranton Pa 18501

Ken Smith

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>Ms Hannah | 2. Date:<br>12-24-00 |
| 3. By: (Print Inmate Name and Number)<br>Kim Smith CT2162<br>Kim Smith<br>Inmate Signature | 4. Counselor's Name<br>A. Zimmerman<br><br>5. Unit Manager's Name<br>Ms Hannah |
| 6. Work Assignment<br>N/A | 7. Housing Assignment<br>H-B-13 |

8. Subject: State your request completely but briefly. Give details.

Ms according to J. Harris inmate accounts ... 12-13-00 signed request slip is not good enough and ... [illegible] not followed contract policy for cancellation ... [illegible] ... called ... not charged ... I'm not getting. And I do not see ... returning to population in this institution ... A. Zimmerman ... Capt ... Lt ... Could you please look into this?

Could please contact laundry and ... I got a T-Shirt and 32 W Boxers.

Also could you aid me in getting my C-pap device on A Block and ... it and ... to ... as it. As A. Bivanio believes I do not have health problems diabetes, arthritis, low back, left knee (mild) right shoulder, osteoporosis ... L5-S1-L4 low back, left shoulder, hep-C. If these are not health

9. Response: (This Section for Staff Response Only)

problems I do not know what is, as well I may have asthma related illness and I'm not manipulating the system as A. Bivanio believes.

Could you please tell me why my legal mail is being stopped from leaving institution. A. Zimmerman has failed to reply to any request in the last 3 1/2 weeks

#1 - I have contacted HCA Mr. Weaver concerning your request for the cpap device. He states that you have refused this device on several occasions. I informed him (1/4/00) that you wanted @ this time to utilize the machine. You need also to be aware that you need to follow the instructions of the medical personnel when utilizing this equipment.

To DC-14 CAR only ☐ To DC-14 CAR and DC-15 IRS ☐

Staff Member Name ______ Print ______ Sign ______ Date ______

Revised July 2000

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

| 1. To: (Name and Title of Officer)<br>C.H.C.A. G. WEAVER | 2. Date:<br>1-03-01 |
|---|---|
| 3. By: (Print Inmate Name and Number)<br>Kim Smith CT2162<br><br>_Kim Smith,_<br><div align="center">Inmate Signature</div> | 4. Counselor's Name<br>A. Gessoesman<br><br>5. Unit Manager's Name<br>Ms Hannah |
| 6. Work Assignment<br><div align="center">N/A</div> | 7. Housing Assignment<br><div align="center">H-B-13</div> |

8. Subject: State your request completely but briefly. Give details.

Sir at present I'm having problem breathing and I would like to have C-Pap device. Living sleep

I'm being told I can not have such, which I feel is denying me my health care

(1) diabetic testing for related illnesses (2) treatment for osteoporosis bone spurs, mild arthritis and bone density test (3) see specialist for diabetes (4) seen for low back pain, (5) skin Dr for sores on skin, (6) foot Dr for dry fingers feet (7) C-Pap (8) another blanket left three second
c.c. - 1-3-01

9. Response: (This Section for Staff Response Only)

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / _____     Date _____
<div align="center">Print            Sign</div>

Revised July 2000

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

| 1. To: (Name and Title of Officer)<br>*Dr Long* | 2. Date:<br>*1-3-01* |
|---|---|

| 3. By: (Print Inmate Name and Number)<br>*Kim Smith CT2362*<br>*Kim Smith*<br><center>Inmate Signature</center> | 4. Counselor's Name<br>*A. Zimmerman* |
|---|---|
| | 5. Unit Manager's Name<br>*Ms Hannad* |

| 6. Work Assignment<br>*N/A* | 7. Housing Assignment<br>*H-B-13* |
|---|---|

8. Subject: State your request completely but briefly. Give details.

① Test for asbestos related illnesses; ② treatment for osteoporosis, mild arthritis and bone spurs right shoulder, and a bone density test ③ request to see ~~the~~ specialist for diabetes ④ low back pain ⑤ sores on skin, need cream; request to see skin Dr. ⑥ dry fungus feet need cream; request to see foot Dr. ⑦ request to have C-Pap device returned to me as Im still having problems breathing when I sleep. Another blanket and left knee sleeve
Would you please address these issues ASAP, some of these things have been going on for 5 years and have not cleared up or have I been granted the right to see specialist.
CC-1-3-01

