IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PA.

KIM SMITH
    PETITIONER

   vs.

# 1 : CV01-0817

SUPT J. MORGAN
DEPUTY SUPT. D.R. MORDER
DEPUTY SUPT. A.C. BIVIANO
ASSISTANT SUPT. S. BURKS
HEALTH CARE ADM.G.WEAVER
NURSE SUP. H. ZIMMERMAN
PAT YARGER
NURSE SUP.  K. ALLEN
MAJOR TENNIS
CAPTAIN GLENNY
BUREAU OF HEALTH CARE SERVICE
C.C. McVEY
DR. LONG S.C.I.F. MEDICAL DIR.
UNIT MANAGER CORBIN
COUNSELOR OGERSHOK
NURSE J. GROVE
COMMISSIONER HORN
DEPT. OF CORRECTION HEALTH CARE SYSTEM ET, AL

DOCKET NUMBER – _____

## APPLICATION FOR APPOINTMENT OF COUNSEL

And now comes Kim Smith a lay person not lettered in legal matters moves in this motion for appointment of counsel to represent him on a TEMPARY RESTRAINING ORDER WITH SCANTION in damages for MEDICAL NEGLENT ABUSE OF POWER, ABUSE OF POLICY,PSYCHOLOGICAL ABUSE, MENTAL ABUSE, AT 8TH AMENDMENT VIOLATION IN CONNECTION WITH HEALTH CARE, Deprivation under color of law, delibrate indifference standard to medical treatment, denial of medical treatment for a life threating problem, and because of the intensive discovery that needs to take place, petitioner has met with rejection by institutional staff when requesting to review or for copies of medical records, the appointment of counsel will aid petitioner in the stoping the abuse he has indured for a 18 month period at the hand of this institutional staff and the health care professional of this institution, in

ical treatment for the same problem, using the statue under( THE AUTHOR-
ITY OF THE SECRETARY OF CORRECTION TO DIRECT THE OPERATION OF THE DEPT.
of corrections is established by section 201, 206, 506, and 901-B of the
Adm Code of April 1929, Act of April 9, 1929, P.L. 177, No. 175 as amended.
CROSS REFERENCE 1 . ADM MANUALS A. XXXXX 13.2.1 June 1995 (b) 13.2.3 Acc-
ess to health care June 1995(c) 13,2,5 Access to emergency care June 1995
in connection with the DC-ADM 820 Co-Pay for medical service.  Prison
MEDICAL SERVICE ACT THE ACT OF MAY 16, 1996, ACT NO. 1996-40, 61 P.S.
1011, et seq. and act 53 of 1996.|)(in this act it is clearly stated un-
der VI. PROCEDURE(A) Fees (2) Sub. Sec.(G)(M)(P) as a lay person petitioner
is not sure what of his rights are being violated when this statue is vio-
lated repeatedly and petitioner is subjected to fees, when the statue listed
above under (2) clearly states(THE FOLLOWING MEDICAL SERVICE WILL NOT RE-
SULT IN A CHARGE TO THE INMATE.) Or the failure of institutional medical
staff to provide a inm,ate with medical treatment, that was ordered by
an outside Dr. that is contracted with the state, or referral to the pro-
fessionals that deal with the  problem and get it treated right.  For al-
most 5 years petitioner has been getting cream for foot fungus, and the
same for in grown hair problems from shaving, and at no time were these
problem considered cronic, nor was petitioner given a referral to the Dr.
that deals with these problem, when requesting such XXXXXX petitioner was
told no. by adm health care personel here, and petitioner was subjected
to substandard treatment by health care personal that training was not
in these health care areas., And to subject petitioner to a fee or charge
every time he goes to get these medication renewed violates this above
listed statue, after giving him this medication for so long.  Their maybe
a medical negliance issue in this case  that the appointment of counsel
would aid petitioner in.  ( IN JUNE 98 PETITIONER WENT TO MEDICAL FOR A
BOIL, FISHER ON REAR, WAS GIVEN SIT BATHS AND ANTI-BYODIC, THE PROBLEM
DIDN NOT GO AWAY, RETURN TO MEDICAL AND WAS GIVEN THE SAME, AND WAS
CHARGED FOR IT, FOR 7 MONTHS PETITIONER SIT AND WATCHED THIS BOIL GROW
AND NOTHING WAS DONE WITH IT, UNTIL JAN 99 WHEN IT WAS LANCED AND PET-
itioner had a 3 inch inschin in his rear that was left open to drain.
Had this problem been treated in July, Aug, Sept, Oct,Nev. it could not
have been so large of an cut, the unwarrneted delay may fall under med-
ical negliance, which caused petitioner harm, pain and suffering.
     The phone calls underDC-ADM818 in which inmates can pay for phone
calls, as petitioner counselor abused this aspect and crossed the line
to a point that it became invasion of privacy, between petitioner and attorne

