UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PA.

KIM SMITH CT-2162
    PETITIONER

vs.



1: CV01-0817

DOCKET NUMBER _____

James Morgan Supt.
Mrs. S. Burks Assistent Supt.
G. Weaver Health Care Adm.
H. Zimmerman
K. Allen R/N
J. Shaffer Deputy Sec. Adm.
P/A ~~---~~ Pa Baker
P/A Dr. ~~---~~ Hoffman
Bureau Of Health Care Services
Wexford Health
C.C. McVey
Dr. Long Health Care Adm.
Dr. Johs Physic Adm.
Unit Manger Hannah
Commissioner Beard
Dept Of Correction Health Care System,

C.O W. Lyeang
C.O Creek
Dept Lane & Johnson
Warden Gilles
S.C.I.C.
McSewell
Lt Year
Lt Simpson
Sgt Deary
Sgt Krung

RN Berns
Wofgang
Ambrose
IJ Jordan
C.O. Leawa

TEMPERARY RESTRAINING ORDER
PRELIMINARY INJUNCTION
DECLATORY JUDGEMENT
EIGHTH AMENDMENT

    AND NOW COMES KIM SMITH  A LAY PERSON NOT LETTERED IN LEGAL MATTERS AND without the aid of counsel in this above listed motion seeking relief for the harms of being denied medical treatment and for the errors by the medcal staff in the application of orders by Dr's, with the delibrate indifference standard, pain and suffering and the knowingly and intentionally denial

2

of medical treatment for illness that a chronic in nature, and other treatment that may cause other health care problems.

STATEMENT OF FACT

In June of 1995 I was placed in S.C.I. Camp Hill, after having a reaction to a tetnis shot given me At S.C.I. Western when arm swollen to a egg shape at injection cite. Upon being sent to Camp Hill I was treated for Arthristis Low Back pain, (slippage at the L-5, S-1, L-4) Left knee problems with degenerating arthritis, Sinus problems, shaving bumps, advised I could and should get an electric razor, foot fungus, dry skin, sores, a double hernia in belly botton, and stomach, in which I was transfered to S.C.I. Smithfeild, before the hernia problem was treated. At this institution their was some delay but the hernia was taken care of as well as all the medication that I was given at S.C.I. Camp Hill. I also had body sores that would not heal and did keep returning, with scabs that blistered and pealed of scaring body skin where ever the sores would appear. On the back, shoulder, legs, arms,, some treatment was given but the problem did not go away, and I have been requesting to see a skin speiclist since 1995 for this problem and as of this date I have not been granted the right to see such. *even at E.C.I.C*

In July of 1995 I was given a knee sleeve for left knee where I have the degenerating arthritis, and a back support for the back problem and some pain medication that was not good enough to deal with the pain of these problems. *which I'm being denied at SCIC by Kost Jewell*

K. Allen stated I could not order a razor, that the D.O.C. issued a policy that prohibited such for inmates as it was a cosmetic, citing a D.O.C. policy issued by John Shaffer and G. Weaver. But I have to this date seen such a policy in the hand books that prohibited such. Then for shaving bumps foot fungus, sores on body, I was given a number of creams but these problems did not go away. And after a 60 month period, they institutional medical staff refused to refer these problems to a specialist, and was advised by K. Allen, Dr. Long, G. Weaver that these problems go into remission and are recurrent, as well as the artjritis, and low back pain.

When renewing medication I was told and subjected to the violation of the Medical Service Section 201, 206, 506, and 901(b) of the Adm Code 1929 Act of April 1929, P.L. 177, No. 175 as amended under May 16, 1996 act no. 1996-40, 61 P.S. 1011et. esq. and act 53 of 1996, this policy requires inmates to pay a co-payment of fees for certain medical medical treatment provided to an inmate. Also under D.O.C. policy Directive 820 Adm. 820 Co-Pay for medical Services, under this policy it is stated in section IV Procedure (A) Fees (G) Medical treatment for chronic diseases or illness, not fee is to be charged, (P) Medication, prescription subsequent to the inital medication, prescription provided to an inmate for the same illness or condition. Medical staff has adopted a procedure that when an inmate put in a sick call they are to be charged $ 2.00 co-pay and it is even when they are just having medication renewed, or at least I have been subjected to this, repeated charge for the same medication for the same illnesses. *Repeatedly Charged for same illness not refund ever given*

Medical staff has advised me that my low back problem, knee, sinus, foot shaving, sleep apena, body sores, goes into remission and are recurrent, and does not fit into the critera of chronic illnesses. K. Allen, Dr. Long, G. Weaver, Mrs. Burks, Supt Morgan, Grievance Appel Center Office also supported this medical neglence of treatment. Medical staff may say that I repeatedly come to medical, that was becuse I was not being givem quality care and the problems would not go away. As it is all of these problems has lasted more then 6 (six) months, I have bumps on body and face, that has lasted much longer the that to a point that the have discolered and are now black spots on skin and are sore and painful. And all the treatment for these problems is as if I had not been given any treatment at all cause the problemd have not went away over a very long period of time., and I was refused to see a specialist for these problems even after such a long time and they did not go away. How could such a condition go into remission, or is recurrent when over a 5 year period they did not go away.

