UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH,                          : CIVIL ACTION NO. 1:01-0817
    Plaintiff               : (CALDWELL, J.)
    v.                      : (MANNION, M.J.)
JAMES MORGAN, et al.,               :
    Defendants              :

FILED
WILKES BARRE
JUN - 6 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

O R D E R

On May 10, 2001, the plaintiff, an inmate at the State Correctional Institution, Coal Township, ("SCI-Coal Township"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983, in which he alleges numerous violations of his constitutional rights. (Doc. No. 1). Along with his complaint, the plaintiff filed the appropriate application to proceed in forma pauperis and authorization forms. (Doc. Nos. 2 & 3). On the same day, the court issued an administrative order. (Doc. No. 6).

Pursuant to the Federal Rules of Civil Procedure, any pleading that includes a claim for relief shall contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Moreover, "[e]ach averment of a pleading shall be simple, concise and direct." Fed.R.Civ.P. 8(e); In re Westinghouse Securities Litigation, 90 F.3d 696, 702 (3d Cir. 1996)(citations omitted). In addition, when bringing an action pursuant to 42 U.S.C. § 1983, a plaintiff must allege and prove that the defendants deprived him of a right secured by the Constitution and laws of the United States. Maine v. Thiboutot, 448 U.S. 1 (1980). Liability under § 1983 is personal in nature

1

and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Upon review, the plaintiff's pleading does not meet the above requirements. The plaintiff's filing is disorganized and difficult to decipher. It consists of eight (8) pages of combined typewritten and handwritten allegations with some sixty-eight (68) pages of exhibits attached thereto. It would appear from the plaintiff's pleading that he is attempting to present a whole litany of complaints, including the denial of medical care for conditions such as sleep apnea, body sores, foot fungus, arthritis, a left wrist injury, stomach problems, a double hernia, dizziness, headaches, a "fisher/boil on [his] anus", diabetes, and Hepatitis C; denial of access to his legal mail; denial of access to educational programs; the use of excessive force by staff members; denial of due process at a misconduct hearing; harassment by prison officials; unlawful searches of his cell; the filing of false reports by prison officials; the destruction of his personal property; denial of access to the law library; and denial of diabetic meals. The plaintiff has failed, however, to set forth in a coherent manner the facts forming the basis of each claim and how each defendant was specifically involved in the alleged violations of his constitutional rights.

In addition, the plaintiff has attached to his complaint numerous initial grievance forms with responses, which he claims

2

establishes that he has exhausted his administrative remedies with respect to the claims which he attempts to raise in the instant action. However, these attachments by themselves do not establish that the plaintiff properly exhausted his administrative remedies pursuant to DC-ADM 804 with respect to <u>any</u> of the claims which he now attempts to raise.[1]

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** within thirty (30) days of the date of this order, the plaintiff is directed to file an amended complaint;

**(2)** the plaintiff's amended complaint shall be complete in and of itself and shall comply with the provisions of Fed.R.Civ.P. 8(a);

**(3)** the plaintiff's amended complaint shall contain separately numbered paragraphs which contain the facts supporting each claim being set forth by the plaintiff, as well as how each named defendant was specifically involved in any alleged violation of the plaintiff's constitutional rights;

**(4)** the plaintiff is also directed to provide the court with documentation which would establish that he has properly exhausted his administrative remedies, <u>through final review</u>, with respect to <u>all</u> of the claims which he

---

[1] It would appear that the plaintiff properly exhausted his administrative remedies with respect to a claim relating to the issuance of the RHU Inmate Handbook pursuant to "Policy 6.5.1 Administration of Security Level 5 Housing Units". However, it does not appear from a review of the plaintiff's complaint that he is raising any claims related to that administrative exhaustion.

3

attempts to raise in the instant action; and

**(5)** the failure of the plaintiff to submit the amended complaint or the information relating to the exhaustion of his administrative remedies within the specified time period will result in a recommendation that the plaintiff's complaint be dismissed.

                                                                                  /s/ Malachy E. Mannion
                                                                                  MALACHY E. MANNION
                                                                                  United States Magistrate Judge

Date: 6-6-2001

4

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

June 6, 2001

Re:  1:01-cv-00817    Smith v. Weaver

True and correct copies of the attached were mailed by the clerk to the following:

```
Kim Smith
SCI-COAL
CT-2162
SCI Coal Township
1 Kelley Drive
Coal Township, PA  17866-1020
```

```
cc:
Judge                          ( )              ( ) Pro Se Law Clerk
Magistrate Judge               ( )              ( ) INS
U.S. Marshal                   ( )              ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( ) with N/C attached to complt. and served by:
                                   U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( ) with Petition attached & mailed certified mail
                                   to:  US Atty Gen   ( )    PA Atty Gen ( )
                                        DA of County  ( )    Respondents ( )
Bankruptcy Court               ( )
Other_____ ( )
```

MARY E. D'ANDREA, Clerk

DATE: _____                BY: _____
                                                Deputy Clerk