UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH,                          : CIVIL ACTION NO. 1:01-0817
    Plaintiff                     : (CALDWELL, J.)
v.                                  : (MANNION, M.J.)
JAMES MORGAN, et al.,               :
    Defendants                    :

FILED
WILKES BARRE
JUN 20 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

O R D E R

Presently pending before the court are the plaintiff's motion for enlargement of time (Doc. No. 11) and the plaintiff's motion to compel discovery (Doc. No. 12).

On May 10, 2001, the plaintiff, an inmate at the State Correctional Institution, Coal Township, ("SCI-Coal Township"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983, in which he alleges numerous violations of his constitutional rights. (Doc. No. 1). Along with his complaint, the plaintiff filed the appropriate application to proceed in forma pauperis and authorization forms. (Doc. Nos. 2 & 3). On the same day, an administrative order was issued. (Doc. No. 6).

In an order dated June 6, 2001, the court noted that the plaintiff's filing was disorganized and difficult to decipher. In addition, it appeared that the plaintiff was attempting to present a whole litany of complaints, including the denial of medical care for conditions such as sleep apnea, body sores, foot fungus, arthritis, a left wrist injury, stomach problems, a double hernia, dizziness, headaches, a "fisher/boil on [his] anus", diabetes, and Hepatitis C; denial of access to his legal mail; denial of access

1

to educational programs; the use of excessive force by staff members; denial of due process at a misconduct hearing; harassment by prison officials; unlawful searches of his cell; the filing of false reports by prison officials; the destruction of his personal property; denial of access to the law library; and denial of diabetic meals. The court noted, however, that plaintiff failed to set forth in a coherent manner the facts forming the basis of each claim and how each defendant was specifically involved in the alleged violations of his constitutional rights.

In addition, the court noted that the plaintiff attached to his complaint numerous initial grievance forms with responses, which he claimed established that he exhausted his administrative remedies with respect to the claims contained in his complaint. The court noted, however, that the attachments by themselves did not establish that the plaintiff properly exhausted his administrative remedies pursuant to DC-ADM 804 with respect to *any* of the claims contained in his complaint.

Based upon the above, the court ordered the plaintiff to file an amended complaint within thirty (30) days, which was to be complete in and of itself and comply with the provisions of Fed.R.Civ.P. 8(a). In addition, the court directed that the plaintiff's amended complaint should contain separately numbered paragraphs setting forth the facts supporting each claim being set forth by the plaintiff, as well as how each named defendant was specifically involved in any alleged violation of the plaintiff's constitutional rights. Finally, the court directed the plaintiff

to provide the court with documentation which would establish that he properly exhausted his administrative remedies, <u>through final review</u>, with respect to <u>all</u> of the claims being raised in his complaint. The plaintiff was advised that his failure to submit the amended complaint or the information relating to the exhaustion of his administrative remedies within the specified time period would result in a recommendation that his complaint be dismissed. (Doc. No. 8).

On June 18, 2001, the plaintiff filed the instant motions. In his motion for enlargement of time, the plaintiff requests additional time to obtain records from institutional staff members regarding the exhaustion of his administrative remedies. The plaintiff alleges that he needs to file a discovery motion in order to receive those documents. The plaintiff requests sixty (60) days from the date he receives the discovery to respond to this court's order of June 6, 2001. (Doc. No. 11).

In his motion to compel discovery, the plaintiff indicates that officials at SCI-Coal Township and SCI-Camp Hill have not responded to his requests for grievances and appeals filed. As such, he requests that this court direct officials at SCI-Coal Township to provide him with copies of the documentation relating to the exhaustion of the following grievances: 0062-01, 0071-01, 0072-01, 250-01, 282-01, 0108-01, 0062-01, 0342-01. He also requests copies of documentation from SCI-Smithfield regarding the following grievances: 353-01, 417-00, 413-00, 0353-00, 032-00, 326-98, 419-98, 030-00. Finally, the plaintiff requests this court to

3

direct officials at SCI-Camp Hill to provide him with copies of information relating to any grievances and appeals filed by him at that institution. (Doc. No. 12).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** the plaintiff's motion for an enlargement of time, **(Doc. No. 11)**, is **GRANTED** to the extent that the plaintiff shall have an additional thirty (30) days from the date of this order to comply with the court's order dated June 6, 2001;

**(2)** the plaintiff's motion to compel discovery, **(Doc. No. 12)**, is **GRANTED** to the extent that within ten (10) days of the date of this order the Secretary's Office of Inmate Grievances and Appeals is directed to serve upon the court and the plaintiff any and all information relating to the plaintiff's exhaustion of administrative remedies concerning the above listed grievances.

MALACHY E. MANNION
United States Magistrate Judge

Date: June 20, 2001

4

Chief, Secretary's Office of Inmate Grievances and Appeals
Department of Corrections
2520 Lisburn Road, P.O. Box 598
Camp Hill, PA  17001-0598

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

June 20, 2001

Re:  1:01-cv-00817    Smith v. Weaver

True and correct copies of the attached were mailed by the clerk to the following:

```
Kim Smith
SCI-COAL
CT-2162
SCI Coal Township
1 Kelley Drive
Coal Township, PA  17866-1020
```

```
cc:
Judge                              ( )         ( ) Pro Se Law Clerk
Magistrate Judge                   ( )         ( ) INS
U.S. Marshal                       ( )         ( ) Jury Clerk
Probation                          ( )
U.S. Attorney                      ( )
Atty. for Deft.                    ( )
Defendant                          ( )
Warden                             ( )
Bureau of Prisons                  ( )
Ct Reporter                        ( )
Ctroom Deputy                      ( )
Orig-Security                      ( )
Federal Public Defender            ( )
Summons Issued                     ( ) with N/C attached to complt. and served by:
                                       U.S. Marshal ( )   Pltf's Attorney ( )
Standard Order 93-5                ( )
Order to Show Cause                ( ) with Petition attached & mailed certified mail
                                       to:  US Atty Gen  ( )   PA Atty Gen   ( )
                                            DA of County ( )   Respondents   ( )
Bankruptcy Court                   ( )
Other_____      ( )
```

MARY E. D'ANDREA, Clerk

DATE: 6-20-01

BY: _____
    Deputy Clerk