UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH,                      : CIVIL ACTION NO. 1:01-0817
    Plaintiff              : (CALDWELL, J.)
    v.                     : (MANNION, M.J.)
JAMES MORGAN, et al.,           :
    Defendants             :

FILED
WILKES BARRE
JUL - 3 2001
MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

O R D E R

On May 10, 2001, the plaintiff, an inmate at the State Correctional Institution, Coal Township, ("SCI-Coal Township"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983, in which he alleges numerous violations of his constitutional rights. (Doc. No. 1). Along with his complaint, the plaintiff filed the appropriate application to proceed in forma pauperis and authorization forms. (Doc. Nos. 2 & 3). On the same day, an administrative order was issued. (Doc. No. 6).

In an order dated June 6, 2001, the court noted that the plaintiff's filing was disorganized and difficult to decipher. Moreover, although it appeared that the plaintiff was attempting to present a whole litany of complaints, the court noted that he failed to set forth in a coherent manner the facts forming the basis of each claim and how each defendant was specifically involved in any alleged violations of his constitutional rights. In addition, the court noted that numerous grievance forms attached to the plaintiff's complaint failed to establish that he had properly exhausted his administrative remedies prior to

1

bringing this action.

Based upon the above, the court ordered the plaintiff to file an amended complaint within thirty (30) days of the date of the court's order, which was to be complete in and of itself and comply with the provisions of Fed.R.Civ.P. 8(a). In addition, the court directed that the plaintiff's amended complaint contain separately numbered paragraphs which set forth the facts supporting each of the plaintiff's claims, as well as how each named defendant was specifically involved in any alleged violation of the plaintiff's constitutional rights. Finally, the court directed the plaintiff to provide the court with documentation which would establish that he properly exhausted his administrative remedies, <u>through final review</u>, with respect to <u>all</u> of the claims being raised in his complaint. The plaintiff was advised that his failure to submit the amended complaint or the information relating to the exhaustion of his administrative remedies within the specified time period would result in a recommendation that his complaint be dismissed. (Doc. No. 8).

On June 18, 2001, the plaintiff filed a motion for enlargement of time, (Doc. No. 11), in which he requested additional time within which to file his amended complaint, as well as a motion to compel, (Doc. No. 12), in which he requested that the court direct various prison officials to provide information relating to the exhaustion of his administrative remedies.

By order dated June 20, 2001, the court granted the plaintiff

2

an additional thirty (30) days from the date of that order within which to file his amended complaint. In addition, the court directed the Secretary's Office of Inmate Grievances and Appeals to serve upon the court and the plaintiff any and all information relating to the plaintiff's exhaustion of administrative remedies concerning various grievances as set forth in the court's order within ten (10) days of the date of the court's order. (Doc. No. 13).

On June 22, 2001, the plaintiff submitted to the court what appears to be a supplement to the original complaint. Along with his supplement to the complaint, the plaintiff submitted numerous exhibits, as well as a motion for a temporary restraining order.

The plaintiff's supplemental filings are just as disorganized and difficult to decipher as his original filings. Moreover, they fail to comply with the requirements set forth in this court's order of June 6, 2001. As such, these filings will be returned to the plaintiff. To the extent that the plaintiff wishes the court to consider any of the claims set forth in his supplemental filings, he is to include those claims in his amended complaint to be filed with the court in compliance with the order of June 6, 2001. The plaintiff shall submit his amended complaint within the time period set forth in this court's order of June 20, 2001, namely on or before July 20, 2001.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

(1)  in accordance with this court's order dated June 6, 2001, the plaintiff is directed to file an amended

3

    complaint which shall be complete in and of itself and shall comply with the provisions of Fed.R.Civ.P. 8(a);

(2) the plaintiff's amended complaint shall contain separately numbered paragraphs which include the facts supporting each claim being set forth by the plaintiff, as well as how each named defendant was specifically involved in any alleged violation of the plaintiff's constitutional rights;

(3) to the extent that the plaintiff wishes the court to consider any of the claims set forth in his supplemental filings, the plaintiff is to include those claims in his amended complaint;

(4) the plaintiff shall submit his amended complaint within the time period set forth in this court's order dated June 20, 2001, namely on or before July 20, 2001;

(5) the failure of the plaintiff to submit an amended complaint which meets the aforementioned requirements will result in a recommendation that the plaintiff's action be dismissed.

                                                      MALACHY E. MANNION
                                                      United States Magistrate Judge

Date: July 3, 2001

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

July 3, 2001

Re: 1:01-cv-00817    Smith v. Weaver

True and correct copies of the attached were mailed by the clerk to the following:

Kim Smith
SCI-COAL
CT-2162
SCI Coal Township
1 Kelley Drive
Coal Township, PA  17866-1020

*w/Exhibits*

cc:
Judge                          ( )         ( ) Pro Se Law Clerk
Magistrate Judge               ( )         ( ) INS
U.S. Marshal                   ( )         ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( ) with N/C attached to complt. and served by:
                                   U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( ) with Petition attached & mailed certified mail
                                   to:  US Atty Gen  ( )    PA Atty Gen ( )
                                        DA of County ( )    Respondents ( )
Bankruptcy Court               ( )
Other _____ ( )

                                           MARY E. D'ANDREA, Clerk

DATE: 7-3-01                               BY: _____
                                               Deputy Clerk