UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH,                          : CIVIL ACTION NO. 1:01-0817
    Plaintiff                   : (CALDWELL, J.)
v.                                  : (MANNION, M.J.)
JAMES MORGAN, et al.,               :
    Defendants                  :

FILED SCRANTON AUG - 3 2001 PER ___ DEPUTY CLERK

O R D E R

On May 10, 2001, the plaintiff, an inmate at the State Correctional Institution, Coal Township, ("SCI-Coal Township"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983, in which he alleges numerous violations of his constitutional rights. (Doc. No. 1). Along with his complaint, the plaintiff filed the appropriate application to proceed in forma pauperis and authorization forms. (Doc. Nos. 2 & 3). On the same day, an administrative order was issued. (Doc. No. 6).

In an order dated June 6, 2001, the court noted that the plaintiff's filing was disorganized and difficult to decipher. Moreover, although it appeared that the plaintiff was attempting to present a whole litany of complaints, the court noted that he failed to set forth in a coherent manner the facts forming the basis of each claim and how each defendant was specifically involved in any alleged violations of his constitutional rights. In addition, the court noted that numerous grievance forms attached to the plaintiff's complaint failed to establish that he had properly exhausted his administrative remedies prior to bringing

1

this action.

Based upon the above, the court ordered the plaintiff to file an amended complaint within thirty (30) days of the date of the court's order, which was to be complete in and of itself and comply with the provisions of Fed.R.Civ.P. 8(a).  In addition, the court directed that the plaintiff's amended complaint contain separately numbered paragraphs which set forth the facts supporting each of the plaintiff's claims, as well as how each named defendant was specifically involved in any alleged violation of the plaintiff's constitutional rights.  Finally, the court directed the plaintiff to provide the court with documentation which would establish that he properly exhausted his administrative remedies, <u>through final review</u>, with respect to <u>all</u> of the claims being raised in his complaint.  The plaintiff was advised that his failure to submit the amended complaint or the information relating to the exhaustion of his administrative remedies within the specified time period would result in a recommendation that his complaint be dismissed. (Doc. No. 8).

On June 18, 2001, the plaintiff filed a motion for enlargement of time, (Doc. No. 11), in which he requested additional time within which to file his amended complaint, as well as a motion to compel, (Doc. No. 12), in which he requested that the court direct various prison officials to provide information relating to the exhaustion of his administrative remedies.

By order dated June 20, 2001, the court granted the plaintiff an additional thirty (30) days from the date of that order within

which to file his amended complaint. In addition, the court directed the Secretary's Office of Inmate Grievances and Appeals to serve upon the court and the plaintiff any and all information relating to the plaintiff's exhaustion of administrative remedies concerning various grievances as set forth in the court's order within ten (10) days of the date of the court's order. (Doc. No. 13).

On June 22, 2001, the plaintiff submitted to the court what was apparently a supplement to the original complaint. Along with his supplement to the complaint, the plaintiff submitted numerous exhibits, as well as a motion for a temporary restraining order. By order dated July 3, 2001, the court noted that the plaintiff's supplemental filings were just as disorganized and difficult to decipher as his original filings. Moreover, they failed to comply with the requirements set forth in the court's order of June 6, 2001. As such, the filings were returned to the plaintiff. The plaintiff was directed that to the extent that he wished the court to consider any of the claims set forth in his supplemental filings, he was to include those claims in his amended complaint to be filed with the court in compliance with the order of June 6, 2001.

On July 11, 2001, the plaintiff submitted his amended complaint, which substantially complies with this courts previous orders. (Doc. No. 17). In addition, the plaintiff submitted a packet of exhibits relating to the exhaustion of his administrative

remedies and a motion for a temporary restraining order[1]. (Doc. Nos. 18 & 20).

On July 19, 2001, the Secretary's Office of Inmate Grievances and Appeals filed a response to the court's order of June 20, 2001. (Doc. No. 22).

Both the plaintiff's exhibits and those provided by the Secretary's Office of Inmate Grievances and Appeals indicate that the plaintiff has exhausted numerous grievances through final review. However, those exhibits do not set forth what issues were raised by the plaintiff in those grievances. Giving the plaintiff the benefit of the doubt, his complaint will be allowed to proceed at this point.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

(1) process shall issue; and

(2) the clerk's office is directed to serve Doc. Nos. 5, 8, 13, 14, 15, 17, 18, 20 & 22 upon the defendants.

MALACHY E. MANNION
United States Magistrate Judge

**Date: August 2, 2001**

---

[1] The plaintiff filed a previous motion for a temporary restraining order on May 10, 2001. (Doc. No. 5).

4