IN THE UNITED STATES COURT OF APPEALS
FOR THE THRID CIRCUIT

KIM SMITH : CIVIL ACTION NO. 1:01-0817
    PETITIONER (CALDWELL, J.)
: (MANNION, M.J.)

VS.

:

JAMES MORGAN, WARDEN, et, al,
    RESPONDENT :

:

NOTICE OF APPEAL

**FILED**
**HARRISBURG**

AUG 2 0 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

(26)
8-23-0

    AND now comes Kim Smith pro-se petitioner a lay person not lettered in legal matters and without the required knowledge to present this claim, and without the aid of counsel prays a less stringent standard be applied to this pro-se petition and notice of appeal.

    Petitioner was granted in forma pauperis status and brought a 1983 claim in the United States District Court for civil rights violation from staff at State Correctional Institution Coal Township, and State Correctional Institution Smithfeild.

    This appeal comes from two orders in which petitioner was denied appointment of counsel to address this claim for the abuses and injury sustained by those who have authority over him, and in the failure to train in the administration of Policy and Department of Correction Policy in the administration of their duties and health care.

    In July 18, 2001 and July 24, 2001 Memorandum and Order dening petitioner the appointment of counsel this appeal is being filed in this honorable court for consideration.

    The District Court errored in its decision dening petitioner the appointment of counsel, citing Ray v. Robinson 640 F2d 474, 477.(3d Cir.).

    The Thrid Circuit has stated that appointment of counsel should be made, only upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting from (a) proable inability without such assirtance to present the facts and legal issues to the Court in a complex but arugable meritorious case. As such is the Department of Correction Policy of health care and the manner in which it is provided and the claim by staff that this inadequate health care is the same that is being used in the community, and the manner in which such health care is being applied, that these parties

have an owned duty as health care providers to see that inmate get adequate health care and do not deny them the normal medical health care and the employment of such care. And the enfocement of this policy by each institution and such acting as policy makers for the Department of Correction, and the subordinate act of employees and the abuse and the wanton infliction of harm and the denial of health care with false claims. As in this case of sleep apena, upon repeated request for this health care device, it is being claimed that petitioner signed a refusal form and is being denied this health care for this disorder, in which during sleep he stops breathing 16 or more times, at 16 or more second each time bringing the oxygen level in blood stream dangerously low, and putting him at risk for serious health problems and even death. To know of this condiction and not address in of petitioner concerns is done wantonly, and threw abuse, and it can be said the same for Hep-C treatment in which Dr. Long watched this condiction worsen for a 5 year period before treating claim a non-existent D.O.C. policy for the delay. Then Dr. Kort terminating treatment with a claim of a critera that is non-existent and a non-existent D.O.C. policy, as well as petitioner other health care problems such as his diabetes, and being denied regular accu-cheks, with a claim of nonexistent D.O.C. policy, and petitioner since has not been provided such. See Tucker v. Ronald 948 F2d 388, 391 (7th Cir. 1991); Sours v. Norris 782 F2d 106, 107 (1986); Hodge v. Police Officer 802 F2d 58,59-61 (1986); Burns v. County of King 383 F2d 819, 824 (1989); Tabron v. Grace 6 F2d 147, 155-58 (3d Cir. 1992).

    In the District Court orders June 6, 2001 in which it stated the complaint was disorganized and difficult to decipher, and the same in its June 20, 2001 order. Petitioner failed to set forth a coherent manner the facts forming the basis of each claim. If this is correct then petitioner will more then likely have a hard time expressing his claim in any manner to the courts. July 3, 2001 order although it appeared that plaintiff was attempting to present a whole litary of complaints, Court noted that he failed to set forth a coherent manner the facts forming the basis for each claim and how each defendent was specifically involved in any alledged violation of constitutional rights. June 22, 2001 once again filed a supplement and this was once again stated by the court that it was hard to decipher.

    In the three above orders the District Court stated it concern and it directly implied petitioners ability to present a colorful claim and that the Court could not decipher the paper work sent by the petitioner. And these orders clearly show the need of counsel to present this claim, in the interest of justice, and such should be granted on a contengency basis.

    Then the District Court now claims that petitioner has the ability to present his

claim would be contrary to this Court orders and it may grow to prejudice petitioner in the presentation of his claim and any ruling by the court at time of trial. It is a significant issue to go from not being able to present a claim to being able to present a claim and having the required knowledge to do such I question this court decision.

