

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH,
    Petitioner

vs.                        CIVIL ACTION NO. 1:CV-01-0817

JAMES MORGAN, et al.,
    Respondents

O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    Plaintiff has appealed orders entered by Magistrate Judge Mannion on July 18 and July 24, 2001. Both orders denied plaintiff's motion for counsel. Judge Mannion concluded that plaintiff can adequately present his case, is literate and able to communicate his thoughts, and that his filings thus far have been understood and indicate he is capable of pursuing his complaints without counsel.

    Our review of the case file leads us to the same conclusion. Plaintiff's complaint was filed May 10, 2001. Pursuant to an order of the magistrate judge an amended complaint was filed on July 11, 2001. This typewritten document is a nine-page statement of plaintiff's grievances against the defendants, and complies with the magistrate judge's order to specify the factual basis for the complaints against the thirty or more

AO 72A
(Rev.8/82)

defendants at two state penal institutions. The amended complaint by a pro se plaintiff Smith is well done.

On August 3, 2001, summons were issued for service of the amended complaint on the defendants. Returns of service have not been made so that the case is just beginning.

We have considered the factors to be weighed when deciding whether counsel should be appointed. See Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). At this point plaintiff has demonstrated that he has the ability to prepare and present his case. This is evident from the amended complaint and plaintiff's earlier preparation and pursuit of numerous grievances filed during his incarceration. Although his complaints are numerous, they are not particularly complex. We agree that counsel should not be appointed at this juncture. Plaintiff is free to attempt, and should attempt, to secure his own attorney. He should seek help from local attorneys and/or legal aid agencies, law school resources and/or public interest groups. The extent and magnitude of his complaints may well attract a counsel who would agree to represent him but at this early stage his case does not warrant the appointment of counsel.

As the case develops, upon further motion we may reconsider our ruling, but we emphasize the importance of plaintiff seeking counsel on his own.

It is Ordered that plaintiff's appeal from the orders of the magistrate judge of July 18, 2001 and July 24, 2001, is denied. The clerk of court shall return the file to Magistrate Judge Mannion for further proceedings.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: August 31, 2001

AO 72A
(Rev.8/82)