**ORIGINAL**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM SMITH, | : |
| Plaintiff, | : |
| | : Civil No. 1:01-0817 |
| v. | : (Judge William W. Caldwell) |
| JAMES MORGAN, et al., | : (Magistrate Judge Malachy E. Mannion) |
| Defendants. | : |

FILED
HARRISBURG, PA
NOV 06 2001
MARY E. D'ANDREA, CLERK

## CORRECTIONS DEFENDANTS' BRIEF IN SUPPORT
## OF THE MOTION FOR LEAVE TO DEPOSE PRISONER

### STATEMENT OF THE CASE

**A.   Identity of the Parties and Statement of Claim**

Plaintiff Kim Smith is an inmate ("Inmate Smith") currently incarcerated at the State Correctional Institution at Coal Township ("SCI-Coal Township"). See Amended Complaint (doc. 20), p. 12. The Department of Corrections Defendants ("Corrections Defendants") include: (1) Kathy Allen; (2) Nancy Ambrose; (3) Mary Bernas; (4) Sharon Burks; (5) Kandis Dascani; (6) John Dunn; (7) Harry Ersek; (8) Frank Gillis; (9) Robert Glenny; (10) Robert Gooler; (11) Dr. Robyn Johns; (12) Roy Johnson; (13) Tim Jordan; (14) Bernon Lane (15) John Learn; (16) Edward Mason; (17) Miller; (18) James Morgan; (19) Wilma Sewell; (20)

Raymond Smith; (21) David Varano; (22) Voeckler; (23) George Weaver; (24) Lynn Wolfgang; (25) Gerald Whysong; (26) Pat Yarger; (27) Angela Zimmerman; (28) Hazel Zimmerman. See Amended Complaint, pp. 1-16. Inmate Smith also names as Defendants Wexford Health Sources, Inc. and Dr. Ronald Long who are represented by James D. Young, Esquire. See Entry of Appearance (doc. 28).

In this 42 U.S.C. §1983 action, inmate Smith alleges that the Corrections Defendants violated his First, Eighth, and Fourteenth Amendment rights under the United States Constitution. See Amended Complaint, pp. 1-16. Inmate Smith is suing the Corrections Defendants in their individual capacities. See Amended Complaint, p. 8. Inmate Smith seeks injunctive relief, as well as, compensatory and punitive damages. See Amended Complaint, pp. 1-16.

**B.     Relevant Procedural History**

Inmate Smith initiated this action with the filing of a Complaint and an Application for *In Forma Pauperis* status on May 10, 2001. See Complaint (doc 1); Application to Proceed IFP (doc 2). The Court, by Order dated June 6, 2001, directed inmate Smith to file an Amended Complaint on or before July 6, 2001. See Order dated June 6, 2001 (doc 8). On June 18, 2001, Inmate Smith filed a Motion for Limited Discovery to compel the Department of Corrections to produce his grievance history so that he could prove to the Court he exhausted administrative remedies. See Motion to Compel Discovery (doc 12).

The Court, by Order dated June 20, 2001, directed the Department of Corrections to serve upon the Court and Plaintiff, any and all information relating to Plaintiff's exhaustion of administrative remedies. See Order dated June 20, 2001 (doc. 13). The Department of Corrections complied with the Order on July 19, 2001. See Response dated July 19, 2001 (doc. 22). Additionally, the Court issued an Order on July 3, 2001, directing inmate Smith to file, on or before July 20, 2001, an Amended Complaint that complied with Federal Rule of Civil Procedure 8(a). See Order dated July 3, 2001 (doc. 14). Inmate Smith filed his Amended Complaint on July 11, 2001. See Amended Complaint (doc 20).

The Court, by Order dated August 3, 2001, found that Plaintiff's Amended Complaint substantially complied with its previous orders, and directed the Clerk of Court to serve process upon the Defendants. See Order dated August 3, 2001 (doc. 24). On or about September 26, 2001, the undersigned attorney waived service of summons for the Corrections Defendants. Accordingly, pursuant to Fed.R.Civ.P. 4(d), a response to the Amended Complaint is now due.

