

# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG

DEC 0 5 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

KIM SMITH,                                :
                                          :
          Plaintiff,                      :
                                          : Civil No. 1:01-0817
                                          :
     v.                                   : (Judge William W. Caldwell)
                                          :
JAMES MORGAN, et al.,                     : (Magistrate Judge Malachy E. Mannion)
                                          :
          Defendants.                     :

## CORRECTIONS DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S OBJECTION TO INTERROGATORIES NUNC PRO TUNC

## STATEMENT OF THE CASE

**A.    Identity of the Parties and Statement of Claim**

Plaintiff Kim Smith is an inmate currently incarcerated at the State Correctional Institution at Coal Township ("SCI-Coal Township").  See Amended Complaint (doc. 20), p. 12.  The Department of Corrections Defendants ("Corrections Defendants") include: (1) Kathy Allen; (2) Nancy Ambrose; (3) Mary Bernas; (4) Sharon Burks; (5) Kandis Dascani; (6) John Dunn; (7) Harry Ersek; (8) Frank Gillis; (9) Robert Glenny; (10) Robert Gooler; (11) Dr. Robyn Johns; (12) Roy Johnson; (13) Tim Jordan; (14) Bernon Lane (15) John Learn; (16)

Edward Mason; (17) Miller; (18) James Morgan; (19) Wilma Sewell; (20) Raymond Smith; (21) David Varano; (22) Voeckler; (23) George Weaver; (24) Lynn Wolfgang; (25) Gerald Whysong; (26) Pat Yarger; (27) Angela Zimmerman; (28) Hazel Zimmerman. See Amended Complaint, pp. 1-16. Smith also names as Defendants Wexford Health Sources, Inc. and Dr. Ronald Long who are represented by James D. Young, Esquire. See Entry of Appearance (doc. 28).

In this 42 U.S.C. §1983 action, Smith alleges that the Corrections Defendants violated his First, Eighth, and Fourteenth Amendment rights under the United States Constitution. See Amended Complaint, pp. 1-16. Smith is suing the Corrections Defendants in their individual capacities. See Amended Complaint, p. 8. Smith seeks injunctive relief, as well as, compensatory and punitive damages. See Amended Complaint, pp. 1-16.

**B.    Relevant Procedural History**

**1.    Non-Discovery Matters**

Smith initiated this action with the filing of a Complaint and an Application for *In Forma Pauperis* status on May 10, 2001. See Complaint (doc 1); Application to Proceed IFP (doc 2). The Court, by Order dated June 6, 2001, directed Smith to file an Amended Complaint on or before July 6, 2001. See Order dated June 6, 2001 (doc 8). On June 18, 2001, Smith filed a Motion for Limited Discovery to compel the Department of Corrections to produce his grievance

history so that he could prove to the Court he exhausted administrative remedies. See Motion to Compel Discovery (doc 12).

The Court, by Order dated June 20, 2001, directed the Department of Corrections to serve upon the Court and Smith, any and all information relating to Smith's exhaustion of administrative remedies. See Order dated June 20, 2001 (doc. 13). The Department of Corrections complied with the Order on July 19, 2001. See Response dated July 19, 2001 (doc. 22). Additionally, the Court issued an Order on July 3, 2001, directing Smith to file, on or before July 20, 2001, an Amended Complaint that complied with Federal Rule of Civil Procedure 8(a). See Order dated July 3, 2001 (doc. 14). Smith filed his Amended Complaint on July 11, 2001. See Amended Complaint (doc 20).

The Court, by Order dated August 3, 2001, found that Smith's Amended Complaint substantially complied with its previous orders, and directed the Clerk of Court to serve process on the Defendants. See Order dated August 3, 2001 (doc. 24). On or about September 26, 2001, the undersigned attorney waived service of summons for the Corrections Defendants. On November 6, 2001, the Corrections Defendants waived their right to reply to Smith's Amended Complaint pursuant to 42 U.S.C. §1997(e). See Waiver of Reply (doc.33).

## 2.   Discovery Matters

On November 6, 2001, the Corrections Defendants' filed a motion and supporting brief for leave to depose Smith.  <u>See</u> Motion and Brief (docs. 35, 36). That same day the Corrections Defendants also served Smith with Interrogatories and a Request for Production of Documents.  <u>See</u> Corrections Defendants' Interrogatories to Smith, Certificate of Service, attached to the Supporting Documents to the Corrections Defendants' Brief in Opposition to Smith's Objections ("Supporting Documents"), Exhibit A; <u>see</u> <u>also</u> Corrections Defendants' Document Request to Smith, Certificate of Service, attached to the Supporting Documents, Exhibit B.  The Court, by Order dated November 8, 2001, granted the Corrections Defendants leave to depose Smith.  <u>See</u> Order (doc. 37).

