# ORIGINAL

(43)

↙ 12-6-01
ℓc

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**FILED**
**HARRISBURG**

DEC 0 5 2001

MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

KIM SMITH,                          :

    Plaintiff,                   :

                         :   Civil No. 1:01-0817

                         :

    v.                            :   (Judge William W. Caldwell)

                         :

JAMES MORGAN, et al.,               :   (Magistrate Judge Malachy E. Mannion)

                         :

    Defendants.                   :

## DOCUMENTS IN SUPPORT OF THE CORRECTIONS DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S OBJECTION TO INTERROGATORIES NUNC PRO TUNC

    The Corrections Defendants, by and through their undersigned attorney,

pursuant to Pa.MDLR 5.1(f) hereby file and serve the following documents in

support of their Brief In Opposition to Plaintiff's Objection to Interrogatories Nunc

Pro Tunc:

Exhibit A    Corrections Defendants' Interrogatories to Plaintiff dated November 6, 2001.

Exhibit B    Corrections Defendants' Document Request to Plaintiff dated November 6, 2001.

Exhibit C    Plaintiff's Motion for Enlargement of Time Nunc Pro Tunc dated November 14, 2001.

Exhibit D    Plaintiff's Objection to Interrogatories Nunc Pro Tunc dated
November 20, 2001

Respectfully submitted,

John J. Talaber
Assistant Counsel
Attorney Id. No. 83279

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  December 5, 2001

EXHIBIT

A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH,                                :
                                          :
       Plaintiff,                   :
                                          :
                                          : Civil No. 1:01-0817
                                          :
       v.                           : (Judge William W. Caldwell)
                                          :
JAMES MORGAN, et al.,                     : (Magistrate Judge Malachy E. Mannion)
                                          :
       Defendants.                  :

## CORRECTIONS DEFENDANTS'
## INTERROGATORIES TO PLAINTIFF

The Corrections Defendants,[1] by and through their undersigned attorney,

propound these Interrogatories to the Plaintiff pursuant to Federal Rule of Civil

Procedure 33, Pa.MDLR 33.1 through 33.3. Plaintiff is required to answer these

Interrogatories in writing under oath, based upon all information available to him

and to his attorneys, agents, or representatives. Plaintiff is also required to serve

answers to these Interrogatories within thirty (30) days after service thereof, and to

---

[1] The Corrections Defendants include: (a) Kathy Allen; (b) Nancy Ambrose; (c)
Mary Bernas; (d) Sharon Burks; (e) Kandis Dascani; (f) John Dunn; (g) Harry
Ersek; (h) Frank Gillis; (i) Robert Glenny; (j) Robert Gooler; (k) Dr. Robyn Johns;
(l) Roy Johnson; (m) Tim Jordan; (n) Bernon Lane; (o) John Learn; (p) Edward
Mason; (q) Miller; (r) James Morgan; (s) Wilma Sewell; (t) Raymond Smith; (u)
David Varano; (v) Voeckler; (w) George Weaver; (x) Lynn Wolfgang; (y) Gerald
Whysong; (z) Pat Yarger; (aa) Angela Zimmerman; and (bb) Hazel Zimmerman.

supplement his answers, when necessary, in accordance with Federal Rule of Civil

Procedure 26(e) and PaMDLR 33.2.

## **INSTRUCTIONS**

A.    The words "you" or "your" when used herein refer to all Plaintiff(s), their
agents, servants and/or employees.

B.    "Identify" when used herein with respect to an individual means to state:  (1)
the person's full name and present or last know address; and (2) the person's
position, employer and employer's address at the time of the events referred
to in the Interrogatory.

C.    "Identify" when used herein with respect to an entity other than an
individual (e.g. a corporation, partnership, unincorporated association,
governmental agency, etc.), or a division or subdivision thereof, means to
state the full name and present or last known address of the entity, and, if
applicable, the full name and present or last known address of the entity's
division or subdivision.

