ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM SMITH | ) | NO. 1:CV01-0817 |
| Plaintiff | ) | |
| | ) | (Caldwell,J.) |
| | ) | |
| vs. | ) | (MannionM.J.) |
| | ) | |
| WEXFORD HEALTH SOURCES | ) | JURY TRIAL DEMANDED |
| INC., et al., | ) | |
| Defendants | ) | |

FILED
HARRISBURG, PA

DEC 17 2001

MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

**OBJECTION TO INTERROGATORIES**
**NUNC PRO TUNC**

　　**AND NOW** comes Kim Smith a lay person not lettered in legal matters and without the aid of counsel prays a less stringent standard be applied to this pro-se pleading. Moves in this motion that some of the items requested in the defendants interrogatories has no place in this civil action criminal history, coupled with information about a person that is unable for me to obtain, being incarcerated plaintiff is limited to the amount of information that is given, dates and places, reports and statements, business addresses. Since plaintiff has not been afforded the right to see any specialist for his illnesses he is unable to prove certain proofs reports or statements for other Dr. in the requested fields of treatment. Years and degree, I have know idea what such specialist will testify to since I have not been seen by any other Dr. except what is provided threw the institutions, and what is in my medical chart. And the only opinion I know of was in the record that was given on Oct. 19, 2001.

　　Plaintiff does in fact have some written materials sent threw the grievance process at this institution and the institution in which the defendants work at, and policy that was stated the was inconsistent with D.O.C. policy or adequate health care, or information given by the American Diabetes Association.

Plaintiff work history and social security information is not require, and if plaintiff had any emotional, sickness or surgical operation in the past other then a common cold, description or symptoms, or the name and address of the health care provider. Criminal record and any convictions or sentences, even the nature of plaintiff's offense in which he is incarcerated should not be provided, or any law suits that have been filed or that plaintiff was a part in, should not be requested and has no place in this pending case.

Plaintiff has not obtained any medical record and all his attempts to do so threw medical staff has since failed.

Plaintiff did contact a number of agencies but got no information from them address the issues raised in those letters.

Plaintiff was not afforded the right to see another Dr. regarding his Hepatitis C treatment other then threw the grievance process that had this treatment reinstated after it was terminated by Dr. Kort, in which this treatment at this time caused the condiction to worsen, to a point it was the plaintiff's and Dr. decision to terminate this treatment as the viral load continued to get worse, and since when treatment started plaintiff viral load was 288,000 and when terminated it was 520,000, which give raise to a question is why would this condiction worsen if it was correctly being treated, and at no time was plaintiff advised that this condiction would worsen when treated. All reports and record are contained in the D.O.C. file, and plaintiff was not provide this information by the defendants, and since his level of proverty is as it is he can not afford to have copies of the records forwarded.

The rights that the defendants Long, Hoffman, Baker will be talked about in the up coming deposition, and plaintiff prays that such would be used as the interrogatories and at the time of a hearing plaintiff will present any written information that he has and at this time he can not afford to retain copies or provide copies at the rate the institution claims for such.

Because of plaintiff proverty and status within the institution and having to pay filing fee plaintiff can not afford to provide any records and is with out the funds to adequately litigate this case and as a lay person he is doing the best of his ability, and prays that consideration will be given at this time and that the deposition will stand as the interrogatories that the defendants Wexford, Dr. Long, Hoffman, Baker, request as well as the interrogatories that are requested by James Morgan and the Correctional Defendants, as for T.R.O. plaintiff is in fear for his safety and because of the level of treatment he is given goes below any known standard and if not correctly treated could worsen or result in death.

**CERTIFICATE OF SERVICE**

    I Kim Smith an inmate at S.C.I. Coal Township do hereby certify that on 20th day of November, 2001 he turned over to D block officers a copy of plaintiff's objection to interrogatories to forward to the United States Postal Service to mail to the below listed parties by way of 1 st class mail.

M.E. D'Andrea Clerk
United States District Court
Middle District of Pennsylvania
Federal Building Rm. 1060
228 Walnut St.
P.O. Box 983
Harrisburg  Pa. 17108-0983

John Talable Esq.
Pa. Dept. of Correction
P.O. Box 598
Camp Hill Pa. 17001-0598

James D. Young Esq.
Lavery, Faherty, Young, and Patterson, P.C.
301 Market St.
P.O. Box 1245
Harrisburg Pa.  17108-1245

Kim Smith

*Due to institutional staff this objection did not leave institution until 12-15-01 see T.R.O. motion.*

*The objection was sent to Defendents counsel on or about 11-20-01 but petition to the Court was denied to leave institution until 12-15-01 or soon their after*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM SMITH | ; NO. 1:CV01-0817 |
| Plaintiff | ; |
| | ; (Caldwell,J.) |
| vs. | ; |
| | ; |
| WEXFORD HEALTH SOURCES | ; (Mannion,M.J.) |
| INC., JAMES MORGAN et al., | ; |
| Defendants | ; |
| | ; JURY TRIAL DEMANDED |

**VERIFICATION**

I Kim Smith swear/affirm that under the penalties provided for under 18 Pa. C.S. § 4904 ( unsworn falsification) that the fact setforth or contained herein, are true and correct to the best of plaintiff knowledge and information and beliefs.

_____
Plaintiff

date 11-20-01

Kim Smith CT-2162
1 Kelley Dr.
Coal Township Pa. 17866-1021