ORIGINAL

FILED
HARRISBURG
DEC 2 0 2001
MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| KIM SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil No. 1:01-CV-0817 |
| v. | : | |
| | : | (Judge William W. Caldwell) |
| JAMES MORGAN, et al., | : | |
| | : | (M.J. Malachy E. Mannion) ✓ |
| Defendants. | : | |

## CORRECTIONS DEFENDANTS' MOTION FOR AN ENLARGEMENT OF TIME TO FILE THE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER'S

The Corrections Defendants, by and through their attorney, John J. Talaber, Assistant Counsel, Pennsylvania Department of Corrections, respectfully request this Honorable Court to grant them an enlargement of time until January 31, 2002 to file the brief in opposition to Plaintiff's Motions for Temporary Restraining Orders (docs. 5, 18). The following averments are made in support of the Motion:

1

Parties and Nature of Action:

1.   Plaintiff Kim Smith is an inmate currently incarcerated at the State

     Correctional Institution at Coal Township ("SCI-Coal Township").  See

     Amended Complaint (doc. 20), p. 12.

2.   The Department of Corrections Defendants ("Corrections Defendants")

     include: (1) Kathy Allen; (2) Nancy Ambrose; (3) Mary Bernas; (4) Sharon

     Burks; (5) Kandis Dascani; (6) John Dunn; (7) Harry Ersek; (8) Frank Gillis;

     (9) Robert Glenny; (10) Robert Gooler; (11) Dr. Robyn Johns; (12) Roy

     Johnson; (13) Tim Jordan; (14) Bernon Lane; (15) John Learn; (16) Edward

     Mason; (17) Miller; (18) James Morgan; (19) Wilma Sewell; (20) Raymond

     Smith; (21) David Varano; (22) Voeckler; (23) George Weaver; (24) Lynn

     Wolfgang; (25) Gerald Whysong; (26) Pat Yarger; (27) Angela Zimmerman;

     and (28) Hazel Zimmerman.  See Amended Complaint, pp. 1-16.

3.   Smith also names as Defendants Wexford Health Services, Inc. and Dr.

     Ronald Long, who are represented by James D. Young, Esquire. See Entry

     of Appearance (doc. 28).

2

4.    In this 42 U.S.C. §1983 action, Smith alleges that the Corrections

Defendants violated his First, Eighth, and Fourteenth Amendment rights

under the United States Constitution. See Amended Complaint, pp. 1-16.

5.    Smith is suing the Corrections Defendants in their individual capacities. See

Amended Complaint, p.8.

6.    Smith seeks injunctive relief, as well as, compensatory and punitive

damages. See Amended Complaint, pp. 1-16.

Relevant Procedural History:

7.    Smith initiated this action with the filing of a Complaint and an Application

for In Forma Pauperis status on May 10, 2001. See Complaint (doc. 1);

Application to proceed IFP (doc. 2).

8.    The Court, by Order dated June 6, 2001, directed Smith to file an Amended

Complaint on or before July 6, 2001. See Order (doc. 8).

9.    On July 11, 2001, Smith filed an Amended Complaint. See Amended

Complaint (doc. 20).

10.    On August 3, 2001, the Court found that Smith's Amended Complaint

substantially complied with its previous orders, and directed the Clerk of

Court to serve process on the Defendants. See Order (doc. 24).

3

11. Additionally, by that same Order, the Court ordered service upon the Defendants of Smith's two Motions for Temporary Restraining Orders ("TROs")(docs. 5, 18).

12. On or about September 26, 2001, the undersigned attorney waived service of summons for the Corrections Defendants.

13. On November 6, 2001, the Corrections Defendants waived their right to reply to Smith's Amended Complaint pursuant to 42 U.S.C. §1997(e). See Waiver of Reply (doc. 33).

14. That same day, the Corrections Defendants filed a motion and supporting brief for leave to depose Smith, as well as, Interrogatories and a Request for Production of Documents. See Motion and Brief (docs. 35, 36); see also Supporting Documents to the Corrections Defendants' Brief in Opposition to Smith's Objections (doc. 43), Exhibits A and B.

15. On November 7, 2001, Smith filed a "motion for injunction to stop the abuse and put a freeze on the defendants assets with attachments." See Motion (doc. 34). To date, the Corrections Defendants have neither been served with a copy of this "Motion" nor have they been served with a copy of the supporting brief or affidavits as required by Fed.R.Civ.P. 5, Pa.MDLR 7.2.

