IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM SMITH, | : | NO.: 1:CV01-0817 |
| Plaintiff | : | |
| | : | (Caldwell, J.) |
| vs. | : | |
| | : | (Mannion, M.J.) |
| WEXFORD HEALTH SOURCES, | : | |
| INC., et al., | : | JURY TRIAL DEMANDED |
| Defendants | : | |

**DEFENDANTS, WEXFORD HEALTH SOURCES, INC.;
RONALD LONG, M.D.; S. CRAIG HOFFMAN, P.A.;
AND MELINDA BAKER, P.A.'S BRIEF IN OPPOSITION
TO PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF**

I.  **STATEMENT OF FACTS AND PROCEDURAL HISTORY:**

On May 10, 2001, the *pro se* Plaintiff, an inmate at the State Correctional Institution, Coal Township, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was previously incarcerated at SCI-Smithfield. Plaintiff has named 28 officials and/or employees of the

Pennsylvania Department of Corrections as Defendants. The Complaint also names Wexford Health Sources, Inc.; Ronald Long, M.D.; S. Craig Hoffman, P.A.; and Melinda Baker, P.A. (hereinafter "Wexford Defendants") as Defendants.

In this civil action, it appears that Plaintiff is attempting to assert a plethora of complaints, including denial of medical care for conditions such as sleep apnea, body sores, foot fungus, arthritis, a left wrist injury, stomach problems, a double hernia, dizziness, headaches, a "fisher/boil boil on [his] anus", diabetes, and Hepatitis C; denial of access to his legal mail; denial of access to educational programs; the use of excessive force by staff members; denial of due process at a misconduct hearing; harassment by prison officials; unlawful searches of his cell; the filing of false reports by prison officials; the destruction of his personal property; denial of access to the law library; and denial of diabetic meals. In other words, Plaintiff's initial Complaint aimed in the general direction of the Constitution with buckshot.

By Order dated June 6, 2001, this Honorable Court opined that Plaintiff's filing was disorganized and difficult to decipher. In that Order,

the court also noted that Plaintiff failed to set forth in a coherent manner the facts forming the basis of each claim and how each Defendant was specifically involved in any alleged violation of his Constitutional rights. Moreover, based upon the pleading filed by Plaintiff, the court could not determine whether Plaintiff had properly exhausted available administrative remedies prior to initiating this civil action. Plaintiff was afforded 30 days within which to file an Amended Complaint addressing the deficiencies identified with respect to the initial pleadings.

On June 20, 2001, this Honorable Court granted Plaintiff's Motion for Enlargement of Time and afforded 30 days from the date of that Order within which to file the Amended Complaint. At that time, the court also directed the Secretary's Office of Inmate Grievances and Appeals to serve upon the court and the Plaintiff any and all information relating to Plaintiff's exhaustion of administrative remedies concerning the various grievances filed by the Plaintiff concerning his conditions of confinement. On June 22, 2001, Plaintiff filed a supplement to his original Complaint which was returned to him by Order dated July 3, 2001.

3

On July 11, 2001, the Plaintiff submitted an Amended Complaint and a packet of exhibits relating to the exhaustion of his administrative remedies. At that time, Plaintiff also filed a Motion for a Temporary Restraining Order. On July 19, 2001, the Secretary's Office of Inmate Grievances and Appeals filed a response to the court's Order of June 20, 2001. In an Order filed on August 3, 2001, Magistrate Judge Mannion directed the Clerk of Court's office to serve copies of the Amended Complaint and other pleadings upon the Defendants.

The Wexford Defendants were served via a Waiver of Service of Summons and Complaint dated September 7, 2001. On November 6, 2001, the Wexford Defendants filed a Waiver of Reply to Plaintiff's Amended Complaint in accordance with the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997(e), as amended by § 803(d) of the Prison Litigation Reform Act of 1995. In their responsive pleading, the Wexford Defendants denied any and all liability to the Plaintiff and asserted all available affirmative defenses to the Amended Complaint.

