UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH,                          :

    Plaintiff               : CIVIL ACTION NO. 1:01-0817

v.                                  :    (CALDWELL, J.)
                                          (MANNION, M.J.)
JAMES MORGAN, et al.,               :

    Defendants              :

FILED SCRANTON JAN 02 2002 PER [signature] DEPUTY CLERK

O R D E R

Presently pending before the court are two (2) documents filed by the plaintiff: (1) plaintiff's "Motion for Enlargement of Time Nunc Pro Tunc", (Doc. No. 44); and (2) plaintiff's "Objections to Interrogatories Nunc Pro Tunc", (Doc. No. 45).

By way of relevant background, the Corrections Defendants filed a motion and supporting brief for leave to depose the plaintiff on November 6, 2001. (Doc. Nos. 35 & 36). On the same day, the Corrections Defendants served the plaintiff with interrogatories and a request for production of documents. (See Doc. No. 42).

By order dated November 8, 2001, the court granted the Corrections Defendants' motion for leave to depose the plaintiff. (Doc. No. 37).

On November 19, 2001, the Corrections Defendants were served with the plaintiff's "Motion for Enlargement of Time Nunc Pro Tunc". (See Doc. No. 42).[1]

---

[1]Although the Corrections Defendants were served with this document on November 19, 2001, it was not filed with the court until December 17, 2001. (See Doc. No. 44).

1

On November 21, 2001, the Corrections Defendants were served with the plaintiff's "Objection to Interrogatories Nunc Pro Tunc". (See Doc. No. 42).[2]

On December 5, 2001, the Corrections Defendants filed a brief in opposition to the above documents, along with exhibits in support thereof. (Doc. Nos. 42 & 43).

On December 17, 2001, the above documents were filed with the court by the plaintiff. (Doc. Nos. 44 & 45).

Although the plaintiff titles the first document a "Motion for Enlargement of Time Nunc Pro Tunc", he refers to the document as a "Motion for Deposition". (See Doc. No. 44, Attached Proposed Order). In this document, the plaintiff seeks to have this court order the defendants to take his deposition and use the deposition testimony in lieu of his answering the interrogatories served upon him by the defendants. The plaintiff argues that he is unable to comply with the defendants' written discovery requests because of his indigence.

Initially, to the extent that the plaintiff requests this court to direct the Corrections Defendants to take his deposition, the plaintiff's request is moot, as the court has already granted the Corrections Defendants' motion for leave to depose the plaintiff by order dated November 8, 2001.

Moreover, to the extent that the plaintiff argues that he is unable to respond to the Corrections Defendants' written discovery

---

[2]Although the Corrections Defendants were served with this document on November 21, 2001, it was not filed with the court until December 17, 2001. (See Doc. No. 45).

2

requests due to his indigence, with respect to the interrogatories, the plaintiff needs only to provide a written response on the documents provided by the defendants and return them to the Corrections Defendants' counsel. The plaintiff has shown through his numerous filings with the court, including the instant pending motions, that he has the ability to afford the postage necessary to return the interrogatories.

With respect to the request for production of documents, the request provides that in lieu of the plaintiff copying and mailing the various requested documents to the Corrections Defendants' counsel, he may simply make arrangements with the Superintendent's Assistant to produce for examination and inspection any relevant documents which he has in his possession responsive to the Corrections Defendants' request for production. By using this method, the plaintiff would avoid incurring any copying or mailing costs.

Based upon the foregoing, the plaintiff's claim that he is unable to respond to the Corrections Defendants' written discovery requests due to his indigence is without merit.

In the second document filed with the court titled "Objections to Interrogatories <u>Nunc</u> <u>Pro</u> <u>Tunc</u>", (Doc. No. 45), the plaintiff lists what are apparently brief objections to some of the interrogatories served upon him by the defendants. Moreover, he again argues that he cannot adequately respond to the defendants' interrogatories and request for production of documents because of his indigence. Finally, the plaintiff again

3

requests that his deposition be used in lieu of any response by him to the Corrections Defendants' discovery requests. (Doc. No. 45).

Initially, the plaintiff's "objections" to the Corrections Defendants' interrogatories are insufficient. The Third Circuit has held that "the mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory." See Redland Soccer Club, Inc. v. Department of Army of U.S., 55 F.3d 827, 856-57 (3d Cir. 1995)(citing Josephs v. Harris Corp., 677 F.2d 985 (3d Cir. 1982)). Instead, "the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." Id. In this respect, the plaintiff's objections are lacking.

Moreover, as stated above, although the plaintiff indicates that he is unable to respond to the Corrections Defendants' written discovery requests due to his indigence, the only expense which would be incurred by the plaintiff in responding to the discovery requests would be the cost of postage for returning the Corrections Defendants' interrogatories to counsel. Again, the plaintiff has shown through his numerous filings with the court that he has the ability to afford the postage necessary to return the interrogatories.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

(1) the plaintiff's "Motion for Enlargement of Time <u>Nunc</u>

Pro Tunc", (Doc. No. 44), and "Objections to Interrogatories Nunc Pro Tunc, (Doc. No. 45), are **DENIED**;

(2) the plaintiff is directed to respond to the Corrections Defendants' interrogatories and request for production of documents to the best of his ability within twenty (20) days of the date of this order; and

(3) if the plaintiff is unable to respond to any interrogatory or request for production, he is to indicate that he is unable to respond in his response to the interrogatory or request and provide a detailed explanation as to why he is unable to do so.

MALACHY E. MANNION
United States Magistrate Judge

Date: December 28, 2001

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

January 2, 2002

Re:  1:01-cv-00817   Smith v. Weaver

True and correct copies of the attached were mailed by the clerk
to the following:

    Kim Smith
    SCI-COAL
    CT-2162
    SCI Coal Township
    1 Kelley Drive
    Coal Township, PA   17866-1020

    John J. Talaber, Esq.
    PA Dept. of Corrections
    55 Utley Dr.
    Camp Hill, PA   17011

    James D. Young, Esq.
    Lavery & Associates, P.C.
    301 Market Street
    P.O. Box 1245
    Suite 800
    Harrisburg, PA   17108-1245

    James D. Young, Esq.
    Lavery, Faherty, Young & Patterson, P.C.
    301 Market St., Suite 800
    P.O. Box 1245
    Harrisburg, PA   17108-1245

```
cc:
Judge                          ( )           ( ) Pro Se Law Clerk
Magistrate Judge               ( )           ( ) INS
U.S. Marshal                   ( )           ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( ) with N/C attached to complt. and served by:
                                   U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( ) with Petition attached & mailed certified mail
                                   to:  US Atty Gen    ( )   PA Atty Gen ( )
                                        DA of County   ( )   Respondents ( )
Bankruptcy Court               ( )
Other_____    ( )
                                                    MARY E. D'ANDREA, Clerk

DATE: __1/2/02_____               BY: __S_____
                                              Deputy Clerk
```