JUDGE'S COPY

Copy 54

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH
    Plaintiff

      vs.

JAMSE MORGAN et, al.,
    Defendants

:Civl No. 1:01-0817
:
:(Judge W.W. Caldwell)
:
:(Magistrate Judge M.E. Mannion)
:
:Jury Trial Demanded
:
:
:
:
:

FILED
HARRISBURG

JAN 2 8 2002

MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

## PLAINTIFF'S REPLY
## TO DEFENDANTS REQUEST FOR DOCUMENTS

     **AND** now this 18th day of Jan. 2002 and after repeated request to get the 460 page exhibit copied to accompany the interrogatories that have been requested by the defendants counsel, and the producing of documents or tangoble things reports, reuqest to staff, grievances. misconduct appeals in accordance with Fed. R.Civ. P. 26 and 34 and rule 26.1 et seq. of the Rules of Court for the Federal District Court for the Middle District of Pennsylvania and according with the instruction given plaintiff. Institutional staff Mr. Smith, Mr. Moser, Ms Dascania, Deputy Johns and Warden Gillis has failed to ahear to request by plantiff for copies to comply with order and request by Correctional Institutional Counsel.

    At present plaintiff is without the $ 150.00 that it would take to copy the requested documents, and since plaintiff has to pay filing fees for appeals in the State Supreme Court at No 175 WT 2002, and No 188 Wt 2002, and Apeal to the Commonwealth Courts at no. 2155 of 2001, and 254 of 2001 and to this court the filing fee for 1:01-0817 plaintiff does not have the funds to copythese documents, nor will plaintiff turn over his only evidence to support his claim to institutional staff as what was requested by Mr. Smith. I refuse to turn over material to the parties whos behavior and act are under question, and defense counsel can not exspect plaitiff to give these seems staff whom he dose not trust and are named in this action the copy that he has.

    More over the institutional staff should have record of most request and grievance and misconduct of plaintiff, in his file, and plaintiff has no funds to copy such.

    For these reason and the fact that plaintiff's request have not been answered by institutional staff, plaintiff is unable to attach exhibits to his interrogatories that has been requested by institutional counsel.

    Where for plaintiff prays step will be taken by all parties to obtain plaintiff record and exhibits that he has.

    At present plaintiff has attached his only copy of a reply from Ms. Dascani to the court and if counsel wish to have such they will have to get such from the court as plaintiff can not afford copies.

RESPECTFULLY SUBMITTED

VERIFICATION

I Kim Smith swear/affirm, that under the penalties of perjury provided for under 18 Pa. C.S. § 4904 ( unsworn falsification ) that the facts contained here in are true and correct to the best of plaintiff knowledge and understanding.

_____
Petitioner

Date 1-18-02
Kim Smith CT-2162
1 Kelley Dr.
Coal Township  Pa. 17866-1021

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRCIT OF PENNSYLVANIA

Kim Smith

     Plaintiff                :Civil No. 1:01-0817

                            :

                            :(Judge W.W. Caldwell)

       vs.                  :

                            :(Mastrate Judge M.E. Mannion)

James Morgan, et al.,          :

       Defendants           :Jury Trial Demanded

                            :

                            :

                            :

                            :

## CERTIFICATE OF SERVICE

    I the undersigned hereby certifiy that a copy of the Correction Defendants Interrogatories to plaintiff in this matter was served upon the below listed parties / or persons or counsel for the defendants in the manner of turning legal mail over to block officer, Mr. Moser, and Mr. Vocekler Business to forward to the United States Postal Service to Mail first class mail to the below listed parties in cocompliance with the mail box rule for institutionalized persons.

