IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH,

    Plaintiff,

v.

JAMES MORGAN, et al.,

    Defendants.

: Civil No. 1:01-0817
:
: (Judge William W. Caldwell)
:
: (Magistrate Judge Malachy E. Mannion)

**CORRECTIONS DEFENDANTS' BRIEF IN OPPOSITION
TO PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF**

**STATEMENT OF THE CASE**

**A.  Identity of the Parties and Statement of Claim**

Plaintiff Kim Smith is an inmate currently incarcerated at the State Correctional Institution at Coal Township ("SCI-Coal Township"). See Amended Complaint (doc. 20), p. 12. The Department of Corrections Defendants ("Corrections Defendants") include: (1) Kathy Allen; (2) Nancy Ambrose; (3) Mary Bernas; (4) Sharon Burks; (5) Kandis Dascani; (6) John Dunn; (7) Harry Ersek; (8) Frank Gillis; (9) Robert Glenny; (10) Robert Gooler; (11) Dr. Robyn Johns; (12) Roy Johnson; (13) Tim Jordan; (14) Bernon Lane (15) John Learn; (16) Edward Mason; (17) Miller; (18) James Morgan; (19) Wilma Sewell; (20)

Raymond Smith; (21) David Varano; (22) Voeckler; (23) George Weaver; (24) Lynn Wolfgang; (25) Gerald Whysong; (26) Pat Yarger; (27) Angela Zimmerman; (28) Hazel Zimmerman. See Amended Complaint, pp. 1-16. Inmate Smith also names as Defendants Wexford Health Sources, Inc. and Dr. Ronald Long who are represented by James D. Young, Esquire. See Entry of Appearance (doc. 28).

In this 42 U.S.C. §1983 action, inmate Smith alleges that the Corrections Defendants violated his First, Eighth, and Fourteenth Amendment rights under the United States Constitution. See Amended Complaint, pp. 1-16. Inmate Smith is suing the Corrections Defendants in their individual capacities. See Amended Complaint, p. 8. Inmate Smith seeks injunctive relief, as well as, compensatory and punitive damages. See Amended Complaint, pp. 1-16.

**B.   Relevant Procedural History**

Inmate Smith initiated this action with the filing of a Complaint and an Application for *In Forma Pauperis* status on May 10, 2001. See Complaint (doc 1); Application to Proceed IFP (doc 2). The Court, by Order dated June 6, 2001, directed inmate Smith to file an Amended Complaint on or before July 6, 2001. See Order dated June 6, 2001 (doc 8). On June 18, 2001, Inmate Smith filed a Motion for Limited Discovery to compel the Department of Corrections to produce his grievance history so that he could prove to the Court he exhausted administrative remedies. See Motion to Compel Discovery (doc 12).

The Court, by Order dated June 20, 2001, directed the Department of Corrections to serve upon the Court and Plaintiff, any and all information relating to Plaintiff's exhaustion of administrative remedies. See Order dated June 20, 2001 (doc. 13). The Department of Corrections complied with the Order on July 19, 2001. See Response dated July 19, 2001 (doc. 22). Additionally, the Court issued an Order on July 3, 2001, directing inmate Smith to file, on or before July 20, 2001, an Amended Complaint that complied with Federal Rule of Civil Procedure 8(a). See Order dated July 3, 2001 (doc. 14). Inmate Smith filed his Amended Complaint on July 11, 2001. See Amended Complaint (doc 20).

The Court, by Order dated August 3, 2001, found that Plaintiff's Amended Complaint substantially complied with its previous orders, and directed the Clerk of Court to serve process upon the Defendants. See Order dated August 3, 2001 (doc. 24). On or about September 26, 2001, the undersigned attorney waived service of summons for the Corrections Defendants. On November 6, 2001, the Corrections Defendants waived their right to reply to Plaintiff's Amended Complaint pursuant to 42 U.S.C. §1997(e). See Waiver of Reply (doc.33). The parties have been exchanging discovery since that time.

On December 6, 2001, the Court directed the Defendants to file responses to Plaintiff's Motions for Temporary Restraining Orders. See Order (doc. 40). That same day the Court directed Plaintiff to served a copy of his Third Motion for a

Temporary Restraining Order on the Defendants. See Order (doc. 41). As of the date of this filing, the Corrections Defendants have not received a copy of the aforementioned Motion; therefore, they cannot respond to the averments contained therein at this time.

