```
                    UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF PENNSYLVANIA
```

KIM SMITH,                        : CIVIL ACTION NO. 1:01-0817

    Plaintiff                 : (CALDWELL, J.)
                                    (MANNION, M.J.)
    v.                        :

JAMES MORGAN, et al.,             :

    Defendants                :


                              N O T I C E


TO:   KIM SMITH, CT-2162
      SCI-COAL TOWNSHIP
      1 Kelley Drive
      Coal Township, PA 17866-1020

      John J. Talaber, Esquire
      PA Department of Corrections
      55 Utley Drive
      Camp Hill, PA   17011


    NOTICE IS HEREBY GIVEN that the undersigned has entered the following:   **Report and Recommendation of Magistrate Judge Mannion dated 03/08/02.**


Any party may obtain a review of the magistrate judge's above proposed determination pursuant to Rule **72.3**, M.D.PA, which provides: **72.3 REVIEW OF REPORTS AND RECOMMENDATIONS OF MAGISTRATE JUDGES ADDRESSING CASE DISPOSITIVE MOTIONS**


    Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or

report to which objection is made and the basis for such objections.
 The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall made a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.
 The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


_____
MALACHY E. MANNION
United States Magistrate Judge


Dated: December 6, 2001

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH,                           :

    Plaintiff                    :    CIVIL ACTION NO. 1:01-0817

v.                                   :    (CALDWELL, J.)
                                          (MANNION, M.J.)
JAMES MORGAN, et al.,                :

    Defendants                   :

### REPORT AND RECOMMENDATION

Presently pending before the court are three (3) motions for injunctive relief filed by the plaintiff. (Doc. Nos. 5, 18 & 34).

By way of relevant background, on May 10, 2001, the plaintiff filed the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

Also on May 10, 2001, the plaintiff filed his first motion for injunctive relief. (Doc. No. 5).

By order dated June 6, 2001, the plaintiff was directed to file an amended complaint which was complete in and of itself, and which conformed to the requirements set forth in Fed.R.Civ.P. 8. In addition, he was directed to provide the court with documentation that would establish that he had properly exhausted his administrative remedies prior to bringing this action. (Doc. No. 8).

After having been granted an extension of time, on July 11, 2001, the plaintiff filed his amended complaint, along with documentation relating to the exhaustion of his administrative remedies. (Doc. No. 20).

Named as defendants in the amended complaint are the

1

following "Corrections Defendants": Kathy Allen, Nancy Ambrose, Mary Bernas, Sharon Burks, Kandis Dascani, John Dunn, Harry Ersek, Frank Gillis, Robert Glenny, Robert Gooler, Dr. Robyn Johns, Roy Johnson, Tim Jordan, Bernon Lane, John Learn, Edward Mason, Miller, James Morgan, Wilma Sewell, Raymond Smith, David Varano, Voeckler, George Weaver, Lynn Wolfgang, Gerald Whysong, Pat Yarger, Angela Zimmerman, and Hazel Zimmerman. Also named as defendants to this action are: Wexford Health Services, Inc.; Ronald Long, M.D.; Craig Hoffman, P.A.; and Melinda Baker, ("Wexford Defendants"). (Doc. No. 20)

Also on July 11, 2001, the plaintiff filed a second motion for injunctive relief. (Doc. No. 18).

By order dated August 3, 2001, the court directed that process issue and that various documents, including the above motions for injunctive relief, be served upon the defendants. (Doc. No. 24).

On November 6, 2001, waivers of reply were filed on behalf of the Wexford Defendants and the Corrections Defendants. (Doc. Nos. 32 & 33).

On November 7, 2001, the plaintiff filed his third motion for injunctive relief. (Doc. No. 34).

By order dated December 6, 2001, all defendants were directed to file a response to the plaintiff's motions for injunctive relief. (Doc. No. 40).

On December 20, 2001, a brief in opposition to the plaintiff's requests for injunctive relief was filed on behalf of

2

the Wexford Defendants. (Doc. No. 47).

After having been granted an extension of time to do so, (Doc. No. 50), on January 31, 2002, the Corrections Defendants filed a brief in opposition to the plaintiff's motions for injunctive relief. (Doc. No. 55).

The standard for ruling on a preliminary injunction is the same as that for a temporary restraining order. Bieros v. Nicola, 857 F.Supp. 455, 456 (E.D.Pa. 1994). The Supreme Court has instructed that the tool of the preliminary injunction should be reserved only for "extraordinary" situations. Sampson v. Murray, 415 U.S. 61, 88 (1974). In following that instruction, the Third Circuit has held that the granting of injunctive relief is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it. Warner Bros. Pictures v. Gittone, 110 F.2d 292 (3d Cir. 1940). More recently, the Third Circuit has insisted that "the use of judicial power to arrange relationships prior to a full determination on the merits is a weighty matter, and the preliminary injunction device should not be exercised unless the moving party shows that it specifically and personally risks irreparable harm." Adams v. Freedom Forge Corporation, 204 F.3d 475 (3d Cir. 2000)(citing Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992); Frank's GMC Truck Center, 847 F.2d 100, 102-03 (3d Cir. 1988)).

In considering a motion for injunctive relief, the court must consider several factors, including: (1) whether the movant has shown probability of success on the merits; (2) whether the movant

3

will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Brian B. v. Commonwealth, 230 F.3d 582 (3d Cir. 2000).

