IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA



| | |
|---|---|
| Kim Smith | :Civil Action No. 1:01-0817 |
|     Plaintiff | : |
| | : |
| | :( Judge Caldwell) |
| vs. | : |
| | :(Magistrate Judge Mannion) |
| | : |
| James Morgan, et al., | :Jury Trial Demanded |
|     Respondents | : |



Request to Amend Complaint

**AND NOW,** comes Kim Smith a lay person not lettered in legal matters and without the aid of counsel prays a less stringent standard be applied to this Pro-se pleading to amend the complaint at Civil Action No. 1:01-0817 to include the below listed parties.

1.  Dr. Breen Medical Director at State Correctional Institution Coal Township.

2.  Prison Health Service, 890 Poplar Church Rd., Suite 207, Medical Arts Building, Camp Hill Pa. 17011.

3.  Reason for the amendment to complaint to include these listed parties in this civil action.

A.  On 12-01-01 plaintiff complained about lump behind left knee that has been their for a number of years and not treatment given, and right shoulder pain. An ultrasound was ordered for left knee, and x-rays. At which time a Dr. Gregory diagnosed this condition as ( 2 adjacent cysts with some internal debris along the lateral aspect of

the left pophteal focsa, and referred to consult with orthorpedic doctor. Dr. Breen Medical Director stated it was his opinion that these cyst were benine and that in his opinion I should not see a orthopedic Doctor for this condition they gave tyenal to address the pain which does not deal with the pain, and plaintiff have since returned to the medical department with complaints of pain and swollen lumps on the inside of the knee and alot of pain, and the condition has since worsen to a point it is now a problem to walk for extented periods of time or stand on that leg.) And this determination for treatment is better determined by a trained bone doctor, and not a general practioner.

B.  At State Correctional Institution Smithfeild, was determined that plaintiff had ( mild erosive change the distol end of the clavicle at A/C joint as well as slight hypertrophic spurring at the superior tublrosity of the humeral head. This was determined by x-rays. At State Correctional Institution Coal Township x-rays were taken and it was determined that their was nothing wrong with plaintiff left shoulder, and he has since had to endure the pain when moving arm, to a point the pain runs down into his upper back, and chest. And this condition has since worsen, and no treatment was given, and has since returned to medical complaining about bad shoulder pain, and pain when moving arm.

C.  At State Correctional Institution Smithfield, plaintiff had a lumbar support, and it was well documented that plaintiff had a back condition, slipage at L-5, S-1, L-4 in a lumbar condition and was given a lumbar and back support. And this condition was well documented on the street as plaintiff spent 4 years in a taylor brace for this problem from a work related injury. As State Correctional Institution Coal Township, x-rays were taken and it was determined that plaintiff had no back condition, and no treatment was given for his back problem, and plaintiff must endure leg pain and low back pain with numbness it but and feet, and sometime arms and hands, and some days it is hard to walk and such is done with great pain. Plaintiff has since returned to medical regarding this condition and no treatment was given.

D.  And grievance at No. 15086 was filed April 25, 2002 to Camp Hill and no reply was given to this grievance as of this date June 5, 2002, as well as for all the above listed complaints and plaintiff is dissatisfied with the determination to support the claim at institutional level and the denial of treatment for these serious health condition. As the cyst could be reason for diabetic condition as well as head echos and gland condition as they could be leaking poison into plaintiff system, and it is hard

to determine if the cyst are cancerest, if a byopsy was not taken to determine the nature and reason for these cyst, and to deny this treatment is done deliberately with the intent to impose harm and other injury, if these condition are not adequately treated in the first place. And for these reason plaintiff respectfully request that he be granted the right to amend complaint.

### REQUEST FOR COURT ORDER

Petitioner is respectfully requesting that this Honorable Court issue an order directing the named respondent under rule 706 expert witness to examine plaintiff right shoulder, left knee, low back, Hep-C, Sleep Apena, and any damage to liver, and plaintiff diabetic condition, and the health care that plaintiff has been provided with is deliberately indifferent to these serious medical need of plaintiff, and plaintiff feels he has sustained an injury from the delays in the treatment of these condition. And the wanton infliction of pain from the failure to treat these condition. The government has a obligation to provide adequate health care based on known standard for health care, and plaintiff has claimed alleged acts of omission sufficiently harmful to evidence of deliberate indifference to warrant this Court to request an expert witness under rule 706, for petitioner serious medical condition.

Request for a specialist can not be objective criteria, See Spruytte 753 F2d at 508, and Greenholtz at 442 U.S. 1, 11 99 Sct 2100, 2105 . Protective rights under McFarland 779 F2d at 1428.

Since prisoners cannot obtain their own medical service, the Constitution requires prison authorities to provide them with reasonable adequate medical care, Newmann v. Alabama 559 F2d 283 291, Hoptowit v. Ray 682 F2d 1237, 1246: Bell v. Wolfish 441 U.S. 520: Langley v. Coughlin 888 F2d 252, 254 official must provide reasonable necessary medical care.... which would be available to prisoner if not incarcerated.

Courts have defined adequate medical service as service at a level reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standard, Fernandez v. U.S. 941 F2d 1488, 1493: U.S. v. DeCologero 821 F2d 39, 43; Tillery v. Owens 719 F. Sop. 1256, 1305.

Wherefore it is respectfully requested that this Honorable Court issue an order in

compliance with Rule 706 to have plaintiff seen by an expert witness, and a specialist for the above listed condition.

RESPECTFULLY SUBMITTED

*[signature]*

IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF PENNSYLVANIA

Kim Smith                    : Civil Action No. 1:01-0817          :
                             :
    Plaintiff                :
                             :
                             :
    vs.                      :
                             :
                             :
James Morgan et, al          :
        Respondents          :           FILED
                             :          SCRANTON
                             :          JUN 1 0 2002

                             PER_____Km_____
                                DEPUTY CLERK

### VERIFICATION

I Kim Smith pro-se plaintiff in this case hereby verify that the information contained in this motion is true and correct to the best of his knowledge and information and understanding, and belief. I knowingly make this verification according to 28 U.S.C. 1746 relating to unsworn statements.

                                        _Kim Smith_
                                        Kim Smith CT-2162
                                        1 Kelley Dr.
                                        Coal Township Pa. 17866-1021

Date 6-6-02

PROOF OF SERVICE

I certify that on or about June 6, 2002 I turned over to D block officer a envelope containing plaintiff motion to amend complaint to forward to institutional mail room to send to the United States Postal Service to mail first class mail to the below listed parties, to satisfy the rules of Court.


Mary D'Andrea
Office of the Clerk
U.S. District Court
Middle District Of Pennsylvania

Mr. Fairall Jr. Esq.
James Young Esq.
Prison Health Service
Dr. Breen
Kim Smith

FILED
SCRANTON
JUN 1 0 2002
PER_____KM_____
DEPUTY CLERK