UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM SMITH, | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:01-0817 |
| v. | : | (CALDWELL, D.J.) |
| JAMES MORGAN, et al., | : | (MANNION, M.J.) |
| Defendants | : | |

FILED
WILKES-BARRE
JUL 2 5 2002
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

<u>O R D E R</u>

On July 12, 2002, the plaintiff filed a document titled "Request for Court Order," in which he requests that the court issue an order directing that he be provided with a copy of the transcript from his deposition conducted on May 17, 2002. (Doc. No. 69).

It is well-settled that litigants generally bear their own litigation expenses. <u>Rivera v. DisAbato</u>, 962 F.Supp. 38, 40 (D.N.J. 1997)(citing <u>Tabron v. Grace</u>, 6 F.3d 147, 159 (3d Cir. 1993); <u>Boring v. Kozakiewicz</u>, 833 F.2d 468, 474 (3d Cir. 1987)). In fact, the Third Circuit has found that "[t]here is no provision in the statute [28 U.S.C. § 1915(b)][1] for the payment by the government of the costs of deposition transcripts, or any other litigation

---

[1] 28 U.S.C. § 1915(b) is the statute which governs civil actions filed by indigent prisoners.

1

expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." Rivera, 962 F.Supp. at 40 (citing Tabron, 6 F.3d at 159; Johnson v. Hubbard, 698 F.2d 286, 289 (6th Cir. 1983); Toliver v. Community Action Commission to Help the Economy, Inc., 613 F.Supp. 1070, 1072 (S.D.N.Y. 1985)("[t]here [is] no clear statutory authority for prepayment of discovery costs pursuant to §1915 or otherwise")).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

the plaintiff's "Request for Court Order", (Doc. No. 69), is **DENIED**.

MALACHY E. MANNION
United States Magistrate Judge

**Date:** July 25, 2002

2