

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS**
**OFFICE OF CHIEF COUNSEL**
**55 UTLEY DRIVE**
**CAMP HILL, PENNSYLVANIA 17011**
**(717) 731-0444**

April 8, 2002

**VIA FACSIMILE TO KANDIS DASCANI**
**AT SCI-COAL TOWNSHIP THEN**
**HAND DELIVERY TO**

Mr. Kim Smith (CT-2162)
SCI-Coal Township
1 Kelly Drive
Coal Township, PA 17866-1020

FILED
WILKES-BARRE

AUG 1 2002

MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

    RE:   *Smith v. Weaver, et al.*
           USDC-MD, Docket No. 01-CV-0817
           Production of Documents

Dear Mr. Smith:

       I am in receipt of your January 8, 2002 "Motion for an Enlargement of Time" and "Plaintiff's Response to Defendants Request for Production of Documents" served and filed January 28, 2002. Both documents contain statements relating to the Corrections Defendants' Request for Production of Documents served in November 2001 that is now long overdue. Please consider this correspondence the FINAL attempt to resolve this matter without Court intervention.

       You state in your January 28, 2002 "Reply" that you do not have funds to copy the documents for the Corrections Defendants. On January 2, 2002, the Court informed you that could avoid this expense by making arrangements with the Superintendent's Assistant to produce for examination and inspection any relevant documents in your possession responsive to the Corrections Defendants' request. There will be no charge to your inmate account for the one (1) copy that the Corrections Defendants make upon your production for examination and inspection. Any additional copies you may desire can be obtained through the procedures outlined in your Inmate Handbook, and any argument that SCI-Coal Township must provide you with additional copies because you lack the funds is meritless.

       You also state in your January 28, 2002 "Reply" that you "will [not] turn over [your] only evidence to support [your] claim to institutional staff as what was requested . . . ." Further, your Reply states that you "refuse to turn over material to those parties whose behavior and act are under question, and defense counsel cannot exspect [sic] plaintiff to give these [sic] staff whom he dose [sic] not trust and are named in the action a copy that he has." This excuse is also not acceptable. Your belief as to what the SCI-Coal Township staff may do with your materials can easily be

Mr. Kim Smith (CT-2162)
SCI-Coal Township
April 8, 2002
Page 2

rectified by your numbering the documents, producing them for copying, and then checking the originals to confirm that no documents have been taken.

    Finally, please remember that <u>you</u> chose to initiate a lawsuit against my clients, collectively known as the "Corrections Defendants." They now have the right through the Federal Rules of Civil Procedure to defend themselves, and specifically, to review documents you have relating to the claims against them. Therefore, if you do not produce the relevant materials to SCI-Coal Township staff on or **before Friday, April 12, 2002**, I will file a motion to compel pursuant to Fed.R.Civ.P. 37 and will seek costs and attorney's fees for having to do so. Ms. Dascani has been notified of the deadline and will ensure that SCI-Coal Township meets their obligations in this matter.

Sincerely,

John J. Talaber
Assistant Counsel

JJT
Enclosure(s)
cc:    The Honorable Malachy E. Mannion, USDC-MD
        Kandis Dascani, Assistant to the Superintendent, SCI-Coal Township
        James Young, Esquire
        File