76

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM SMITH, | : | |
|    Plaintiff | : | CIVIL ACTION NO. 1:01-0817 |
| v. | : | (CALDWELL, D.J.) |
| | | (MANNION, M.J.) |
| JAMES MORGAN, et al., | : | WILKES BARRE |
|    Defendants | : | AUG - 1 2002 |
| | | MARY E. D'ANDREA, CLERK |
| | | Per_____ |
| | | DEPUTY CLERK |

## O R D E R

Presently pending before the court are: (1) the plaintiff's motion for extension of time, (Doc. No. 52); (2) the plaintiff's motion to compel, (Doc. No. 67); and the Corrections Defendants' motion to strike, (Doc. No. 73).

On January 14, 2002, the plaintiff filed a motion for an extension of time to obtain and copy 460 exhibits which he alleged were necessary to respond to a request for production of documents served upon him by the Corrections Defendants. (Doc. No. 52). In a correspondence dated April 8, 2002 (Doc. No. 75), the defendants noted that they were continuing to attempt to compromise with plaintiff and had offered to copy the documents at their own expense. In their most recent filing, on July 31, 2002 (Doc. No. 73), the defendants note that this issue was resolved on April 10, 2002. At that time, the plaintiff was permitted to stand in the Unit Manager's Office at SCI-Coal

1

Township while Department staff made copies of the documents which he produced in response to the defendants' request for production of documents, so that he could be sure no one tampered with his materials. According to the Corrections Defendants, the copies were made for the plaintiff free of charge. (Doc. No. 73, pp. 3-4).

On June 28, 2002, the plaintiff filed a motion to compel discovery (presumably pursuant to Fed.R.Civ.P. 37(a)) in which he requested that the court direct the Corrections Defendants to provide him with "the DOC Directive that ordered the Department of Correction to cut off power in all institutional RHU cells." In addition, the plaintiff sought to have the court order the maintenance department at SCI-Smithfield "provide him with the status of plug sockets in RHU on H-2 and any repairs made from January 2000." Finally, the plaintiff sought a court order directing "the Medical Records Department at SCI-Coal Township to provide [him with] a copy of certain medical records as evidence to support his claim . . ." (Doc. No. 67).

The plaintiff has not alleged in his motion to compel, nor attached as an exhibit, any indication that he has formally requested such discovery pursuant to the provisions of Fed.R.Civ.P. 34, prior to seeking this order to compel.

The Corrections Defendants, for their part have contended that the

plaintiff never formally sought the documents which are the subject of his motion to compel (Doc. No. 67), pursuant to Fed.R.Civ.P. 34.  Despite this failure by the plaintiff, the Corrections Defendants indicate that, in light of the plaintiff's pro se status and in the interests of moving this matter forward, they have served the plaintiff with a formal response to his request for production of documents.   (Doc. No. 73, pp. 4-5; Doc. No. 74, Ex. C)

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

the Corrections Defendants' motion to strike, (Doc. No. 73), is **GRANTED** to the extent that the plaintiff's motion for extension of time, **(Doc. No. 52)**, and the plaintiff's motion to compel, **(Doc. No. 67)**, are **DISMISSED** as moot.

*[signature]*

MALACHY E. MANNION
United States Magistrate Judge

**Date:** August 1, 2002