Kim Smith CT-2102
1 Kelley Dr.
Coal Township Pa. 17866-1021



Aug. 10, 2002

John J. Talaber Esq.
Assistant Counsel
Dept. of Correction
55 Utley Dr.
Camp Hill Pa. 17011

RECEIVED
SCRANTON

AUG 1 2 2002

MARY E. D'ANDREA, CLERK
PER _____
DEPUTY CLERK

I Re:       Civil Action No. 1:01-0317

Dear Mr. Talaber:

Sir I did comply with the standard of Fed. R. Civ. P. 34(b) and particularly and specifically informed you formally at the May 17, 2002 deposition and then again by letter to your office, I also sent a number of request to institutional staff on this issue complying with the rules of this court for discovery see the attached exhibits A.

As far as I know these letters were sent to your office as well as the court, by placing such in the institutional mail box. Unless institutional staff took an deliberate indifferent affirmative act to hinder petitioner access to the court. If they did not then your office should have gotten such as I was billed for postage.

Your objection under Fed. R. Civ. P. 26 (b)(1) is unfounded. As the policy or practice or procedure that terminated power in the RHU cells in all state institution, is very relevant issue to claims raised in complaint as it goes directly to the condition of confinement and the health care safety of an inmate.

If the Correction Defendants are not aware of this policy then why was the power in RHU cells cut off for the 7 months that I was in the RHU from June 2000 to Jan.

2001. And why was no repairs made to the plug sockets in these RHU cells in a timely manner, a 7 month delay in repairing these plugs is questionable to inmate health safety.

I did not ask for dates that the Diesel Generator did not start or was not working. I asked why the power was cut off in RHU, depriving me the use of my C-PaP. Also who has the authority to do such an act and put inmates health safety at risk who was housed in RHU, and this goes directly to the condition of confinement.

If the Correction Defendants are not aware of a policy that terminated the power in the RHU cell, by who's authority was it terminated.

This goes beyond a Diesel Generator that did not start, or Standby Generator test, it took an affirmative act that put inmate health care safety at risk when the steps were taken to cut the power in the plug sockets in the cells in RHU. This act deprived and is directly related to the condition of confinement, as at any time if the power in plug sockets were required their was none and such could have been the cause of a death if this power was needed to sustain life, or inmate health safety.

While petitioner was in RHU for 7 months in all the cells he was place their was no power in the plug sockets, and most of the plug sockets were so damaged that they could not even be used. This fact is relevent information that directly addresses the condition of confinement and inmate health safety. Because I was in the RHU for a name calling thing and an alleged threat does not give institutional staff or the Correction Defendants the right to put me or my health safety at risk, or deprive me the fundamental rights such as having power in plug sockets for health care reason, or to use a health care device. Because of this act I'm still being deprived the use of my health care device based on the claim that I refused such, how could I when their was no power in which to use this device.

Also on Aug. 5, 2002 I sent Ms. Dascani a request to review the records your office has sent and to be able to take notes of these records names, addresses, dates, etc. that I may find important to the issue of this complaint, and all relevent information contained in these records.

Any relevent information contained in these system of records that abridges the

rights of any person or their health safety or the custody and control deprives a person of health care, or health safety is relevant information. Even inmates have the right to be provided with power in their cells it a health care device is or was required or being used at the time inmate is place in RHU, and to abridge this right is cruel punishment and the foundation for an 8 th amendment violation, when knowingly and intentionally done. This act can not be covered up by a policy that is not clear or a claim of failed generator, this deprivation lasted over a 7 month period and is still affecting petitioner health care and safety as he is still be denied or deprived the C-Pap device based on a claim he refused to use such, how could such be used when their was no power in cells.

Also the fact that petitioner was punished for having a bad attitude when he was denied and deprive his diabetic medication, and place in a hard cell because of his attitude. Last I heard having a bad attitude was not a punishable offense.

