

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kim Smith | :Civil No. 1:01-o817 |
|     Plaintiff | : |
| | :( Judge W.W. Caldwell ) |
| vs. | :( Magistrate Judge M.E. Mannion ) |
| James Morgan, et al., | : |
|     Respondents | : |

OBJECTION TO CORRECTIONS DEFENDANTS MOTION FOR DISCOVERY
AND DISPOSITIVE MOTION DEADLINE

### BRIEF IN OPPOSITION

A.     Under Fed. Rules of Evidence rule 706 is required to settle the dispute as to if it is a differnece of opinion of Kim Smith and institutional medical staff.  Or the opinion of the doctor who tested and reviewed x-rays determination of treatment of the condition that is supported by the test and x-rays and institutional medical staff superceeding a doctor orders to treat.  If a doctor who reviews x-rays and other test see the need for treatment and recommend the kind of treatment to be given and for institutional staff to deny such treatment is a clear showing of deliberate indifference to serious health care condition, and the evidence is so over whelming that a lay person can see the need for treatment.  This goes beyond a difference of opinion when records support the need for treatment and institutional staff for going the option not to treat with very little regard to inmate health safety.  Another opinion should be required to support and or verify the level of neglect and abuses that an inmate has sustained at the

hands of institutional staff denying treatment that has been recommended by outside Doctors. It is not the issue of judgment or opinion but what is considered treatment based on the test and x-rays and if x-rays show a need for treatment, and then institutional staff for going not to treat is an deliberate indifference standard, and 8 th. amendment violation and subject a person to cruel punishment and is done with the wanton desire to bring pain and injury, why else would a doctor not treat a condition when the treatment is supported by record. Moreover the outside opinion is not wrong if it is supported by record and another doctor report for treatment, and institutional staff refuses to treat.

B.      Complaint to amend complaint to include Dr. Breen, and Prison Health Services, and a John Doe should be granted. As Dr. Breen in his professional, and official, and individual capacity knowingly and intentionally denied treatment for 2 cyst behind Kim Smith left knee, then goes on to claim that these cyst were benine and superceeding the doctors authority who reviewed the records and request Kim Smith be seen by an orthopedic doctor. To refer to such a doctor is a clear showing of a need for specialized treatment, and Dr. Breen refused to treat, coupled with the denial of back support for a break in L-5, S-1 in the lumbar area that is supported by record, the apena condition and denial of C-pap device, bone over lapping in left wrist, and since this doctor is under contract threw the Prison Health Service should also be named. And the John Doe should be added as the unknown officer who forced Kim Smith face into wall June of 2000 causing him to lose his left front tooth that was capped. And the abuse of the co-pay policy and the abused inmates are subjected to at the hands of institutional staff in the repeated charging for the same condition and the renewing of medication for a chronic condition, in which inmates are not to be charged.

C.      Plaintiff alleges and claims deliberate indifference standard, that is knowingly and intentionally being applied, with a wanton desire to inflict pain and injury in the denial of treatment that was referred by another doctor that is supported by test and x-rays. For a doctor to claim that these cyst are benine without first getting evidence to support that claim and then go on to deny treatment, shows a deliberate indifference. If a doctor reviewed test and x-rays and show the need for specialized treatment, and institutional staff denies this treatment is that not deliberate indifference, as the person being denied must endure the pain and suffering until the condition worsen to the point they may have to cut of a leg or even worse.

