IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

:Civil No. 1:01 - 0817

Kim Smith              :

    Plaintiff         :( Judge W.W. Caldwell )

                  :

                  :( Magistrate Judge M.E. Mannion)

vs.                    :

                  :

James Morgan et, al    :

    Respondents       :

FILED SCRANTON
NOV - 5 2002
PER ___ DEPUTY CLERK

OBJECTION TO CORRECTION DEFENDANTS MOTION

FOR DISCOVERY AND DISPOSITIVE MOTION DEADLINES.

REQUEST FOR ADDITIONAL TIME TO REVIEW MEDICAL RECORD

REQUEST FOR JURY TRIAL

And now come Kim Smith a lay person not lettered in legal matters and without the aide of counsel, prays a less stringent standard be applied to this pro-se pleading and request.

1.  Plaintiff request additional time to review medical record, as it is the (4) four hours that he was given was not enough time to review the 2000 page exhibit the Correction Department submitted and it is request to obtain the opinion of the Doctor in which who reviewed x-rays and lab reports and testing that was done, and their prognocess and diagnoses and exspected recommendation for treatment. If it is just a difference of opinion of plaintiff and correction defendants and Wexford then what harm is their to let plaintiff complete his review of medical records. Unless contained in these files are more the just a disagreement of plaintiff and institutional medical staff.

2. Plaintiff request until December 20, 2002 be given him to complete his rewview of medical records and institutional staff as well as Wexford Health are directed to afford petitioner that right.

3. If plaintiff was granted IFP status and it has taken him some 18 months to pay almost a $150.00 filing fee off and as of this date he has not paid the complete fee, what makes the defendants feel that an IFP status person would want to enter into such a agreement when these parties have proven they have no consideration for the IFP Court order, at no time does this statue give institutional staff the authority to take 20 % of all monies that come in nor set up and excroww account. To sign for such an agreement between plaintiff and correctional defendants would only subject petitioner to additional abuses and being deprived, as thier is a questional aspect in plaintiff's account as monies is missing and can not be accounted for in cash slips, filing, and the store, and cable, the amount of money that is being spent and taken.

4. Moreover why is the Correctional Defendants Counsel answering for Wexford Health as the medical records issue should have been addressed by the Wexford defendants and or their counsel for the correctional defendants counsel to be lead counsel on issue that do not have anything to do with such is questionable to the level of professionalism. More over the only discovery that was requested by the correctional defendants is the correctional institutional or Department of Corrections policy that supports the termination of all power to all the cells in RHU in all state institution in the plug sockets, and by whoms authority was this done. Any and all repair reports to the plug sockets in RHU on J block at State Correctional Institution Smithfeild, the present condition of plug sockets. The repairs and back up running of the back up generator was not what that was requested and for the correctional defendants deliberately not to supple this information shows that they attempt to defraud and hinder and hide pertenate information from plaintiff and the Court, that would support plaitiffs claim. Since the denial of the C-pap device started at State Correctional Institution and has since be part of the reason for the continued denial of the use of the C-Pap devise any claim on this institution is not moot. Inasmuch the hinderance by C.O. Ersek in the with holding of the health care devise after being instructed by medical staff to turn such over to plaintiff and refusing to do such, then ordering plaintiff to sign a refusal form for hhealth care when plaintiff was not refusing his health care but being deprived such by this officer who had no knowledge or expertese in health care then issuing a misconduct because petitioner would not sign a refusal form, and subject petitioner to

punishment because he saw fit to step outside of his authority of custody and control and order plaintiff to sign a refusal of health care. The knocking out of plaintiff front tooth, the delay of 5 years in treating Hep-C based on the D.O.C. had a policy that prohibited Dr. Long from treating this illness, but this Dr. sit and watched this condition worsen over a 5 year period, and the fact that petitioner had to dress his open wound, and medical staff taking the dressing for such claiming the Dr. did not order such to be dressed and upon review of this record it is clear that Dr. ordered dressing, but institutional staff superseeded the Dr. orders taking the dressing claiming it was a security issue, and that none of the Dr. ordered this wound to be dress, when the operating Dr. notes clearly state that this should be dress. The 7 months in the hole without reason or cause for such at the hands of Angel Zimmerman, the forcing plaintiff to pay a cable fee when he was not in the institution and had requested to have his cable cut off. The punishing of plaintiff because he had a bad atitude because he would not except the fact that a nurse Bernas had the authority to cut his diabetic medication and other issues that were stated in the amended complaint.

Wherefore for these reason plaintiff is requesting additional time to review the Corrections Defendants medical record and the medical record of Wexford health, if their is nothing in them then why fear to let petitioner review them and take notes. Wherefore petitioner prays that this honorable court will grant plaintiff this time. Since plaintiff is not afforded the recount of rule 706 for expert witness to support his claim and get adequate health care. If plaintiff as a lay person can see the need for treatment and health care I'm sure a professional health care provider will see such and determine adequate health care.

Respectfully Submitted

*Kim Smith*

Date 10-30-02

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Kim Smith : Civil No. 1:01 - 0817
  Plaintiff : ( Judge W.W. Caldwell )
             :
             : ( Magistrate Judge M.E. Mannion )
  vs.        :
             :
James Morgan et, al :
  Respondents :
             :
             :

CERTIFICATE OF SERVICE

I undersigned hereby certifies that a copy of petitioner reply and objection was sent to the below listed parties on or about Sept. 28, 2002 by turning over to D block officers a true and correct copy to mail to the United States Postal Service to mail first class mail to the below listed parties.

Clerks Office
United State District Court
Middle District of Pennsylvania

James Young Esq.

John J. Talaber Esq.

Kim Smith

Proof of Service

    I certify that a true and correct copy of this pleading was turned over to D block officer on or about October 31, 2002 to forward to the United States Postal Service to be mailed first class mail to the below listed parties.

Clerks Office
United States District Court
Middle District of Pennsylvania

Mr. Talaber

Mr. Young

Kim Smith

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSLYVANIA

| | |
|---|---|
| Kim Smith | : |
|     Petitioner | : |
| | :Civil Action No 1:01 - 0817 |
| | : |
|     v. | : |
| | : |
| James Morgan et, al. | : |
|     Respondents | : |

## VERIFICATION

    I Kim Smith swear/affirm the forgoing is true and correct under penalties provided for under 18 Pa. C.S. § 4904 ( unsworn falsification ) that the facts contained herein are true and correct to the best of my knowledge, information and understanding and beliefs.

                                                                                                                                                */s/ Kim Smith*
                                                                                                                                                Petitioner

Date 10-30-02

Kim Smith CT-2162

1 Kelley Dr.

Coal Township Pa. 17866-1021