IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH,

    Plaintiff,

v.

JAMES MORGAN, et al.,

    Defendants.

Civil No. 1:01-CV-0817

(Judge William W. Caldwell)

(M.J. Malachy E. Mannion)

## CORRECTIONS DEFENDANTS' NUNC PRO TUNC MOTION FOR AN ENLARGEMENT OF TIME

The Corrections Defendants, by and through their attorney, John J. Talaber, Assistant Counsel, Pennsylvania Department of Corrections, pursuant to Fed.R.Civ.P. 6(b)(2) respectfully requests this Honorable Court to grant an enlargement of time, *nunc pro tunc*, until December 19, 2002, for their: (1) Brief in Opposition to Smith's Motion to Compel (doc. 92); and (2) Brief in Opposition to Smith's Motion for a Temporary Restraining Order (doc. 93). Further, the Corrections Defendants respectfully request that they be allowed to file their Statement of Material Facts with their supporting Brief to the Motion for Summary Judgment to be filed on or before December 27, 2002. The following averments are made in support of this Motion:

Parties and Nature of Action:

1. Plaintiff Kim Smith is an inmate currently incarcerated at the State Correctional Institution at Coal Township ("SCI-Coal Township"). See Amended Complaint (doc. 20), p. 12.

2. The Department of Corrections Defendants ("Corrections Defendants") include: (1) Kathy Allen; (2) Nancy Ambrose; (3) Mary Bernas; (4) Sharon Burks; (5) Kandis Dascani; (6) John Dunn; (7) Harry Ersek; (8) Frank Gillis; (9) Robert Glenny; (10) Robert Gooler; (11) Dr. Robyn Johns; (12) Roy Johnson; (13) Tim Jordan; (14) Bernon Lane; (15) John Learn; (16) Edward Mason; (17) Miller; (18) James Morgan; (19) Wilma Sewell; (20) Raymond Smith; (21) David Varano; (22) Voeckler; (23) George Weaver; (24) Lynn Wolfgang; (25) Gerald Whysong; (26) Pat Yarger; (27) Angela Zimmerman; and (28) Hazel Zimmerman. See Amended Complaint, pp. 1-16.

3. Smith also names as Defendants Wexford Health Services, Inc. and Dr. Ronald Long, who are represented by James D. Young, Esquire. See Entry of Appearance (doc. 28).

4. In this 42 U.S.C. §1983 action, Smith alleges that the Corrections Defendants violated his First, Eighth, and Fourteenth Amendment rights under the United States Constitution. See Amended Complaint, pp. 1-16.

5. Smith is suing the Corrections Defendants in their individual capacities. <u>See</u> Amended Complaint, p.8.

6. Smith seeks injunctive relief, as well as, compensatory and punitive damages. <u>See</u> Amended Complaint, pp. 1-16.

<u>Relevant Procedural History:</u>

7. Smith initiated this action with the filing of a Complaint and an Application for In Forma Pauperis status on May 10, 2001. <u>See</u> Complaint (doc. 1); Application to proceed IFP (doc. 2).

8. The Court, by Order dated June 6, 2001, directed Smith to file an Amended Complaint on or before July 6, 2001. <u>See</u> Order (doc. 8).

9. On July 11, 2001, Smith filed an Amended Complaint. <u>See</u> Amended Complaint (doc. 20).

10. On August 3, 2001, the Court found that Smith's Amended Complaint substantially complied with its previous orders, and directed the Clerk of Court to serve process on the Defendants. <u>See</u> Order (doc. 24).

11. On or about September 26, 2001, the undersigned attorney waived service of summons for the Corrections Defendants.

12. On November 6, 2001, the Corrections Defendants waived their right to reply to Smith's Amended Complaint pursuant to 42 U.S.C. §1997(e). <u>See</u> Waiver of Reply (doc. 33).

13. On October 24, 2002, the Court granted the Defendants' Motion for discovery and dispositive motion deadlines; specifically, the Court directed that discovery be completed on or before November 12, 2002, and dispositive motions filed by December 13, 2002. (doc. 89)

14. On November 5, 2002, Smith filed a Motion to Compel Discovery and a Motion for a Temporary Restraining Order with a supporting Brief. (docs. 92-94). Smith did not file a supporting brief to his Motion to Compel Discovery.

15. On November 27, 2002, the Corrections Defendants filed a Motion for an Enlargement of Time to respond to Smith's Motions, *supra*, ¶14.

16. The Court, by Order dated December 3, 2002 granted the Corrections Defendants' Motion, directing them to file responses on or before December 6, 2002; however, for the reasons stated herein, the Briefs in Opposition were not timely filed.

17. On December 13, 2002, the Corrections Defendants' filed a Motion for Summary Judgment.

Motion for Enlargement of Time Nunc Pro Tunc:

18. The Corrections Defendants, by and through their undersigned attorney, respectfully request an enlargement of time until Thursday, December 19,

2002 to file their Brief in Opposition to Smith's Motion to Compel and Motion for a Temporary Restraining Order.

19. Fed.R.Civ.P. 6(b) provides, in relevant part:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . .

20. "[A] finding of excusable neglect under Rule 6(b)(2) requires both a demonstration of good-faith by the parties seeking the enlargement and also must appear that there was a reasonable basis for not complying within the specified period." Four Seasons Securities Laws Litigation v. Bank of America, 493 F.2d 1288, 1290 (10th Cir. 1974)(finding that because the defendant acted in good faith and there was no indication that the tardiness was part of a strategy designed to gain a tactical advantage, there was no prejudice suffered to the plaintiff from the enlargement of time.)

