IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM SMITH, | : |
| Plaintiff, | : |
| | : Civil No. 1:01-0817 |
| v. | : |
| | : (Judge William W. Caldwell) |
| JAMES MORGAN, et al., | : (Magistrate Judge Malachy E. Mannion) |
| Defendants. | : |

## CORRECTIONS DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TRO

### STATEMENT OF THE CASE

**A.   Identity of the Parties and Statement of Claim**

Plaintiff Kim Smith is an inmate currently incarcerated at the State Correctional Institution at Coal Township ("SCI-Coal Township").[1] The Department of Corrections Defendants ("Corrections Defendants") include: (1) Kathy Allen; (2) Nancy Ambrose; (3) Mary Bernas; (4) Sharon Burks; (5) Kandis Dascani; (6) John Dunn; (7) Harry Ersek; (8) Frank Gillis; (9) Robert Glenny; (10) Robert Gooler; (11) Dr. Robyn Johns; (12) Roy Johnson; (13) Tim Jordan; (14) Bernon Lane (15) John Learn; (16) Edward Mason; (17) Miller; (18) James

---

[1]   See Amended Complaint (doc. 20), p. 12

Morgan; (19) Wilma Sewell; (20) Raymond Smith; (21) David Varano; (22) Voeckler; (23) George Weaver; (24) Lynn Wolfgang; (25) Gerald Whysong; (26) Pat Yarger; (27) Angela Zimmerman; (28) Hazel Zimmerman.[2] Smith also names as Defendants Wexford Health Sources, Inc. and Dr. Ronald Long who are represented by James D. Young, Esquire.[3]

In this 42 U.S.C. §1983 action, Smith alleges that the Corrections Defendants violated his First, Eighth, and Fourteenth Amendment rights under the United States Constitution.[4] Smith is suing the Corrections Defendants in their individual capacities.[5] Smith seeks injunctive relief, as well as, compensatory and punitive damages.[6]

**B.    Relevant Procedural History**

This action is currently proceeding on Smith's Amended Complaint of July 11, 2001.[7] On November 6, 2001, the Corrections Defendants waived their right to reply to Plaintiff's Amended Complaint pursuant to 42 U.S.C. §1997(e).[8] Smith, on June 10, 2002, July 12, 2002, and July 15, 2002, filed what can be construed as

---

[2]   See Entry of Appearance (doc. 28).
[3]   See Amended Complaint (doc. , pp. 1-16.
[4]   Id.
[5]   See Amended Complaint, p. 8.
[6]   Id.
[7]   See Order dated July 3, 2001 (doc. 14).
[8]   See Waiver of Reply (doc.33). The parties have been exchanging discovery since that time.

"Motions" to Amend his Complaint that included a request for a Court Order to have an outside physician examine him pursuant to Fed.R.Evid. 706.[9] The Corrections Defendants take no position on Smith's Motion to Amend regarding adding Dr. Breen and Prison Health Services, Inc., however, the Corrections Defendants' Brief in Opposition to Smith's fourth Motion for Temporary Restraining Order noted that they objected to the portion in his Motion to Amend regarding an outside medical expert for the reasons discussed their August 27, 2002 Brief.[10] A decision is pending on Plaintiff's motions to amend his Amended Complaint.

Additionally, on August 27, 2002, the Corrections Defendants filed a motion, with the concurrence of counsel for the non-Corrections Defendants, to have discovery and dispositive motion deadlines set to aid in bringing this case to a timely resolution.[11] The Court, by Order dated October 24, 2002, granted Defendants' Motion and directed that discovery in this matter shall be completed on or before November 13, 2002, and any dispositive motions must be filed on or before December 13, 2002.[12]

---

[9]   See "Request by Kim Smith to Amend complaint" (docs. 63, 68, 71).
[10]  See Corrections Defendants' Brief in Opposition to Plaintiff's fourth Motion for a Temporary Restraining Order, (doc. 84), p. 8, n.27.
[11]  See Motion by Defendants for Discovery and Dispositive Motion Deadlines (doc. 83).
[12]  See Order dated October 24, 2002 (doc. 89). Noteworthy is that Smith untimely and without court approval filed a Brief in Opposition to the Defendants'

3

On December 13, 2002, all the Defendants filed Motions for Summary judgment through their respective attorneys.[13] Smith did not file a dispositive motion. The Corrections Defendants will file within the next two weeks their Supporting Brief to their Motion for Summary Judgment.

