ORIGINAL

# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

KIM SMITH,                    :     NO.: 1:CV01-0817
          Plaintiff          :
                             :     (Caldwell, J.)          JAN 2 1 2003
     vs.                     :
                             :     (Mannion, M.J.)         MARY E. D'ANDREA, CLER
                             :                             Per _____
WEXFORD HEALTH SOURCES,  :                                      Deputy Clerk
INC., et al.,                :     JURY TRIAL DEMANDED
          Defendants         :

## BRIEF IN SUPPORT OF WEXFORD DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT

## I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY:

On May 10, 2001, the pro se Plaintiff, an inmate at the State

Correctional Institution-Coal Township, filed this civil rights action

pursuant to 42 U.S.C. § 1983.  Plaintiff was previously incarcerated at SCI-

Smithfield. Plaintiff has named various officials and/or employees of the

Pennsylvania Department of Corrections as Defendants.  The Complaint

also names Wexford Health Sources, Inc., the contracted medical provider at SCI-Smithfield, as well as various Wexford employees as Defendants.

In his Complaint, Plaintiff is attempting to assert a number of claims, including denial of medical care for various ailments and/or conditions while incarcerated at SCI-Smithfield; denial of access to his legal mail; denial of access to educational programs; use of excessive force by staff members; denial of due process at a misconduct hearing; harassment by prison officials; unlawful searches of his cell; the filing of false reports by prison officials; the destruction of his personal property; denial of access to the law library; and denial of diabetic meals.

By Order dated June 6, 2001, this Honorable Court opined that Plaintiff's filing was disorganized and difficult to decipher. In that Order, Plaintiff was directed to file an Amended Complaint addressing the deficiencies identified with respect to his initial pleadings. After obtaining an enlargement of time, on July 11, 2001, the Plaintiff submitted an Amended Complaint and a packet of exhibits relating to the inmate grievances which he had filed.

On November 6, 2001, the Wexford Defendants filed a Waiver of Reply to Plaintiff's Amended Complaint in accordance with the Civil

Rights of Institutionalized Persons Act, 42 U.S.C. § 1997, as amended by § 803(d) of the Prison Litigation Reform Act of 1995. In their responsive pleading, the Wexford Defendants denied any and all liability to the Plaintiff and asserted all available affirmative defenses to the Amended Complaint.

The Wexford Defendants have filed a Motion for Summary Judgment, Concise Statement of Undisputed Material Facts and Appendix of Exhibits. This Brief is in support of the Wexford Defendants' dispositive motion.

II.    **QUESTIONS PRESENTED**:

    A.    **STANDARD OF REVIEW.**

    B.    **WHETHER WEXFORD DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW ON ALL CLAIMS FOR MONETARY DAMAGES BECAUSE INMATE SMITH DID NOT REQUEST MONETARY DAMAGES THROUGH THE GRIEVANCE PROCESS AS REQUIRED BY 42 U.S.C. § 1997e(a)?**

    C.    **ARE THE WEXFORD DEFENDANTS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW SINCE THERE ARE NO FACTS OF RECORD TO ESTABLISH DELIBERATE INDIFFERENCE TO ANY SERIOUS MEDICAL NEED OF THE PLAINTIFF?**

## III.    ARGUMENT:

### A.    STANDARD OF REVIEW.

Pursuant to Rule 56(c), Federal Rules of Civil Procedure, summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  In determining whether genuine issues of material fact exist, the United States Supreme Court in <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S.Ct. 2505 (1986), held that:  "The mere existence of a scintilla of evidence in support of the [non-moving] party's position will be insufficient; there must be evidence on which the jury could reasonably find for the non-moving party." <u>Id</u>., at 2525.  Moreover, the inquiry focuses on "whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party may prevail as a matter of law." <u>Id</u>., at 2512.

