IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Kim Smith,
    Plaintiff

:
:
: NO.: 1:CV01-0817
:
: (Caldwell, J.)
:

v.

:
: (Mannion, M.J.)
:

Wexford Health Sources,
Inc., et al.,
    Defendants

:
:
:
:
:

FILED
SCRANTON

FEB 2 4 2003

PER _____
DEPUTY CLERK

## OBJECTION TO DEFENDANTS WEXFORD HEALTH SOURCES INC. R. LONG M.D., S. CRAIG HOFFMAN P.A., WENDY WRIGHT and MELINDA BAKER, P.A. MOTION FOR SUMMARY JUDGMENT

AND NOW, comes Plaintiff Kim Smith a lay person not lettered in legal matters and without the aid of counsel prays a less stringent standard be applied to this pro-se objection to the defendants motion for summary judgment, and in support thereof, aver as follows:

1.     Plaintiff was denied adequate health care and subjected to cruel punishment under 8 th amendment violation by R. Long, M.D. and his employer Wexford Health Sources Inc. In the delay in treating plaintiff Hep – C and over a 3 year period this person watched this condition worsen. It is cruel punishment to know of a health condition and not treat it and watch it worsen. That this party did not advise plaintiff that if treated this condition would worsen when treated. Then the making of a claim that the Department of Correction prohibited him from treating such illness, and that Wexford health prohibited him from treating this condition. And summary judgment is not appropriate, and their is instance of genuine issues and material fact of

deliberate indifference to serious health care condition, and 8th amendment right violation in any and all delay in treating a health care condition to the point that it has now became life threating, and life threating. It's their is genuine issue and material fact that Wexford Health can be held liable for the action taken or failed to be taken by its employees, when the resulting factor threats on one's life. And material fact of all claims have met the exhaustion of the administrative remedies, and the resulting factor is this abuse has since been supported by the administrative body as if plaintiff had no right to adequate health care for serious illnesses, and coupled with the pain and suffering because of the refusal to treat. Even the Bureau Of Health Care has since supported this form and level of abuse as if an inmate has no right to adequate health care.

2. C. Condy Doff is P.A., has be failed to treat plaintiff right shoulder condition and attempted to force plaintiff to take a medication that made him ill before he would treat this condition, of arthritis and bone spurs in right shoulder, and at present plaintiff is still not being treated and has to endure the pain and numbness in shoulder and arm that is more painful and all request for treatment has since fallen on deaf ears. That without a Doctor authority this party knowingly and intentionally and with deliberate indifference altered and denied plaintiff his heath care ordered by a learned doctor, when he terminated plaintiff's site baths for a finger that was removed form his arm, for reason to draw out puss drainage.

3. Wendy Wright in the failure in her professional capacity as the Heath Care Administrator for health service in S.C.I. Smithfield to address issue and adequately see that the condition was abared to an doctor ordered. And the supporting of the act and continued deprivation of health care by the health care professional who had control over plaintiff's health care needs.

4. Melinda Rafer P.A. in the denial and falsifying medical records and reports claiming that while plaintiff was in RHU on B Block at SCIS, that he refused to use his C-PAP device, and plaintiff did not, as it is in all RHU cell in all state institution all power to plug in whats ever terminated and in this cell their was no power in it for the use of the C-PAP device. And at no time has plaintiff refused the use of this device. Based on the Person falsifying of medical record plaintiff to this date is still being deprived this health care based on this person interferrence into plaintiff health care with very little regard to plaintiff health care or the seriousness of this health care condition and any and all resulting factors if this condition was not adequately treated, and the life long damages it may cause. And because of this person

act it is reason for the continued deprivation of health care. This person knew or should have known and was certain that the deprivation would certainly follow her action.

5. Gorge Weaver in his discrimination against plaintiff base on a sleep disorder that he refused to treat, for night cook school, that him and Doctor Johns knowingly and intentionally deprive and hindered plaintiff in his education based on a condition they claimed to be prohibited from treating and that they were not required to treat such condition. Mr. Waver in his delay in getting plaintiff C-PAP devise, claiming Wexford Health refused to treat plaintiff's condition, and giving plaintiff his C-PAP devise after it was approved, claiming a non-existent correction policy and security issue.

6. Kathy Allen in the denying plaintiff dressing for open wound where the fisher was removed from his anus for drainage reason. That after 2 weeks of dressing this open wound that was draining the dressing some how became a security issue and plaintiff was prohibited from dressing this wound, and given dressing for such to catch the drainage. That this person knowingly and a intentionally acted as a policy maker for this institution and deprive plaintiff his health care, claiming a non-existent policy. This act put plaintiff at risk for infection and maybe the resulting factor why plaintiff is still having problems in this area.

7. Ms. S. Burks in the supporting of these deprivation and action by the medical staff. And claiming that no doctor ordered a dressing for the draining fisher, and continued to support these health care professionals in the claimed administration of their duties as health care providers.

