## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH,                          :
                                    :
            Plaintiff,              :
                                    :        Civil No. 1:01-CV-0817
      v.                            :
                                    :        (Judge William W. Caldwell)
JAMES MORGAN, et al.,               :
                                    :        (M.J. Malachy E. Mannion)
            Defendants.             :

## CORRECTIONS DEFENDANTS' NUNC PRO TUNC
## MOTION FOR AN ENLARGEMENT OF TIME

The Corrections Defendants, by and through their attorney, John J. Talaber,

Assistant Counsel, Pennsylvania Department of Corrections, pursuant to

Fed.R.Civ.P. 6(b) respectfully requests this Honorable Court to grant an

enlargement of time until Monday, April 21, 2003, to file their Briefs in Support of

their Motion for Summary Judgment and Statements of Material Facts. The

following averments are made in support of this Motion:

**Parties and Nature of Action:**

1.     Plaintiff Kim Smith is an inmate currently incarcerated at the State

       Correctional Institution at Coal Township ("SCI-Coal Township").  See

       Amended Complaint (doc. 20), p. 12.

2.    The Department of Corrections Defendants ("Corrections Defendants")
include: (1) Kathy Allen; (2) Nancy Ambrose; (3) Mary Bernas; (4) Sharon
Burks; (5) Kandis Dascani; (6) John Dunn; (7) Harry Ersek; (8) Frank Gillis;
(9) Robert Glenny; (10) Robert Gooler; (11) Dr. Robyn Johns; (12) Roy
Johnson; (13) Tim Jordan; (14) Bernon Lane; (15) John Learn; (16) Edward
Mason; (17) Miller; (18) James Morgan; (19) Wilma Sewell; (20) Raymond
Smith; (21) David Varano; (22) Voeckler; (23) George Weaver; (24) Lynn
Wolfgang; (25) Gerald Whysong; (26) Pat Yarger; (27) Angela Zimmerman;
and (28) Hazel Zimmerman.  See Amended Complaint, pp. 1-16.

3.    Smith also names as Defendants Wexford Health Services, Inc. and Dr.
Ronald Long, who are represented by James D. Young, Esquire.  See Entry
of Appearance (doc. 28).

4.    In this 42 U.S.C. §1983 action, Smith alleges that the Corrections
Defendants violated his First, Eighth, and Fourteenth Amendment rights
under the United States Constitution.  See Amended Complaint, pp. 1-16.

5.    Smith is suing the Corrections Defendants in their individual capacities.  See
Amended Complaint, p.8.

6.    Smith seeks injunctive relief, as well as, compensatory and punitive
damages. See Amended Complaint, pp. 1-16.

Relevant Procedural History:

7.    Smith initiated this action with the filing of a Complaint and an Application for In Forma Pauperis status on May 10, 2001.  See Complaint (doc. 1); Application to proceed IFP (doc. 2).

8.    The Court, by Order dated June 6, 2001, directed Smith to file an Amended Complaint on or before July 6, 2001.  See Order (doc. 8).

9.    On July 11, 2001, Smith filed an Amended Complaint.  See Amended Complaint (doc. 20).

10.   On August 3, 2001, the Court found that Smith's Amended Complaint substantially complied with its previous orders, and directed the Clerk of Court to serve process on the Defendants.  See Order (doc. 24).

11.   On or about September 26, 2001, the undersigned attorney waived service of summons for the Corrections Defendants.

12.   On November 6, 2001, the Corrections Defendants waived their right to reply to Smith's Amended Complaint pursuant to 42 U.S.C. §1997(e).  See Waiver of Reply (doc. 33).

13.   On October 24, 2002, the Court granted the Defendants' Motion for discovery and dispositive motion deadlines; specifically, the Court directed that discovery be completed on or before November 12, 2002, and dispositive motions filed by December 13, 2002.  (doc. 89)

14.  On December 13, 2002, the Corrections Defendants' filed a Motion for

Summary Judgment. (doc. 99)

15.  The Court, by order dated March 12, 2003, granted the Correction

Defendants' another enlargement of time until March 17, 2003 to file their

Briefs in Support to the Motion for Summary Judgment. However, for the

reasons that follow, the Correction Defendant's counsel is requesting a

motion for enlargement of time, *nunc pro tunc*, until Monday, April 21,

2003.

