IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIM SMITH,                          :
                                    :
            Plaintiff,              :
                                    :   No. 1:01-0817
                                    :
      v.                            :  (Judge William W. Caldwell)
                                    :
JAMES MORGAN, et al.,               :  (Magistrate Judge Malachy E. Mannion)
                                    :
      Defendants.                   :   Electronic Case Filing

**CORRECTIONS DEFENDANTS' SUPPORTING BRIEF
TO THEIR MOTION FOR SUMMARY JUDGMENT
REGARDING PLAINTIFF'S MEDICAL CLAIMS**

**STATEMENT OF THE CASE**

**A.     Identity of the Parties and Statement of Claim**

Plaintiff Kim Smith is an inmate currently incarcerated at the State

Correctional Institution at Coal Township ("SCI-Coal Township").[1]  The

Department of Corrections Defendants ("Corrections Defendants") as they relate to

Smith's medical claims include: (1) George Weaver; (2) Kathy Allen; (3) Patricia

Yarger; (4) James Morgan; (5) Sharon Burks; (6) Robyn Johns, Ph.D.; (7) Hazel

Zimmerman; (8) Frank Gillis; (9) Harry Ersek; (10) Gerald Whysong; (11) Nancy

Ambrose; (12) Lynn Wolfgang; (13) Mary Bernas; (14) Timothy Jordan; (15) John

Learn; and (16) Wilma Sewell.[2]  Smith also names as Defendants Wexford Health

Sources, Inc. and Dr. Ronald Long who are represented by James D. Young,

Esquire.[3]

In this 42 U.S.C. §1983 action, Smith alleges that the aforementioned

Corrections Defendants violated his Eighth and Fourteenth Amendment rights

under the United States Constitution.[4]  Smith is suing the Corrections Defendants

in their individual capacities.[5]  Smith seeks injunctive relief, as well as,

compensatory and punitive damages.[6]

**B.    Relevant Procedural History**

Smith initiated this action with the filing of a Complaint and an Application

for *In Forma Pauperis* status on May 10, 2001.[7]  The Court, by Order dated June 6,

2001, directed Smith to file an Amended Complaint on or before July 6, 2001.[8]  On

June 18, 2001, Smith filed a Motion for Limited Discovery to compel the

Department of Corrections to produce his grievance history so that he could prove

to the Court he exhausted administrative remedies.[9]  The Court, by Order dated

---

[1]    <u>See</u> Amended Complaint (doc. 20), p. 12
[2]    <u>See</u> Entry of Appearance (doc. 28).
[3]    <u>See</u> Amended Complaint, pp. 1-16.
[4]    <u>Id.</u>
[5]    <u>See</u> Amended Complaint, p. 8.
[6]    <u>Id.</u>
[7]    <u>See</u> Complaint (doc 1); Application to Proceed IFP (doc 2).
[8]    <u>See</u> Order dated June 6, 2001 (doc 8).
[9]    <u>See</u> Motion to Compel Discovery (doc 12).

June 20, 2001, directed the Department of Corrections to serve upon the Court and Smith, any and all information relating to Plaintiff's exhaustion of administrative remedies.[10] The Department of Corrections complied with the Order on July 19, 2001.[11] Additionally, the Court issued an Order on July 3, 2001, directing Smith to file, on or before July 20, 2001, an Amended Complaint that complied with Federal Rule of Civil Procedure 8(a).[12] Smith filed his Amended Complaint on July 11, 2001.[13]

The Court, by Order dated August 3, 2001, found that Smith's Amended Complaint substantially complied with its previous orders, and directed the Clerk of Court to serve process upon the Defendants.[14] On November 6, 2001, the Corrections Defendants waived their right to reply to Plaintiff's Amended Complaint pursuant to 42 U.S.C. §1997(e).[15] On December 13, 2002, the Corrections Defendants file a Motion for Summary Judgment.[16] The Court granted the Corrections Defendants numerous motions for enlargements of time for the reasons stated therein, with the last order directing them to file the Supporting

---

[10]   See Order dated June 20, 2001 (doc. 13).
[11]   See Response dated July 19, 2001 (doc. 22).
[12]   See Order dated July 3, 2001 (doc. 14).
[13]   See Amended Complaint (doc 20).
[14]   See Order dated August 3, 2001 (doc. 24).
[15]   See Waiver of Reply (doc.33). The parties have been exchanging discovery since that time.
[16]   See Motion for Summary Judgment (doc. 99).