9. Response: (This Section for Staff Response Only)

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / _____   Date _____
<center>Print                        Sign</center>

Revised July 2000

Form DC-135A

**INMATE'S REQUEST TO STAFF MEMBER**

Commonwealth of Pennsylvania
Department of Corrections

INSTRUCTIONS

Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer)

Dr. Long

2. Date: 12-29-00

3. By: (Print Inmate Name and Number)

Kim Smith CT-2162

Kim Smith

Inmate Signature

4. Counselor's Name

R. Zimmerman

5. Unit Manager's Name

Mrs. Hannah

6. Work Assignment

N/A

7. Housing Assignment

H-B-13

8. Subject: State your request completely but briefly. Give details.

I've been having dizzy spells for the last week and a half. They come when waking and last for 20-30 min to a point I must lay and hope it passes. Its been on going and is affecting eyes + Would like to see someone. I'm still having problems in right ear, pain and fluids, would like to see someone. I've seen Drs about this problem since August it has not cleared up and I've been repeatedly charged for the same medication and treatment.

9. Response: (This Section for Staff Response Only)

need to see specialist, please put me in for such.
Renew foot cream, and a cream for sores on body.

Mr. Smith,

Sign up for sick call.

To DC-14 CAR only ☐

To DC-14 CAR and DC-15 IRS ☐

Staff Member Name  Ronald Long, M.D.

Print

Sign

Date 1/4/01

Revised July 2000

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|

| 1. To: (Name and Title of Officer)<br>*Dr Long* | 2. Date: *12-14-00* |
|---|---|
| 3. By: (Print Inmate Name and Number)<br>*Vince Smith CT0160*<br>*Vine Smith*<br><div align="center">Inmate Signature</div> | 4. Counselor's Name<br>*A. Brownsom* |
| | 5. Unit Manager's Name<br>*Ms Hannah* |
| 6. Work Assignment    *N/A* | 7. Housing Assignment<br>*H-B-10* |

8. Subject: State your request completely but briefly. Give details.

*need to know doctor checked A/C and circulation*
*legs, eyes, pharmacist and intake a long time, having*
*a colon can fully good and I need treat from an*
*expert for someone about the hip to determine if an*
*all general health a do not get around had no*
*if something is wrong*

---

9. Response: (This Section for Staff Response Only)

*Mr Smith,*
*You are scheduled to me —    12/21/00*

---

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name  <u>Ronald Long, M.D.</u>    <u>[signature]</u>    Date <u>12/28/00</u>
<div align="center">Print                      Sign</div>

Revised July 2000

**DC-804**
**PART 1**

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA. 17001-0598

OFFICIAL INMATE GRIEVANCE                    GRIEVANCE NO. *Smi - 326-98*

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| Ms Burke | SCIS | 7-29-98 |
| FROM: (Commitment Name & Number) | INMATE'S SIGNATURE | |
| Kim Smith CT2162 | Kim Smith | |
| WORK ASSIGNMENT | QUARTERS ASSIGNMENT | |
| Kitchen | I-A-39 | |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

After getting a apnea, sleep study and pulmonary test Dr order a c, pap or oxygen mask during sleep to help breath during sleep since I was test and I stop breathling during sleep a number of times for a number a second. This prolonged period of not breathling has a damage effect on heart, lungs and brain, so with deliberate indifference to my life both care need, and the life threatening aspect, Wexford Health, and Dept of Correction refused to treat this problem, after taking me there a number of test to find the problem only to refuse treatment which is causing me mental anguish, pain and suffering and is unjustifiable denied of medical treatment

B. Actions taken and staff you have contacted before submitting this grievance:

Dr. Long, Pat Nyps, Health Care at camp Hill Central Office Bureau of Health Care Dr. Long advised me to take these steps to obtain treatment.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Sharon M. Burke                                    7/31/98
Signature of Grievance Coordinator                  Date