3

Petitioner also needs help in expressing the below case law and statue  under this act.  La Fout v. Smith 834 F2d 389, 392-94 (4th Cir 1987) 8th amendment vilation, Mc Carthy v. Weinberg 753 F2d 836, 839 (10th Cir 1985) , Lee v. McManus, 543 F Supp 386, 391-93 ( D. Kan 1982) the Act of 1990 (ADA)(a)(b)(c), Casey v. Lewis 834 F Supp at 1583 (delay) also 42 U.S.C.§ 12101 et, esq., 42 U.S.C.§ 12132 et esq., 42 U.S.C. § 12172 et. esq., and 29 U.S.C. § 794, and Civil Rights Act of 1962, 42 U.S.C. § 2000 (d) et. esq., exhaustion is not required.

Under the case law of Bounds v. Smith 430 U.S. 817, 821-28 (1977),as cited in Barnard v. Collins  13 F3d 871, 878-79 (5th Cir), 18 U.S.C.§ 3006A XXX (a)(2)(B) (1994).

Therefore for the forgoing reason counsel should be appointed in the name of justice for the abuse petitioner is enduring and suffering, to see if he has a constitutional right to adequate medical treatment when the medical condiction is life threating. XXXXXX Ones life is at risk when each night he sleeps, he stops breathing 16 times in an hour at 16-25 seconds each time, and it is cruel for institutional staff, ( medical) staff to know of this condiction and after getting treatment approved their is a delay in the requested treatment, that has been over 90 days.  In as much this problem was brought to medical staffs attention well over 2 years ago and no medical treatment was given as of this date, Feb. 10, 1999.  I was told it was ordered but I'm not trusting in what med-ical staff has told me due to past treatment.  I have a constitutional right to medical treatment when a problem is found out, in this case life threating.  Do I have a course of action in this denial of medical treatment, as a lay person I'm not sure and need the help of a legal professional to aid in the detection of this violation and abuse, and to assist in fashioning a scantion againts the listed parties.

This pro-se petitioner should be granted this motion for counsel for a number of re-sons in this T.R.O. With Scantion for harms and abuse that he has to suffer, it is causeing a mental problem knowing that when I sleep I may not wake, and it is having its affect on me mentally and physcially as I must endure until they see fit to treat if at all.

Also petitioner is without funds for counsel in this case.

RESPECTFULLY SUBMITTED

cc/2/10/99

May 9, 2001

## CERTIFICATE OF SERVICE

I certify that on or about ~~MARCH 15, 1999~~ this document was given to officers on I block on the 2-10 shift to mail to the below listed parties, I certify that the forgoing is given in good faith and without delay, it is also ~~XXXXXXXXX~~ certified under the penality of perjury 28 U.S.C. § 1746

~~XXXXXXXXX~~

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PA.
FEDERAL BUILDING
235 N. WASHINGTON AVE.
P.O. BOX 1148
SCRANTON      PA.      18501





SWORN TO BEFORE ME THIS_____ day of _____,_____ the forgoing petitioner in this

motion for appointment of counsel for T.R.O. With Scantion.

_____                    _____
                                                                          PETITIONER

NOTARY PUBLIC

## PROOF OF SERVICE

A COPY OF THIS PETITION WAS FORWARDED TO THE BELOW LISTED PARTIES BY WAY OF INSTITUTIONAL MAIL ROOM ON OR ABOUT ~~March 15, 1995,~~ I certify that the forgoing is correct and true to the best of my ability.

May 9, 2001

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PA.
FEDERAL BUILDING
~~XxxWASHINGTONxxAVExX~~
235 N. WASHINGTON AVE
P.O. BOX ~~xxxx~~ 1148
Scranton  pa.  18501