Medical staff has determined that the below listed medical condition

were not chronic and as K. Allen told me repeatedly goes into remission and are recurrent, Dr Long states these are accute and are not chronic. But some of these problems are 5 year's old and has never went away.

1. Slipage at the L-5, S-1, L-4 low back pain
2. Degenarating Arthritis left knee, canadate for knee replacement
3. Foot fungus, dry feet that has lasted over 60 months
4. Sinus, sinitus, watery eyes, nose drainage, seasonal
5. Shaving bumps in growing hairs when ever shaving or from such along with sores, and discoloration to skin from shaving that has lasted over a 60 month period of time.
6. stomack pain from the tylenol i take to deal with the pain.
7. Body sores, some are recurrent some has been on body for 60 months and have not went away and is noe causing discoloration in the areas where they are, on elbows, legs, arms and upper back.
8. Nerver damage and pain right eye from orbital blow out not treated for
9. Injury to left wrist at work, x-rays shows bones over lapping and I as a lay person could see their is a problem and medical staff stated that their is nothing wrong, Dr. McMullen, their is also a growth on the outside of the wrist on the bone., Feb 1999 or soon their after. No treatment given.

Medical staff has refused to send me to specialist for any of the problems listed above, and has subjected me to sub-standard medical treatment, and this treatment is as if not treatment at all was given. As for this date May 15 1999 I still have not been given quality or standardized medical treatment for these problems, or reffered to a specialist. and continues at SCIC 5-7-01

In June 1998 I was seen for a boil, (fisher) in the anus area, in which I was given medication and a sit bath., I was charged for this treatment and I returned to medical for the same thing once again I was charged for the visit and medication for the same problem, I once again returned for the same problem and was charged for the same then referred to Dr Hardesty for and operation Jan 1999 in which a substance was removed and an open wound left to drain. J. Grove prohibited me from having a wash cloth and soap to clean this area during sit bath, and K. Allen supported this action. Then after 2 weeks of being given dressing for the drainage, K. Allen advised me that it was a security issue and I could not have dressing in my cell to aid in the drainage of the open wound. For 3 days I had to dress the wound with tolet paper putting myself at risk for infection. Upon filing a grievance Mrs. Burks advised me that no Dr, ordered a dressing for this open wound in which they

knew their would be drainage, and it is hard for me to believe that none of the Dr. that saw me and saw the drainage would not order it to be dressed in any case I was refused dressing by K. Allen, and J. Grove who did not have the authority to make a call like such when pertaining to my treatment, and the drainage from an opened wound in the area that it was. Dr. Kauffman, took away my sit baths and ordered a stand up shower 3 times a day even when he knew that the wound was still draining.  This area has not been checked in over 90 days, and complaints about pain and some drainage has went unaddressed by medical staff, this area feels as if their is worms and it get inflamed and hurts for no reason, and this problem is still not being addressed.

Sleep apena is where I go to sleep and I stop breathing some 13 times or more and hour at 13 or more seconds each time, this is during an hour of sleep.  After during a number of studies, at J.C. Blair Hospital and a puliminary Dr, it was determined that I was to be Given a C_PAP mask during sleep to aid in my breathing. *On June 2000 C-Pap device was taken by Dr Lohey, Pa Baker claiming I refused the device 7 times. It would be hard to use Device in RHU cell when their is no power. As of 5-7-01 I'm still being denied at SCIC*

A request for this treatment was sent to Wexford who refused, then I was told by Dr. Long that a second request was made, and this treatment was to have been approved.  G. Weaver, as well as Dr. Long advised me that this institution was not set up to treat such a problem.  No attempts were or are being made to transfer me to a institution that is set up to treat such a problem.

Dr Long told me if I would get this treatment that I would be locked up 24 hours a day to get treatment that is only to be applied during sleep.