And based on these orders it places petitioner right in the realm of the five issues discussed by the Tabron Court, the complex issues involved, petitioners ability, merits of the claim, nature of investigation and the expert witnesses that are needed in the presenting of this claim. Tabron supra No. 92-7018 slip op. at 13-15, and court has made statement to petitioners ability to present this claim.

Wherefore petitioner should be granted the appointment of counsel based on the Orders of the District Court which clearly states petitioner ability is in question and the manner in which he can present his claim. On this court own admitence it was claim that petitioner has problems presenting this claim in a coherent manner and his filings are hard to decipher in the filing of this claim, after this ruling it is hard to understand how petitioner now could have the ability to present this claim on his own. A remand order should be ordered and petitioner granted the right to Court appointed counsel in the administration of justice and to present his claim.

RESPECTFULLY SUBMITTED

[signature]

**PROOF OF SERVICE**

I certify a true and correct copy of this notice of appeal was sent to the below listed parties by placing or turning over such to D-Block officers on the 2-10 shift on or about Aug. 1, 2001 to forward to the institutional mail room to forward to the United States Postal Service to mail.

I certify the forgoing is true and correct to the best of my ability under the penalty of perjury.

OFFICE OF THE CLERK
UNITED STATES COURT OF APPEALS
FOR THE THRID CIRCUIT

CLERKS OFFICE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT
KIM SMITH

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH,                          : CIVIL ACTION NO. 1:01-0817
    Petitioner              : (CALDWELL, J.)
    v.                      : (MANNION, M.J.)
JAMES MORGAN, et al.,               :
    Respondents             :

FILED SCRANTON
JUL 2 4 2001
PER _____
DEPUTY CLERK

O R D E R

Before the court is a motion filed by the petitioner for the appointment of counsel. (Doc. No. 4).

For the reasons set forth in this court's previous order dated July 18, 2001, (Doc. No. 21), the plaintiff's motion for appointment of counsel, **(Doc. No. 4)**, is DENIED.

MALACHY E. MANNION
United States Magistrate Judge

Dated:    July 23, 2001

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH,                        : CIVIL ACTION NO. 1:01-0817

    Petitioner             : (CALDWELL, J.)

    v.                     : (MANNION, M.J.)

JAMES MORGAN, et al.,             :

    Respondents            :

## MEMORANDUM AND ORDER

Before the court is a motion filed by the petitioner for the appointment of counsel. (Doc. No. 19).

In Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975), the court held that a federal court is authorized to **request**, in its discretion, an attorney to represent any person unable to employ counsel. However, in Mallard v. U.S. District Court, 490 U.S. 296 (1989), the court held that 28 U.S.C. § 1915(d) does not authorize the district court to require an unwilling attorney to represent an indigent litigant in a civil case.

Moreover, the plaintiff has no constitutional or statutory right to appointment of counsel in a civil case. While the court does not have the power to appoint counsel under 28 U.S.C. § 1915(d), see Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981), the Third Circuit has stated that appointment of counsel should be made

> only. . .upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting. . .from (a) probable inability

> without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case.

Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d. Cir. 1984).

In Tabron v. Grace, No. 92-7018 (3d Cir. Oct. 5, 1993), the United States Court of Appeals for the Third Circuit did not set aside its holding in Smith-Bey. Rather, the court elaborated by setting forth a number of factors the court should consider when deciding whether to appoint counsel under 28 U.S.C. § 1915(d). The court in Tabron discussed the following factors: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering the plaintiff's education, literacy, experience and the restraints placed on the plaintiff by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; and (5) the degree to which the case turns on credibility determinations or expert testimony. Tabron, supra, No. 92-7018, slip. op. at 13-15. The plaintiff's complaint indicates that he has the ability to "present the facts and legal issues to the court" without the assistance of an attorney. A review of the record of this case suggests that plaintiff can, given the leeway afforded to pro se litigants, adequately present his case and follow the applicable Rules. The plaintiff is

literate and is able to communicate his thoughts to the court. His filings this far have been understood, and they indicate that plaintiff is capable of pursuing his complaint without the benefit of appointed counsel. The issues raised by plaintiff do not appear to be complex.

Thus, for the foregoing reasons, the petitioner's request for court-appointed counsel will be denied.

**NOW, THEREFORE, IT IS ORDERED THAT**

the petitioner's motion for appointment of counsel (Doc. No. 19) is denied.

_____
MALACHY E. MANNION
United States Magistrate Judge

Dated: July 18, 2001

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM SMITH, | : CIVIL ACTION NO. 1:01-0817 |
| Plaintiff | : |
| v. | : (CALDWELL, J.) |
| | : (MANNION, M.J.) |
| JAMES MORGAN, et al., | : |
| Defendants | : |

FILED
WILKES BARRE
JUN 20 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

<u>O R D E R</u>

Presently pending before the court are the plaintiff's motion for enlargement of time (Doc. No. 11) and the plaintiff's motion to compel discovery (Doc. No. 12).