## C. Statement of Alleged Facts

Inmate Smith's Amended Complaint generally alleges claims of deliberate indifference to his medical needs, violations of his right to access the Courts, and due process deficiencies under the United States Constitution. See Amended Complaint, ¶pp.1-16.

3

## QUESTION PRESENTED

**SHOULD THE CORRECTIONS DEFENDANTS BE GRANTED LEAVE TO DEPOSE INMATE SMITH?**

**RECOMMENDED ANSWER:    YES.**

4

## ARGUMENT

### THE CORRECTIONS DEFENDANTS SHOULD BE GRANTED LEAVE TO DEPOSE INMATE SMITH.

Fed.R.Civ.P. 30(a)(2) requires that a party obtain leave of court before taking the deposition of a person confined in prison. This limitation applies even if the prisoner is a party to the action. See Miller v. Bluff, 131 F.R.D. 698, 700 (M.D. Pa. 1990) (noting that the inmate plaintiff initiated the lawsuit so "any defendant surely is entitled to take his deposition in conjunction therewith.")(citing Kendrick v. Schnorbus, 655 F.2d 727, 729 (6th Cir. 1981)). "It is well established in civil cases utmost liberality in respect to allowing discovery should prevail in favor of each party against the other party." See Rorer International Cosmetics, Ltd. v. Halpern, 85 F.R.D. 43, 45 (E.D. Pa. 1979) (citations omitted).

The Corrections Defendants respectfully request leave to depose Inmate Smith in this action because, at this juncture from the face of the Amended Complaint, it is not exactly clear what he is claiming or whom he is suing. Generally, it appears that the Corrections Defendants are being accused of deliberate indifference to his medical needs, obstructing his access to the Courts, and depriving him of due process under the law. See Amended Complaint pp. 1-16. However, counsel for the Corrections Defendants seeks additional information so that he can properly defend his clients in this case. In that regard, simultaneous

5

with this motion counsel for the Corrections Defendants is also serving Inmate Smith with a request for production of documents and interrogatories.

Allowing this deposition will provide the Corrections Defendants with the opportunity to gain additional insight into Plaintiff's claims, as well as, assess his credibility and trustworthiness in case this matter proceeds to a trial. In fact, it appears from the record in this action that the Plaintiff himself concurs to have the Defendants depose him in this matter. See Amended Complaint, p. 8. Finally, in conjunction with the Corrections Defendants reluctant use of the waiver of reply (also simultaneously filed with this motion), they seek leave to depose Inmate Smith because they believe an answer to the confusing Amended Complaint would not aid the court in resolving this matter. Therefore, counsel for the Corrections Defendants submits that discovery and a deposition of the Plaintiff would greatly aid both the Court and counsel in determining the exact scope of this action, and ultimately, in resolving this matter in a timely fashion.

## **CONCLUSION**

**WHEREFORE**, in light of the foregoing, the Corrections Defendants respectfully request this Court to grant their motion for leave to depose Inmate Smith.

Respectfully submitted,

John J. Talaber
Assistant Counsel
Attorney Id. No. 83279

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  November 6, 2001

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM SMITH, | : |
| Plaintiff, | : |
| | : Civil No. 1:01-0817 |
| v. | : (Judge William W. Caldwell) |
| JAMES MORGAN, et al., | : (Magistrate Judge Malachy E. Mannion) |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I undersigned hereby certifies that a copy of the Corrections Defendants' Brief in Support of the Motion for Leave to Depose Prisonerin this matter was served upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:

Kim Smith, CT-2162
SCI-Coal Township
1 Kelley Drive
Coal Township, PA  17866-1020

James D. Young, Esquire
Lavery, Faherty, Young and Patterson, P.C.
301 Market Street
P.O. Box 1245
Harrisburg, PA  17108-1245

Jennifer L. Schade
Clerk Typist II

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444
Dated:  November 6, 2001