On November 19, 2001, the Corrections Defendants were served with a document titled "Motion for Enlargement of Time Nunc Pro Tunc."  <u>See</u> Motion dated November 14, 2001, attached to the Supporting Documents as Exhibit C.  On November 21, 2001, the Corrections Defendants were served with a document titled "Objection to Interrogatories Nunc Pro Tunc."  <u>See</u> Objection dated November 20, 2001, attached to Supporting Documents as Exhibit D.  Counsel submits that it is unclear from the Court's Docket whether the above documents were filed with the Court, and if so, whether the documents are being listed under a different title than what Counsel has stated above.  <u>See</u> <u>e.g.</u> Motion for Injunction

to Stop the Abuse and to put a freeze on the Defendants assets with attachments

filed on November 7, 2001 (doc. 34); and (2) a Motion for a Temporary

Restraining Order (doc. 39).  Recognizing Smith's status as a *pro se* litigant, and to

avoid delaying Smith's deposition due to the arguments made in the Motions,

counsel is now filing (out of an abundance of caution) a brief in opposition in the

event this Honorable Court construes the above-filings compliant with the Local

Rules governing motions and supporting briefs.

### C.      Statement of Alleged Facts

Smith's Amended Complaint generally alleges claims of deliberate

indifference to his medical needs, violations of his right to access the Courts, and

due process deficiencies under the United States Constitution.  See Amended

Complaint, pp.1-16.

## QUESTION PRESENTED

**SHOULD SMITH BE ORDERED TO RESPOND TO THE CORRECTIONS DEFENDANTS' INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PRIOR TO HIS DEPOSITION.**

**SUGGESTED ANSWER: YES**

## ARGUMENT

**SMITH SHOULD BE DIRECTED TO RESPOND TO THE
CORRECTIONS DEFENDANTS' INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS PRIOR TO HIS
DEPOSITION?**

"It is well established in civil cases, utmost liberality, in respect to allowing

discovery, should prevail in favor of each party against the other party." See Rorer

International Cosmetics, Ltd. v. Halpern, 85 F.R.D. 43, 45 (E.D. Pa. 1979)

(citations omitted).  It setting the bounds for discovery, Fed.R.Civ.P. 26(b)

provides that:

> Parties may obtain discovery regarding any matter, not
> privileged, that is relevant to the claim or defense of any
> party, including the existence, description, nature,
> custody, condition, and location of any books,
> documents, or other tangible things and the identity and
> the location of persons having knowledge of any
> discoverable matter.  For good cause, the court may order
> discovery of any matter relevant to the subject matter
> involved in the action.  Relevant information need not be
> admissible at trial if the discovery appears reasonably
> calculated to lead to the discovery of admissible
> evidence.  All discovery is subject to the limitations
> imposed by Rule 26(b)(2)(i), (ii) and (iii).

See also People's Trust Bank v. United States, 103 F.R.D. 519, 522 (N.D. Ind.

1983)(noting that relevance for discovery purposes is not to be limited to the

precise issues formed by the pleadings, but is to be measured by the general

relevance to the subject matter.); Roesburg v. Johns Manville Corp., 85 F.R.D.

292, 296 (E.D. Pa. 1980)(finding that requests for discovery should be upheld if

there is any possibility that the information sought may be relevant to the subject

matter.)

Plaintiffs, such as Smith, is not relieved from participating in discovery

solely because he is pro se and incarcerated.  See Padro v. Heffelfinger, 110 F.R.D.

333, 334 (E.D. Pa. 1986).  In Padro, the Court recognized that:

> Although *pro se* pleadings are to be liberally construed,
> Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d
> 652 (1972), and time constraints for prisoner filings are
> subject to equitable considerations relating to prisoners'
> "unique circumstances", Grandison v. Moore, et al., 786
> F.2d 146, 149 (ed Cir. 1986), the Court can discern no
> requirement of unlimited patience toward prisoners who
> file civil rights complaints.  Such plaintiff's are required
> to respond to notices from the Court and to defendants'
> discovery requests and motions.  Too often, prisoner
> plaintiffs assume that they are free to abdicate all
> responsibility for pursuing their cases once they have
> filed a complaint.  Typically, the complaint is followed
> shortly by a request for appointment of counsel, as was
> done in this case.  When, as here, the request is denied,
> many *pro se* plaintiffs refuse to do anything further,
> apparently in the hope that the Court will reconsider its
> decision not to appoint counsel.  The case may languish
> for months or even years as the plaintiff maintains that he
> is unable to proceed or, as here, does nothing at all.