D.    "Document" when used herein means any record, including any object
containing written, printed, or magnetically recorded information, a graphic
or photographic representation, or sound.  "Document" includes the original
or any copy of any statement, report, letter, memorandum, book, article,
note, blueprint, drawing, sketch, photograph, motion picture, videotape,
sound recording.  "Document" also includes any card, disc, tape, printout or
any other article designed for use with a computer or other word or data
processing system.

E.    "Identify" when used herein with respect to a document means to state:  (1)
the nature of the document (i.e., whether it is a statement, report, etc.); (2)
the title of the document, or, if the document has no title, a description of the
document; (3) the identity of the person or persons who prepared the
document; (4) the identity of the person or persons for whom the document
was prepared or to whom the document was directed; (5) the date the
document was prepared; and, (6) the identity of the present custodian of the
document or any copy of the document.

F.    When the word "incident" is used in these Interrogatories it is to refer to those occurrences alleged in Plaintiff's Amended Complaint.

1.    State the name and address of each school, college, or educational institution
      you have attended listing the dates of attendance, the courses of study and
      any degrees or certificates received.


      ANSWER:

2.      Have you ever been a party to a lawsuit other than the present one?  If so, for each lawsuit state the name of the suit; what your status was therein; the kind of suit involved; the court in which it was filed and the docket number; the date it was filed; whether there was a trial; and the ultimate disposition of the case.

ANSWER:

3.    Have you or anyone acting on your behalf obtained from any person any statement concerning the matters you aver in the Amended Complaint?  If so, state:  (a) the name and last known address of each person; (b) when, where and by whom and to whom each statement was made, and whether it was reduced to writing or otherwise recorded; (c) state the name and address of any person who has custody of any such statements that were reduced to writing or otherwise recorded; and (d) please consider this a request to provide those statements referred to in the above answer.

ANSWER:

4.    Have you given any statement concerning this action or its subject matter? If so, state: (a) the name and the last known address of each person to whom a statement was given; (b) when and where each statement was given; and (c) please consider this a request to produce any and all statements in the above answer.

ANSWER:

5.    Have you, or anyone on your behalf, conducted any investigations of the treatment you received for hepatitis c?  If the answer is in the affirmative, state:  (a) the name, address and employer of all persons who conducted any investigation; (b) the dates of the investigation; (c) the dates of any reports of any investigations and the identity of persons who have possession thereof; and (d) please consider this a request to produce your investigations reports.

ANSWER:

6.    Please state the names, home addresses, business addresses (if any) and job classification of all persons whom you intend to call as non-expert witnesses on your behalf at the trial of this case

ANSWER:

7.    If you know of any person believed or understood by you to have any knowledge of your health care and medical condition(s), <u>not affiliated with the Department of Corrections or Wexford Health Services, Inc.</u>, during the time period that is subject of this action, identify each person including his/her name, present or last known address, telephone number, and his/her location during the time period in question.

ANSWER:

8.   State the full name and last known address, giving the street, street number, city and state of every witness known to you who claims to have seen or heard any of the Corrections Defendants or any medical personnel make any statement or statements pertaining to any of the events or happenings which are the subject matter of this action.

ANSWER:

9.  Identify anyone you have received information from that the Corrections Defendants were deliberately indifferent or negligent in attending and treating your medical needs including the qualification of that person, description of the information received, the date the information was received, a description of the facts upon which the information was based, whether a record was made of the information, and if so the name and address of the person who has such record, and provide a copy of the record.


ANSWER:

10.     Identify each injury you claim to have suffered as a result of the alleged deliberate indifference of the Corrections Defendants to your medical needs including:  (a) its nature, extent, and how it was caused; and (b) the date it was caused.

       ANSWER:

11.     State the names and home and business addresses of all persons whom you
        expect to call as expert witnesses at the trial of this matter.


        ANSWER:

12. For all those persons named in the answer to Interrogatory No. 11, state their occupations, and if they specialize in any particular field, set forth their areas of specialization.