Pa.MDLR 7.3, and the Court's Standing Practice Order (doc 7), that applies
to *pro se* indigent prisoner Plaintiffs, such as Mr. Smith, absent express
revocation in a specific case by the Court through Pa.MDLR 1.2.

16.  The Court, by Order dated November 8, 2001, granted the Corrections
Defendants leave to depose Smith. See Order (doc. 37).

17.  On November 19, 2001, the Corrections Defendants were served with a
document titled "Motion for Enlargement of Time *Nunc Pro Tunc*" and on
November 14, 2001, were served with a document titled "Objection to
Interrogatories *Nunc Pro Tunc*." See Supporting Documents to the
Corrections Defendants' Brief in Opposition to Smith's Objections (doc. 43),
Exhibits C and D.  In reviewing the Court docket, there is no indication that
Plaintiff filed the documents with the Clerk of Courts.  However, in
recognition of Smith's *pro se* status, the Corrections Defendants filed a brief
in opposition to his "objections" on December 5, 2001. See Brief and
Supporting Documents, (docs. 42,43).  A decision on Plaintiff's objections
and the Corrections Defendants' response is pending.

18.  On November 30, 2001, Smith filed a "Motion for Temporary Restraining
Order *Nunc Pro Tunc*" (doc. 39).  The Court, by Order dated December 6,

5

2001, directed Smith to serve his November 30, 2001 Motion for a TRO (doc. 39) upon all defendants, to file with the Court a certificate of service, and directed the Defendants to respond to Plaintiff's TRO within fifteen (15) days of service of the Motion. See Order (doc. 41). To date, the Corrections Defendants have neither been served with a copy of this "Motion" nor have they been served with a copy of the supporting brief or affidavits as required by Fed.R.Civ.P. 5, Pa.MDLR 7.2. Pa.MDLR 7.3, and the Court's Standing Practice Order (doc 7), that applies to *pro se* indigent prisoner Plaintiffs, such as Mr. Smith, absent express revocation in a specific case by the Court through Pa.MDLR 1.2.

19.    The Court docket indicates that on December 17, 2001, Smith filed a motion to extend time by ninety (90) days, as well as, objections to Interrogatories *nunc pro tunc.* To date, the Corrections Defendants have not been served with a copy of this "Motion;" however, it is possible, given the holidays and the United States Mail system, that the documents may be delayed if they were served on the Corrections Defendants.

20.    Finally, and for purposes of this Motion, the Court, by Order dated December 6, 2001, directed the Defendants to file a response to Plaintiff's

Motions for TROs (docs. 5, 18) on or before December 30, 2001;

accordingly, a response is now due. <u>See</u> Order (doc. 40).

## Motion for Enlargement of Time:

21.    The Corrections Defendants, by and through their undersigned attorney,

respectfully request an enlargement of time until January 20, 2001 to file

their response to Plaintiff's Motions for Temporary Restraining Orders.

22.    Federal Rule of Civil Procedure 6(b) provides, in part, that "[w]hen by these

rules . . . an act is required or allowed to be done at or within a specified

time, the court for cause shown may at any time in its discretion . . . order the

period enlarged if request therefore is made before the expiration of the

period originally prescribed . . . ."

23.    The Corrections Defendants request an enlargement of time for multiple

reasons.

24.    First, in reviewing Mr. Smith's Motion for a TRO filed on May 10, 2001

(doc. 5), the Motion for a TRO filed on July 11, 2001 (doc. 18), it appears

that the same averments and arguments are contained in the Amended

Complaint also filed on July 11, 2001 (doc. 20).  Mr. Smith is seeking an

extraordinary remedy from this Honorable Court, yet both Motions for the

7

TROs fail to present prima facie evidence of: (1) a reasonable probability of eventual success on the merits of the case; (2) a showing that Mr. Smith will be irreparably harmed by denying his Motions; (3) a showing of no adverse impact upon other parties interested in the proceedings; and (4) a showing that injunctive relief would serve the public interest.  See Alessi v. Pa. Department of Public Welfare, 893 F.2d 1444 (3d Cir. 1990).

25.    Here, Mr. Smith seeks an affirmative order of this Court to direct the Department of Corrections, at their expense, to take him to outside medical specialists to determine if he is being deprived of health care, and then to have the results presented to the Court for review.  Further, Mr. Smith seeks an affirmative order of this Court to stop alleged retaliation by the Defendants at SCI-Coal Township.  Together, the relief sought is the same, absent damages, that Mr. Smith is requesting from his Amended Complaint.