On November 29, 2001, Plaintiff filed another Motion for a Temporary Restraining Order, but failed to serve a copy of that pleading

upon undersigned defense counsel as required by Rule 5, Federal Rules of Civil Procedure. By Order dated December 6, 2001, this Honorable Court directed Defendants to file a response to Plaintiff's Motion for a Temporary Restraining Order within ten days. Pursuant to Rule 6(a), Federal Rules of Civil Procedure, Defendants' response is due on December 20, 2001. The Wexford Defendants file this Brief in Opposition to Plaintiff's Motion for a Temporary Restraining Order.

## II. QUESTION PRESENTED:

A. WHETHER PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER SHOULD BE DENIED SINCE PLAINTIFF HAS FAILED TO ALLEGE FACTS ESTABLISHING ENTITLEMENT TO INJUNCTIVE RELIEF?

## III. ARGUMENT:

A. THE PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF OR A TEMPORARY RESTRAINING ORDER AGAINST THE DEFENDANTS.

1. Standard for Injunctive Relief and/or Temporary Restraining Order.

The standard for a preliminary injunction is the same as that for ruling on a temporary restraining order. Bieros v. Nicola, 857 F. Supp. 455,

456 (E.D. Pa. 1994). Injunctions may issue in only exceptional and extraordinary circumstances. <u>Frank's GMC Truck Center v. General Motors Corp., Inc.</u>, 847 F.2d 100, 102 (3d Cir. 1988). The grant or denial of a motion for injunctive relief is within the sound discretion of the district judge. <u>Kershner v. Mazurkiewicz</u>, 650 F.2d 440, 443 (3d Cir. 1982). A preliminary injunction is not granted as a matter of right. <u>Kershner</u>, 670 F.2d at 443, <u>citing</u> <u>Eli Lilley & Company v. Premo Pharmaceutical Laboratories, Inc.</u>, 630 F.2d 120, 136 (3d Cir.), <u>cert. denied</u>, 449 U.S. 1014 (1980). The moving party must demonstrate: (1) the likelihood of success on the merits; (2) irreparable harm; (3) the possibility to harm to other interested persons from the grant or the denial of the injunction; and (4) the public interest. <u>Acierno v. New Castle County</u>, 40 F.3d 645, 652 (3d Cir. 1994), <u>E.C.R.I. v. McGraw-Hill, Inc.</u>, 809 F.2d 223, 226 (3d Cir. 1987); <u>In Re: Arthur Treacher's Franchisee Litigation</u>, 689 F.2d 1137, 1143 (3d Cir. 1982). Furthermore, "when the preliminary injunction is directed not merely at preserving the status quo but...at providing mandatory relief, the burden on the moving party is particularly heavy." <u>Punnett v. Carter</u>, 621 F.2d 578, 582 (3d Cir. 1980).

6

In this case, Plaintiff is not seeking injunctive relief to preserve the status quo during the litigation. Rather, Plaintiff is seeking mandatory relief in the form of a court intervention to change the conditions of his confinement. The Wexford Defendants contend that Plaintiff has not and cannot meet his heavy burden of proof to establish entitlement to injunctive relief under the circumstances of this case. Thus, Plaintiff's Motion for a Temporary Restraining Order must be denied as a matter of law.

2. <u>Plaintiff's claims for injunctive relief against the Wexford Defendants is moot.</u>

To the extent that Plaintiff's Motions for Temporary Restraining Orders can be construed as asserting claims for injunctive relief against the Wexford Defendants, those claims are moot. In that regard, Wexford Health Sources, Inc. is the contracted medical provider at SCI-Smithfield. Wexford employs Dr. Long, Physician Assistant Hoffman and Physician Assistant Baker to provide medical services to inmates at SCI-Smithfield. In his Amended Complaint, Plaintiff acknowledges that he is no longer incarcerated at SCI-Smithfield. Since Plaintiff is no longer under the care of

7

Wexford Defendants, his claims for injunctive relief against them, if any, are moot.