John J. Talaber Esq.
Office of Chief Counsel
Pennsylvania Department of Correction
55 Utley Dr.
Camp Hill, Pa. 17011

James D. Young Eq.
301 Market St.
P.O. Box 1245
Harrisburg  Pa. 17108-1245

Office of the Clerk
United States District Court
Middle District of Pennsylvania
Mary E. D'Andrea
Federal Building Rm. 1060
228 Walnut St.
P.O.Box 983
Harrisburg  Pa. 17108-0983

Kim Smith

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM SMITH, | : | NO.: 1:CV01-0817 |
| Plaintiff | : | |
| | : | (Caldwell, J.) |
| vs. | : | |
| | : | (Mannion, M.J.) |
| WEXFORD HEALTH SOURCES, | : | |
| INC., et al., | : | JURY TRIAL DEMANDED |
| Defendants | : | |

## EXPERT WITNESS INTERROGATORIES OF DEFENDANTS, WEXFORD HEALTH SOURCES; RONALD LONG, M.D.; S. CRAIG HOFFMAN, P.A.; AND MELODY BAKER, P.A., ADDRESSED TO PLAINITFF

These Interrogatories are propounded pursuant to the Federal Rules of Civil Procedure and are to be answered by the Plaintiff(s) in accordance therewith. Plaintiff(s) are required to answer these Interrogatories in writing under oath, based upon all information available to them and to their attorneys, employees, and other agents, or representatives. Plaintiff(s) are also required to serve answers to these Interrogatories within thirty (30) days, and supplement their answers in accordance with the Federal Rules of Civil Procedure.

These Interrogatories are to be answered by the Plaintiff(s).

## INSTRUCTIONS

A.   The words "you" or "your" when used herein refer to all Plaintiff(s), their agents, servants and/or employees.

B.   "Identity" when used herein with respect to an individual means to state: (l) the person's full name and present or last known address; and (2) the person's position, employer and employer's address at the time of the events referred to in the Interrogatory.

C.   "Identity" when used herein with respect to an entity other than an individual (e.g., a corporation, partnership, unincorporated association, governmental agency, etc.), or a division or subdivision thereof, means to state the full name and present or last

known address of the entity, and, if applicable, the full name and present or last known address of the entity's division or subdivision.

D.    "Document" when used herein means any record, including any object containing written, printed, or magnetically recorded information, a graphic or photographic representation, or sound. "Document" includes the original or any copy of any statement, report, letter, memorandum, book, article, note, blueprint, drawing, sketch, photograph, motion picture, videotape, sound recording. "Document" also includes any card, disc, tape, printout or any other article designed for use with a computer or other word or data processing system.

E.    "Identify" when used herein with respect to a document means to state:  (1) the nature of the document (i.e., whether it is a statement, report, etc.); (2) the title of the document, or, if the document has no title, a description of the document; (3) the identity of the person or persons who prepared the document; (4) the identity of the person or persons for whom the document was prepared or to whom the document was directed; (5) the date the document was prepared; and, (6) the identity of the present custodian of the document or any copy of the document.

F.    When the word "incident" is used in these Interrogatories it is to refer to those occurrences alleged in Plaintiff's Amended Complaint.

1.   State the names and home and business addresses of all persons whom you expect to call as expert witnesses at the trial of this matter.

**ANSWER:** Not sure at this time, have not been referred to any outside Dr, may not be able to obtain such from other medical professional until released to get opinion, and related treatment

Dr Long, Pa Hoffman, Pa Baker, Dr who operated on boil on but, B. Weaver, Nurse Bular, Ms Burks, Dr John C.O. Creek, C.O Whysong, a Zimmerman, H. Zimmerman P Yarger, a Wright, K. Allen

3

2.     For all those persons named in the answer to Interrogatory No. 1, state their occupations, and if they specialize in any particular field, set forth their areas of specialization.

**ANSWER:** All medical personel at SCIs that I saw were general practitioner with no specialized training that I know of.

Attoona Hosp. Sleep study unit

Attoona Pominlogist Attoona Pa
        Lung Study

4

3.     Set forth the qualifications of each expert.  In doing so, list:  the schools each has attended,  including  years  in  attendance  and  degrees  received; experience in particular fields, including names and addresses of employers with inclusive years of employment; and a list of all publications authored by said persons, including the title of the work, the name of the periodical or book in which it was printed, and the date of its printing.  (If the persons listed in the answer to Interrogatory No. 1 print, mimeograph or otherwise reproduce a list of qualifications, you may attach a copy of same in lieu of answering this Interrogatory).