On December 20, 2001, the Corrections Defendants sought an enlargement of time to respond to Plaintiff's first two Motions for Temporary Restraining Orders. See Motion (doc. 46). The Court granted the Corrections Defendants until January 31, 2002 to file their Brief in Opposition. See Order (doc. 50). The Corrections Defendants now timely file and serve their Brief in Opposition to Plaintiff's Motions for Temporary Restraining Orders.

**C.   Statement of Alleged Facts**

Inmate Smith's Amended Complaint generally alleges claims of deliberate indifference to his medical needs, violations of his right to access the Courts, and due process deficiencies under the United States Constitution. See Amended Complaint, pp.1-16; see also Wexford Defendants' Brief in opposition to Plaintiff's Request for Injunctive Relief (doc. 47), pp. 2-4.

## QUESTION PRESENTED

**SHOULD INMATE SMITH'S MOTIONS FOR TEMPORARY RESTRAINING ORDERS BE DENIED BECAUSE HE FAILED TO ALLEGE FACTS SUFFICIENT FOR ESTABLISHING ENTITLEMENT TO INJUNCTIVE RELIEF?**

**SUGGESTED ANSWER: YES**

# ARGUMENT

## INMATE SMITH'S MOTION FOR TEMPORARY RESTRAINING ORDERS SHOULD BE DENIED BECAUSE HE FAILED TO ALLEGE FACTS SUFFICIENT FOR ESTABLISHING ENTITLEMENT TO INJUNCTIVE RELIEF.

A preliminary injunction is an extraordinary remedy that is to be granted only in exceptional or limited circumstances. See Instant Air Freight Co. v. C. F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989) (citing Frank's GMC Truck Center, Inc. v. GMC, 847 F.2d 100 (3d Cir. 1988)). It is well established that an individual or parties seeking a preliminary injunction must show:

(1) A reasonable probability of eventual success on the merits of the action;
(2) A showing that the moving party will be irreparably harmed by denying injunctive relief;
(3) A showing of no adverse impact upon other parties interested in the proceedings; and;
(4) A showing that injunctive relief would serve the public interest.

Alessi v Pa. Department of Public Welfare, 893 F.2d 1444 (3d Cir. 1990). A preliminary injunction should not be issued unless the moving party can demonstrate both a likelihood of succeeding on the merits of the case and the likelihood of suffering irreparable harm if the injunction is not granted. Morton v. Beyer, 822 F.2d 364, 367 (3d Cir. 1987). A court should not sustain a preliminary injunction "where either or both of these prerequisites are absent." In re Arthur Treachers' Franchisee Litigation, 689 F.2d 1137, 1143 (3d Cir. 1987); Morton v.

Beyer, 822 F.2d at 367. Usually, the burden on the party seeking relief is to make a *prima facie* case showing that he will prevail on the merits. Oburn v. Shapp, 521 F.2d at 148. See also, Croskey Street Concerned Citizens v. Romney, 459 F.2d 109, 112 (3d Cir. 1972)(Aldisert, J. concurring).

In cases such as the one at bar, where the moving party is seeking to alter the status quo, the burden is even more restrictive and exacting. When a court considers a mandatory injunction request -- one which orders affirmative relief -- the movant must show a substantial rather than mere likelihood of success on the merits. Abdul Wali v. Coughlin, 754 F.2d 1015, 1025-1026 (2d Cir. 1985). See also Barton v. Eichelberger, 311 F. Supp 1132 (M.D. Pa. 1970), aff'd. 451 F.2d 263. Based on the pleadings and motions filed to date, Smith has little or no likelihood of succeeding on the merits of this action.[1]

---

[1] Regarding the Plaintiff's burden of showing no adverse impact upon other parties interested in the proceedings, the Corrections Defendants submit that in this case any preliminary injunctive relief granted would overstep the delicate balance between the Court and the Department of Correction's administration of the prison system in the Commonwealth of Pennsylvania. See Turner v. Safley, 482 U.S. 78, 84 (1987)(noting that "[r]unning a prison is an inordinately difficult undertaking that requires expertise, planning and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government). Additionally, regarding the public's interest, granting Smith's preliminary injunctive request for an "outside medical care specialist" to evaluate his conditions, and in essence, act as a medical expert on his behalf is not in the public interest. As a matter of law, Smith does not have a constitutional right to the remedy he seeks. See Roberts v. Spalding, 783 F.2d 867 (9th Cir. 1986); Randle v. Mesrobian, 165 F.3d 32 (7th Cir.)(Table)(finding that inmates have no automatic right to consult with outside physicians)(citing Green v. McKaskie, 788