Injunctive relief should not be granted unless the moving party can show both a likelihood of succeeding on the merits of the case and the likelihood of suffering irreparable harm if the injunctive relief is not granted. Morton v. Beyer, 822 F.2d 364, 367 (3d Cir. 1987). Where either or both of these prerequisites are absent, a court should not sustain a preliminary injunction. In re Arthur Treachers' Franchisee Litigation, 689 F.2d 1137, 1143 (3d Cir. 1987).

Where a party seeks to alter the status quo, as in this case, the burden on the moving party is more restrictive and exacting. In such a case, the moving party must show a substantial likelihood of success on the merits. Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980).

With respect to the instant action, Wexford Health Services, Inc., is the contracted medical provider at SCI-Smithfield. (Doc. No. 41). Wexford employs defendants Long, Hoffman and Baker to provide medical services to inmates at SCI-Smithfield. (Id.). While the plaintiff was previously incarcerated at SCI-Smithfield, he was subsequently transferred to SCI-Coal Township. Thus, any claims for injunctive relief against the Wexford Defendants are moot. Preiser v. Newkirk, 422 U.S. 395 (1975); Weaver v. Wilcox,

4

650 F.2d 22, 27 n.13 (3d Cir. 1981)(prisoner's transfer from prison moots claim for injunctive and declaratory relief); Gibbs v. Wadsworth, 919 F.2d 731 (3d Cir. 1990)(Table).

Moreover, in his first motion for injunctive relief, the plaintiff sets forth various claims relating to the denial of adequate medical treatment and seeks to have this court order that he be examined by six (6) separate outside specialists at the cost of the defendants. The plaintiff does not have a constitutional right to the remedy he seeks. Roberts v. Spalding, 783 F.2d 867 (9th Cir. 1986); Randle v. Mesrobian, 165 F.3d 32 (7th Cir.)(Table)(inmates have no automatic right to consult with outside physicians)(citing Green v. McKaskie, 788 F.2d 1116 (5th Cir. 1986)).

In addition, in his motion for injunctive relief, the plaintiff seeks to have the court award him monetary damages for the alleged denial of adequate medical treatment. The plaintiff's request for monetary damages is improper by way of a motion for injunctive relief. Whether or not the plaintiff is entitled to any damages for his claim of inadequate medical treatment should be decided in conjunction with the merits of the plaintiff's complaint, not by way of a motion for injunctive relief.

In his second motion for injunctive relief, the plaintiff challenges a misconduct issued to him on April 18, 2001, which resulted in him being placed in the Restricted Housing Unit, ("RHU"), for forty-five (45) days, being denied idle pay for sixty (60) days, and not being placed on the employment list for ninety

5

(90) days. The plaintiff does not set forth in this motion the specific relief which he is requesting. However, it appears that any sanctions imposed against the plaintiff for the misconduct expired shortly after he filed his motion on July 11, 2001. As such, any request for injunctive relief on this claim would be moot.

In his third motion for injunctive relief, the plaintiff alleges that various officials engaged in a "shake down" of his cell, during which markers valued at $11.00 and fruit were confiscated from his cell. The plaintiff states that he feels these actions were taken to cause him harm or injury and to hinder his access to the courts. As such, he requests that this court issue an order to "stop the abuse."

Upon review of the plaintiff's filings, there is no indication that the confiscation of his markers and fruit caused him either harm or injury, or hindered his access to the courts. Thus, any request by the plaintiff for injunctive relief on this claim should be denied.

The plaintiff also alleges in this motion that the business office is improperly taking twenty percent (20%) of the deposits from his inmate account, including from personal gifts, for payment of his filing fee for this action. The plaintiff alleges that the business office is not permitted to do so. As such, he requests that this court issue an injunction to "put a freeze on the defendants' assets."

Pursuant to 28 U.S.C. § 1915(b), if a prisoner brings a civil

6

action in forma pauperis, as the plaintiff has in this case, the court shall assess and, when funds exist, collect, as a partial payment of any court fees, an initial partial filing fee of twenty percent (20%) of the greater of either the average monthly deposits to the prisoner's account, or the average monthly balance in the prisoner's account for the six (6) month period immediately preceding the filing of the complaint. Moreover, after the payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of twenty percent (20%) of the preceding month's income credited to his account. The agency having custody of the prisoner shall forward payment from the prisoner's account to the clerk of court each time the amount in the account exceeds $10.00 until the filing fee is paid.

In this case, the docket indicates that the plaintiff has paid $68.24 toward his filing fee of $150.00, leaving a balance of $81.76 to be paid. Pursuant to § 1915, the business office at SCI-Coal Township is required each month to deduct twenty percent (20%) of the plaintiff's income, including income from personal gifts, credited to his account from the preceding month until the balance of the filing fee is paid. Thus, any request for injunctive relief based upon this claim should be denied.

Finally, although the plaintiff does not set forth any claim in this motion for inadequate medical treatment, in a document attached to his third motion for injunctive relief, the plaintiff alleges that officials are failing to administer him a "C-Pap" to help him with his sleep apnea. Exhibits attached to the document

7

by the plaintiff himself indicate that he was offered use of the "C-Pap" machine on several occasions, but refused. Thus, there is no indication that the plaintiff is entitled to any relief on this claim.

On the basis of the foregoing,

**IT IS RECOMMENDED THAT:**

the plaintiff's motions for injunctive relief, (**Doc. Nos. 5, 18 & 34**), be **DENIED** in their entirety.

MALACHY E. MANNION
United States Magistrate Judge

Date: March 8, 2002

8