The question here is why for 7 months their was no power in plug sockets for its use ? And why did not the health care providers take steps to secure the power in cells for petitioners use of the C-PaP device ? Why would staff namely M. Bake, Dr. Long falsify the record and claim petitioner refused to use the device when they knew their was not power in cell for its use ? By who's authority was the power in the RHU cells terminated ? And was this act knowingly and intentionally done set to deprive inmates housed in this unit of health care safety ?

A failed generator would not support the claim that for 7 months their was no power in plug sockets in the RHU cells the period petitioner was in these cells, and this is 30 days a month 7 days a week their was no power so what was provided as an explanation for the failed power is not support by the period of time these cells did not have power and as far as petitioner knows at this time the problem has not been corrected.

Wherefore for these reason petitioner objects to the claims of the Correction Defendants counsels claim, see the enclosed brief in support of. It is also request that court issue an order for expert witness and have petitioner examined by outside Dr. for his health care problem under federal rules of court which is enclosed in the brief in support of.

Respectfully Submitted

*Kim Smith*

Proof of Service

I certify that on Aug. 10, 2002 I turned over to D block Officer a true and correct copy of this pleading to forward to institutional mail room to forward to the United States Postal Service to be mailed first class mail to the below listed parties in compliance with the rules of court for service.

Mary D'Andrea
Office of the Clerk
U.S. District Court
Middle District of Pennsylvania

James Young Esq.

John J. Talaber Esq.

Kim Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kim Smith | :Civil Action No. 1:01-0817 |
| Plaintiff | : |
| | : |
| | :( Judge Caldwell) |
| vs. | : |
| | :(Magistrate Judge Mannion) |
| | : |
| James Morgan, et al., | :Jury Trial Demanded |
| Respondents | : |

FILED
SCRANTON
AUG 1 2 2002
PER _____
DEPUTY CLERK

Request to Amend Complaint

AND NOW, comes Kim Smith a lay person not lettered in legal matters and without the aid of counsel prays a less stringent standard be applied to this Pro-se pleading to amend the complaint at Civil Action No. 1:01-0817 to include the below listed parties.

1.  Dr. Breen Medical Director at State Correctional Institution Coal Township.

2.  Prison Health Service, 890 Poplar Church Rd., Suite 207, Medical Arts Building, Camp Hill Pa. 17011.

3.  Reason for the amendment to complaint to include these listed parties in this civil action.

A.  On 12-01-01 plaintiff complained about lump behind left knee that has been their for a number of years and not treatment given, and right shoulder pain. An ultrasound was ordered for left knee, and x-rays. At which time a Dr. Gregory diagnosed this condition as ( 2 adjacent cysts with some internal debris along the lateral aspect of

the left popbteal focsa, and referred to consult with orthorpedic doctor. Dr. Breen Medical Director stated it was his opinion that these cyst were benine and that in his opinion I should not see a orthopedic Doctor for this condition they gave tyenal to address the pain which does not deal with the pain, and plaintiff have since returned to the medical department with complaints of pain and swollen lumps on the inside of the knee and alot of pain, and the condition has since worsen to a point it is now a problem to walk for extented periods of time or stand on that leg.) And this determination for treatment is better determined by a trained bone doctor, and not a general practioner.

B.      At State Correctional Institution Smithfeild, was determined that plaintiff had ( mild erosive change the distol end of the clavicle at A/C joint as well as slight hypertrophic spurring at the superior tublrosity of the humeral head. This was determined by x-rays. At State Correctional Institution Coal Township x-rays were taken and it was determined that their was nothing wrong with plaintiff left shoulder, and he has since had to endure the pain when moving arm, to a point the pain runs down into his upper back, and chest. And this condition has since worsen, and no treatment was given, and has since returned to medical complaining about bad shoulder pain, and pain when moving arm.