D.   This Honorable Court can not exspect a lay person not lettered in legal matters to enter into a contract with the institution for copies of the defendants discovery and pay either a $ 210.00 or $ 210.00 fee for copies for about 2100 pages of record, nor can the court of defendants exspect plaintiff to review this amount of records in a four (4) hour period. I believe the defendants and the court could no do such so how can it be exspected for a lay person to do something a learned person can not do. Moreover Kim Smith was placed in a visiting cubical for inmates in the hole and their was a guard on duty at that station so for Kim Smith to review the records would not be a problem or hinder the operation of the institution. Also it must be considered that their maybe evidence in these record to support Kim Smiths claim, if any part of the claim is moot and why is the defendant so set on refusing Kim Smith the right to complete the review of the records, is because their is evidence in the record that would support Kim Smith claims of abuse and denial of health care and 8 th amendment violation. To pay for such would subject Kim Smith to abuses and it is clear it has been 18 months and he has not completed paying the filing fee to the Court, and the manner in which institutional staff has violated the IFP order and took funds placing Kim Smith account in the red, taking funds and placing them in an escrow account, taking two payments in one month, like the proceeding months income and present months income and placing it in an escrow account. Kim Smith does not feel like placing himself in the hands to be subjected to abuse of institutional staff's abuse in the taking of the funds for copies. And doing such may deprive him personal needs and legal postage, and at present threw experience Kim Smith does not feel the need to put himself in harms way.

E.   In Kim Smith request for discovery material it was not requested information for the back up generator or its up keep. What was requested was the Department of Correction policy that gave State Correction Institution Smithfeild the authority to terminate the power in J block and in B-2 block in RHU. By whom authority was this power in plug sockets cut off. Any repairs to the plug sockets that were made for a period of June 2000 to January 2001. And why was power cut off for 7 months consecutively not the report of the back up generator and when power was cut off to check the running of this generator. The defendants discovery was void of any of this requested information.

F.   From what Kim Smith was able to read in the defendants discovery Kim Smith sleep study Apneas state 13 per hour longest time 25 seconds. Kim Smith stops breathing 13 time in an hour of sleep and the longest time without breathing was 25 seconds. In an 8.2 hour period of time during sleep Kim Smith stops breathing 29.5. minutes based on

Feb. 19, 98 report. Sleep onset occures within 1.5 minutes of stage 1 or each Epoch of stage 2-4 or one Epoch of Rem. Do you think a person who stop breathing this much during sleep is not serious, and would these reports not show a need for treatment. Dr. Zlapho report 13 apneas per hour ranging in time 16-25 seconds with significant desaturation during these times. Dr. Zlapho M.D. 801 Howard Ave. Altoona Pa. 16601 coupled with mild obstruction ventilary impairment with mild hyper - infliction and sever artropping and mild diffusing capacity C-Pap nightly. Dr. Sandra G. Ioycmk M.D. patient achieved stage 1, 2, 3, 4, and Rem patient had 28 respirtory events 24 were apneas, and 4 were hypopneas 3 of the apneas occured with an arousal and all of these were obstrutive in character. The study demonstrated no significant obstructive sleep apneas with the use of C-Pap at 7 C.M. of water. Of note patient did have document apneas during the recording period consistent with obstructive sleep apneas, but maximum severty of his illness could not be determined on thin interventional study.

G.   @ lumps behind left knee after ultra sound, no treatment given, never seen by orthopedic doctor specialist, no follow up, on Aug 29, 2001 left knee showed Moderate to mask medial compartment degenerative joint disease. Mild degenerative joint disease is seen elsewhere. March 12, 1999 faint radiolucenty of the mild shaft of the 3 rd. proximal phalanx in one view, no investigation, no treatment given. Dr. Henry K. Smith on Dec. 12, 2001 ultra sound of left knee and examination of the lateral aspect of the left poptrteal fossa demonstrated (2) adjacent cyst with some internal bebris. The larger cyst is 2.3 x 1.3 cm, smaller cyst is 1 x 0.8 cm no solid masses are present. Impression the lateral aspect of the left popbleal fossa measuring 2x1 cm in size by D. Peter G. Gregory M.D. also Dr. Miguel Soloman and Frederick James, state mild post trmaticv arthritis of left medial compartment.