21. The undersigned attorney respectfully requests that the Court deem the Corrections Defendants' delay in filing the Brief in Opposition to Smith's Motion to Compel (doc. 92), the Brief in Opposition to Smith's Motion for a Temporary Restraining Order with Supporting Brief (docs. 93, 94), and Statement of Material facts with their Motion for Summary Judgment a

result of excusable neglect founded upon a reasonable basis.

22. Specifically, late in the afternoon, on Tuesday, December 3, 2002, the undersigned attorney was assigned to represent the Department of Corrections interest in quashing subpoenas duces tecum for inmate records in its possession. The subpoenas were requested by Plaintiff's counsel in the <u>Bright v. Gillis</u>, et. al, Docket No. 01-CV-1780(Jones, J.).

23. The Honorable John E. Jones, III directed counsel for the Department of Corrections, a non-party in the aforementioned case, to attend a hearing at 9:15 a.m. on Wednesday, December 4th, prior to voir dire.

24. A hearing was held on December 4th, with Judge Jones' ultimately directing the Department to produce the relevant inmate records, subject to redaction for privilege purposes, for six inmates who at the time were housed in six different state correction institutions throughout the Commonwealth. Additionally, as the subpoenas were directed toward different custodians of the records, counsel needed to deal with multiple personnel at the institutions to coordinate a massive records review before disclosure of the documents to Plaintiff's counsel on Friday, December 6, 2002.

25. Further, after the undersigned attorney disclosed the aforementioned records on Friday, December 6th, Plaintiff's counsel requested additional records be produced to him on Monday, December 9, 2002. Similarly, Judge Jones

6

directed the department to respond to Plaintiff's additional request by during a telephone conference with the Court on Friday, December 6, 2002. Counsel worked throughout the weekend of December 7th and 8th to obtain the documents, to review them for privilege, to have them scanned into a "pdf" computer format so that they could be electronically sent to Judge Jones' chambers for disclosure to Plaintiff's counsel on Monday, December 9th.

26. Given that the materials were being used for a jury trial that was ongoing from December 4, 2002 to December 13, 2002, and Judge Jones' December 4, 2002 Order to the Department, this project was the undersigned attorney's priority until Monday, December 9, 2002; consequently, the undersigned attorney's caseload was set-aside pending completion of this issue that consumed over twenty (20) hours of unanticipated, additional work time.

27. On the afternoon of December 9th, the undersigned attorney immediately began working on completing a draft of a Third Circuit Court of Appeals Brief in the matter of Fortune v. Horn, 3d Cir Docket No. 01-1288. The undersigned attorney is representing over thirty Department of Corrections employees in this appeal that ranges in issues from the dismissal of Defendants in a motion to dismiss, to post-trial motions after the Defendants received a favorable jury verdict.

28. The undersigned attorney worked on this Brief until Wednesday, December 11th in the morning. Counsel then taught a one-hour class at the Department of Corrections Training Academy on legal issues. However, at the conclusion of the teaching session in early afternoon, the undersigned attorney went home and subsequently battle the flu (and was out of the Office) until December 16, 2002.

29. Second, for the reasons that follow, counsel submits that his tardiness was not to give a tactical advantage over Smith's claims.

30. Specifically, as noted in paragraphs 14, *supra*, Smith did not file a supporting Brief to his Motion to Compel; however, counsel volunteered to respond to the Motion in recognition of Smith's pro se status, as evidenced by the Motion for Enlargement of Time filed on November 27, 2002.

31. Moreover, Smith's most recent Motion for a Temporary Restraining Order with supporting brief raises substantially the same issues that he presented in prior motions of this type by this Honorable Court. See Order dated March 29, 2002 (doc. 58).

32. Finally, pending before the Court is the Corrections Defendants' Motion for Summary Judgment. A supporting brief to this motion, supporting documents, and if the Court approves, the Statement of Material facts will be filed on or before December 27, 2002 in compliance with Pa.MDLR 7.5.

33. Based on forgoing, counsel for the Corrections Defendants respectfully requests this Honorable Court to excuse his thirteen (13) day delay in responding to Plaintiff's Motion to Compel and Motion for a Temporary Restraining Order, and his ten (10) day delay in filing a Statement of Material facts.

34. Finally, Counsel sincerely apologizes to Plaintiff; counsel for the non Corrections Defendants; and this Honorable Court for the delay in filing the above-referenced documents.

**WHEREFORE**, for the reasons set forth above, the Corrections Defendants respectfully request the Court to grant them an enlargement of time *nunc pro tunc* to file their Brief in Opposition to Smith's Motion to Compel, Brief in Opposition to Smith's Motion for a Temporary Restraining Order, and Statement of Material Facts.

                              Respectfully submitted,
                              Office of General Counsel

BY: _____
        John J. Talaber
        Assistant Counsel
        Pa. Department of Corrections
        55 Utley Drive
        Camp Hill, PA  17011
        (717) 731-0444
        Attorney No. 83279

Dated:  December 16, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM SMITH, | : |
| Plaintiff, | : |
| | : Civil No. 1:01-0817 |
| v. | : (Judge William W. Caldwell) |
| JAMES MORGAN, et al., | : (Magistrate Judge Malachy E. Mannion) |
| Defendants. | : |

**CERTIFICATE OF SERVICE**

I the undersigned hereby certify that a copy of the Corrections Defendants' Nunc Pro Tunc Motion for an Enlargement of Time in this matter was served upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:

Kim Smith, CT-2162
SCI-Coal Township
1 Kelley Drive
Coal Township, PA  17866-1020

James D. Young, Esquire
Lavery, Faherty, Young and Patterson, P.C.
225 Market Street, Suite 304
Harrisburg, PA  17108-1245

John J. Talaber
Assistant Counsel

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444
Dated:  December 16, 2002