However, in addition to what was noted above, there are two of Smith's Motions that need addressed for resolution by the Court: (1) Smith's fifth Motion for Temporary Restraining Order; and (2) Smith's Motion to Compel. The Corrections Defendants, by separate Brief in Opposition simultaneously filed, is addressing the merits of Smith's Motion to Compel.[14] Accordingly, this Brief will respond to the merits of Smith's fifth Motion for a Temporary Restraining Order.

As brief background, On December 6, 2001, the Court directed the Defendants to file responses to Plaintiff's three *pro se* Motions for Temporary Restraining Orders.[15] After the issues were fully briefed, the Honorable Malachy E. Mannion issued a Report and Recommendation that denied all three Motions for Temporary Restraining Orders, that were later adopted by the Honorable William W. Caldwell by Order dated March 29, 2002.[16]

---

Motion for Deadlines on November 5, 2002, after the Court had already decided to establish the above-mentioned deadlines (docs. 90, 91).

[13] See Motions for Summary Judgment (docs. 99, 100)
[14] See Smith's Motion to Compel (doc. 92)
[15] See Order (doc. 40).
[16] See Report and Recommendation (doc. 57); Order (doc. 58).

4

On August 12, 2002, Smith filed yet another Motion for a Temporary Restraining Order with a very lengthy Supporting Brief.[17] The Corrections Defendants filed their Brief in Opposition to Smith's fourth Motion for a Temporary Restraining Order.[18] A decision on this Smith's fourth Motion for a Temporary Restraining Order is ripe for disposition. Similarly, on November 5, 2002, Smith filed his fifth Motion for a Temporary Restraining Order with a Supporting Brief.[19] The Corrections Defendants, for the reasons presented in their Argument, *infra*, pp. 8 to 14, submit the Smith's fifth Motion for a Temporary Restraining Order should be denied.[20]

---

[17] See Motion for Temporary Restraining Order Nunc Pro Tunc (doc. 77); Supporting Brief (doc. 78).

[18] See Corrections Defendants' Brief in Opposition (doc. 84).

[19] See Smith Motion and Brief (docs. 93, 94).

[20] Additionally, as a point of clarification, on December 19, 2002, the Corrections Defendants' filed with the Clerk of Court's a Document captioned "Supporting Documents to Corrections Defendants' Brief in Opposition to Plaintiff's Motion to Compel." However, the Office Messenger mistakenly failed to take with her the Corrections Defendants' Supporting Brief to that Motion, as well as, this Supporting Brief. Counsel respectfully requests this Honorable Court, pursuant to Fed.R.Civ.P. 6(b), to grant the Corrections Defendants' leave to file this Brief on December 20, 2002, and deem it timely filed. There will be no harm to Smith in granting this request.

### C. Statement of Alleged Facts

Inmate Smith's Amended Complaint generally alleges claims of deliberate indifference to his medical needs, violations of his right to access the Courts, and due process deficiencies under the United States Constitution.[21]

---

[21] See Amended Complaint, pp.1-16; see also Wexford Defendants' Brief in Opposition to Plaintiff's Request for Injunctive Relief (doc. 47), pp. 2-4.

## QUESTION PRESENTED

**SHOULD SMITH'S FIFTH MOTION FOR A TEMPORARY RESTRAINING ORDER BE DENIED BECAUSE HE FAILED TO ALLEGE FACTS SUFFICIENT FOR ESTABLISHING ENTITLEMENT TO INJUNCTIVE RELIEF?**

**SUGGESTED ANSWER: YES**

## ARGUMENT

### SMITH'S FIFTH MOTION FOR A TEMPORARY RESTRAINING ORDER SHOULD BE DENIED BECAUSE HE FAILED TO ALLEGE FACTS SUFFICIENT FOR ESTABLISHING ENTITLEMENT TO INJUNCTIVE RELIEF.

A preliminary injunction is an extraordinary remedy that should be granted only in exceptional or limited circumstances.[22] It is well established that an individual or parties seeking a preliminary injunction must show:

(1) A reasonable probability of eventual success on the merits of the action;
(2) A showing that the moving party will be irreparably harmed by denying injunctive relief;
(3) A showing of no adverse impact upon other parties interested in the proceedings; and;
(4) A showing that injunctive relief would serve the public interest.[23]

A preliminary injunction should not be issued unless the moving party can demonstrate both a likelihood of succeeding on the merits of the case and the likelihood of suffering irreparable harm if the injunction is not granted.[24] A court should not sustain a preliminary injunction "where either or both of these

---

[22] See Instant Air Freight Co. v. C. F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989) (citing Frank's GMC Truck Center, Inc. v. GMC, 847 F.2d 100 (3d Cir. 1988)).