Once a party has shown an absence of evidence to support the claims of the non-moving party, the non-moving party must do more than simply sit back and rest on the allegations in the complaint.  The plaintiff must go beyond the pleadings and by his own affidavits or the discovery on file, designate specific facts showing that there is a genuine issue for trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986).  The substantive law

defines which facts are material, that is, which facts may affect the outcome of the lawsuit. <u>Id</u>. If the non-movant bears the burden of persuasion at trial, the moving party may meet its burden by showing that the evidentiary materials of record, if reduced to admissible form, would be insufficient to carry the non-movant's burden at trial. <u>Chippollini v. Spencer Gifts, Inc.</u>, 814 F.2d 893, 897 (3d Cir. 1987); <u>cert</u>. <u>dismissed</u>, 483 U.S. 1052 (1987).

> **B.    SUMMARY JUDGMENT SHOULD BE ENTERED IN FAVOR OF THE WEXFORD DEFENDANTS ON ALL CLAIMS FOR    MONETARY DAMAGES BECAUSE PLAINTIFF DID NOT REQUEST MONETARY DAMAGES THROUGH THE GRIEVANCE PROCESS  AS REQUIRED BY 42 U.S.C. § 1997e(a).**

42 U.S.C. § 1997e(a), provides:

> No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Pursuant to § 1997e(a), the exhaustion of administrative remedies is mandatory. <u>Booth v. Churner</u>, 121 S. Ct. 1819, 1825 (2001). Prisoners must exhaust administrative remedies as to any claim that arises in the prison setting regardless of any limitation on the kind of relief available through

Case 1:01-cv-00817-WWC   Document 118   Filed 01/21/2003   Page 6 of 16

the grievance process. <u>Porter v. Nussle</u>, 112 S. Ct. 983, 992 (2002). Claims for monetary relief are not excused from the exhaustion requirement. <u>Nyhuis v. Reno</u>, 204 F.3d 65, 74 (3d Cir. 2000). Dismissal of an inmate's claim is appropriate when the prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. <u>Ahmed v. Sromovski</u>, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "Exhaustion must occur prior to filing suit, not while the suit is pending." <u>Tribe v. Harvey</u>, 248 F.3d 1152 (6th Cir. 2000). In this case, Plaintiff cannot establish that he exhausted the grievance process with respect to all of his claims prior to initiating his civil action. <u>See</u>, grievance documents attached to Corrections Defendants' Appendix of Exhibits.

In an unreported decision, the Third Circuit ruled that an inmate would not be allowed to pursue a claim for monetary relief when such a claim is not pursued administratively. <u>See</u>, <u>Geisler v. Hoffman</u>, Civil No. 99-1971, slip op. at 4 (3d Cir. Sept. 12, 2000). As the Third Circuit observed:

> "To this end, even if <u>Geisler</u> had brought his grievances before the two appellate tiers provided for by DC-ADM 804, exhaustion in that setting clearly would not have exhausted his current claim for monetary relief, a claim which he never even began to pursue administratively. <u>Id.</u>

Recently, four members of this court, relying upon <u>Geisler</u>, have held that an inmate plaintiff's failure to seek monetary damages via the prison grievance procedure precluded the prisoner from pursuing such relief under § 1983." <u>Stanton v. Meyers</u>, Civil No. 1:CV-98-1453, slip op. at 13 (M.D. Pa. Sept. 26, 2002); <u>Laird v. Pennsylvania Department of Corrections</u>, Civil No. 3:CV-00-1039 (M.D. Pa. Sept. 26, 2002); <u>Chimenti v. Kimber</u>, Civil No. 3:CV-01-0273 (M.D. Pa. March 15, 2002); <u>Thomas v. Meyers</u>, Civil No. 3:CV-00-1887 (M.D. Pa. March 25, 2002).   <u>See</u>, Corrections Defendants' Appendix of Exhibits for copies of unreported decisions.

Here, Smith did not request monetary relief through an available administrative remedy, the Department of Corrections' grievance procedure.  While Plaintiff did file grievances with respect to his medical treatment, he did not request monetary damages in his administrative grievances.  Therefore, his claims for monetary compensation are, now in this civil action, foreclosed as a consequence of his failure to seek such available relief through the Department's grievance process as required by statute.  Consequently, the Wexford Defendants are entitled to summary judgment as a matter of law due to Plaintiff's failure to exhaust available administrative remedies.