8. June 2002 when plaintiff was repeatedly pushed face first into a wall knocking out his letf front tooth cause life long damage that he now has to wear a false tooth to cover up the appearance of this injury and loss of tooth at the hands of staff at S.C.I.S. who abused their power, and was certain to injure plaintiff by repeatedly pushing his face into a wall for no reason, that cause an inpairment that will last plaintiff the rest of his life.

9. C.O. Ersek in the interferring in plaintiff health care when told by medical staff to turn over the C-PAP devise to plaintiff and return plaintiff to medical, this officer then ordered plaintiff to sign a refusal of health care or he would issue a misconduct. Plaintiff refused to sign such as it is he was with holding plaintiff's health care devised without reason and even after he was told to turn such over to plaintiff he refuse the ahear to this request from medical staff and then went on to impose his personal opinion, that plaintiff did not need such. Then he and C.O.

Whysong, conspired and claimed that Mr. Weaver placed a sign on the devise stating not to issue the devise. Mr Weaver disputed this claim and stated never did such and that he instructed officer to issue the devise to plaintiff. This officer knew or he should have known that his action would deprive plaintiff of his health care, and he had no authority to order plaintiff to sign a refusal form.

Failure to train the health care staff and correction officer in the administration of adequate health care could be said to be the cause and reason for any and all injury sustained threw the neglect in the administration of their duty, and they imposed their personal opinion into what a doctor requested for treatment. And the failure to train can be said to be cause of injury and can be held liable in a civil rights action.

Therefore their is genuine issue of material fact, of delberate indifference, and abuse of power, and cruel punishment, and official oppressor, and the denial of health care for serious illnesses the falsifying recordables record to deprive a person of adequate health care, pain and suffering and all these claims arises out of the denial of adequate health care. That the action of the medical staff at S.C.I.S. is still in part the reason why plaintiff is still being denied adequate health care.

Wherefore Wexford Health defendants request to this Honorable Court in their Motion for Summary Judgment should be denied as they do not have material fact to support the denial of health care, and because plaintiff is no longer in that institution, the records are being used in this institution to determine plaintiff's health care and any denial within the medical standard that is require to incarcerated inmates. Plaintiff is still being denied his back brace, and from having a cyst removed from his leg, all denial are resulting factor of the acts of the above listed parties, and these parties should not be able to side step their responsibility to health care for inmates and adequately treat thing as wards of the state.

Respectfully Submitted

*[signature]*

Date 2/19/03

## CERTICICATE OF SERVICE

I, Kim Smith an inmate at S.C.I. Coal Township do hereby certify that on or about ~~December~~ 2003 he turned over to D block Officer on the 2 to 10 shift an enevlope containing petitioners objection to defendants motion for summary judgment, to be served by way of first class mail upon the DEFENDANTS, WEXFORD HEALTH SOURCES INC. R. LONG, M.D.; S. CRAIG HOFFMAN, P.A.; WENDY WRIGHT; and MELINDA BAKER, P.A. threw their counsel of record via U.S. First Class Mail, by tunring envelopes over to institutional staff to forward to the United States POstal Service.

James Young Esq.

John Talaber Esq.

Mary E. D'Andrea
Clerk of Courts

Kim Smith

Date 2-14-03

_Kim Smith_
Kim Smith Pro-se Petitioner

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kim Smith | :Civil No. 1:01-0817 |
| Plaintiff | : |
| | : |
| | :( Judge William W. Caldwell) |
| v. | : |
| | : |
| | :(Magistrate Judge Malachy E. Mannion) |
| James Morgan, et al., | : |
| Defendants | : |

FILED
SCRANTON

FEB 24 2003

PER _____
DEPUTY CLERK

### OBJECTION TO CORRECTION DEFENDANTS MOTION FOR SUMMARY JUDGMENT

AND NOW, come Kim Smith pro-se petitioner without the aid of counsel prays this honorable court applies a less stringent standard to this pro-se pleading and objection to the Correction Defendant Motion for Summary Judgment. In compliance with Fed. R. Civ. P. 56 Summary Judgment under section (d), (e), (g) the defendants motion should be denied, see the Supporting Brief.

WHEREFORE THE PLAINTIFF RESPECTFULLY MOVES THIS Honorable Court deny the Motion for Summary Judgment on behalf of plaintiff, an set a date for hearing or trial, also request expert witness be sought and plaintiff be examined by medical professional from the Court to determine injury and to show that the denial of health care is more then a difference of opinion. But a 8 th amendment violation in which the health care provided and the correction defendants are part of.