Motion for Enlargement of Time Nunc Pro Tunc:

16.  Fed.R.Civ.P. 6(b) provides, in relevant part:

> When by these rules or by a notice given thereunder or
> by order of court an act is required or allowed to be done
> at or within a specified time, the court for cause shown
> may at any time in its discretion . . . upon motion made
> after the expiration of the specified period permit the act
> to be done where the failure to act was the result of
> excusable neglect . . . .

17.  "[A] finding of excusable neglect under Rule 6(b)(2) requires both a

demonstration of good-faith by the parties seeking the enlargement and also

must appear that there was a reasonable basis for not complying within the

specified period." Four Seasons Securities Laws Litigation v. Bank of

America, 493 F.2d 1288, 1290 (10th Cir. 1974)(finding that because the

defendant acted in good faith and there was no indication that the tardiness

was part of a strategy designed to gain a tactical advantage, there was no

prejudice suffered to the plaintiff from the enlargement of time.)

18.    The undersigned attorney respectfully requests that the Court deem the

Corrections Defendants' delay in filing the Briefs in Support to the

Corrections Defendant's Motion, with the respective Statements of Material

Facts, a result of his excusable neglect in this situation.

19.    On February 28, 2003, counsel for the Corrections Defendants was informed

that his father (age 58) has cancer (later diagnosed as lung cancer) that has

moved to the bones throughout his body.  Prior to this date the diagnosis was

rheumatoid arthritis.

20.    On Monday, March 3, 2003, counsel spent the day with his father that

culminated in admitting him into the hospital, where he remains at the time

of this filing.

21.    The physicians and specialists treating counsel's father have informed him

that the prognosis is poor, and that his father most likely has a few weeks to

a month left.

22.    As a result, counsel has spent a significant amount of time away from the

Office with his father, but works on his caseload as time permits in the

evenings and on weekends.

23.    However, counsel anticipates that over the next few weeks he will continue

to be away from the Office to assist Hospice in taking care of his father, and that ultimately, he will be out of the Office at least a week sometime in April to take care of family obligations related to his father's illness.

24. Based on forgoing, counsel for the Corrections Defendants respectfully requests this Honorable Court to excuse his delay in seeking this enlargement.

25. Counsel has contacted counsel for the Wexford Defendants, James Young, Esquire, who is aware of and agrees to enlargements of time related to counsel's family situation.

26. Counsel is working with his immediate supervisors to have this matter transferred to another attorney in the Department's Office of Chief Counsel pending his anticipated absence from the Office.

27. Additional time is necessary so that the undersigned attorney and the newly assigned attorney can work together to finish the Briefs in this matter.

**WHEREFORE**, for the reasons set forth above, the Corrections Defendants respectfully request the Court to grant them an enlargement of time *nunc pro tunc* until Monday, April 21, 2003 to file their Briefs in Support to their Motion for Summary Judgment and submit their Statements of Material Facts.

Respectfully submitted,
Office of General Counsel


BY:    s/ John J. Talaber
       Assistant Counsel
       Department of Corrections
       Office of Chief Counsel
       55 Utley Drive
       Camp Hill, PA  17011
       Phone (717) 731-0444
       Fax    (717) 975 2217
       Jtalaber@state.pa.us
       PA 83279

Dated:  March 19, 2003

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH,                 :

                          :

       Plaintiff,         :

                          :    Civil No. 1:01-CV-0817

      v.                 :

                          :    (Judge William W. Caldwell)

JAMES MORGAN, et al.,    :

                          :    (M.J. Malachy E. Mannion)

      Defendants.      :

## PROOF OF SERVICE

The undersigned hereby certifies that the Corrections Defendants' Motion for an Enlargement of Time Nunc Pro Tunc was served upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:                Service by Electronic Case Filing:

Kim Smith, CT-2162           James D. Young, Esquire
SCI-Coal Township             Lavery, Faherty, Young and Patterson, P.C
1 Kelley Drive
Coal Township, PA  17866-1020

                                  s/ John J. Talaber
                                  John J. Talaber
                                  Assistant Counsel

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  March 19, 2003