Brief on or before April 21, 2003.[17]  Additionally, the Court granted the

Corrections Defendants' Motion to File Independent Briefs addressing Smith's

deliberate indifference claims in one Brief, and his remaining claims in a second

Brief.  Accordingly, this Brief is now timely filed in support of the Corrections

Defendants Motion for Summary Judgment Smith alleges violated his Eighth

Amendment rights as they relate to his medical conditions.

**C.    Standard of Review**:

"The purpose of summary judgment is to avoid a pointless trial in cases

where it is unnecessary and would only cause delay and expense."[18]  Further,

summary judgment is appropriate when "the pleadings, depositions, answers to

interrogatories and admissions on file, together with affidavits, if any, show that

there is no genuine dispute as to any material facts and the moving party is entitled

to judgment as a matter of law."[19]

---

[17]    See Corrections Defendants Motions for Enlargement of Time and Orders
granting the Motions (docs. 101-103, 105, 111, 113, 117, 121,   ).

[18]    See Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976),
cert. denied, 429 U.S. 1038 (1977).

[19]    Fed.R.Civ.P. 56(c); see also Turner v. Schering-Plough Corp, 901 F.2d 335,
340(3d Cir. 1990); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48
(1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Matsushita Electric
Industrial Co. v. Zenith Radio, 474 U.S. 574, 586 (1986)(setting the well
established standards applicable to summary judgment);

A fact is "material" if proof of its existence or nonexistence would effect the outcome of the lawsuit under the law applicable to the case.[20] An issue of material fact is genuine if it has a real basis in the record, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[21] A court considering a motion for summary judgment must view all the facts in the light most favorable to the non-moving party, here Smith, and give him the benefit of all reasonable inferences that can be drawn from the facts.[22]

When the moving party, here the Defendants, designate for the Court portions of the record that show a lack of genuine issues, the opposing party must do more than simply show that there is some metaphysical doubt as to the material facts; specifically, he must go beyond the pleadings, and by affidavit, depositions, answers to interrogatories, or admissions on file designate facts showing a genuine issue for trial.[23] The trial court, without weighing the evidence or determining the

---

[20]     See Anderson, 477 U.S. at 257; Levendos v. Stern Entertainment Inc., 860 F.2d 1227, 1233 (3d. Cir. 1988).
[21]     See Matsushita Elec. Indus., 475 U.S. at 586-87; Anderson, 477 U.S. at 248.
[22]     See Matsushita, 475 U.S. at 587.
[23]     See Fed.R.Civ.P. 56(e); Celotex, 477 U.S. at 324. Additionally, pursuant to Fed.R.Evid. 201, in relevant part, a court can judicially notice of a fact, at any stage in the proceeding, if it is "not subject to reasonable dispute in that it is either generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Further, "[a] court shall take judicial notice if requested by a party and supplied with the necessary information" However "[a] party is

truth of the matter, must assess the adequacy of Smith's admissible evidence and

determine whether that showing would be sufficient to carry his burden of proof

such that a reasonable jury could return a verdict in his favor.[24]  Further if Smith,

as the Plaintiff, fails to make a sufficient showing on essential elements of his

deliberate indifference claim, then the Defendants are entitled to judgment as a

matter of law.[25]

**D.    Statement of Material Facts:[26]**

Plaintiff Kim Smith is a forty seven (47) year old inmate, sentenced in 1994

to a term of eight (8) to twenty (20) year for his Third Degree Murder conviction,

currently confined to the care, custody, and control of the Pennsylvania

Department of Corrections.[27]  There is no dispute of material fact between the

parties that the Department of Corrections has a constitutional obligation to

provide inmates, such as Smith, with medical care consistent with community

---

entitled upon timely request to an opportunity to be heard as to the propriety of
taking judicial notice and the tenor of the matter noticed."

[24]    See Anderson, 477 U.S. at 248; Celotex, 477 U.S. at 322.

[25]    See Celotex, 477 U.S. at 323.