**WHITE**—Grievance Coordinator Copy    **CANARY**—File Copy    **PINK**—Action Return Copy    **GOLDENROD**—Inmate Copy

**DC-804**
**PART 1**

# COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA. 17001-0598

**OFFICIAL INMATE GRIEVANCE**

GRIEVANCE NO. Smi-419-98

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| Burks | SCI-S | 10-9-98 |

FROM: (Commitment Name & Number)    INMATE'S SIGNATURE
Leon Smith CT-2112    Leon Smith

WORK ASSIGNMENT    QUARTERS ASSIGNMENT
Kitchen    I-B-42

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

In Sept I saw Dr. Long regarding treatment for apnea, at which time I was told during an hour of sleep I stop breathing 16 times at between 16-25 seconds each. After contacting Wexford, Dr. Lewis and other health personnel I feel that I am being denied treatment specialties is being denied with deliberated indifference to my health care needs and safety. Why are they foot dragging only to delay treatment because of the financial effect it is having on Wexford and Lewis I protest this action for more attention.

B. Actions taken and staff you have contacted before submitting this grievance:

Wexford Med Dept, Camp Hill BOP's Wexford System, Wexford Dr. Lewis C/H Dr. Long Doct. other parties

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Sharon D. Burks
_____
Signature of Grievance Coordinator

10/13/98
Date

**WHITE**—Grievance Coordinator Copy      **CANARY**—File Copy      **PINK**—Action Return Copy      **GOLDENROD**—Inmate Copy

**DC-804**
**PART 1**

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA. 17001-0598

**OFFICIAL INMATE GRIEVANCE**

GRIEVANCE NO. _Smi - 030 - 00_

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| _Mrs Burks_ | _SCIS_ | _1-22-00_ |
| **FROM:** (Commitment Name & Number) | **INMATE'S SIGNATURE** | |
| _Kim Smith CT-2162_ | _Kim Smith_ | |
| **WORK ASSIGNMENT** | **QUARTERS ASSIGNMENT** | |
| _Kitchen_ | _F-B-29_ | |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

_Ive yet been seen by a specialist to determine my diabetes and diagnosed, by certified Dr for this problem. Ive not been seen about kidney pain or adominal pain which I feel is connected to diabetes, and told by Dr Long that I must pay to be seen, even though I was already treated for kidney and adominal pain by Dr Solomon As still as of this date Ive not gotten C-Pap device and I feel its a 5th amendment violation to know of a condition and health threat and not treat it. This lack of treatment my be one effecting my cause and reason for my health condition to day. (Denial of Medical treatment_

B. Actions taken and staff you have contacted before submitting this grievance:

_CHCA G Weaver; Dr Long, C.O ix Food Service, Crites_

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_Sharon M. Burks_
Signature of Grievance Coordinator

_1/25/2000_
Date

DC-804
PART II

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P. O. BOX 598**
**CAMP HILL, PA  17001-0598**

**OFFICIAL INMATE GRIEVANCE**
**INITIAL REVIEW RESPONSE**                                      **GRIEVANCE NO.  SMI-030-00**

| To: (Name and DOC No. | Institution: | Quarters: | Grievance Date:: |
|---|---|---|---|
| Kim Smith     CT-2162 | Smithfield | F/B 29 | 1/22/00 |

**The following is a summary of my findings regarding your grievance:**

1. You are requesting to be seen by a specialist.
2. You again make reference to the C-Pap machine.

**Disposition:**

1. All requests for a specialist must be first approved by the Medical Director, and then approved through Utilization Review.  Just because a patient has requested to be seen by a specialist does not make it happen.  There must be documented medical necessity in order for a specialist to be approved.