Upon request for this treatment Dr. LOng advised me that this c-pap must be calubrated, after the calabration was done Dr. Long told me that the results were not sent as of April 1999, testing done March 1999, and the nurse advised me when I left the hospital that the results were with me, and forward a c-pap mask with me, because she believed treatment was forth coming

and as of May 15, 1999 I not sure if I will ever be treated.  The danger is that the oxygen level in the blood stream goes so low that it is a health hazzard, and damages my, brain, lungs,heart,liver, and respatory system, and Dr Long knows of the damaging affect it will have and the justification for the delay is unwarrented, to the serious health problem, and the potential for other harms and health problems.  And their is the potential for death because I stop breathing during sleep and my father past in his sllep and I not sure if apena is a cause of his death, but he did have such, and it may have been a contributing factor.

Dr Johns, has refused me the right to seek mental health help for this problem and the level of depression, and Dr, Long terminated the past treatment stating that the medication I was taken was harmful for people with apena but I was advised by the physic that if I have problems to contact Dr. Johns and I will be seen and I did so and was refused this treatment..

EIGHTH AMENDMENT

Wilkerson v. Utah 99 U.S. 130 (1879)
Trop V. DUALAS 356 U.S. 86, 101 (1958)
Gregg v. Georgia 428 U.S. 153, 173 (1976)
Helling v. McKenney 113 Sct. 2475, 2480, (1993)

*at SCIC I'm being told none existent D.O.C policy for Reracheck for type d Diabetes and that I'm not entitle*

*I also was terminated pre maturely from Hep C treatment claiming a non existent D.O.C Policy*

This case meets the two prong test, judicial examination into medical treatment by prison officials.

The treatment of C-Pap during sleep is to be aplied, to lock up an inmate for 24 hours a day for this treatment.  And the period of time in which a delay was taken, and the institution not being set up to treat such, and the fact that no attempts were taken to secure an institution that is is a deprivation under the color of law for medical treatment.

Estelle v. Gamble 429 U.S. 97 (1976) delibrate indifference to serious medical need constitutes the " unnecessary and wanton infliction of pain The government has an obligation to provide medical care for them id at 103, Act of omission sufficiently harmful to evidence delibrate indifference to serious  medical needs id at 106.

West v. Kerie 571 F2d 158, 161 (3rd Cir 1978)
Inmates of Allegheny County Jail v. Pierie 612 F2d 754, 763 (3rd Cir 1979)

The sleep apena was diagnosed by a physician as requireing treatment as well as bone in left wrist, and arthritis in left knee, and lower back problem is so obvious that a lay person would easily recognized the necessity for doctor attention.

Monmould County Correctional Ins. Inmates v. Lonzans 834 F2d 326, 347 (3rd Cir 1987)
Durms v. O'Carroll 991 F2d 64 (3rdCir 1993)
Asiuegan v Brall 965 F2d 676 (8th Cir 1992) chronic disease
Hill v. Marshall 962 F2d 1209 (6th Cir 1992)
Waren v. Fanning 950 F2d 1370 (8th Cir 1991)
Robinson v. Moreland 655 F2d 887 (6th Cir 1981)
Banuelas v. McFarland 41 F3d 232 (5ht Cir 1995)
Boring v. Kazakiewicz 833 F2d 468 (3rd Cir 1987) expert testimony was necessary to show that a prisoner's illnesses was serious within the meaning of Estelle id at 473.

Petitioner also request that this honorable court issue an court order requiring that expert testimony and exam be done and the cost of such be place on the institution, for the above listed medical condiction in this petition, reasoning being if petitioner was getting quaility care their would not be a need to request such, because the care is so lacking as if no treatment was ever given, the affects of long term failure to treat a medical condiction needs to be assertained to state the damage done to petitioner.

Gregg v. Georgia Supra at 182-183 96 Sct. at 2925
Field v. Bossland 590 F2d 105 (5th Cir 1979)
Lewis v. Cooper 771 F2d 334 (7th Cir 1985)
Mondel v. Doe 888 F2d 783 (11th Cir 1989) when the need for treatment is obvious, medical care which is so cursary as to amount to no treatment at all, may amount to delibrate indifference " id at 789".
Robinson v. Morelan 655 F2d 887 (8th Cir 1981) as the illness in this case and the 60 month delay in getting quality treatment or seen by specialist and the pro-claimed treatment in which it was stated that the problems went away, and never went away.

The Estelle Court made it clear that intentional delays in providing medical care may also constitute delibrate indifference.

Estelle 429 U.S. at 104-105.