On May 10, 2001, the plaintiff, an inmate at the State Correctional Institution, Coal Township, ("SCI-Coal Township"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983, in which he alleges numerous violations of his constitutional rights. (Doc. No. 1). Along with his complaint, the plaintiff filed the appropriate application to proceed <u>in forma pauperis</u> and authorization forms. (Doc. Nos. 2 & 3). On the same day, an administrative order was issued. (Doc. No. 6).

In an order dated June 6, 2001, the court noted that the plaintiff's filing was disorganized and difficult to decipher. In addition, it appeared that the plaintiff was attempting to present a whole litany of complaints, including the denial of medical care for conditions such as sleep apnea, body sores, foot fungus, arthritis, a left wrist injury, stomach problems, a double hernia, dizziness, headaches, a "fisher/boil on [his] anus", diabetes, and Hepatitis C; denial of access to his legal mail; denial of access

1

to educational programs; the use of excessive force by staff members; denial of due process at a misconduct hearing; harassment by prison officials; unlawful searches of his cell; the filing of false reports by prison officials; the destruction of his personal property; denial of access to the law library; and denial of diabetic meals. The court noted, however, that plaintiff failed to set forth in a coherent manner the facts forming the basis of each claim and how each defendant was specifically involved in the alleged violations of his constitutional rights.

In addition, the court noted that the plaintiff attached to his complaint numerous initial grievance forms with responses, which he claimed established that he exhausted his administrative remedies with respect to the claims contained in his complaint. The court noted, however, that the attachments by themselves did not establish that the plaintiff properly exhausted his administrative remedies pursuant to DC-ADM 804 with respect to <u>any</u> of the claims contained in his complaint.

Based upon the above, the court ordered the plaintiff to file an amended complaint within thirty (30) days, which was to be complete in and of itself and comply with the provisions of Fed.R.Civ.P. 8(a). In addition, the court directed that the plaintiff's amended complaint should contain separately numbered paragraphs setting forth the facts supporting each claim being set forth by the plaintiff, as well as how each named defendant was specifically involved in any alleged violation of the plaintiff's constitutional rights. Finally, the court directed the plaintiff

2

to provide the court with documentation which would establish that he properly exhausted his administrative remedies, <u>through final review</u>, with respect to <u>all</u> of the claims being raised in his complaint. The plaintiff was advised that his failure to submit the amended complaint or the information relating to the exhaustion of his administrative remedies within the specified time period would result in a recommendation that his complaint be dismissed. (Doc. No. 8).

On June 18, 2001, the plaintiff filed the instant motions. In his motion for enlargement of time, the plaintiff requests additional time to obtain records from institutional staff members regarding the exhaustion of his administrative remedies. The plaintiff alleges that he needs to file a discovery motion in order to receive those documents. The plaintiff requests sixty (60) days from the date he receives the discovery to respond to this court's order of June 6, 2001. (Doc. No. 11).

In his motion to compel discovery, the plaintiff indicates that officials at SCI-Coal Township and SCI-Camp Hill have not responded to his requests for grievances and appeals filed. As such, he requests that this court direct officials at SCI-Coal Township to provide him with copies of the documentation relating to the exhaustion of the following grievances: 0062-01, 0071-01, 0072-01, 250-01, 282-01, 0108-01, 0062-01, 0342-01. He also requests copies of documentation from SCI-Smithfield regarding the following grievances: 353-01, 417-00, 413-00, 0353-00, 032-00, 326-98, 419-98, 030-00. Finally, the plaintiff requests this court to

3

direct officials at SCI-Camp Hill to provide him with copies of information relating to any grievances and appeals filed by him at that institution. (Doc. No. 12).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

(1) the plaintiff's motion for an enlargement of time, **(Doc. No. 11)**, is **GRANTED** to the extent that the plaintiff shall have an additional thirty (30) days from the date of this order to comply with the court's order dated June 6, 2001;

(2) the plaintiff's motion to compel discovery, **(Doc. No. 12)**, is **GRANTED** to the extent that within ten (10) days of the date of this order the Secretary's Office of Inmate Grievances and Appeals is directed to serve upon the court and the plaintiff any and all information relating to the plaintiff's exhaustion of administrative remedies concerning the above listed grievances.