110 F.R.D. at 335; accord McDonald v. Head Criminal Court Supervisor Officer,

850 F.2d 121, 124 (2d Cir. 1988)(upholding decision of trial court that *pro se*

prisoners should be given special solicitude, but it does not extend to "the willful,

obstinate refusal to play by the basic rules of the system upon whose very power

the plaintiff is calling to vindicate his rights.")(citation omitted).

As the procedural background of this action indicates, after numerous attempts to draft the document, Smith's *pro se* Amended Complaint makes vague factual allegations of deliberate indifference to his medical needs, violations of his right to access the Courts, and due process deficiencies under the United States Constitution.  See Amended Complaint, pp. 1-16.  The Corrections Defendants argue, *inter alia infra*, that their Interrogatories and Request for Production of Documents served upon Smith on November 6, 2001, are relevant as defined by Fed.R.Civ.P 26(b), given the present form of the allegations contained in the Amended Complaint.  The Corrections Defendants seek further clarification through Smith's responses to their discovery requests to pinpoint the claims against them.

Yet, the essence of what Smith seeks through the Motions before the Court, relief of his obligations to respond to the Corrections Defendants' Interrogatories and Request for Production of Documents.  See Motion dated November 14, 2001, p.1, attached to the Supporting Documents, Exhibit C; Objection to Interrogatories, p.2, attached to the Supporting Documents, Exhibit D.  The very core of his argument centers on his preference that the Corrections Defendants' conduct their deposition prior to and ultimately, in lieu of, his obligation to respond to the discovery.  Id.  However, Smith cannot refuse to answer the Corrections Defendants' Interrogatories and Request for Production of Documents because he

prefers to be deposed first.  See Fed.R.Civ.P. 26(d) (providing, in part, that

"[u]nless the court upon motion, for the convenience of the parties and witnesses

and in the interests of justice orders otherwise, methods of discovery may be used

in any sequence, and the fact that a party is conducting discovery by deposition or

otherwise, does not operate to delay any other party's discovery.)  See also Mungin

v. Stephens, 164 F.R.D. 275, 281 (S.D. Ga. 1995)(finding that "[n]o litigant has a

right to dictate the course of discovery or demand that discovery proceed in the

sequence that he prefers.")  Further, aside from when the deposition will take

place, the Corrections Defendants submit Smith's Objections to their discovery

lacks any basis based on the facts or the law. [1]

    First, the Corrections Defendants intend to utilize the responses provided to

their Interrogatories and Request for Production of Documents to frame the

questions for the deposition, and to find possible issues in which to which the

parties can agree, together limiting the length of time of Smith's deposition.  It

appears that Smith fails to realize that it is costing the taxpayers of the

---

[1]  The Corrections Defendants submit that this matter was prematurely brought to
the Court for review, without prior consultation with their undersigned attorney,
when Smith filed his Motions on November 14 and 21, 2001.  However, also
recognizing that Smith is a *pro se* inmate litigant, counsel respectfully requests that
the Court direct Smith to consult, through correspondence, with the Corrections
Defendants' attorney in the future so that stipulations may be reached pursuant to
Fed.R.Civ.P. 29, or so the parties can at least confer in good faith in an effort to
secure the information or material without Court action, as is required by
Fed.R.Civ.P. 37(a)(2)(b).

Commonwealth (that funds the Department of Corrections, which is indemnifying the costs of this action for Corrections Defendants) money to depose him. Further, Smith has the advantage of answering the Corrections Defendants' questions and requests thoughtfully, during his own time, and at his own pace, instead of delaying a deposition by attempting to constantly review documentation.

Second, the Corrections Defendants seek responses to their Interrogatories and Request for Production of Documents given the confusing averments surrounding the Amended Complaint. The undersigned attorney, through the discovery requested, seeks to clarify and pinpoint the claims against his twenty-eight (28) clients. As noted above, upon receiving complete answers to the discovery request, counsel will utilize the material in preparing for the deposition. The Interrogatories are framed, in recognition of Smith's *pro se* status, so that he can provide factual and legal arguments to the numerous claims he ambiguously presents in the Amended Complaint. Smith will further the timely resolution of his case by answering the Interrogatories in the form and place requested.