ANSWER:

13.   Set forth the qualifications of each expert named in the answer to
      Interrogatory 11.  In doing so, list:  the schools each has attended, including
      years in attendance and degrees received; experience in particular fields,
      including names and addresses of employers with inclusive years of
      employment; and a list of all publications authored by said persons,
      including the title of the work, the name of the periodical or book in which it
      was printed, and the dates of its printing.  (If the persons listed in the answer
      to Interrogatory No. 11 has printed, mimeographed or otherwise reproduced
      a list of qualifications, you may attach a copy of same in lieu of answering
      this Interrogatory).

      ANSWER:

14.   Set forth the facts to which each such expert is expected to testify.

ANSWER:

15.     Set forth the opinion to which each such expert is expected to testify

ANSWER:

16. If it is your contention that the Corrections Defendants violated your First Amendment rights involving mail or access to the courts, please: (a) identify the facts supporting your contention; (b) identify any documents containing facts supporting your contention; (c) identify each individual who has knowledge of a fact supporting that contention; (d) identify each individual who will testify to the facts supporting that contention; and (e) provide a summary of the substance of the testimony of each individual identified in (d) above.

ANSWER:

17. If it is your contention that any Corrections Defendant violated your Eighth Amendment rights involving your medical treatment, please: (a) identify the individual(s) involved; (b) identify the facts supporting your contention; (c) identify any documents containing facts supporting your contention; (d) identify each individual who has knowledge of a fact supporting that contention; (e) identify each individual who will testify to the facts supporting that contention; and (f) provide a summary of the substance of the testimony of each individual identified in (e) above.

ANSWER:

18.    If it is your contention that any Corrections Defendants violated your Eighth Amendment rights involving your conditions of confinement, please: (a) identify the individual(s) involved; (b) identify the facts supporting your contention; (c) identify any documents containing facts supporting your contention; (d) identify each individual who has knowledge of a fact supporting that contention; (e) identify each individual who will testify to the facts supporting that contention; and (f) provide a summary of the substance of the testimony of each individual identified in (e) above.

ANSWER:

19. If it is your contention that any Corrections Defendants violated your Fourteenth Amendment rights involving due process concerns, please: (a) identify the individual(s) involved; (b) identify the facts supporting your contention; (c) identify any documents containing facts supporting your contention; (d) identify each individual who has knowledge of a fact supporting that contention; (e) identify each individual who will testify to the facts supporting that contention; and (f) provide a summary of the substance of the testimony of each individual identified in (e) above.

ANSWER:

20.    If it is your contention that any Corrections Defendants treated you differently from other inmates:  (a) identify the individual(s) involved; (b) identify the facts supporting your contention; (c) identify any documents containing facts supporting your contention; (d) identify each individual who has knowledge of a fact supporting that contention; (e) identify each individual who will testify to the facts supporting that contention; and (f) provide a summary of the substance of the testimony of each individual identified in (e) above.

ANSWER:

21.     If it is your contention that any Corrections Defendants were conspiring against you, please:  (a) identify the individual(s) involved; (b) identify the facts supporting your contention; (c) identify any documents containing facts supporting your contention; (d) identify each individual who has knowledge of a fact supporting that contention; (e) identify each individual who will testify to the facts supporting that contention; and (f) provide a summary of the substance of the testimony of each individual identified in (e) above.


        ANSWER:

22.    State the name, address, telephone number and employer of any and all
persons who prepared or assisted in the preparation of the Complaint and/or
the Amended Complaint.

ANSWER:

23. State the name, address, telephone number and employer of any and all persons who prepared or assisted in the preparation of answers to these Interrogatories.


ANSWER:


Respectfully submitted,


John J. Talaber
Assistant Counsel
Attorney Id. No. 83279


Pa. Department of Corrections
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444


Dated: November 6, 2001

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH,                              :

      Plaintiff,                     :

                            :   Civil No. 1:01-0817

      v.                             :   (Judge William W. Caldwell)

                          :

JAMES MORGAN, et al.,                   :   (Magistrate Judge Malachy E. Mannion)

                          :

      Defendants.                    :

## CERTIFICATE OF SERVICE

I undersigned hereby certifies that a copy of the Corrections Defendants'

Interrogatories to Plaintiff in this matter was served upon the person(s) in the

manner indicated below.