26.    Even based on the facts as alleged in Mr. Smith's numerous court filings presented to this Honorable Court, it is clear that he is receiving medical treatment for his various conditions from numerous physicians, and that this dispute is really a difference of opinion as to the appropriateness of the

treatment given, rather that any deliberate indifference by the Corrections

Defendants.

27.    Further, Mr. Smith's Motions are critically defective in prima facie evidence

showing that there will be no adverse impact on the Corrections Defendants

(and the Department of Corrections as an other party interested in the

proceedings) by granting the relief he requests.  In fact Mr. Smith seeks to

have the Department of Corrections, and the taxpayers of the

Commonwealth, pay for the expenses associated with the medical

examinations, without substantial justification that the relief is necessary to

serve the public interest of an inmate already receiving treatment from

multiple licensed physicians.

28.    Regarding his alleged retaliation, Mr. Smith fails to set forth the necessary

elements beyond mere conclusion and speculation, as required by Rauser v.

Horn, 241 F.3d 330, 333 (3d. Cir. 2001)(setting forth the elements required

for a prisoner's cause of action for retaliation and the burden of proof he

must carry to succeed.)

29.    Accordingly, because Mr. Smith fails to meet his burdens for the

extraordinary remedy of a TRO for immediate relief, and the arguments in

the Motions are also before the Court as the underlying claims in the Amended Complaint, the Corrections Defendants request an enlargement of time (should a response beyond the above mentioned paragraphs be necessary), so that discovery may be conducted and the appropriate dispositive motions filed.

30. Second, as noted in the lengthy procedural history above, the Corrections Defendants have tried to obtain the cooperation of Mr. Smith in discovery. Given his *pro se* status and the poorly drafted Amended Complaint, the Corrections Defendants seek additional information from Mr. Smith, as stated in their Brief in Opposition to his Objections (doc. 43). The Corrections Defendants, in cooperation with the Department of Corrections, have provided Mr. Smith with the means and ability to respond to their discovery requests that will help shape the scope of this action. Accordingly, the Corrections Defendants respectfully request an enlargement of time until January 31, 2002, to respond to the Motions for TROs so that they can receive the outstanding discovery responses and utilize the information therein in framing their response to the TROs.

31.   Third, the Corrections Defendants seek an enlargement of time so that their undersigned attorney may coordinate with the Wexford Defendants' counsel a mutually convenient time (after service of the outstanding discovery requests) to depose Mr. Smith through videoconference technology.  The Corrections Defendants submit that the deposition will assist the parties and the Court in resolving this dispute.

32.   Finally, the Corrections Defendants seek an enlargement of time to respond so that their attorney can consult his clients, and obtain documents and declarations to support their Brief in Opposition to Plaintiff's Motion for TROs.

33.   Mr. Young, counsel for the Wexford Defendants, et al., concurs with the Corrections Defendants request for an enlargement of time.

**WHEREFORE**, for the reasons set forth above, the Corrections

Defendants' respectfully request the Court to grant them an enlargement of time

until January 31, 2002 to respond to Mr. Smith's Motions for Temporary

Restraining Orders (docs. 5 and 18).

Respectfully submitted,

John J. Talaber
Assistant Counsel
Attorney Id. No. 83279

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  December 20, 2001

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH,                                    :
                                              :
              Plaintiff,                      :
                                              :  Civil No. 1:01-0817
                                              :
        v.                                    :  (Judge William W. Caldwell)
                                              :
JAMES MORGAN, et al.,                         :  (Magistrate Judge Malachy E. Mannion)
                                              :
              Defendants.                     :

## CERTIFICATE OF SERVICE

I undersigned hereby certifies that a copy of the Corrections Defendants' Motion for an

Enlargement of Time to File the Brief in Opposition to Plaintiff's Motions for Temporary

Restraining Orders in this matter was served upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:

Kim Smith, CT-2162                     James D. Young, Esquire
SCI-Coal Township                      Lavery, Faherty, Young and Patterson, P.C.
1 Kelley Drive                         301 Market Street
Coal Township, PA  17866-1020          P.O. Box 1245
                                       Harrisburg, PA  17108-1245


                                       _Jenny J Schade_
                                       Jennifer L. Schade
                                       Clerk Typist II

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  December 20, 2001