    3.    <u>Plaintiff cannot establish a likelihood of prevailing on the merits.</u>

In <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976), the Supreme Court held that the Eighth Amendment's prohibition against cruel and unusual punishment is violated by "deliberate indifference to serious medical needs of prisoners." <u>Id.</u> at 104. The <u>Estelle</u> standard is two-pronged: "[i]t requires deliberate indifference on the part of the prison officials and it requires the prisoner's medical needs to be serious." <u>Farmer v. Carlson</u>, 685 F. Supp. 1335 (M.D. Pa. 1988). The Supreme Court's decisions in <u>Hudson v. McMillian</u>, 503 U.S. 1 (1992), <u>Wilton v. Seiter</u>, 501 U.S. 294 (1991) and <u>Whitley v. Albers</u>, 475 U.S. 312, 320 (1986) mandate that a plaintiff must show both the objective and subjective components to succeed on Eighth Amendment-based civil rights claims. This standard applies to any of a variety of "conditions" claims including medical care, which is the subject of the present action. <u>Wilson</u>, 501 U.S. at 303-4. In <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994), the court clarified the definition of these components.

8

Following Farmer, prison officials will be liable in an Eighth Amendment conditions case only if "the official knows of and disregards an excessive risk to inmate health or safety." Farmer, 114 S.Ct. at 1979.

Estelle found that prisoner complaints which are directed at the wisdom or quality of the medical care received will not state an Eighth Amendment violation under Section 1983, even if that treatment was so negligent as to amount to malpractice. Estelle, 429 U.S. at 107. In Little v. Lycoming County, 912 F.Supp. 809, 815 (M.D. Pa. 1996), the district court explained that deliberate indifference is more than an inadvertent or good faith error, it is characterized by obduracy and wantonness. The court went on to explain that prison medical authorities are given considerable latitude with respect to diagnosis and treatment of inmates. Id. "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment... which remains a question of sound professional judgment." Id. "The key question... is whether defendants have provided plaintiff with some type of treatment, regardless of whether it is what plaintiff desires." Id. at 816. "Absent evidence of the requisite [mental] intent to establish indifference [a] plaintiff cannot sustain a Section

9

1983 action....". <u>Bednar v. County of Schuylkill</u>, 29 F. Supp. 2d 250, 253-54 (E.D. Pa. 1998) (citations omitted).

It is readily apparent from the Plaintiff's pleadings filed to date, and the documents attached thereto, that Plaintiff has received considerable, ongoing treatment from various prison medical providers for a litany of ailments and/or conditions. It is also readily apparent that Plaintiff has disagreed with the course of treatment recommended by the medical professionals at the various facilities. Such a disagreement between an inmate and a medical professional, however, without more, simply does not rise to the level of an actionable Eighth Amendment claim. Consequently, Plaintiff cannot establish a reasonable likelihood of prevailing on his claims of deliberate indifference to a serious medical need. Consequently, Plaintiff's Motion for a Temporary Restraining Order must be denied as a matter of law.

    4.    <u>Plaintiff cannot establish irreparable harm.</u>

"A failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." <u>Arthur Treacher's</u>, 689 F.2d at 1143. To prove irreparable

injury, establishing a risk of irreparable harm is not enough to justify a preliminary injunction. Plaintiff has the burden of proving a clear showing of immediate, irreparable injury as opposed to a possibility of future harm. Continental Group, Inc. v. Amoco Chemical Corp., 614 F.2d 351, 359 (3d Cir. 1980). The "requisite feared injury or harm must be irreparable - not merely serious or substantial" and it "must be of a peculiar nature, so that compensation of money cannot atone for it." E.C.R.I., 809 F.2d at 226, citing Glasco v. Hills, 558 F.2d 179, 181 (3d Cir. 1977).

In addition, it has been held that a constitutional harm is not necessarily synonymous with irreparable harm needed for the issuance of a preliminary injunction. Hohe v. Casey, 868 F.2d 69, 73 (3d Cir.), cert. denied, 493 U.S. 848 (1989). The standard remedy for a violation of 42 U.S.C. §1983 is compensatory damages. Hohe, 866 F.2d at 73, n.6. "To the extent that Congress intended that awards under Section 1983 should deter the deprivation of constitutional rights, there is no evidence that it meant to establish a deterrent more formidable than that inherent in the award of compensatory damages." Hohe, 868 F.2d at 73, n.6, quoting Carey v. Piphus, 435 U.S. 247 (1978).