**ANSWER:** I do not know the information, names address schools etc, I now I went to altoona, and J.C Blair sleep study unitied, and for a comprehensive lung study, at I believe in was Altoona Lung Center

4.    Set forth the facts to which each such expert is expected to testify.

**ANSWER:** unknown; status of sleep disorder and results of testing

5.    Set forth the opinion to which each such expert is expected to testify.

**ANSWER:** *unknown*

6.    Set forth in detail the factual information and materials supplied to each such expert.

**ANSWER:** medical reports, testing results of test token

7.     Set forth a summary of the grounds (other than the facts requested in Interrogatory No. 1) for each such opinion, including, but not limited to any tests or experiments conducted and any text material upon which the expert witness will rely.  Identify all such texts, including name, author, edition and page.

**ANSWER:** whether treatment should be issued and what kind and what and the date such was offered.

8.      As to all persons listed in the answer to Interrogatory No. 1, state the full captions of all cases in which that person has testified as an expert witness in the past five (5) years.  If the full captions are unavailable, give the names of the cases and state the names of each court in which they were tried, as well as the approximate date of each trial.

**ANSWER:**  *unknown, I can not obtain such information*

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

By:_____
        James D. Young, Esquire
        Atty No. 53904
        301 Market St., Suite 800
        P.O. Box 1245
DATE:  11/12/01                    Harrisburg, PA 17108-1245
        Attys for Defendants,
        Wexford Health Sources, Inc.;
        Ronald Long, M.D.;
        S. Craig Hoffman, P.A.; and
        Melody Baker, P.A.

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 12th day of November, 2001, I served a true and correct copy of the foregoing EXPERT WITNESS INTERROGATORIES via U.S. First Class mail, postage prepaid, addressed as follows:

Kim Smith
CT-2162
SCI-Coal Township
1 Kelley Drive
Coal Township, PA  17866-1020

John Talaber, Esquire
Assistant Counsel
Pennsylvania Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA  17011

Linda L. Gustin

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH,                          :
                                    :
      Plaintiff,                    :
                                    :
                                    : Civil No. 1:01-0817
                                    :
      v.                            : (Judge William W. Caldwell)
                                    :
JAMES MORGAN, et al.,               : (Magistrate Judge Malachy E. Mannion)
                                    :
      Defendants.                   :

## CORRECTIONS DEFENDANTS'
## INTERROGATORIES TO PLAINTIFF

The Corrections Defendants,[1] by and through their undersigned attorney, propound these Interrogatories to the Plaintiff pursuant to Federal Rule of Civil Procedure 33, Pa.MDLR 33.1 through 33.3. Plaintiff is required to answer these Interrogatories in writing under oath, based upon all information available to him and to his attorneys, agents, or representatives. Plaintiff is also required to serve answers to these Interrogatories within thirty (30) days after service thereof, and to

---

[1] The Corrections Defendants include: (a) Kathy Allen; (b) Nancy Ambrose; (c) Mary Bernas; (d) Sharon Burks; (e) Kandis Dascani; (f) John Dunn; (g) Harry Ersek; (h) Frank Gillis; (i) Robert Glenny; (j) Robert Gooler; (k) Dr. Robyn Johns; (l) Roy Johnson; (m) Tim Jordan; (n) Bernon Lane; (o) John Learn; (p) Edward Mason; (q) Miller; (r) James Morgan; (s) Wilma Sewell; (t) Raymond Smith; (u) David Varano; (v) Voeckler; (w) George Weaver; (x) Lynn Wolfgang; (y) Gerald Whysong; (z) Pat Yarger; (aa) Angela Zimmerman; and (bb) Hazel Zimmerman.

supplement his answers, when necessary, in accordance with Federal Rule of Civil

Procedure 26(e) and PaMDLR 33.2.

## INSTRUCTIONS

A.  The words "you" or "your" when used herein refer to all Plaintiff(s), their agents, servants and/or employees.

B.  "Identify" when used herein with respect to an individual means to state: (1) the person's full name and present or last know address; and (2) the person's position, employer and employer's address at the time of the events referred to in the Interrogatory.

C.  "Identify" when used herein with respect to an entity other than an individual (e.g. a corporation, partnership, unincorporated association, governmental agency, etc.), or a division or subdivision thereof, means to state the full name and present or last known address of the entity, and, if applicable, the full name and present or last known address of the entity's division or subdivision.

D.  "Document" when used herein means any record, including any object containing written, printed, or magnetically recorded information, a graphic or photographic representation, or sound. "Document" includes the original or any copy of any statement, report, letter, memorandum, book, article, note, blueprint, drawing, sketch, photograph, motion picture, videotape, sound recording. "Document" also includes any card, disc, tape, printout or any other article designed for use with a computer or other word or data processing system.