A.  **Absence of Any Likelihood of Prevailing on the Merits.**

1. Access to Court Claim

The United States Constitution guarantees prisoners meaningful access to the courts, and for *pro se* plaintiffs, reasonable access to law libraries. Ramsey v. Coughlin, 1 F. Supp. 2d 198 (W.D. N.Y. 1998)(citing Bounds v. Smith, 430 U.S. 817, 821, 52 L.Ed. 2d 72, 97 Sup. Ct. 1491 (1977); Morello v. James, 810 F.2d 344, 346-47 (2d Cir. 1987)).  However, the access provided is not unlimited, and prison officials may impose reasonable restrictions on the use of prison law libraries.  Id., citing Morello at 347.  Further, "while Bounds acknowledged the right of access to the courts, it did not create an 'abstract, free-standing right to a law library or legal assistance.'"  Id. quoting Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 2180 L.Ed. 2d 606 (1996).

"A plaintiff must allege that the deprivation proximately caused some prejudice or denial of a legal claim." Ramsey, 1 F. Supp. 2d at 204 (quoting Lewis, 116 S.Ct. at 2180), see also, Smith v. O'Conner, 901 F. Supp. 644, 649 (S.D.N.Y. 1995)(complaint dismissed where allegations did not show how denial of access, even if done deliberately or maliciously, materially prejudiced a pending legal action or one that the plaintiff sought to file in the courts).  In this case, while Smith complains that he was denied the right to administrative remedies, he fails to

F.2d 1116 (5th Cir. 1986)).  Accordingly, Smith's Motion for injunctive relief

must allege that the deprivation proximately caused some prejudice or denial of a legal claim.  In fact, any claim that he has not been able to bring this action to the Court is patently frivolous based on the multitude of pleadings and motions filed to date.  Finally, Smith cannot show any constitutional harm, as set forth in <u>Casey</u> and <u>Bounds</u>, that warrants the extraordinary remedy of injunctive relief by this Honorable Court.  The motions for preliminary injunctive relief should be denied.

  2.  **Due Process Claim**

The United States Supreme Court stated that due process requirements would only apply where the situation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Sandin v. Conner</u>, 515 U.S. 472, 115 S. Ct. 2293, 2300 (1995) (citations omitted).  The Court continued: "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law."  <u>Id.</u> at 2301.  In Smith's case, the underlying premise is that the transfer from general population to the RHU without due process are violations of the United States Constitution.  Smith's argument lacks legal and factual merit.

Following the Supreme Court's rationale in <u>Sandin</u>, Smith lacks a liberty interest to remain in the general population of SCI-Smithfield and SCI-Coal Township; therefore, as a matter of law a due process hearing is not required.  <u>See</u>

---

should be denied.

also <u>May v. Baldwin</u>, 109 F.3d 557, 565 (9th Cir. 1997)(finding that transfer to a disciplinary segregation unit did not impinge upon a liberty interest and therefore due process protections prior to the transfer were not necessary.) Further, Smith's allegations that misconducts were given to him with willful intent are matters that can be disposed out without the necessity of a preliminary injunction at this time. <u>See</u> Motion for Temporary Restraining Order dated July 11, 2001, pp.1-2.  Smith's generalized and misplaced averments that some of the Corrections Defendants violated his "due process" rights are speculative, conclusory, and not worthy of the extraordinary remedy he seeks through injunctive relief; accordingly, the Motions should be denied.

### 3. Deliberate Indifference Claim

As cited in the Wexford Defendants' Brief in Opposition, the requirements for a claim of deliberate indifference to serious medical needs in violation of an inmate's Eighth Amendment Constitutional rights requires both a objective component that the medical needs are serious, and a subjective component that evidenced when the official knows of and disregards an excessive risk to inmate health or safety.  <u>See</u> Wexford Defendants' Brief in Opposition to Plaintiff's Request for Injunctive Relief, pp. 8-9.