C.      At State Correctional Institution Smithfield, plaintiff had a lumbar support, and it was well documented that plaintiff had a back condition, slipage at L-5, S-1, L-4 in a lumbar condition and was given a lumbar and back support. And this condition was well documented on the street as plaintiff spent 4 years in a taylor brace for this problem from a work related injury. As State Correctional Institution Coal Township, x-rays were taken and it was determined that plaintiff had no back condition, and no treatment was given for his back problem, and plaintiff must endure leg pain and low back pain with numbness it but and feet, and sometime arms and hands, and some days it is hard to walk and such is done with great pain. Plaintiff has since returned to medical regarding this condition and no treatment was given.

D.      And grievance at No. 15086 was filed April 25, 2002 to Camp Hill and no reply was given to this grievance as of this date June 8, 2002, as well as for all the above listed complaints and plaintiff is dissatisfied with the determination to support the claim at institutional level and the denial of treatment for these serious health condition. As the cyst could be reason for diabetic condition as well as head aches and gland condition as they could be leaking poison into plaintiff system, and it is hard

to determine if the cyst are cancerest, if a byopsy was not taken to determine the nature and reason for these cyst, and to deny this treatment is done deliberately with the intent to impose harm and other injury, if these condition are not adequately treated in the first place. And for these reason plaintiff respectfully request that he be granted the right to amend complaint.

### REQUEST FOR COURT ORDER

Petitioner is respectfully requesting that this Honorable Court issue an order directing the named respondent under rule 706 expert witness to examine plaintiff right shoulder, left knee, low back, Hep-C, Sleep Apena, and any damage to liver, and plaintiff diabetic condition, and the health care that plaintiff has been provided with is deliberately indifferent to these serious medical need of plaintiff, and plaintiff feels he has sustained an injury from the delays in the treatment of these condition. And the wanton infliction of pain from the failure to treat these condition. The government has a obligation to provide adequate health care based on known standard for health care, and plaintiff has claimed alleged acts of omission sufficiently harmful to evidence of deliberate indifference to warrant this Court to request an expert witness under rule 706, for petitioner serious medical condition.

Request for a specialist can not be objective criteria, See Spruytte 753 F2d at 508, and Greenholtz at 442 U.S. 1, 11 99 Sct 2100, 2105 . Protective rights under McFarland 779 F2d at 1428.

Since prisoners cannot obtain their own medical service, the Constitution requires prison authorities to provide them with reasonable adequate medical care, Newmann v. Alabama 559 F2d 283 291, Hoptowit v. Ray 682 F2d 1237, 1246: Bell v. Wolfish 441 U.S. 520: Langley v. Coughlin 888 F2d 252, 254 official must provide reasonable necessary medical care.... which would be available to prisoner if not incarcerated.

Courts have defined adequate medical service as service at a level reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standard, Fernandez v. U.S. 941 F2d 1488, 1493: U.S. v. DeCologero 321 F2d 39, 43; Tillery v. Owens 719 F. Sop. 1256, 1305.

Wherefore it is respectfully requested that this Honorable Court issue an order in

compliance with Rule 706 to have plaintiff seen by an expert witness, and a specialist for the above listed condition.

RESPECTFULLY SUBMITTED

*[signature]*

IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kim Smith | :Civil Action No. 1:01-0817 |
|     Plaintiff | : |
| vs. | : |
| James Morgan et, al | : |
|     Respondents | : |

**VERIFICATION**

I Kim Smith pro-se plaintiff in this case hereby verify that the information contained in this motion is true and correct to the best of his knowledge and information and understanding, and belief. I knowingly make this verification according to 28 U.S.C. 1746 relating to unsworn statements.

                                                                                                    _/s/ Kim Smith_
                                                                                                    Kim Smith CT-2162
                                                                                                    1 Felley Dr.
                                                                                                    Coal Township Pa. 17866-1021

Date 6-6-02

IN THE UNITED STATES DISTRICT COURT

PROOF OF SERVICE

I certify that on or about June ~~14~~ 6, 2002 I turned over to D block officer a envelope containing plaintiff motion to amend complaint to forward to institutional mail room to send to the United States Postal Service to mail first class mail to the below listed parties, to satisfy the rules of Court.