Spine x-rays show lumbar spine very miminal levo conver scaliasis maybe positional.
A slight dextro convex scaliosis of the lower tharacic spine, is also suggested at the L-5 S-1 to be a break in the poro inter osticulus, obligue view maybe needed for further evaluation. Impression Spondylolysis at L-5 S-1 minimal sculiasis by pamas Doreedaites Dec. 14, 2001

H.   Unable to review medical records for right shoulder and left shoulder, skin problem, diabetes, Hep - C treatment, and show the treatment worsen the condition. And at no time was Kim Smith that this treatment would worsen the condition. Foot fungus problem, dry feet sinus condition, tooth removel, operation by Dr. Hardesty,

That was all the information I was able to obtain in the four hours that I was granted to review the Commonwealth's records, and there is other pertainate information in the record that petitioner needs to see if he is going to have a fare chance to present his case at any hearings or at trial.

Also the Commonwealth records were void of any information to justify why from June 2000 until Jan. 2001 why the power in RHU on H block at S.C.I. Smithfeild was turned off.

If the Correction defendants will not permit plaintiff to review the records it is hard to complete the review of discovery material, and all letters and request to review such have went unaddress by the correction's defendant's. And petitioner was unable to review all grievances filed against the correction's defendants

Wherefore based on the information that petitioner has obtained, and since he can not afford to pay the fee for the Correction's defendant's discovery he is filing his request for additional time and based on present information that he has obtained is filing his dispositive motion and request expert witness to examine and review all and any x-rays taken.

It is respectfully requested and a jury trial date be set as it appears the Correction defendants will not permit or give petitioner a fare chance to present his case or review the records or provide him with the requested information, such as the policy or whom acted as the policy maker for the Correction's Defendants that authorized the termination of all power in the RHU cells in all state institution, as the goes directly to the condition of confinement and it would deprive any person housed in that unit of health care and safety in power was needed in plug sockets. Nor was petitioner provided with the status of the plug sockets on H block at S.C.I. Smithfeild and if they were ever repaired. Because of institutional medical staff continue refusal of health care namely, C-PaP, Cyst behind left knee, lower back condition with a break in lower back, right shoulder condition with arthritis and bone spurs that has went unaddressed for over a year, and the pain and suffering petitioner has to endure because of the denial and lack of health care for these serious condition, and they just seem to keep getting worse to the point his shoulder problem is now affecting his elbow and other parts of arm, and back problem is now causing numbness in both legs, as well as the damage and delay damage from the denial of the C-Pap device. They may attempt to state that this condition is related to petitioners diabetes and it is not so as their is something wrong that would cause a continue and consistent

pain. Kim Smith also sustained damage to his liver when given Hep - C treatment, and at no time was he told that this condition would worsen when given treatment. Treatment was terminated based on a non-existent policy and when given back Kim Smith liver sustained damage. Petitioner was reacting to treatment at one time as the viral load dropped from 282,00 to 202,000 in an 120 day period, when treatment was taken when given back the illness increased to 527,000 in less then a 90 day period and I believe that at no time is this condition to worsen if treated correctly, and because of the damage to the liver Kim Smith may sustain delay damage to his general health when his liver is not working correctly based on the injury sustained when treatment for Hep - C worsen his condition. Petitioner was unable to review the health care records for this condition and expert witness is requested for this condition as well as an orthopedic doctor, and a doctor for apena.

Wherefore based on what petitioner has obtained and all information and the continual denial of health care a jury trial is requested, and a hearing is requested for delay damages in this matter.

Respectfully Submitted

*Kim Smith*

Date 10-30-02

Proof of Service

I certify that a true and correct copy of this pleading was turned over to D block officer on or about October 31, 2002 to forward to the United States Postal Service to be mailed first class mail to the below listed parties.

Clerks Office
United States District Court
Middle District of Pennsylvania

Mr. Talaber

Mr. Young

Kim Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Kim Smith            :

  Petitioner          :

                :Civil Action No 1:01 - 0817

  v.

James Morgan et, al.

  Respondents

## VERIFICATION

I Kim Smith swear/affirm the forgoing is true and correct under penalties provided for under 18 Pa. C.S. § 4904 ( unsworn falsification ) that the facts contained herein are true and correct to the best of my knowledge, information and understanding and beliefs.

                      _Kim Smith_
                      Petitioner

Date 10-20-02
Kim Smith CT-2162
1 Kelley Dr.
Coal Township Pa. 17866-1021