[23] See Alessi v Pa. Department of Public Welfare, 893 F.2d 1444 (3d Cir. 1990).

[24] See Morton v. Beyer, 822 F.2d 364, 367 (3d Cir. 1987).

prerequisites are absent."[25] Usually, the burden on the party seeking relief is to make a *prima facie* case showing that he will prevail on the merits.[26]

In cases such as the one at bar, where the moving party is seeking to alter the *status quo*, the burden is even more restrictive and exacting. When a court considers a mandatory injunction request -- one which orders affirmative relief -- the movant must show a substantial rather than mere likelihood of success on the merits.[27] Based on the pleadings and motions filed to date, Smith has little or no likelihood of succeeding on the merits of this action.[28]

---

[25] In re Arthur Treachers' Franchisee Litigation, 689 F.2d 1137, 1143 (3d Cir. 1987); Morton v. Beyer, 822 F.2d at 367.

[26] See Oburn v. Shapp, 521 F.2d at 148. See also, Croskey Street Concerned Citizens v. Romney, 459 F.2d 109, 112 (3d Cir. 1972)(Aldisert, J. concurring).

[27] See Abdul Wali v. Coughlin, 754 F.2d 1015, 1025-1026 (2d Cir. 1985). See also Barton v. Eichelberger, 311 F. Supp 1132 (M.D. Pa. 1970), aff'd. 451 F.2d 263.

[28] Regarding the Plaintiff's burden of showing no adverse impact upon other parties interested in the proceedings, the Corrections Defendants submit that in this case any preliminary injunctive relief granted would overstep the delicate balance between the Court and the Department of Correction's administration of the prison system in the Commonwealth of Pennsylvania. See Turner v. Safley, 482 U.S. 78, 84 (1987)(noting that "[r]unning a prison is an inordinately difficult undertaking that requires expertise, planning and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government). Additionally, regarding the public's interest, this Honorable Court has already recognized in its March 8, 2002 Report and Recommendation, that Smith does not have a constitutional right to have an outside consultation for his medical conditions based on his *in forma pauperis* status. Accordingly, Smith's Motion should once again be denied to the extent his asking for the same relief that is not in the public's interest.

Smith's most recent Motion seeking injunctive relief centers, once again, on the medical treatment he is receiving at SCI-Coal Township. Smith again takes issue with the diagnosis and treatment of his "lump behind his left knee," his right shoulder, and his "C-Pap device."[29] Additionally, Smith makes allegations to events in the Restricted Housing Unit ("RHU") while was incarcerated at the State Correctional Institution at Smithfield ("SCI-Smithfield"); however, Smith is no longer incarcerated at that facility, and therefore, his need for injunctive relief relating to the C-Pap device at that institution is now moot.[30]

Smith's allegations concerning his medical treatment amount to nothing more than his lay person disagreement with numerous medical professionals' recommended course of treatment. A "serious medical need" has been defined as "one that has been diagnosed by a physician, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention."[31] On its face, the alleged medical conditions Smith avers he is not receiving treatment for do not qualify as condition that would be "apparent to even a layperson." The treatment for his knee, shoulder, and the need for a C-Pap device are not needs that are readily apparent to laypersons. Indeed, Smith's own allegations indicate that

---

29   See Smith's Motion for Temporary Restraining Order dated November 5, 2002, pp.1-2.
30   Id.
31   See Sheldon v. Pezley, 49 F.3d 1312, 1316 (8th Cir. 1995).

10

he was diagnosed only after x-rays and an ultrasound were taken.[32] Determining the propriety of treatment for Smith's medical conditions, as contrasted with a bleeding wound, opens the door for impermissible, second guessing of the course of treatment that a trained physician provided. Courts disavow any attempt to second-guess a particular course of treatment, which remains a question of sound professional judgment.[33]

Further, a disagreement between the doctor and a plaintiff as to the medical diagnosis and treatment does not constitute deliberate indifference.[34] Yet, this is precisely what Smith attempts to do through this §1983 action and this Motion. Smith inappropriately asks this Court to substitute its judgment for the trained medical personnel who regularly saw (and see) him during his incarceration. As the Third Circuit has correctly recognized "[c]ertainly, no claim is presented when a doctor disagrees with the professional judgment of another doctor. There may, for example, be several ways to treat an illness."[35] The Third Circuit reasoned that if differences in opinion between two medical professionals cannot be a basis for

---

[32] See Motion for Temporary Restraining Order Nunc Pro Tunc (doc. 77), p. 1-2.