**C.    DEFENDANT WEXFORD IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW, BECAUSE THE FACTS OF RECORD DO NOT ESTABLISH DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED.**

In Estelle v. Gamble, 429 U.S. 97, 104 (1976), the Supreme Court ruled that deliberate indifference to the serious medical needs of a prisoner constitutes a violation of that prisoner's Eighth Amendment right to be free from cruel and unusual punishment.    In the context of medical care, the relevant inquiry is whether a defendant was:  (1) deliberately indifferent to (the subjective element), (2) plaintiff's serious medical needs (the objective element).    See, Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988). In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court clarified the definition of these components.  Following Farmer, prison officials will be liable in an Eighth Amendment condition case only if "the official knows of and disregards an excessive risk to inmate health or safety."  Farmer, 114 S.Ct. at 1997.

As a threshold matter, the Wexford Defendants assert that Plaintiff cannot establish the requisite "serious medical need" to state a viable Eighth Amendment claims for his conditions other than Hepatitis "C".  Not

every injury or illness about which an inmate complains invokes Eighth Amendment protections.  See, Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978). The serious medical need requirement contemplates a condition of urgency, one that produces death, degeneration or extreme pain.  See, Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987); Archer v. Dutcher, 773 F.2d 14, 16-17 (2d Cir. 1984), Hutchinsun v. United States, 838 F.2d 390 (9th Cir. 1988).

Based upon the foregoing caselaw, the Wexford Defendants assert that Plaintiff has not proven that he had any "serious medical need" with respect to his non-Hepatitis "C" problems while incarcerated at SCI-Smithfield.  The Third Circuit requires Plaintiff to present expert medical opinion testimony to establish that Plaintiff's condition could be classified as serious.  Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1987). Plaintiff has failed to provide the requested expert testimony.  Indeed, the record is devoid of any evidence establishing that Plaintiff suffered from any acute and/or emergent conditions (other than HCV) at SCI-Smithfield. Since Plaintiff cannot establish an essential element of a cognizable Eighth

Amendment claim, the Wexford Defendants are entitled to summary judgment as a matter of law on Plaintiff's non-Hepatitis C claims.

In the alternative, the record is devoid of evidence establishing the requisite deliberate indifference on the part of Wexford. Estelle, supra., found that prisoner complaints which are directed at the wisdom or quality of the medical care received will not state an Eighth Amendment violation under §1983, even if the treatment was so negligent as to amount to malpractice. Estelle, 429 U.S. at 107; Nottingham v. Peoria, 709 F. Supp. 542, 547 (M.D. Pa. 1988). Mere disagreement between doctors or between a prisoner and his doctor as to the proper medical treatment do not support a claim of an Eighth Amendment violation. Monmouth County Correctional Institutional Inmates v. Lanzaro, 843 F.2d 326 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988). No claim is presented when a doctor disagrees with the professional judgment of another doctor, as there may be more than one way to treat an illness. White v. Napoleon, 897 F.2d 103, 108-110 (3d Cir. 1990).

In Little v. Lycoming County, 912 F. Supp. 809, 815 (M.D. Pa. 1996), the court explained that deliberate indifference is more than an inadvertent or good faith error, it is characterized by obduracy and wantonness. The

court went on to explain that prison medical authorities are given considerable latitude with respect to diagnosis and treatment of inmates. Id. "Courts will disavow any attempt to second guess the propriety or inadequacy of a particular course of treatment... which remains a question of sound professional judgment." Id. "The key question... is whether defendants have provided defendant with some kind of treatment, regardless of whether it is what the plaintiff desires." Id. at 816. "Absent evidence of the requisite [mental] intent to establish indifference [a] plaintiff cannot sustain a §1983 action.... . Bednar v. County of Schuylkill, 29 F. Supp. 2nd 250, 253-54 (E.D. Pa. 1998) (citations omitted).