Respectfully Submitted
Kim Smith

Date 2-19-03

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kim Smith<br>    Plaintiff | :Civil No. 1:01-0817<br>:<br>:<br>:(Judge William W. Caldwell) |
| v. | :<br>: |
| James Morgan et al.,<br>    Defendants | :(Magistrate Judge Malachy E. Mannion)<br>:<br>:<br>:<br>: |

## O R D E R

AND NOW, this _____ day of _____ 2003, upon consideration of the Correction Defendants Motion for Summary Judgment, and Plaintiff Objection it is here by an **ORDER OF THIS** Court that the Motion for Summary Judgment is **DENIED**. It is futher **ORDERED THAT PLAINTIFF BE TAKEN TO OUTSIDE DOCTOR TO BE EVALUATED BY EXPERT WITNESS, TO DETERMINE IF THEIR IS A NEGLECT TO INMATE SAFETY AND WELFARE AND IN THE PROVIDING ADEQUATE HEALTH CARE.** It is not reasonable that an inmate have 2 cyst behind his knee and no determination of the cause and reason for such has been made and any referrals to see a specialist has been denied by the defendaNTS COUPLED WITH HIS OTHER CLAIMS OF LACK OF MEDICAL ATTENTION FOR BACK, SHOULD, FEET, SKIN, APENA, LIVER, FOR HEP-C AND THE DAMAGE TO SUCH FROM THIS TREATMENT. It would go against any and all standard of human denciey to grant Summary Judgment without first taking an adequate look into the claim and reason for the denial of health care. It is a concern of the court if the Department of Correction and the Health Care providers are in concert in the deprivation of inmate health care safety and 8 th amendment violation to know of a health care problem and refuse to treat. It is also a concern of the Court how many inmates are under this same kind of deprivation and fear to speck out about this kind of abuse and lack of treatment. To rule in the defendants favor and not address the

sound issues of the complaint would cause an injustice to all whom are incarcerated that seek healh care for serious illnesses. This case should be the foundation in which all health care providers are to address inmates health care and guidelines should be set so inmate is not deprived adequate health care. Health care is not an anvenus to save money but to adequately treat so inmates do not become more of a burden on the state. Like as Iwas told an inmate had a leg problem and treatment was so bad that gain green set in to a point they nhad to cut off his leg, now this person has become a life long dependant on society and it should not have had to been if he would have been adequately treated in the first place, and I believe this level and form of neglect has since been a moving force in the Department of Coreection and I can not support this form and level of ABUSE AND SUBJECT INMATE TO IN HUMAN TREATMENT AT THE HANDS OT THE HEALTH CARE PROVIDERS AND THE DEPARTMENT OF CORRECTION. This matter should be set for jury trial as soon as plaintiff is able to in his own capacity be examined by other medical professional. Over a number of years agreat number of inmates walked threw institution door whole and come our lame from the lack of adequate health care and a firm stand should be taken and this should be the starting point. Because these person are an agency of the government in does not afford them a free ride and failure to do their paid duty and adequately treat a person.

By The Court

_____
Judge William W. Caldwell

Date _____

IN THE UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kim Smith | :Civil No. 1:01-0817 |
|     Plaintiff | : |
| | :( Judge William W. Caldwell) |
| v. | : |
| | :(Magistrate Judge Malachy E. Mannion) |
| James Morgan et. al., | : |
|     Defendants | : |

CERTIFICATE OF SERVICE

I the undersigned hereby certify that a copy of Plaintiff Objection to the Correction Defendants Motion for Summary Judgment was turned over to D block Officers to forward to the United States Postal Service to mail first class mail to the below listed parties on or about ~~December~~ *Feb* 19, 2002.

James D. Young Esq.  
Lavery, Faherty, Young and Patterson, P.C.  
301 Market St.  
P.O. Box 1245  
Harrisburg Pa. 17108-1245

Mary D'Andrea  
Clerk of Courts

John Talaber Esq.  
Pa. Dept. Of Correction  
55 Utley Dr.  
Camp Hill Pa. 17011

*Kim Smith*  
Kim Smith Pro-se Petitioner

Date 2-19-03

Kim Smith CT 4112
1 Kelley Dr.
Coal Township, Pa. 17866-1021

Feb. 19, 2003

Mary E. D'Andrea
Clerk Of Court
USDC - Middle District
Federal Building, Room 1060
228 Walnut St.
P. O. Box 983
Harrisburg, Pa. 17108-0983

RECEIVED
SCRANTON

FEB 24 2003

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

Re:  Smith, v. Wexford Health Sources
     Civil Action No. 1:CV01 - 0817

Dear Ms. D'Andrea:

Enclosed for filing please find an original and three copies of Plaintiff Objection to the defendants Wexford Health Sources, Inc. & long M.D., S. Craig Hoffman, P.A.; Wendy Wright, and Jolande Tabor, P.A.'s Motion for Summary Judgment in the above referenced matter. Please time stamp, the extra copy and return same to the plaintiff who is filing this objection to the above listed motion filed by the defendants counsel.

Thank you for you consideration in this matter.

Very Truly Yours

Kim Smith

Kim Smith Pro-se Petitioner

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Kim Smith,
    Plaintiff

v.

Wexford Health Sources, Inc. et al.,
    Defendants

No.: 1:CV01-0817

(Caldwell, J)

(Mannion, M.J.)

ORDER

AND NOW, comes this _____ day of _____, 2002 upon consideration of Plaintiff's Objection to Wexford Defendants Motion for Summary Judgment it is hereby ORDERED, ADJUDGED and DECREED that said Motion for Summary Judgment is denied and judgment to set this case at jury trial on the issues present in plaintiff's complaint.

By The Court

_____
Malachy E. Mannion
United States
Magistrate Judge