[26]    The Corrections Defendants are submitting a detailed *Statement of Material
Facts* that includes a comprehensive review of Smith's grievances on the issues
presented, as well as the Corrections Defendants' attempt to synthesize the
allegations contained with Smith's *pro se* Third Amended Complaint.
Accordingly, for purposes of this Brief and the Statement of Material Facts,
counsel is citing to the paragraphs contained in the accompanying document for
this section of the Brief.

[27]    See Statement of Material Facts, ¶¶ 1-5.

6

standards.[28]  In that regard, the Department of Corrections takes this duty very seriously; for example, in fiscal year 2000, inmates such as Smith produced 277,102 inmate doctor visits, with 180,444 of those visits initiated by he inmate through sick call procedures, with the remaining 96, 658 visits initiated by Department staff.[29]  Through the use of "telemedicine" inmates such as Smith receive state of the art medical treatment.[30]  Inmates are charged a two-dollar ($2.00) co-pay to utilize medical services for "non-chronic" medical needs.[31] In the area of contagious diseases, such as Hepatitis C, the Department has been very aggressive in providing inmates, including Smith, with access to treatment when deemed medically necessary, as evidenced by the 8.7 million dollar appropriation for the six-thousand ($6,000) to twelve thousand dollar ($12,000) cost to treat an individual inmate with drugs that may slowdown the progress of Hepatitis C.[32]

Smith, while incarcerated, has the opportunity to use the Department's Consolidated Inmate Grievance Review System ("Grievance System") to seek resolution of problems that may occur, that ranges from informal resolution with staff members to the ability to take the issue to the Secretary's Office of Inmate

---

[28]    See Statement of Material Facts, ¶¶ 10-13.
[29]    See Statement of Material Facts, ¶ 14.
[30]    See Statement of Material Facts, ¶¶ 16.
[31]    See Statement of Material Facts, ¶¶ 94-105.
[32]    See Statement of Material Facts, ¶¶ 18-21.

Grievances and Appeals for "final review."[33]  Records are maintained in this

Office, and for purposes of this 42 U.S.C. §1983 action, a review of the grievances

indicates that Smith filed twelve (12) grievances relating to his medical claim.[34]

The grievance records clearly prove that throughout Smith's incarceration and for

purposes of this action, on every occasion when he cooperated with staff, he was

provided with access to licensed medical professionals.[35]  The same records also

show that Smith's allegations of deliberate indifference are more appropriately

characterized as a difference of opinion to the recommended treatment the medical

professionals gave.[36]

There is no dispute of material fact that Smith does not possess medical

training as a nurse, physician's assistant, or physician, nor does he have an expert

witness to testify on his behalf for the medical claims he raises in this matter.[37]

The Corrections Defendants join in the Wexford Health Sources, Inc.'s statement

of undisputed material facts to support their position that Smith, while at SCI-

Smithfield, was provided with appropriate medical treatment to meet (and exceed)

their constitutional obligations in this matter.[38]

---

[33]    See Statement of Material Facts, ¶¶ 1-5.

[34]    See Statement of Material Facts, ¶¶ 29-87.

[35]    Id.

[36]    Id.

[37]    See Statement of Material Facts, ¶¶ 8, 9.

[38]    See Defendants Wexford Health Sources, Inc. Statement of Undisputed
Material Facts, ¶¶ 1-37.

## STATEMENT OF QUESTIONS PRESENTED

I.    ARE THE CORRECTIONS DEFENDANTS ENTITLED TO SUMMARY
      JUDGMENT ON SMITH'S EIGHTH AMENDMENT CLAIMS GIVEN
      THAT THERE ARE NO GENUINE DISPUTES OF MATERIAL FACT
      THAT SMITH WAS PROVIDED WITH ACCESS TO MEDICAL CARE
      BY THE CORRECTIONS DEFENDANTS?

      Suggested Answer:       Yes

II.   ARE SOME OF THE CORRECTIONS DEFENDANTS ENTITLED TO
      SUMMARY JUDGMENT BECAUSE THEY WERE NOT PERSONALLY
      INVOLVED IN THE ALLEGED CONSTITUTIONAL VIOLATIONS?