2. The request for the C-Pap machine has been addressed in a previous grievance.

Grievance Officer  2/8/00

Category:  Medical

cc:  Superintendent Morgan
     Deputy Biviano
     Major Norris
     Captain Glenny
     DC-15
     File

| Refer to DC-ADM 804, Section VIII for instructions on grievance system appeal procedures. | SIGNATURE OF GRIEVANCE OFFICER | Date: |
|---|---|---|
| | Sharon M. Burke | 2/10/00 |

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**SCI-Smithfield**
Superintendent's Office
814-643-6520
February 22, 2000

SUBJECT:    APPEAL TO GRIEVANCE # SMI-030-00

TO:    Kim Smith, CJ 2162
       F Block

FROM:    James M. Morgan, Superintendent

This is in response to the above-mentioned grievance wherein you contend you have a right to see a specialist regarding your medical condition and that you are being denied preventative medicine for any condition arising out of your original medical issue. In the initial response, your grievance was denied by the grievance officer, Mr. Weaver. He explained the medical review process to you and noted that your request for a C-Pap machine had been addressed in previous grievances.

I support Mr. Weaver. Medical decisions must be reviewed by our medical director and then there is a utilization review process. This is the same process any citizen with an HMO has to go through in order to receive care. I find that the medical staff has acted appropriately in responding to your health care concerns. Your grievance is denied.

JMM/lgh

cc:    Mr. Weaver
       Ms. Burks
       DC-15
       File

Form DC-135A

**INMATE'S REQUEST TO STAFF MEMBER**

Commonwealth of Pennsylvania
Department of Corrections

INSTRUCTIONS
Complete items number 1-8.  If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

| | |
|---|---|
| 1.  To: (Name and Title of Officer)<br>MRS. SEWELL | 2.  Date:<br>3-26-01 |
| 3.  By: (Print Inmate Name and Number)<br>KIM SMITH CT-2162<br>_Inmate Signature_ | 4.  Counselor's Name<br>MR. DUNN<br>5.  Unit Manager's Name<br>MR. SMITH |
| 6.  Work Assignment<br>U/A | 7.  Housing Assignment<br>D-1-02 |

8.  Subject:  State your request completely but briefly.  Give details.

I'm requesting to be put on diet line for diabetis and to get a ACU-check ever day with this type 2 diabetes .  As it is I often wake with low blood sugar and have head ackes and chill, and often sweet during the night, because blood sugar goes seriously low during sleep putting me at risk for serious problems. in the future.  Since being here I've only been check 2 times for this condition which is chronic in nature. and I should not have to sign up for sick call and I'm concerned about the threat when seeking treatment for my other health care problems and I'm not sure if I will be treated as I have run into lies, and delibrate indifference towards inmates health care in this institution.  Since I have not been seen by a specialist for this condition I'm concerned of the damage it may cause from being inadequately treated, as my eye sight seem to failing me at this time, and I'm concerned about colon cancer and other illness connected with diabetes when not properly treated.

9.  Response: (This Section for Staff Response Only)

Mr. Smith,

Please sign up for sick call.

| | |
|---|---|
| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |

Staff Member Name _____
_Print_

_Sign_  CRNP    Date 3·29·01

Revised July 2000

Kim Smith CT - 2162
1 Kelley Dr.
Coal Township Pa. 17866-1021


April 2, 2001

Chief Secretary's Office
of Inmate Grievance and Appeal
Department of Correction
2520 Lisburn Rd.
P.O. Box 598
Camp Hill  Pa. 17001-0598


In Re:  D.O.C. Policy, DC - ADM. 804 and the reply to these grievance in a timely
        manner consistent with this policy for grievances and replies.


Dear Sir:

      I have filed a number of grievances at this institution and staff has failed to
reply to any of these below listed grievances, or address them as some of these abuses
and denial of health care continues, to a point it is becoming cruel punishment, and
a deprivation under the color of law.  And I feel the failure to address these
grievances is a cover up for the level of abuse they are inflicting on inmates and they
state non-exsitent D.O.C. policy to enforce this abuse and denial of health care.  I'm
under the impression that when addressing health care issue the  or the inmate can go
directly to centeral office with the complaints and any delay in the treatment or
exspectation to comply with DC-ADM. 804 when their is no reply forth coming or the
staff in the institution denies to reply only prolongs the process and any required
treatment.  I find that the nurses in this institution are imposing standards that they
are not trained for.  Example I have type two diabetes, and I'm taking the pill for
such, this type of diabetes should have blood sugar check often and on a regular bases.
On 3-29-01 I was told by Nurse Wolfgang that I was not entitled to blood sugar checks,
that I have to have symptoms that require this test, and showed no concern that I was