Harris v. Coweta County 21 F3d 388 (11th Cir 1994) lenght of delay
Berry v. Burnell 39 F3d 1056 (9th Cir 1994)

Patterson v. Peorson 19 F3d 439 (8th Cir 1994) painful condiction state a claim for delibrate indifference

McGuckin v. Smith 974 F2d 1050 (9th Cir 1992) delay results in harm. If person stops breathing 13 or more times an hour at 13 or more seconds each time during sleep, could case serious harms and any delay puts a person in harms way for future health condictions. As well as having over lapping bones in the wrist with another growth in that area, and the pain and harm of not having this condiction treated, when x-rays show a problem and it is not addressed, and the arthritis in left knee, low back problem, sores on skin, that trun black and do not go away, as well as an a/c joint problem in left shoulder. And these delays in treatment or referrals to specialist in these feilds, iss an unnecessary infliction of pain and harms.

Dermer v. O'Carroll 991 F2d 64 (3rd Cir 1993) In petitioner's case, failure to provide adequate care in the form of C-Pap and left wrist injury is motivated by non-medical factors, and is an issue, XXXXX that the victims family lives in this area, and my work in this institution, or has contacts their of, and is set to inflict pain and harm.

Former v. Brennan 114 Sct 1979, 1981 (1984) an XXXXXXX eighth amendment claimant need not show that a person official acted or failed to act believeing that harm ax actually befall an inmate; ( skin cancer, or sores that do not heal shows that the action taken over the 60 month period in which the sores were on the body that other harms would befall him if not treated.) it is enough the official acted or failed to act despite his knowledge of a substantial risk of serious harm as the sleep apena in this case.

Longley v. Coughlin 888 F2d 252, 254 (2d Cir 1989) officals must provide reasonable necessary medical care..... which would be avaible to a prisoner if not incarcerated.

Miller v. Correctional Medical System Inc. 802 F Supp 1126, 1132 (DDel 1992)
Hiches v. Frey 992 F2d 1450, 1456-58 (6th Cir 1993)

Prison officals may not shop around until they get a medical opinion that suits their non-medical concerns and may not intentionally rely on a medical opinion that is without adequate bases Hamilton v. Endell 981 F2d 1063, 1066-67 (9th Cir 1992)

Weeks v. Chabaudy 989 F2d 185, 187 (6th Cir 1993)
Fellery v, Owiens 719 F Supp at 1306, 1308
Brown v. Barough of Chamberburg 903 F2d 274, 278 (3rd Cir 1990)
Evans 792 F2d at 1058 according to Smith v. Jenkins 919 F2d at 94.
Liscio v. Warren 901 F2d 247, 276 (2d Cir 1990)
Helling v. McKenney ____ U.S. ____ 113 Sct 2475, 2480-81 (1993) injucntion

Unqualified personnel is delibrate indifference Toussaint v. McCarthy 801 F2d 1080, 1112 ( 9th Cir 1986)
Ramos v. Lamn 639 F2d 559. 575 (10th Cir1980)
Hughs v. Joliet Correctional Center 931 F2d 425 or 925 (7th Cir 1991)
in this case , petitioner apena could lead to death and other harms
Laoman v. Helgemae 437 F Supp 269. 311 (DNH 1977)

Finally it is well settled that systematic deficiencies in staff and equipment which effectively deny prisoners acess to quailied medical personnel for diagnosis and treatment of sreious health problems would violate constitutional standards.

Inmates of Allegheny County Jail v. Pierce 612 F2d 754,762 (3rd Cir 1979)

Such legal agencies as Prison ACLU Anguis Love Priosn Law Prijbect has refused to act in my behalf cause they are prohibited to aid inmates in litigation as been all requested for help. HR-3019 and other case law for medical treatment.

Therefore petitioner prays that this honorable court grants him the the requested relief, and grants the order for expert testimony and order the institution to pay for this exam, as it will determine the levels of pain, and the harms in the 60 month delay in treating and refferals to specialist in the of the above listed problems, and if that sores on skin are a form of cancer, that does not heal and leaves black spots.

And that protective orders be issue against any future harms by staff counselor, unit manegers, medical staff etc.

That relief be granted on the injucntion and judgement in an amount set by the court for the harms discoloration of skin, pain in the failure to treat painful illnesses, and all the cost be placed on the respondents in this case and all fees be paid by them to any and all legal counsel help, postage, and copies, etc.

Upon request petitioner will provide this court with some documents that will show a patern of abuse and refusal to treat medical condictions of petitioner over a 60 month period of time, that is I have copies of the request they did answer, their is a number of request that did not get andswered. Also a threat to charge me a fee for requesting medical information for G. Weaver. At ~~this time I'm being refused copies by Ms. Stennett and Ms. Lubert~~.