MALACHY E. MANNION
United States Magistrate Judge

Date: June 20, 2001

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM SMITH, | : CIVIL ACTION NO. 1:01-0817 |
| Plaintiff | : (CALDWELL, J.) |
| v. | : (MANNION, M.J.) |
| JAMES MORGAN, et al., | : |
| Defendants | : |

FILED
WILKES BARRE
JUL - 3 2001
MARY E. D'ANDREA, CLERK
Per. / DEPUTY CLERK

O R D E R

On May 10, 2001, the plaintiff, an inmate at the State Correctional Institution, Coal Township, ("SCI-Coal Township"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983, in which he alleges numerous violations of his constitutional rights. (Doc. No. 1). Along with his complaint, the plaintiff filed the appropriate application to proceed in forma pauperis and authorization forms. (Doc. Nos. 2 & 3). On the same day, an administrative order was issued. (Doc. No. 6).

In an order dated June 6, 2001, the court noted that the plaintiff's filing was disorganized and difficult to decipher. Moreover, although it appeared that the plaintiff was attempting to present a whole litany of complaints, the court noted that he failed to set forth in a coherent manner the facts forming the basis of each claim and how each defendant was specifically involved in any alleged violations of his constitutional rights. In addition, the court noted that numerous grievance forms attached to the plaintiff's complaint failed to establish that he had properly exhausted his administrative remedies prior to

1

bringing this action.

Based upon the above, the court ordered the plaintiff to file an amended complaint within thirty (30) days of the date of the court's order, which was to be complete in and of itself and comply with the provisions of Fed.R.Civ.P. 8(a). In addition, the court directed that the plaintiff's amended complaint contain separately numbered paragraphs which set forth the facts supporting each of the plaintiff's claims, as well as how each named defendant was specifically involved in any alleged violation of the plaintiff's constitutional rights. Finally, the court directed the plaintiff to provide the court with documentation which would establish that he properly exhausted his administrative remedies, <u>through final review</u>, with respect to <u>all</u> of the claims being raised in his complaint. The plaintiff was advised that his failure to submit the amended complaint or the information relating to the exhaustion of his administrative remedies within the specified time period would result in a recommendation that his complaint be dismissed. (Doc. No. 8).

On June 18, 2001, the plaintiff filed a motion for enlargement of time, (Doc. No. 11), in which he requested additional time within which to file his amended complaint, as well as a motion to compel, (Doc. No. 12), in which he requested that the court direct various prison officials to provide information relating to the exhaustion of his administrative remedies.

By order dated June 20, 2001, the court granted the plaintiff

2

an additional thirty (30) days from the date of that order within which to file his amended complaint. In addition, the court directed the Secretary's Office of Inmate Grievances and Appeals to serve upon the court and the plaintiff any and all information relating to the plaintiff's exhaustion of administrative remedies concerning various grievances as set forth in the court's order within ten (10) days of the date of the court's order. (Doc. No. 13).

On June 22, 2001, the plaintiff submitted to the court what appears to be a supplement to the original complaint. Along with his supplement to the complaint, the plaintiff submitted numerous exhibits, as well as a motion for a temporary restraining order.

The plaintiff's supplemental filings are just as disorganized and difficult to decipher as his original filings. Moreover, they fail to comply with the requirements set forth in this court's order of June 6, 2001. As such, these filings will be returned to the plaintiff. To the extent that the plaintiff wishes the court to consider any of the claims set forth in his supplemental filings, he is to include those claims in his amended complaint to be filed with the court in compliance with the order of June 6, 2001. The plaintiff shall submit his amended complaint within the time period set forth in this court's order of June 20, 2001, namely on or before July 20, 2001.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

(1) in accordance with this court's order dated June 6, 2001, the plaintiff is directed to file an amended

3

   complaint which shall be complete in and of itself and shall comply with the provisions of Fed.R.Civ.P. 8(a);

(2) the plaintiff's amended complaint shall contain separately numbered paragraphs which include the facts supporting each claim being set forth by the plaintiff, as well as how each named defendant was specifically involved in any alleged violation of the plaintiff's constitutional rights;

(3) to the extent that the plaintiff wishes the court to consider any of the claims set forth in his supplemental filings, the plaintiff is to include those claims in his amended complaint;

(4) the plaintiff shall submit his amended complaint within the time period set forth in this court's order dated June 20, 2001, namely on or before July 20, 2001;

(5) the failure of the plaintiff to submit an amended complaint which meets the aforementioned requirements will result in a recommendation that the plaintiff's action be dismissed.

*/s/ Malachy E. Mannion*
MALACHY E. MANNION
United States Magistrate Judge

Date: July 3, 2001