Third, Smith's argument he cannot afford to provide copies of the documents and should therefore be excused from responding to the Corrections Defendants' discovery request lacks merit. See Motion dated November 14, 2001, p.1, attached to the Supporting Documents, Exhibit C; Objection to Interrogatories, p.2, attached to the Supporting Documents, Exhibit D. The Corrections

Defendants have provided him with two copies of the Interrogatories, as required by Pa.MDLR 33.1, for him to write his responses. He simply needs to provide a written response on one of the copies and send it back to the Corrections Defendants' counsel. Any argument that he does not have postage to do so is frivolous given his ability to submit both Motions to the Court at issue in this Brief.

Additionally, the Corrections Defendants have stated in the Request for Production of Documents that he can make arrangements with the Superintendent's Assistant at SCI-Coal Township, Kandis Dascani, who will have someone come to his cell. Smith can produce for examination and inspection any relevant documents he has in his possession responsive to the Corrections Defendants' Request for Production of Documents at that time. Importantly, through this method, Smith would not incur the cost of the making copies; instead, the Department of Corrections would make the copies and return the original documents to him. See Corrections Defendants' Document Request to Smith, p.2, attached to the Supporting Documents, Exhibit B.

Fourth, in the event this Honorable Court deems Smith's document titled "Objections to Interrogatories" as a response in compliance with the Federal Rules of Civil Procedure, the Corrections Defendants' submit that even for a *pro se* litigant the document is critically deficient in terms of substance and form.

Specifically, the "burden of showing that the requested discovery is not relevant is on the party resisting discovery." See <u>Flora v. Hamilton</u>, 81 F.R.D. 576, 578 (M.D. N.C. 1978). Further, "[t]he party objecting discovery must state with particularity how each request is not relevant or is unduly burdensome, overly broad, or oppressive." <u>Roesberg,</u> 85 F.R.D. at 296.

Here, the Corrections Defendants, as required by the Local Rule 33.1, served Smith with two copies of the Interrogatories and allowed plenty of space for his answers and responses. See Corrections Defendants' Interrogatories to Smith, attached to the Supporting Documents, Exhibit A. In reviewing the Objection, Smith admits that he does have some relevant material that would fall under the scope of the Corrections Defendants' discovery requests. <u>See</u> Objections to Interrogatories, pp. 1-2; <u>see also</u> Corrections Defendants' Document Request to Smith, attached to the Supporting Documents, Exhibit B. Any objections made in the document titled "Objections to Interrogatories" could just as easily, and in clear compliance with the Federal Rules and instructions provided, be made on the appropriate documents provided.

"[T]he fact that answering the [requests] will require the objecting party to expend considerable time, effort, and expense . . . ." is not a reason to disallow the discovery. <u>Id</u>. at 297 (citations omitted). At bare minimum, Smith should be required to take the time and give some effort to respond appropriately to the

13

Corrections Defendants' discovery in this action prior to seeking this Honorable

Court's valuable judicial resources to intervene.  The Objection should be denied.


## <u>CONCLUSION</u>

**WHEREFORE**, in light of the foregoing, the Corrections Defendants

respectfully request this Court to deny Smith's Objections to Interrogatories and

order him to respond to their discovery requests.

Respectfully submitted,

John J. Talaber
Assistant Counsel
Attorney Id. No. 83279


PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  December 5, 2001

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

KIM SMITH,                 :

       Plaintiff,        :

                        :      Civil No. 1:01-0817

                        :

       v.                 :      (Judge William W. Caldwell)

                        :

JAMES MORGAN, et al.,       :      (Magistrate Judge Malachy E. Mannion)

                        :

       Defendants.       :

## CERTIFICATE OF SERVICE

I undersigned hereby certifies that a copy of the Corrections Defendants' Brief in Opposition to Plaintiff's Objection to Interrogatories Nunc Pro Tunc in this matter was served upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:

Kim Smith, CT-2162
SCI-Coal Township
1 Kelley Drive
Coal Township, PA  17866-1020

James D. Young, Esquire
Lavery, Faherty, Young and Patterson, P.C.
301 Market Street
P.O. Box 1245
Harrisburg, PA  17108-1245

Janelle C. Stapleton
Clerk Typist 2

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  December 5, 2001