Service by first-class mail
addressed as follows:

Kim Smith, CT-2162                      James D. Young, Esquire
SCI-Coal Township                       Lavery, Faherty, Young and Patterson, P.C.
1 Kelley Drive                          301 Market Street
Coal Township, PA  17866-1020           P.O. Box 1245
                                      Harrisburg, PA  17108-1245

                                     *Jennifer L. Schade*
                                     Jennifer L. Schade
                                     Clerk Typist II

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444
Dated:  November 6, 2001

EXHIBIT

B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH,                          :
                                    :
    Plaintiff,                     :
                                    : Civil No. 1:01-0817
                                    :
    v.                             : (Judge William W. Caldwell)
                                    :
JAMES MORGAN, et al.,               : (Magistrate Judge Malachy E. Mannion)
                                    :
    Defendants.                    :

## CORRECTIONS DEFENDANTS'
## <u>DOCUMENT REQUEST TO PLAINTIFF</u>

The Corrections Defendants,[1] by and through their undersigned attorney, hereby request that the Plaintiff produce documents (as defined below) or tangible things in accordance with Fed.R.Civ.P. 26 and 34 and Rules 26.1, *et. seq.* of the Rules of Court for the Federal District Court for the Middle District of Pennsylvania, and in accordance with the following instructions and definitions:

---

[1] The Corrections Defendants include: (a) Kathy Allen; (b) Nancy Ambrose; (c) Mary Bernas; (d) Sharon Burks; (e) Kandis Dascani; (f) John Dunn; (g) Harry Ersek; (h) Frank Gillis; (i) Robert Glenny; (j) Robert Gooler; (k) Dr. Robyn Johns; (l) Roy Johnson; (m) Tim Jordan; (n) Bernon Lane; (o) John Learn; (p) Edward Mason; (q) Miller; (r) James Morgan; (s) Wilma Sewell; (t) Raymond Smith; (u)

## INSTRUCTIONS

1.     Within thirty (30) days of the date of service of these Document Requests, you must produce the document for the inspection by the attorney, or his agent, whose name and address appear below:

John J. Talaber, Esq.
Office of Chief Counsel
Pennsylvania Department of Corrections
55 Utley Drive
Camp Hill, PA  17011

The documents may be sent to the above-listed address for their review or may be produced at the State Correctional Institution at Coal Township ("SCI-Coal Township").  In the event that Plaintiff chooses to produce the documents at SCI-Coal Township, arrangements for the production and review should be made with the Superintendent's Assistant Kandis Dascani.

2.     If you have any objections to the production, state each and all of your reasons for any objection you make in a separate response.

3.     THESE DOCUMENT REQUESTS ARE CONTINUING.  If at any time after the production of the requested documents, you become aware of other additional documents subject to these requests, a suitable supplemental production must be promptly made in accordance with the instructions herein.

---

David Varano; (v) Voeckler; (w) George Weaver; (x) Lynn Wolfgang; (y) Gerald

## DEFINITION:

"Document(s)":  Any written or graphic matter of any kind whatsoever, however produced or reproduced, any electronically or magnetically recorded matter of any kind or character, however produced or reproduced, and any other matter constituting the recording of data or information upon any tangible thing by any means, whether recorded visually, such as by videotape, in writing, sound, electronic or magnetic impulse, or in any other manner, and including non-identical copies, preliminary versions, drafts, revisions or amendments of any of the foregoing any supporting, underlying or preparatory material.