In order to obtain injunctive relief, Plaintiff has the burden of proof of establishing a clear showing of immediate, irreparable injury as opposed to a possibility of future harm. <u>Continental Group, Inc. v. Amoco Chemical Co.</u>, 614 F.2d 351, 359 (3d Cir. 1980). Neither the Complaints nor the Request for a Temporary Restraining Order have alleged any emergent and/or acute medical condition. Based upon Plaintiff's own pleadings, it is patently obvious that Plaintiff cannot meet his burden of proof. Therefore, Plaintiff's request for injunctive relief must be denied as a matter of law.

> 5. <u>Balancing the possibility of harm to other interested persons from the grant or denial of the injunction.</u>

Plaintiff's complaint and request for injunctive relief are nothing more than an attempt to second-guess treatment decisions of various prison medical professionals. Federal courts, however, are generally reluctant to second-guess medical judgments. <u>Nottingham v. Pioria</u>, 709 F.Supp. 542, 547 (M.D.Pa. 1988); <u>Farmer v. Carlson</u>, 685 F.Supp. 1335, 1341 (M.D.Pa. 1988). Considerable latitude is to be given to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. <u>Nottingham</u>, 709 F.Supp. at 547. In his request for injunctive relief, Plaintiff is indeed asking this Honorable Court to second-

guess the medical judgment of various medical professionals and to take away the latitude that is afforded to the prison medical staff in treating the Plaintiff. This, of course, is inappropriate under the law. Moreover, a difference of opinion as to the best treatment or a particular treatment falls short of establishing a claim under the Eighth Amendment. Suarez v. Camden County Board of Chosen Freeholders, 972 F.Supp. 269, 276 (D.N.J. 1997); citing Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The Wexford Defendants contend that the balancing of the respective interests militates in favor of denying Plaintiff's request for injunctive relief. Prison medical officials exercise their professional judgment in making treatment decisions affecting thousands of inmates in the state correctional system on a daily basis. The Eighth Amendment was not intended to provide a vehicle for inmates to pursue a civil action every time they disagree with a treatment decision. Moreover, absent a showing of deliberate indifference, the United States District Courts should not second-guess the professional judgments of prison medical officials with respect to the diagnosis and treatment of the medical problems of inmate

13

patients. It is readily apparent that the issuance of a temporary restraining order and/or preliminary injunction in this case will result in greater harm to the prison health care system than preserving the status quo.

### 6. <u>The public interest.</u>

The Wexford Defendants also contends that the denial of Plaintiff's request for injunctive relief will further the public interest. Our § 1983 jurisprudence affords considerable latitude to prison officials to exercise sound penologic judgments with respect to the internal operations at their facilities. Plaintiff's request for injunctive relief is contrary to the public policy as developed in the prisoner litigation over the last quarter of a century. Consequently, Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction must be denied as a matter of law.

## IV. <u>CONCLUSION:</u>

For the reasons advanced herein, the Wexford Defendants respectfully request that this Honorable Court deny Plaintiff's Motion for Temporary Restraining Order.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

Date: 12/20/2001        By: *James D. Young* (signature)

James D. Young, Esquire
Attorney I.D. #53904
P.O. Box 1245
Harrisburg, PA  17108-1245
(717) 233-6633
Attorney for Defendants,
Wexford Health Sources, Inc.;
Ronald Long, M.D.;
S. Craig Hoffman, P.A.; and
Melinda Baker, P.A.

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 20th day of December, 2001, I served a true and correct copy of the foregoing **Defendants, Wexford Health Sources, Inc.; Ronald Long, M.D.; S. Craig Hoffman, P.A.; and Melinda Baker, P.A.'s Brief in Opposition to Plaintiff's Request for Injunctive Relief** via U.S. First Class mail, postage prepaid, addressed as follows:

Kim Smith
CT-2162
SCI-Coal Township
1 Kelley Drive
Coal Township, PA 17866-1020

John Talaber, Esquire
Assistant Counsel
Pennsylvania Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011

_____
Linda L. Gustin