E.  "Identify" when used herein with respect to a document means to state: (1) the nature of the document (i.e., whether it is a statement, report, etc.); (2) the title of the document, or, if the document has no title, a description of the document; (3) the identity of the person or persons who prepared the document; (4) the identity of the person or persons for whom the document was prepared or to whom the document was directed; (5) the date the document was prepared; and, (6) the identity of the present custodian of the document or any copy of the document.

F.    When the word "incident" is used in these Interrogatories it is to refer to those occurrences alleged in Plaintiff's Amended Complaint.

*from 1996 to date*

1.   State the name and address of each school, college, or educational institution you have attended listing the dates of attendance, the courses of study and any degrees or certificates received.

ANSWER: *Monessen High, U of Wisconsin Youngwood C.C. I. C. M School of Business Art Ins. Pgh*

2.  Have you ever been a party to a lawsuit other than the present one?  If so, for each lawsuit state the name of the suit; what your status was therein; the kind of suit involved; the court in which it was filed and the docket number; the date it was filed; whether there was a trial; and the ultimate disposition of the case.

    ANSWER:

    Kim Smith v Judge Vaughron, John Belly, No 254

    Kim Smith v Robert Gaunt et al  No 2155 - 195 WT

    Kim Smith v James Morgan  0029-00 Habeas

    Akerar Class action, Asbestos related injury

    all pending

5

3.    Have you or anyone acting on your behalf obtained from any person any
statement concerning the matters you aver in the Amended Complaint?  If
so, state:  (a) the name and last known address of each person; (b) when,
where and by whom and to whom each statement was made, and whether it
was reduced to writing or otherwise recorded; (c) state the name and address
of any person who has custody of any such statements that were reduced to
writing or otherwise recorded; and (d) please consider this a request to
provide those statements referred to in the above answer.


ANSWER:  *no*

4. Have you given any statement concerning this action or its subject matter? If so, state: (a) the name and the last known address of each person to whom a statement was given; (b) when and where each statement was given; and (c) please consider this a request to produce any and all statements in the above answer.

ANSWER:

yes, Prison Society of Phila
Lewisburg Law Project
K. Silk Fatroles Pa
P. Byers Somersset Pa
D. Hutchinson Ca
Dino Smith Oxnard Calif
Mrs T Smith Monossin Pa
Pastor Gardingus Hubbox Ohio
and other personal friend
Wayne & Loretta Shirley Basmington Pa

5. Have you, or anyone on your behalf, conducted any investigations of the treatment you received for hepatitis c?  If the answer is in the affirmative, state:  (a) the name, address and employer of all persons who conducted any investigation; (b) the dates of the investigation; (c) the dates of any reports of any investigations and the identity of persons who have possession thereof; and (d) please consider this a request to produce your investigations reports.

ANSWER: not that I know of except terminated prematurely, when reinstated condition worsen, and caused damage to liver.

6. Please state the names, home addresses, business addresses (if any) and job classification of all persons whom you intend to call as non-expert witnesses on your behalf at the trial of this case

ANSWER: *none at this time.*

*Have not been afforded the right to see outside Dr, only institutional medical staff*

7.  If you know of any person believed or understood by you to have any knowledge of your health care and medical condition(s), <u>not affiliated with the Department of Corrections or Wexford Health Services, Inc.</u>, during the time period that is subject of this action, identify each person including his/her name, present or last known address, telephone number, and his/her location during the time period in question.

ANSWER:  *See page 7*

8.    State the full name and last known address, giving the street, street number, city and state of every witness known to you who claims to have seen or heard any of the Corrections Defendants or any medical personnel make any statement or statements pertaining to any of the events or happenings which are the subject matter of this action.

ANSWER: *unknown*

9.  Identify anyone you have received information from that the Corrections
    Defendants were deliberately indifferent or negligent in attending and
    treating your medical needs including the qualification of that person,
    description of the information received, the date the information was
    received, a description of the facts upon which the information was based,
    whether a record was made of the information, and if so the name and
    address of the person who has such record, and provide a copy of the record.