Plaintiff's claim against the Corrections Defendants is a misplaced, in that they were not deliberately indifferent to his medical needs, for his own motions

and pleadings to date clearly show he was provided access to medical personnel, including licensed physicians in the Commonwealth, on multiple occasions. See Plaintiff's Motion for a Temporary Restraining Order, dated May 10, 2001, pp. 1-9. In essence, Smith is disagreeing with the medical professionals over their recommended course of treatment; yet, a disagreement does not constitute a violation of his Eighth Amendment rights. See Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1999)(finding "[w]hen a physician exercises professional judgment, his behavior does not violate a prisoner's constitutional rights.") See also Farley v. Doe, 840 F. Supp. 356, 357 (E.D. Pa. 1993)(noting "[s]ince plaintiff received medical treatment, albeit not entirely to his liking, it does not appear that his constitutional rights have been violated. Accordingly, the complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. §1915(d).")

Smith's attempt to hold non-physician Corrections Defendants liable because they failed to respond to Plaintiff's requests for treatment with the answer that he wanted does not warrant the extraordinary remedy of granting him injunctive relief. As a matter of law and based on the facts of record, Smith is not likely to prevail on the merits of this claim; consequently, his motion for injunctive relief should be denied.

**B.    Plaintiff Fails To Demonstrate Imminent, Irreparable Harm.**

One of the most important prerequisites for the issuance of a preliminary injunction is being able to show that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be made. See Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL, Section 2948 at 431 (1974). The moving party's burden of demonstrating harm is more exacting (than in the context of the underlying suit) in that the harm must be irreparable. See Oburn v. Shapp, 521 F.2d at 151. To be irreparable, the threatened injury or harm must be imminent and must be such that it cannot be repaired. Olson v. Murphy, 423 F. Supp. 381 (W.D. Pa. 1976). For injunctive relief to be granted, irreparable harm must be actual and imminent, not merely speculative. Raitport v. Provident National Bank, 451 F. Supp. 522 (E.D. Pa. 1978). See also Cargill, Inc. v. Hartford Acc. And Indemn. Co., 531 F. Supp 710 (D.C. Minn. 1982).

At most, Smith asserts a speculative claim that he may suffer future retaliation by Defendants and would, as a result, not be able to effectively prosecute his case. Relief is not appropriate to "eliminate the possibility of a remote future injury . . ." Raitport, 451 F. Supp. at 526, quoting Holiday Inns of America, Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969). Smith's motions and pleadings to date clearly show that he is receiving medical treatment for his alleged serious medical conditions. Any time that he spends in disciplinary

12

custody, within the time frames Smith avers, are not atypical and significant hardships as matter of law based on <u>Sandin</u>; and importantly, Smith through his own behavior (in following prison rules) determines where he will be housed at SCI-Coal Township. Smith's access to courts has not been infringed upon, nor is there any indication that he will be unable, without injunctive relief, to continue prosecuting this action. Accordingly, Smith's motion for injunctive relief lacks legal merit and factual support that he will suffer imminent and irreparable harm without the extraordinary measure of a preliminary injunction. The Motion should be dismissed.

## CONCLUSION

**WHEREFORE**, in light of the foregoing, the Corrections Defendants respectfully request this Court to deny Plaintiff's Motions for Temporary Restraining Orders finding that preliminary injunctive relief unnecessary.

Respectfully submitted,

_____
John J. Talaber
Assistant Counsel
Attorney Id. No. 83279

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  January 31, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH,                          :
                                    :
        Plaintiff,                  :
                                    : Civil No. 1:01-0817
                                    :
v.                                  : (Judge William W. Caldwell)
                                    :
JAMES MORGAN, et al.,               : (Magistrate Judge Malachy E. Mannion)
                                    :
        Defendants.                 :

## CERTIFICATE OF SERVICE

I undersigned hereby certifies that a copy of the Corrections Defendants' Brief in Opposition to Plaintiff's Motions for Injunctive Relief in this matter was served upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:

Kim Smith, CT-2162                  James D. Young, Esquire
SCI-Coal Township                   Lavery, Faherty, Young and Patterson, P.C.
1 Kelley Drive                      301 Market Street
Coal Township, PA  17866-1020       P.O. Box 1245
                                    Harrisburg, PA  17108-1245

Jennifer L. Schade
Clerk Typist II

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  January 31, 2002