Mary D'Andrea
Office of the Clerk
U.S. District Court
Middle District Of Pennsylvania

Mr. Fairall Jr. Esq.
James Young Esq.
Prison Health Service
Dr. Breen
Kim Smith

Kim Smith CD-2152
1 Kelley Dr.
Coal Township Pa. 17866-1021

May 1, 2002

FILED
SCRANTON

AUG 1 2 2002

PER _____
DEPUTY CLERK

Chief Counsel Office
James Young Esq.
301 Market St
P.O. Box 1245
Harrisburg Pa 17108-1245

D. J. Balobee
55 Utley Dr
Camp Hill Pa 17011

In Re:   Request for information of S.C.I.S. and Medical Records.

Dear Sir:

Please be advised that I was told by Ms. Kendra Dascani that I must contact your office in regards to information and before I could be granted such I must get your approval for such. At this time I'm asking to be provided with the below listed information, and request you inform staff at S.C.I.S. and S.C.I.C. to provide me with this information. This has been the 7th request for this information and I have been denied such by either your office and both institutions. Would you please see that I'm provided with such.

1.   Maintinance records of RHU H block at S.C.I.S. and the condition of the plug sockets in those cells, and any and all repairs that were done from June 2000 to this date.

2.   The Department of Correction Policy that states all cells in RHU are to have the power cut of, the reasoning and directive in DCC policy.

3.   All relevant medical records blood test and x-ray reports and general information dealing with right shoulder problem, left knee, lower back problem, sore on body, Hep-C treatment, and reason for termination and reason for the condition worsening after

treatment was started back, foot fungus problem, treatment for diabetes, regular Accu-cheks, and it policy for type two diabetics. Reason for the denial for C-PaP device, reason for denial of night shift cook school at S.C.I.S., all Physic reports, and all reports of operation since July 1995.

Wherefore I'm in hopes and prayers that your office will provide me with such.

Sincerely,

Kim Smith

Proof of Service

I certify that a true and correct copy of this letter was sent to the below listed parties on or about May 1, 2002 and was forwarded to the United States Postal Service to be mailed first class mail to the below listed parties.

Office of the Clerk
United States District Court
Middle District of Pennsylvania

Counsel for Wexford Health
Counsel for the Department of Correction Defendants
Kim Smith

**19**

| Form DC-135A | Commonwealth of Pennsylvania |
| --- | --- |
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |
|  | **INSTRUCTIONS** Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1. To: (Name and Title of Officer) Ms. A. Buell RHIT | 2. Date: 4-5-02 |
| --- | --- |
| 3. By: (Print Inmate Name and Number) Kim Smith CT2162 *Kim Smith* Inmate Signature | 4. Counselor's Name Mr. Theser 5. Unit Manager's Name Mr. Smith |
| 6. Work Assignment F/S | 7. Housing Assignment D-2-19 |

8. Subject: State your request completely but briefly. Give details.

Please be advised that in the case documentation you requested in order for me to get copies for my litigation.

In the United States District Court
For the Middle District of Pennsylvania

Kim Smith                | Civil Action no: 1:01-0817
Plaintiff                |
                         | Judge Caldwell
Vs                       | Mag Judge Mannion
James Morgan, et al      |

Attys: William E. Russell, Jr Esq (717) 731-0444
James D. Young Esq. (717) 233-6633                         *Kim Smith*

9. Response: (This Section for Staff Response Only)

If you need any more information please advise.