[33] See Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979); McAleese v. Owens, 770 F. Supp. 255, 258 (M.D. Pa. 1991).

[34] See Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir.1987). Bednar v. County of Schuylkill, 29 F.Supp.2d 250, 253 (E.D. Pa. 1998). Accord Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).

an Eighth Amendment claim, then a medically untrained correctional official cannot be found liable if he relies on the opinions of a medical professional.[36]

Further, to the extent Smith wants the Corrections Defendants to disregard the state licensed physicians judgment and intervene in his treatment, a request he routinely makes through his letters and grievances, his deliberate indifference claim fails. The Third Circuit has established that "a non-physician defendant cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints when he is already receiving treatment by the prison's medical staff."[37] It is simply not warranted for the Corrections Defendants to intervene and for the Court to grant this Motion when by Smith's own admissions: (1) has been receiving ongoing examinations and treatments for his medical conditions; (2) has had diagnostic tests including x-rays and ultrasounds; and (3) has had trained medical personnel examine him and his file and determine that a biopsy for his knee, a back brace, and a C-Pap device was unnecessary.[38] Therefore, the Corrections Defendants have their Constitutional obligations as set forth in Estelle

---

[35] See White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).
[36] See Durmer, 991 F.2d at 69 ("Neither of these defendants, however, is a physician, and neither can be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor.")
[37] Id.
[38] See Plaintiff's Motion for TRO, pp. 1-2.

v. Gamble to provide medical care to Smith.[39] Smith has failed to show a substantial likelihood to be successful on his claims of deliberate indifference, therefore, this Motion should be denied.

**B.      Plaintiff Fails To Demonstrate Imminent, Irreparable Harm.**

One of the most important prerequisites for the issuance of a preliminary injunction is being able to show that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be made.[40] The moving party's burden of demonstrating harm is more exacting (than in the context of the underlying suit) in that the harm must be irreparable.[41] To be irreparable, the threatened injury or harm must be imminent and must be such that it cannot be repaired, and not merely speculative.[42]

At most, Smith asserts a speculative claim of future medical injuries based on his layperson of highly a speculative and remote future injuries.[43] Smith's motions and pleadings to date clearly show that he has been receiving competent

---

[39]   See generally Estelle v. Gamble, 429 U.S. 97 (1976) (holding the government has an obligation to provide medical care to those it is punishing by incarceration).

[40]   See Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL, Section 2948 at 431 (1974).

[41]   See Oburn v. Shapp, 521 F.2d at 151.

[42]   See Olson v. Murphy, 423 F. Supp. 381 (W.D. Pa. 1976); Raitport v. Provident National Bank, 451 F. Supp. 522 (E.D. Pa. 1978). See also Cargill, Inc. v. Hartford Acc. And Indemn. Co., 531 F. Supp 710 (D.C. Minn. 1982).

[43]   See Raitport, 451 F. Supp. at 526, quoting Holiday Inns of America, Inc. v.

13

medical treatment for his alleged serious medical conditions. Accordingly, Smith's Motion for a TRO lacks legal merit and factual support of imminent and irreparable harm without the extraordinary measure of a preliminary injunction; accordingly, the Motion should be denied.

## CONCLUSION

**WHEREFORE**, in light of the foregoing, the Corrections Defendants respectfully request this Court to deny Smith's fifth Motion for a Temporary Restraining Order finding preliminary injunctive relief unnecessary.

Respectfully submitted,<br>
Office of General Counsel<br>
<br>
BY: _____<br>
John J. Talaber<br>
Assistant Counsel<br>
PA Department of Corrections<br>
55 Utley Drive<br>
Camp Hill, PA 17011<br>
(717) 731-0444<br>
Attorney No. 83279

Dated: December 20, 2002

---

B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM SMITH, | : |
| Plaintiff, | : |
| | : Civil No. 1:01-0817 |
| v. | : (Judge William W. Caldwell) |
| JAMES MORGAN, et al., | : (Magistrate Judge Malachy E. Mannion) |
| Defendants. | : |

### CERTIFICATE OF SERVICE

I undersigned hereby certifies that a copy of the Corrections Defendants' Brief in Opposition to Plaintiff's Motion for a Temporary Restraining Order in this matter was served upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:

Kim Smith, CT-2162
SCI-Coal Township
1 Kelley Drive
Coal Township, PA  17866-1020

James D. Young, Esquire
Lavery, Faherty, Young and Patterson, P.C.
301 Market Street
P.O. Box 1245
Harrisburg, PA  17108-1245

Marilyn Jones
Clerk Typist II

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  December 20, 2002