In this case, Dr. Long's Declaration and Plaintiff's prison medical records attest to the nature and extent of the medical treatment provided to inmate Smith while he was incarcerated at SCI-Smithfield. Smith's medical conditions were reviewed by physicians and other medical personnel at SCI-Smithfield on almost a weekly basis. Smith's medical conditions were also evaluated through the use of laboratory tests, including liver profiles and referrals to outside specialists and facilities. Moreover, Smith was evaluated as a candidate and received dual drug therapy in accordance

with the Hepatitis C protocol implemented by the Department of Corrections.

Dr. Long's Declaration also attests to the fact that at all times during Smith's incarceration at SCI-Smithfield, the medical staff exercised sound, professional judgment with respect to the evaluation and treatment of Plaintiff's conditions; that Plaintiff received appropriate medical treatment within acceptable medical standards; and that no Wexford personnel exhibited deliberate indifference to Plaintiff's serious medical needs. Plaintiff cannot point to any facts of record to establish that the Wexford Defendants knew of and disregarded an excessive risk to inmate Smith's health or safety. Under these circumstances, the Wexford Defendants are entitled to summary judgment as a matter of law on Plaintiff's Eighth Amendment claims.

Plaintiff's Eighth Amendment claims boil down to a disagreement between an inmate and prison medical professionals regarding the appropriate course of treatment. As noted by the Third Circuit in Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1987), a mere disagreement between a doctor and an inmate plaintiff as to the medical diagnosis and treatment does not constitute deliberate indifference. See also, Monmouth

County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); Bednar v. County of Schuylkill, 29 F. Supp. 2d 250, 253 (E.D. Pa. 1998). Based upon the foregoing, Plaintiff cannot establish the requisite deliberate indifference to a serious medical need and his Eighth Amendment claims against the Wexford Defendants fail as a matter of law.

With respect to the claims against Wendy Wright, the Healthcare Unit Administrator, it is important to note that she is a paralegal/administrator and not a physician. The United States Court of Appeals for the Third Circuit in Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) established that a non-physician defendant cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints when he is already receiving treatment by the prison's medical staff. Likewise, a prison healthcare administrator "cannot be deliberately indifferent when an inmate is receiving care from a doctor." Thomas v. Zinkel, 155 F. Supp. 2d 408, 413 (E.D. Pa. 2001). As a matter of law, Defendant Wright cannot be held liable on Plaintiff's Eighth Amendment claims.

When a private entity contracts with the state government to provide medical services to inmates, it is performing a function traditionally within

the exclusive prerogative of the state, and in so doing, that entity becomes the functional equivalent of a municipal corporation. Such a private entity, therefore, cannot be held liable on a respondeat superior theory. See, Buckner v. Toro, 116 F.3d 450 (11th Cir.) cert. denied, 522 U.S. 1018 (1977). "Rather, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights." Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999).

In this case, the record does not reflect that any Wexford employee violated Plaintiff's federally protected rights with respect to medical care at SCI-Smithfield. Moreover, there is no evidence of any unconstitutional policy, practice or custom on the part of Wexford. To the contrary, the Declarations of Dr. Long and Wendy Wright attest to the fact that it is the policy, practice and custom of Wexford Health Sources, Inc. that all inmates are to receive reasonable and medically necessary care in accordance with state and federal laws and the United States Constitution. Consequently, there is no basis for imposing § 1983 upon Wexford Health Sources, Inc. and summary judgment must be granted in its favor as a matter of law.

14

## IV.  **CONCLUSION**:

For the reasons advanced herein, the Wexford Defendants respectfully request that this Honorable Court grant their Motion for Summary Judgment and enter judgment in favor of Moving Defendants and against Plaintiff on all claims.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

By: _____

James D. Young, Esquire
Atty No. 53904
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
Attys for Wexford Defendants

DATE: ___1|2|2003___

15

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 21st day of January, 2003, I served a true and correct copy of the foregoing **Brief in Support of Wexford Defendants' Motion for Summary Judgment,** via U.S. First Class mail, postage prepaid, addressed as follows:

Kim Smith
CT-2162
SCI-Coal Township
1 Kelley Drive
Coal Township, PA 17866-1020

John Talaber, Esquire
Assistant Counsel
Pennsylvania Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011

_Linda L. Gustin_
Linda L. Gustin