      Suggested Answer:       Yes

## <u>ARGUMENT</u>

I.   **THE CORRECTIONS DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON SMITH'S EIGHTH AMENDMENT CLAIMS OF DELIBERATE INDIFFERENCE TO HIS MEDICAL NEEDS.**

Smith's allegations concerning his medical treatment amount to nothing more than his layperson disagreement with numerous medical professionals' recommended course of treatment. A "serious medical need" has been defined as "one that has been diagnosed by a physician, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention."[39] On its face, the alleged medical conditions Smith avers he is not receiving treatment for do not qualify as condition that would be "apparent to even a layperson." The treatment for his knee, shoulder, back, abdomen, his bone spurs, fungus on his feet, the need for a C-Pap device, the medication for his diabetes, and when and how to treat his Hepatitis C condition are not needs that are readily apparent to laypersons.[40] Indeed, the record in this matter clearly shows Smith did receive access to medical treatment on many occasions, had diagnostic tests performed by medical professionals, who then determined the appropriate course of treatment for his medical conditions.[41]

---

[39]   <u>See</u> <u>Sheldon v. Pezley</u>, 49 F.3d 1312, 1316 (8th Cir. 1995).
[40]   <u>See</u> Statement of Material Facts, ¶¶ 29-87.
[41]   <u>Id.</u>

Determining the propriety of treatment for Smith's medical conditions, as contrasted with a bleeding wound, opens the door for impermissible, second guessing of the course of treatment that a trained physician provided. Courts disavow any attempt to second-guess a particular course of treatment, which remains a question of sound professional judgment.[42] There is no dispute of fact between the parties that the sixteen (16) Corrections Defendants involved in the Smith's medical claims are <u>not</u> physicians. For that matter, there is no dispute of fact between the parties that Smith has any medical training such as a nursing degree or attendance at medical school that would make him qualified to dispute the findings and recommendations of the trained and licensed physicians treating him.

A disagreement between the doctor and a plaintiff as to the medical diagnosis and treatment does not constitute deliberate indifference.[43] Yet, this is precisely what this Smith attempts to do through this §1983 action. Smith inappropriately asks this Court to substitute its judgment for the trained medical personnel who regularly saw (and see) him during his incarceration. As the Third

---

[42]    See <u>Inmates of Allegheny County Jail v. Pierce</u>, 612 F.2d 754, 762 (3d Cir. 1979); <u>McAleese v. Owens</u>, 770 F. Supp. 255, 258 (M.D. Pa. 1991).

[43]    See <u>Boring v. Kozakiewicz</u>, 833 F.2d 468, 473 (3d Cir.1987). <u>Bednar v. County of Schuylkill</u>, 29 F.Supp.2d 250, 253 (E.D. Pa. 1998). <u>Accord Monmouth County Correctional Institutional Inmates v. Lanzaro</u>, 834 F.2d 326, 346 (3d Cir. 1987).

Circuit has correctly recognized "[c]ertainly, no claim is presented when a doctor disagrees with the professional judgment of another doctor.  There may, for example, be several ways to treat an illness."[44]  The Third Circuit reasoned that if differences in opinion between two medical professionals cannot be a basis for an Eighth Amendment claim, then a medically untrained correctional official cannot be found liable if he relies on the opinions of a medical professional.[45]

Further, to the extent Smith wants the Corrections Defendants to disregard the state licensed physicians judgment and intervene in his treatment, a request he routinely makes through his letters and grievances, his deliberate indifference claim fails.  The Third Circuit has established that "a non-physician defendant cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints when he is already receiving treatment by the prison's medical staff."[46]  It is simply not warranted, based on the extensive record before it, for the Corrections Defendants or the Court to intervene, or to find that the Corrections Defendants' action were "deliberately indifferent" to Smith's medical needs given that he was being treated by numerous physicians.  Therefore, the Corrections

---

[44]     See White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

[45]     See Durmer, 991 F.2d at 69 ("Neither of these defendants, however, is a physician, and neither can be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor.")

[46]     Id.

Defendants have their Constitutional obligations as set forth in <u>Estelle v. Gamble</u> as a matter of law to provide medical care to Smith based on the undisputed record before this Honorable Court.[47]  Summary Judgment should be granted in favor of the sixteen (16) Corrections Defendants.