PAGE 2

already diagnosed with the condiction and was taking medication for such.  And on 3-30-01 a nurse Burnest states that I must show symptoms, that I was not entitled to such, that I must pay $ 2.00 co-pay to get a blood sugar test for this chronic problem which is a violation of D.O.C. co-pay policy for chronic problems.  This same day Capt. Mc shinsky went to medical with me and he was told by the nursing staff that I was not entitled to such that it was a D.O.C. policythat inmates with this type 2 diabetes was not entitled to blood sugar check that I must sign up for sick call and get evaluated for this condiction again.  That the D.O.C. policy stated I was not entitled to this kind of treatment and act as it is not a chronic problem.

This form of abuse has continued threw the D.O.C. for over 7 years of my incarceration and even when I have the symptoms and have proven such with my high blood sugar of 218, 367, 253 and this is even with taking the pill and when I request block office opn D-1 to call medical that I'm having symptoms of blurred vission, head aches, sweets, chills, shakes, the still failed to address this issue and tell me I'm not entitled to this health care and to sign up for sick call which is a delay in any treatment that maybe coming.  My concern is with HEALTH CARE AND A JUSTIFICATION OF IT DENIAL.  Like on 3-29-01 Nurse Wolfgang that the name I was told wrote me up stating that I argued with her about the denial of blood sugar test to justify her denial to treat my blood sugar problem on this day that was 253 in the a.m. whci is high and the fact the Dr. Kort has not ordered coverage and has denied me the blood sugar check even though he knows of my diabetes shows gross negliance, malpractice and is knowingly and intentionally done to eprive health care.  No learned Dr. would deny a inmate blood sugar check for diabetes type 2, or see if such is high, and when I complain about this condiction it goes unaddressed.  So this issue because it is not being adequately addressed maybe the resulting factor in present illnesses and problem as loss of sight, sores on body, bad feet, pain in kidney, and liver, the head aches, dizziness, what must I do pass out on walk before I can get adequate treatment, by then it will be to late.  I request that you address this issue and make a determination on the below grievance so I can move forward and on into federal court for these on going violation of my rights by those who has authority over me and act under the color of state law. And these rights and safeguards have repeatedly been violated to the point of cruel punishment and has had harmful consequences on Kim Smith in the delay in health care.

PAGE 3

See Below

| Grievance No. | Date | Institution | Decision Date | Inmate |
|---|---|---|---|---|
| 0161-01 | 2-25-01 | S.C.I.C | 3-12-01 | Kim Smith |
| 0032-01 | 11-2000 | S.C.I.S | unknown | Kim Smith |
| 0071-0072-01 | 1-2001 | S.C.I.C | unknown | Kim Smith |
| 0062-01-0108-01 | 1-29=01 | S.C.I.C | unknown | Kim Smith |
| | 2-7-01 | | | |
| 0163-01 | 2-25-01 | S.C.I.C. | unknown | Kim Smith |

Their is another grievance that I may not get a reply to and this is regarding my type two diabetes and the blood sugar test on a daily bases to ensure that I my pancrest shuts down total the required treatment would be give in a timely manner so it does not cause any additional harms.  A nurse Wolfgang and Burnest are imposing a policy that is not in compliance with D.O.C. policy, and requiring more then is standard for someone in this condiction and I feel I'm being denied treatment and that I'm diagnosed with this condiction and should no have to repeatedly sign up for sick call for this condiction to justify their personal desire or prove to them that I have a problem and even when I have complained of such I was told I would be charged for this chronic problem, so two grievances were filed, and because of this institution track record in repling to may grievance I bring this medical condiction and treatment to your attention so I can move forward.  I know their reasoning for not repling they do not wish me to move forward and expose their abuses.  If I can not prove exhaustion of administrative remedies I can not sucessfuly file a claim, so this is why I believe the have do replied, and that they are very aware of their abuses and deprivation under the color of state law and violation of the federal constitution.  I feel I must move-forward on these issues, and need your decision on these thing.

For these reason I submit this t letter and appeal in compliance with DC-ADM. 804 and staffs failure to reply.

cc3-30-01

RESPECTFULLY SUBMITTED