9/16/00

RESPECTFULLY SUBMITTED

see attached #3

```
_____              ;
           PETITIONER                  ;
                                       ;
                                       ;
                                       ;
                                       ;
           vs.                         ;
                                       ;
                                       ;         Docket number _____
                                       ;
                          et, al       ;
_____               ;
           RESPONDENT                  ;
                                       ;
                                       ;
                                       ;
                                       ;
```

ORDER

And now this _____ day of _____, _____ it is an order of this court that the respondents takes pro-se petitioner to specialist in the below listed feilds so it can be determined the levels of his illnesses and the pain and suffering he had to endure over a prolonged period of time of inactive treatment for the illnesses listed within this petition.

1. Dermatoglist for skin problem, and at this time the discoloration and black spots drainage, and blistering of scabs, and the sores that wont heal.

2. Podiatrist for prolonged foot fungus and dry feet for over 5 years.

3. Orthopedics for arthristis in left knee and lower back problem, orbitla blow out, left wrist and injury their of.

4. Eye and ear and throat Dr. to determine the sinus problem.

5. Pulmonary testing for values in connection with sleep apena, and asbestois related illnesses, a study of respatory and lung function, and oxygen levels in blood stream. *Asbestos testing*

6. Boil and drainage, and reason for drainage 6 months after operation.

These expert witnesses are needed to determine the level of health care provided to inmates at this institution and the petitioners health problems. The cost for these Dr. will be placed on the institution, because petitioner is without the funds to pay for

and to determine that the inmates and petitioner is getting quality health care, and not in violation of state and federal regulation for such care, and to determine if their is an eigth amendment violation and if inmates as well as petitioner is being deprived health care.

It is so ordered that these tests must be taken and the court provided with a copy of the results as well as a copy of petitioners completed medical record at this institution under Kim Smith CT-2162, and all blood testing as well as HIV, testing, and the treatment procribed for these problems.

By The Court

___/___/___

```
_____              ;
         PETITIONER                   ;
                                      ;
                                      ;
                                      ;
                                      ;
         vs.                          ;
                                      ;  Docket Number _____
                                      ;
                                      ;
_____ et, al       ;
         RESPONDENT                   ;
                                      ;
                                      ;
                                      ;
                                      ;
                                      ;
```

ORDER

And now on this _____ dya of _____, _____ it is ordered that the requested releif, in TMEPERARY RESTRAINIBG ORDER, PBELIMINARY INJUNCTION, DECLATORY ~~JUDGEMX~~ JUDGMENT AND EIGHTH AMENDMENT VIOLATION , is hereby granted for medical staffs failure to provide adequate heath care for serious medical needs, and the amount set by the court for such, for the pain and suffering after the results are reviewed by expert witnesses after testing is done for the illnesses claimed in this petition, and for the prolonged delay in the adequate treatment and diaignoises of these illnesses, and the label that they were not chronic, but in remission and recurrent, these illnesses has been with petitioner since July of 1995 when placed in this institution, and no quailty care has been given it is so ordered.

_____/____/_____                                    _____
                                                         By The   Court

PROOF OF SERVICE

I CERTIFY THAT THE FOR GOING PETITION WAS SENT TO THE BELOW LISTED PARTIES ON OR ABOUT MAY 2, 2001, THREW THE INSTITUTIONAL MAIL SERVICE, HANDED TO I BLOCK OFFICERS TO BE MAILED.



~~PROTHONOTARY OFFICE AND CLERK~~
~~HUNTINGDON COUNTY COURTHOUSE~~
~~P.O. BOX 39~~
~~HUNTINGDON   PA. 16652~~

KIM SMITH CT - 2162
P.O. BOX 999
1120 PIKE ST.
HUNTINGDON   PA. 16652

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PA.
FEDERAL BUILDING
235 N. WASHINGTON AVE.
P.O. BOX ~~999~~ 1148
SCRANTON   PA.   18501

## CERTIFICATE OF SERVICE

I CERTIFY THAT A TRUE AND CORRECT COPY OF THIS PETITION WAS SENT TO THE BELOW LISTED R PARTIES BY INSTITUTIONAL MAIL THIS 9, DAY OF MAY, 2005



~~OFFICE OF THE PROTHONOTARY~~
~~AND CLERK OFFICE~~
~~HUNTINGDON COUNTY COURTHOUSE~~
~~P.O. BOX 39~~
~~HUNTINGDON PA. 16652~~

KIM SMITH CT-2162
P.O. BOX 999
1120 PIKE ST.
HUNTINGDON     PA. 16652...


OFFICE OF THE CLERT
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DOSTRCIT OF PA.
FEDERAL BUILDING
235 N. WASHINGTON AVE.
P.O. BOX 1148
SCRANTON      PA.  18501