## DOCUMENT REQUESTS

1.     Any and all statements, descriptions of statements, summaries or statements, memoranda, records of writing (signed or unsigned) of any and all witnesses, including any statements from the parties herein, or their respective agents, servants or employees, including tapes or other mechanically transcribed information;

2.     Any and all documents containing the names and home address of all individuals contacted as potential witnesses.

3.     Any and all reports complied or prepared by an individual who has been retained as an expert in this matter including the expert's Curriculum Vitae as

Whysong; (z) Pat Yarger; (aa) Angela Zimmerman; and (bb) Hazel Zimmerman.

well as all items given to or examined by experts including not limited to all photographs, diagrams, drawings, reports, and statements;

4.    All writings, memoranda, journals, diaries, notes, data and/or tangible things which relate directly or indirectly to the incident and damages which are the subject of this action;

5.    All bills, reports, and records from any and all hospitals, physicians, or other providers or medical and health care, relating directly or indirectly to those damages alleged to be resulting from the incident which is the subject matter of this action;

6.    Any and all records and reports of previous and/or subsequent health care involving the Plaintiff;

7.    Any and all records detailing any criminal convictions and/or incarcerations in the possession of Plaintiff;

8.    Any and all copies of documents identified and/or referenced in your Answers to the Corrections Defendants' Interrogatories;

9.    Any and all documents Plaintiff has received from any other inmate or former inmate concerning Hepatitis C, treatment for Hepatitis C, and/or prisoner litigation involving Hepatitis C treatment.

10.    Any and all documents, records, evidence and anything whatsoever
that will be introduced at trial for use in direct examination or impeachment.

Respectfully submitted,

John J. Talaber
Assistant Counsel
Attorney Id. No. 83279

Pa.  Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  November 6, 2001

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH,                                :
                                          :
            Plaintiff,                    :
                                          : Civil No. 1:01-0817
                                          :
      v.                                  : (Judge William W. Caldwell)
                                          :
JAMES MORGAN, et al.,                     : (Magistrate Judge Malachy E. Mannion)
                                          :
            Defendants.                   :

## CERTIFICATE OF SERVICE

I undersigned hereby certifies that a copy of the Corrections Defendants'

Document Request to Plaintiff in this matter was served upon the person(s) in the

manner indicated below.

Service by first-class mail
addressed as follows:

Kim Smith, CT-2162                    James D. Young, Esquire
SCI-Coal Township                     Lavery, Faherty, Young and Patterson, P.C.
1 Kelley Drive                        301 Market Street
Coal Township, PA  17866-1020         P.O. Box 1245
                                      Harrisburg, PA  17108-1245

                                      Jennifer L. Schade
                                      Jennifer L. Schade
                                      Clerk Typist II

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444
Dated:  November 6, 2001

EXHIBIT

C

IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH                              ;  NO. : 1:CV01-0817
          Plaintiff                    ;
                                       ;
                                       ;  (Caldwell, .)
     VS.                               ;
                                       ;  (Mannion, M.J.)
                                       ;
                                       ;
WEXFORD HEALTH SOURCES,                ;  **JURY TRIAL DEMANDED**
INC., JAMES MORGAN et al.,             ;
                                       ;
                                       ;

MOTION FOR ENLARGEMENT OF TIME

NUNC PRO TUNC

TO THE CLERK OF COURTS:

     And now this _14th_ , day of _November, 2001_ comes pro-se petitioner a lay
person not lettered in legal mattes, and without the aid of counsel prays a less stringent
standard be applied to this pro-se pleading, and motion for deposition to aid both
plaintiff, Wexford and the Correction Defendants in their defense and aid plaintiff in
better stating a claim  to address all issue setforth in the amended complaint, and
address each in a formal manner to be submitted to the court in this case.

     This is a request so plaintiff can clearly state on for the court the claims setforth
in his amended complaint.

     That the deposition will stand as an interrogatories, because plaintiff does not have
the funds required to provide the copies of documentation, and will do so at the time of
a hearing if granted such.  Because plaintiff's proverty it will be hard for plaintiff to
comply with such a demand at this time, and respondents attorney's are aware of such, and
plaintiff prays that some consideration, or direction from the court.

**CERTIFICATE OF SERVICE**

I Kim Smith an inmate at S.C.I. Coal Township do hereby certify that on _15th_ day of _November, 2001_ he turned over to the block officer for mail to the United States Postal Service envelopes to be sent first class mail to the below listed parties, namely a motion for enlargement of time.