ANSWER: Have not been seen by outside Dr
to determine illness, or condition, to
see if being adequately being treated or
health care.
Roches Metro (Back)
Shadyside Hosp (at right shoulder)
Allegheny General Hosp. (Left Knee)
Eye and Ear Hosp. (Right Eye)

10.    Identify each injury you claim to have suffered as a result of the alleged
       deliberate indifference of the Corrections Defendants to your medical ne...
       including: (a) its nature, extent, and how it was caused; and (b) the date i...
       was caused.

ANSWER:

From the refusing c-pap device from pr...
claim that plaintiff refused
lungs, heart and brain respotory system...
when oxygen level goes low, results of test
show that during a hour plaintiff will stop
breathing 16 or more time at 16 or more secon...
each time.

Liver damage from the premature terminated
of hep-c treatment, when reinstated co...
detox worsen.

Left knee, pain DJD

Right shoulder no treatment given for aleter...
arthritis, and bone spurs that adequately ade...
pain.

Pain in both leg and low back pain fro...
not having back brace, such was taken by
Dr. Koff, based on a claim that this is no
problem with back. This injury is well
documented on street and SCIS. Moreover wha...
xrays showed at this institution, do not sh...
on xrays at SCIC, and because of such ...
treatment has been given. The claims condition do no g...
sores on body which have since left scars

11.   State the names and home and business addresses of all persons whom you
      expect to call as expert witnesses at the trial of this matter.

ANSWER: *none until I've been by outside*
*medical professionals*

12.  For all those persons named in the answer to Interrogatory No. 11, state their occupations, and if they specialize in any particular field, set forth their areas of specialization.

ANSWER: *unknown at this time*

13.   Set forth the qualifications of each expert named in the answer to Interrogatory 11.  In doing so, list:  the schools each has attended, including years in attendance and degrees received; experience in particular fields, including names and addresses of employers with inclusive years of employment; and a list of all publications authored by said persons, including the title of the work, the name of the periodical or book in which it was printed, and the dates of its printing.  (If the persons listed in the answer to Interrogatory No. 11 has printed, mimeographed or otherwise reproduced a list of qualifications, you may attach a copy of same in lieu of answering this Interrogatory).

ANSWER:  *unknown at this time*

16

14.    Set forth the facts to which each such expert is expected to testify.

ANSWER:    *unknown until tested*

15.    Set forth the opinion to which each such expert is expected to testify

ANSWER:    *unknown until tested*

16.    If it is your contention that the Corrections Defendants violated your First Amendment rights involving mail or access to the courts, please:  (a) identify the facts supporting your contention; (b) identify any documents containing facts supporting your contention; (c) identify each individual who has knowledge of a fact supporting that contention; (d) identify each individual who will testify to the facts supporting that contention; and (e) provide a summary of the substance of the testimony of each individual identified in (d) above.

ANSWER:

By the hold and stopping mail from leaving institution, and not permitting legal mail to leave, when Plaintiffs account is in the red. Mr. Woebler Business office

In Kim Smith v Judge Loughran, Magistrate Belly ct. no. 354, of 2001, Com. court of Pa.

a number of briefs were sent from RHU at SCIC on 5-28-01, plaintiff was charged for postage but court claimed they never got briefs and dismissed appeal.

17. If it is your contention that any Corrections Defendant violated your Eighth Amendment rights involving your medical treatment, please: (a) identify the individual(s) involved; (b) identify the facts supporting your contention; (c) identify any documents containing facts supporting your contention; (d) identify each individual who has knowledge of a fact supporting that contention; (e) identify each individual who will testify to the facts supporting that contention; and (f) provide a summary of the substance of the testimony of each individual identified in (e) above.