Refer to K Dascani for review. 4/8/2.
                                          C. Buell, RHIT

I spoke with Chief Counsels office, because you have a civil action pending for this matter. If you want copies of your medical records, you will have to request them through the Office of Chief Counsel.
            cc: Ms Buell

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
| --- | --- |

Staff Member Name  KK Dascani / KK Dascani   Date 4/16/02
                        Print              Sign

Kim Smith CT-2162
1 Kelley Dr.
Coal Township Pa. 17866-1021

April 30, 2002

Thomas L. James
Chief Grievance Coordinator
Commonwealth Of Pennsylvania
Department of Correction
2520 Lisburn Rd. P.O. Box 598
Camp Hill Pa. 17001-0598

In Re:    DC-ADM. 804 Final Review, Grievance No. COA-0626-01

Dear Mr. James;

In regards to your decision for the use of the C-PaP device I must ask you a few questions.

1.  How could this device be used if their was not power in cell on H block and the plug sockets were so damaged that they could not be used, how could I not be compliant with medical staff ?

2.  In June of 2000 how was I not in complance with medical department for the use of the C-PaP device when in RHU ?

3.  If their was no power in which to use this device how could I comply ?

4.  Is it not policy of the DOC that all RHU units were to have power cut off, in this act it deprived me of health care ?

5.  Had the power been on in these cells I would have been able to comply ?

6. How can you place blame on me for what the DOC determine as policy, and then state I was non-compliant with medical staff for the use of C-PaP device when I had no control over it and then to blame me for what was not my doing and to couple it with the denial of health care shows a standard that is shocking to society and a deprivation under the color of law and for you to support this form and level of abuse and justify it as being my fault when I had no control over the issuing of power in RHU cells, how could this be my fault.

7. Sir how could I get a copy of repair record from June 2000 to this date regarding repairs to plug socket in RHU in E block at S.C.I.S. and the state wide policy in which it is stated that all RHU cell were to have power in the cells terminated, and based on this act of the DOC and act of discrimination I was denied health care namely C-PaP device, with very little care for any health care problems this denial may cause. The act of cutting off the power in these cells shows a level of indifference, and to blame me and claim I was not compliant with staff for its use. More over I never refused to use this device, more likely I was told I could not use this device because I was in RHU and how could I comply when I had not power for its use.

If you reviewed the record I'm sure you would see that their was no power in cells in RHU at S.C.I.S. and the device could not be used, moreover it would not support the denial of its use at this time, when I'm in a place where cells have power.

For these reason I must file in federal court that you knowingly and intentionally are denying me health care namely the C-PaP with a claim that I was not in compliance with staff when the true fact is their was not power in RHU cells at S.C.I.S. for its use, and that the plug sockets were so damaged that the plug sockets could not be used.

Sincerely

*[signature]*

Proof of Service

I certify that a true and correct copy of this letter was sent to the below listed parties by the United States Postal Service on or About May 1, 2002.
Thomas L. James Grievance Appeal Office. Clerk of Courts U.S. District Court Middle District, Mr Tabaler, Mr. Young.

| Form DC-135A<br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>Records Office | 2. Date: 6-2-02 |
| 3. By: (Print Inmate Name and Number)<br>Kim Smith CJ2162<br>Kim Smith<br><sub>Inmate Signature</sub> | 4. Counselor's Name<br>Mr. Maser<br>5. Unit Manager's Name<br>Mr. Smith |
| 6. Work Assignment  F/S | 7. Housing Assignment  D-2-19 |

8. Subject: State your request completely but briefly. Give details.

Who can correct, if you heard from Central Office regarding to provide me with a copy of my medical records.

Also would you please provide me with the complete name and address for this institutional health care provider.

Thank You

9. Response: (This Section for Staff Response Only)

Mr. Smith~
  To date I have been given no direction via Central Office to provide you with a copy of you medical records.
  I have no addresses of any healthcare providers. This request would be better directed to PHS site Administrator.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |

Staff Member Name  D. Dickson, RHIT / D. Dickson, RHIT  Date June 3, 2002
                       Print                    Sign