II.    **DEFENDANTS MORGAN, BURKS, GILLIS, SEWELL, DASCANI, AND VOECKLER ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE THEY WERE NOT PERSONALLY INVOLVED IN THE ALLEGED CONSTITUTIONAL VIOLATIONS** ?

A section 1983 action must allege that the defendant actually participated in or had actual knowledge of and acquiesced in the events forming the basis of the claims.[48]  Smith fails to link these Corrections Defendants to the central acts that he complains about:  Deliberate indifference to his serious medical needs.  Smith's

---

[47]    <u>See generally</u> <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976) (holding the government has an obligation to provide medical care to those it is punishing by incarceration).

[48]    <u>See</u> <u>Chimenti v. Kimber</u>, Civil No. 3:CV-01-0273, slip op. at 15, 16 (M.D. Pa. Mar. 15, 2002)(Vanaskie, C.J.)(finding "[t]he mere fact that the Commonwealth Defendants [that included Secretary Horn, a Superintendent, and two nurses] responded to [the inmate's] grievances does not support an inference that they were deliberately indifferent to his medical needs.  They were entitled to rely upon the advise of health are professionals.") (citing <u>Johnson v. Harding</u>, Civil No. 3:CV-99-977, slip op. at p.8)(M.D. Pa. Feb. 29, 2000)(Vanaskie, C.J.)(finding that is there no constitutional right to a grievance procedure and to the extent Plaintiff contends the Commonwealth Defendants violated his constitutional rights by not taking corrective action on medical complaints, said allegations fail to state a claim upon which relief may be granted)(citation omitted)). A copy of <u>Chimenti</u> is attached hereto pursuant to Pa.MDLR 7.8(a) as Exhibit A.  <u>See also</u> <u>Thomas v. Meyers</u>, Civil No. 3:CV-00-1887, slip op. at 8, 9 (M.D. Pa. Mar. 25, 2002)(Caputo, J.) A copy of Thomas is attached hereto pursuant to Pa.MDLR 7.8(a) as Exhibit B.

allegations against these Defendants offer no basis for liability other than one based upon their respective supervisory positions as administrator's within the prison system: *Respondeat superior* alone cannot be a basis for a Section 1983 suit.[49]   Therefore, summary judgment should be granted to the aforementioned Defendants as a matter of law and the claims against them dismissed with prejudice.

---

[49]    <u>See</u> <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077, 1082 (3d Cir. 1976).

## <u>CONCLUSION</u>

**WHEREFORE**, in light of the foregoing, the moving Corrections

Defendants respectfully request this Court to grant summary judgment on their

behalf, and dismiss Smith's Amended Complaint against them with prejudice.

Respectfully submitted,
Office of General Counsel

BY:   <u>s/ John J. Talaber</u>
       Assistant Counsel
       Department of Corrections
       Office of Chief Counsel
       55 Utley Drive
       Camp Hill, PA  17011
       Phone (717) 731-0444
       Fax     (717) 975 2217
       Jtalaber@state.pa.us
       PA 83279

Dated:  April 21, 2003

15

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

KIM SMITH,                              :
                                        :
    Plaintiff,                   :
                                        :   No. 1:01-0817
                                        :
    v.                           :  (Judge William W. Caldwell)
                                        :
JAMES MORGAN, et al.,                   :  (Magistrate Judge Malachy E. Mannion)
                                        :
    Defendants.                  :   Electronic Case Filing

## <u>PROOF OF SERVICE</u>

The undersigned hereby certifies that the Corrections Defendants'

Supporting Brief to Their Motion for Summary Judgment Regarding Plaintiff's

Medical Claims was served upon the person(s) in the manner indicated below.

Service by first-class mail
<u>addressed as follows:</u>                    <u>Service by Electronic Case Filing:</u>

Kim Smith (CT-2162)                     James D. Young, Esquire
SCI-Coal Township                       on April 21, 2003
1 Kelley Drive
Coal Township, PA 17866-1020
on April 22, 2003


                                              <u>s/ John J. Talaber</u>
                                              John J. Talaber
                                              Assistant Counsel

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  April 21, 2003