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN TALABE, ESQ.
PENNSYLVANIA DEPARTMENT OF CORRECTIONS
OFFICE OF CHIEF COUNSEL
P.O. BOX 598
CAMP HILL,  PA. 17001-0598

JAMES D. YOUNG ESQ.
LAVERY, FAHERTY, YOUNG, AND PATTERSON, P.C.
301 MARKET ST.
 P.O. BOX 1245
HARRISBURG, PA. 17108-1245

KIM SMITH

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH                                   ;

        Plaintiff                          ;

                                    ;

                                    ;

        vs.                                 ;

                                    ;

JAMES MORGAN, et al.,                       ;

                                    ;

                                    ;

                                    ;

                                    ;

## ORDER

    AND NOW this _____ day of _____ 2001, upon consideration of this
motion for Deposition of Kim Smith it is the order of this court that plaintiff is to be
deposed and he is to be provided a copy of the depositions and all statement made  at that
time that is entered into the record.  It is hereby an **ORDERED** that the said motion is
**GRANTED**  to the plaintiff is to be disposed on or before a date set by the court.
   **That the deposition will be taken as the plaintiff's interrogatories.**

                                                  _____

                                                  MANNION, M.J.

EXHIBIT

D

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH                                    ;   NO. 1:CV01—0817

      Plaintiff                           ;

                             ;   (Caldwell,J.)

        vs.                                 ;

                             ;

WEXFORD HEALTH SOURCES                        ;   (Mannion,M.J.)

INC., JAMES MORGAN et al.,                    ;

           Defendants                ;

                             ;   JURY TRIAL DEMANDED

                             ;

                             ;

                             ;

## O R D E R

AND NOW, THIS _____ day of _____ 2001, upon consideration of this motion and objection it is the order of this Court, that plaintiff is granted his objection to the interrogatories and that at such time he can present his evidence at a hearing, and that the deposition is to be taken as plaintiff interrogatories. It is hereby an ORDERED that the above listed motion is GRANTED to plaintiff.

_____

BY THE COURT

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | ) | NO. 1:CV01-0817 |
| KIM SMITH | ) | |
| Plaintiff | ) | (Caldwell,J.) |
| | ) | |
| vs. | ) | (MannionM.J.) |
| | ) | |
| WEXFORD HEALTH SOURCES | ) | JURY TRIAL DEMANDED |
| INC., et al., | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |

## OBJECTION TO INTERROGATORIES
## NUNC PRO TUNC

**AND NOW** comes Kim Smith a lay person not lettered in legal matters and without the aid of counsel prays a less stringent standard be applied to this pro-se pleading. Moves in this motion that some of the items requested in the defendants interrogatories has no place in this civil action criminal history, coupled with information about a person that is unable for me to obtain, being incarcerated plaintiff is limited to the amount of information that is given, dates and places, reports and statements, business addresses. Since plaintiff has not been afforded the right to see any specialist for his illnesses he is unable to prove certain proofs reports or statements for other Dr. in the requested fields of treatment. Years and degree, I have know idea what such specialist will testify to since I have not been seen by any other Dr. except what is provided threw the institutions, and what is in my medical chart. And the only opinion I know of was in the record that was given on Oct. 19, 2001.

Plaintiff does in fact have some written materials sent threw the grievance process at this institution and the institution in which the defendants work at, and policy that was stated the was inconsistent with D.O.C. policy or adequate health care, or information given by the American Diabetes Association.

Plaintiff work history and social security information is not require, and if
plaintiff had any emotional, sickness or surgical operation in the past other then a
common cold, description or symptoms, or the name and address of the health care
provider. Criminal record and any convictions or sentences, even the nature of
plaintiff's offense in which he is incarcerated should not be provided, or any law suits
that have been filed or that plaintiff was a part in, should not be requested and has
no place in this pending case.

Plaintiff has not obtained any medical record and all his attempts to do so threw
medical staff has since failed.

Plaintiff did contact a number of agencies but got no information from them address
the issues raised in those letters.