ANSWER:                    and making false claim

1 Baker Jones- Inflicted cruel punishment, by taking C-Pap
2 De tost - terminated Hep-C treatment, by nurse
     and making false claim to none existant D.O.C. policy
Bernal altering diabetic medication; without
authority or access to cooler
     Conspired with Lt. Jordan, C.O. Learn, Ambrose
revolfgang to punish & place plaintiff in bord
cell, based an false claim, that plaintiff had
or attitude, to justify this abuse, and there is
nothing on tape that supports such.
     Having face forced into wall at SCIS in the cave
loss of front teeth June 2000
Denial of back brace by Dr. Kort
the claim through x-rays that nothing is wrong
with plaintiff at SCIC, unless X-ray at SCIS
shows otherwise.
Sores an body

18. If it is your contention that any Corrections Defendants violated your Eighth Amendment rights involving your conditions of confinement, please: (a) identify the individual(s) involved; (b) identify the facts supporting your contention; (c) identify any documents containing facts supporting your contention; (d) identify each individual who has knowledge of a fact supporting that contention; (e) identify each individual who will testify to the facts supporting that contention; and (f) provide a summary of the substance of the testimony of each individual identified in (e) above.

ANSWER: *See Page 20*

21

19. If it is your contention that any Corrections Defendants violated your Fourteenth Amendment rights involving due process concerns, please: (a) identify the individual(s) involved; (b) identify the facts supporting your contention; (c) identify any documents containing facts supporting your contention; (d) identify each individual who has knowledge of a fact supporting that contention; (e) identify each individual who will testify to the facts supporting that contention; and (f) provide a summary of the substance of the testimony of each individual identified in (e) above.

ANSWER: yes, by the repeated denial that the abuses existed and the falsifing records

20.    If it is your contention that any Corrections Defendants treated you differently from other inmates: (a) identify the individual(s) involved; (b) identify the facts supporting your contention; (c) identify any documents containing facts supporting your contention; (d) identify each individual who has knowledge of a fact supporting that contention; (e) identify each individual who will testify to the facts supporting that contention; and (f) provide a summary of the substance of the testimony of each individual identified in (e) above.

ANSWER: yes by the refusing me Treatment that they offer other diabetic inmate The taking of health care services,

making false reports to plaintiff left knew, right should, Low back, sores on body. No acc checks.

Unable to copy 460 page exhibit at this time no funds

Black officers and Lt. on July 4, 2001 when opening cell door to remove paper, then stood in door and sexually harassed plaintiff while on toilet then issued a misconduct to justify this abuse. Then went on to falsify records as if this act never took place.

C.O. Whipsong Casek in denying to give plaintiff his c-Pap, Feb 2000

23

21.  If it is your contention that any Corrections Defendants were conspiring against you, please:  (a) identify the individual(s) involved; (b) identify the facts supporting your contention; (c) identify any documents containing facts supporting your contention; (d) identify each individual who has knowledge of a fact supporting that contention; (e) identify each individual who will testify to the facts supporting that contention; and (f) provide a summary of the substance of the testimony of each individual identified in (e) above.

ANSWER: yes, C.O. Erskel, whycony to deprive and refuse to turn over C-Pap device after told to do so by medical stoff, conspired to state and wrote note on device, that med stoff stated not to turn over such to plaintiff — The manner in which C-Pap was taken B the manner and reason, plaintiff was place in hard sell with no evidence to support this action Bernoe, Ambrose, Leonr, Godor, Jordan, block officer a Lt on July 4, 2001 when opening door to take paper down, itha stood and I sexually harassed plaintiff while on toilet, then issued a misconduct to justify this abuse. Morse Bernoe, C.O. Leonr, Ambrose, Wolfgang, Lt Joe in acts to deprive plaintiff a dialetic medication and not having Dr order or authority to cut such medication, that these parties knowingly and intention deprived plaintiff his medication with the intent to bring him harm. Cut of Hep C treatment and the taking of blood and drew blood by Dr Kosticka the falsefing records and X-rays to make it look if plaintiff had no injury, April 2000 X-rays were taken at SCIS and showed oleto-arthritos and bone spurs right shoulder these same X-rays show no problem, at SCIC, and these condition don't go away.

24

22. State the name, address, telephone number and employer of any and all persons who prepared or assisted in the preparation of the Complaint and/or the Amended Complaint.

   ANSWER: *self*

23.    State the name, address, telephone number and employer of any and all
       persons who prepared or assisted in the preparation of answers to these
       Interrogatories.