Plaintiff was not afforded the right to see another Dr. regarding his Hepatitis
C treatment other then threw the grievance process that had this treatment reinstated
after it was terminated by Dr. Kort, in which this treatment at this time caused the
condiction to worsen, to a point it was the plaintiff's and Dr. decision to terminate
this treatment as the viral load continued to get worse, and since when treatment
started plaintiff viral load was 288,000 and when terminated it was 520,000, which give
raise to a question is why would this condiction worsen if it was correctly being
treated, and at no time was plaintiff advised that this condiction would worsen when
treated.  All reports and record are contained in the D.O.C. file, and plaintiff was
not provide this information by the defendants, and since his level of proverty is as
it is he can not afford to have copies of the records forwarded.

The rights that the defendants Long, Hoffman, Baker will be talked about in the
up coming deposition, and plaintiff prays that such would be used as the interrogatories
and at the time of a hearing plaintiff will present any written information that he has
and at this time he can not afford to retain copies or provide copies at the rate the
institution claims for such.

Because of plaintiff proverty and status within the institution and having to pay
filing fee plaintiff can not afford to provide any records and is with out the funds
to adequately litigate this case and as a lay person he is doing the best of his
ability, and prays that consideration will be given at this time and that the deposition
will stand as the interrogatories that the defendants Wexford, Dr. Long, Hoffman, Baker,
request as well as the interrogatories that are requested by James Morgan and the
Correctional Defendants, as for T.R.O. plaintiff is in fear for his safety and because
of the level of treatment he is given goes below any known standard and if not correctly
treated could worsen or result in death.

CERTIFICATE OF SERVICE

I Kim Smith an inmate at S.C.I. Coal Township do hereby certify that on _20th_ day of _November_ ,2001 he turned over to D block officers a copy of plaintiff's objection to interrogatories to forward to the United States Postal Service to mail to the below listed parties by way of 1 st class mail.

M.E. D'Andrea Clerk
United States District Court
Middle District of Pennsylvania
Federal Building Rm. 1060
228 Walnut St.
P.O. Box 983
Harrisburg  Pa. 17108-0983

John Talable Esq.
Pa. Dept. of Correction
P.O. Box 598
Camp Hill Pa. 17001-0598

James D. Young Esq.
Lavery, Faherty, Young, and Patterson, P.C.
301 Market St.
P.O. Box 1245
Harrisburg Pa.  17108-1245

Kim Smith

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH                          ;  NO. 1:CV01-0817
        Plaintiff                  ;
                                   ;  (Caldwell,J.)
        vs.                        ;
                                   ;
WEXFORD HEALTH SOURCES             ;  (Mannion,M.J.)
INC., JAMES MORGAN et al.,         ;
                  Defendants       ;
                                   ;  JURY TRIAL DEMANDED
                                   ;
                                   ;
                                   ;


# V E R I F I C A T I O N

I Kim Smith swear/affirm that under the penalties provided for under 18 Pa. C.S. §
4904 ( unsworn falsification) that the fact setforth or contained herein, are true and
correct to the best of plaintiff knowledge and information and beliefs.


_Kim Smith_
Plaintiff


date _11-20-01_


Kim Smith CT-2162
1 Kelley Dr.
Coal Township Pa. 17866-1021

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH,                          :
     Plaintiff,                 :
                         :          Civil No. 1:01-0817
                         :
     v.                         :          (Judge William W. Caldwell)
                         :
JAMES MORGAN, et al.,               :          (Magistrate Judge Malachy E. Mannion)
                         :
     Defendants.                :

## CERTIFICATE OF SERVICE

I undersigned hereby certifies that a copy of the Documents in Support of the Corrections

Defendants' Brief in Opposition to Plaintiff's Objection to Interrogatories Nunc Pro Tunc in this

matter was served upon the person(s) in the manner indicated below.

Service by first-class mail<br>addressed as follows:

Kim Smith, CT-2162                    James D. Young, Esquire
SCI-Coal Township                     Lavery, Faherty, Young and Patterson, P.C.
1 Kelley Drive                        301 Market Street
Coal Township, PA  17866-1020         P.O. Box 1245
                                Harrisburg, PA  17108-1245

                                Jennifer L. Schade
                                Clerk Typist II

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  December 5, 2001