       ANSWER: *Self*

            *Unable to attach 46 page exhibit
       consisting of request, grievances, and
       appeals to final review*




                                        Respectfully submitted,


                                        John J. Talaber
                                        Assistant Counsel
                                        Attorney Id. No. 83279

Pa. Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  November 6, 2001


                              26

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH,                          :
                                    :
    Plaintiff,              :
                                    :  Civil No. 1:01-0817
                                    :
    v.                      :  (Judge William W. Caldwell)
                                    :
JAMES MORGAN, et al.,               :  (Magistrate Judge Malachy E. Mannion)
                                    :
    Defendants.             :

### CERTIFICATE OF SERVICE

I undersigned hereby certifies that a copy of the Corrections Defendants'

Interrogatories to Plaintiff in this matter was served upon the person(s) in the

manner indicated below.

Service by first-class mail
addressed as follows:

Kim Smith, CT-2162                  James D. Young, Esquire
SCI-Coal Township                   Lavery, Faherty, Young and Patterson, P.C.
1 Kelley Drive                      301 Market Street
Coal Township, PA  17866-1020       P.O. Box 1245
                                    Harrisburg, PA  17108-1245

                                    Jennifer L. Schade
                                    Clerk Typist II

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444
Dated:  November 6, 2001

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRCIT OF PENNSYLVANIA

Kim Smith                              :

     Plaintiff                       :Civil No. 1:01-0817

                            :

                            :(Judge W.W. Caldwell)

       vs.                           :

                            :(Mastrate Judge M.E. Mannion)

James Morgan, et al.,                  :

        Defendants                  :Jury Trial Demanded

                            :

                            :

                            :

                            :

### CERTIFICATE OF SERVICE

    I the undersigned hereby certifiy that a copy of the Correction Defendants Interrogatories to plaintiff in this matter was served upon the below listed parties / or persons or counsel for the defendants in the manner of turning legal mail over to block officer, Mr. Moser, and Mr. Vocekler Business to forward to the United States Postal Service to Mail first class mail to the below listed parties in cocompliance with the mail box rule for institutionalized persons.

John J. Talaber Esq.
Office of Chief Counsel
Pennsylvania Department of Correction
55 Utley Dr.
Camp Hill, Pa. 17011

James D. Young Eq.
301 Market St.
P.O. Box 1245
Harrisburg  Pa. 17108-1245

Office of the Clerk
United States District Court
Middle District of Pennsylvania
Mary E. D'Andrea
Federal Building Rm. 1060
228 Walnut St.
P.O.Box 983
Harrisburg  Pa. 17108-0983

Kim Smith

VERIFICATION

I Kim Smith swear/affirm, that under the penalties of perjury provided for under 18 Pa. C.S. § 4904 ( unsworn falsification ) that the facts contained here in are true and correct to the best of plaintiff knowledge and understanding.

_____
Petitioner

Date  1-18-00

Kim Smith CT-2162
1 Kelley Dr.
Coal Township  Pa. 17866-1021

Form DC-135A

**INMATE'S REQUEST TO STAFF MEMBER**

SCI Coal Township
02 JAN -8 AM 8: 36
Superintendent's Assistant
Office

Commonwealth of Pennsylvania
Department of Corrections

**INSTRUCTIONS**

Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

| | |
|---|---|
| 1. To: (Name and Title of Officer) *Kandis Dascani, Deputy Johnson* | 2. Date: *1-7-02* |
| 3. By: (Print Inmate Name and Number) *Kim Smith CT2162* *Kim Smith* _____ Inmate Signature | 4. Counselor's Name *Mr Moser* |
| | 5. Unit Manager's Name *Mr Smith* |
| 6. Work Assignment *F/S* | 7. Housing Assignment *D-3-19* |

8. Subject: State your request completely but briefly. Give details.

*Ms. I've sent you several request concerning legal copies to met the demands of court order and request by DOC and Wexford Health Counsel for interrogatories and discovery, and you have failed to reply to any of my request, or set up the process to get copies of material that your counsel has requested. I like you now requested to acknowledge this request as it is hindering my litigation*

*Copies sent to: M Harold K. Esq, James Young, Deputy Johnson, Warden Gillis, Mrs Mosers, Mr Smith, Kandis Dascani, U.S. District Court Kim Smith*

9. Response: (This Section for Staff Response Only)

*Mr Smith, I am inquiring with Chief Counsels office in reference to your request. I have not received a response back. Once I do I will get back to you.*

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name  *K K Dascani* / *K K Dascani*  Date *1/11/02*
                      Print                    Sign

Revised July 2000