UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD THOMAS,
    Plaintiff,

v.

ROBERT W. MEYERS, *et al.*,
    Defendants

CIVIL NO. 3:CV-00-1887

(JUDGE CAPUTO)

FILED
SCRANTON
MAR 25 2002

## MEMORANDUM

Plaintiff, Richard Thomas, an inmate presently confined in the State Correctional Institution, Waymart, Pennsylvania, ("SCI-Waymart") filed this civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff proceeds *pro se*. During the relevant time period of this action, plaintiff was incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview"). Defendants in this action include the following Department of Corrections employees at SCI-Rockview (moving defendants): Robert Meyers, superintendent; Terry Whitman and David Wakefield, deputy superintendents; and Larry Lidgett, former health care administrator.

The complaint was accompanied by an application to proceed *in forma pauperis*. The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new obligations on prisoners who file suit in federal court and wish to

1

proceed *in forma pauperis* under 28 U.S.C. § 1915, *e.g.*, the full filing fee ultimately must be paid (at least in a non-habeas suit).[1]

In his third amended complaint, plaintiff alleges defendants from 1989 to 1998 failed to disclose he had hepatitis and failed to provide proper medical care. Thomas seeks declaratory relief as well as nominal, compensatory, and punitive damages.

Currently pending before this Court are moving defendants' motion for judgment on the pleadings. (Doc. 74). Also pending before this Court is plaintiff's motion for leave to file an amended complaint to identify previously unnamed defendants and add a medical malpractice claim, (Doc. 81), motion to amend medical report, (Doc. 83), motion for appointment of counsel, (Doc. 85), and second motion to amend attached medical report, (Doc. 86).

Because plaintiff relies upon a theory of *respondeat superior* as to the moving defendants, defendants' motion for judgment on the pleadings will be granted. Plaintiff's motion to file an amended complaint will be denied and plaintiff's claims as to the remaining defendants will be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because plaintiff's action is barred by the statute of limitations, 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted, and 42 U.S.C. § 1997(e)(a) for failing to exhaust administrative remedies. Plaintiff's motions to

---

1. The plaintiff completed this Court's form application to proceed *in forma pauperis* and authorization to have funds deducted from his prison account. The Court then issued an administrative order directing the superintendent at SCI-Waymart to commence deducting the full filing fee from plaintiff's prison trust fund account.

amend his medical report will be granted. Plaintiff's motion for appointment of counsel will be dismissed as moot.

## BACKGROUND

A.   **Relevant Procedural History**

Plaintiff initiated this action with the filing of a complaint and an application for *in forma pauperis* status on October 25, 2000. (Docs. 1, 2). By court order dated November 2, 2000, the Court granted Thomas *in forma pauperis* status and directed the United States Marshal to serve the complaint on defendants.[2] A waiver of reply was entered by counsel for the moving defendants on December 5, 2000.

Pursuant to court order granting plaintiff's motion for leave to file an amended complaint, Thomas filed his first amended complaint on December 14, 2000. (Doc. 15). Defendant Wexford Health Sources, Inc. submitted a waiver of reply to plaintiff's amendment complaint on January 5, 2001. (Doc. 20).

On July 11, 2001, the Court granted moving defendants motion for more definite statement. (Doc. 41). In the same order, plaintiff's second amended complaint was denied and plaintiff was directed to file an amended complaint. Pursuant to court order, Thomas filed his third amended complaint on August 2, 2001. (Doc. 45).[3]

---

2.   Regarding DOC employees, summons were *only* issued as to the moving defendants and numerous "John and Jane Doe" defendants. *See* Original Complaint (Doc. 1). Summons was also issued as to defendant Wexford Insurance Co.

3.   As part of his amended complaint, Thomas added the following defendants: Martin Horn, "former secretary of Pennsylvania;" Joseph Lehaman and David Owens, Jr., "state officials for Department of Corrections;" various John and Jane Does,

3

On December 7, 2001, moving defendants filed their answer to Thomas' third amended complaint. (Doc. 72). On December 10, 2001, the moving defendants filed their motion for judgment on the pleadings. (Doc. 74). The motion is fully briefed and ripe for consideration.[4]

On January 29, 2002, plaintiff filed a motion for leave to file another amended complaint. (Doc. 81). Plaintiff seeks to identify the various Jane and John Doe defendants. The defendants consist of numerous medical doctors, a nurse, and a former superintendent at SCI-Rockview. Plaintiff also seeks to add a medical malpractice claim. Because plaintiff's original complaint is barred by the statute of limitations and the matter is not properly before this Court, the motion will be denied since the identification of the Doe defendants has no impact on the statute of limitation issue.

Plaintiff is also seeking to add additional medical documents to his record. (Docs. 83, 86). By letter dated February 14, 2002, moving defendants stated they did not oppose

---

employees of SCI-Rockview; Dr. John Symons and various unnamed employees of Wexford Health Sources, Inc.; Dennis Roth, warden of Montgomery County Correctional Facilities ("MCCF"); Julie Algaron, deputy warden of MCCF; various unnamed employees at MCCF; Donald Vaughn, superintendent at state correctional institution at Graterford ("SCI-Graterford"); and various unnamed employees at SCI-Graterford. (Doc. 45, ¶¶ 4-8).

4.   On February 14, 2002, counsel for moving defendants waived their right to file a reply brief via letter to the Court. (Doc. 84).

the first request by plaintiff.[5] Because the medical reports are consistent with plaintiff's allegations in his amended complaint, the motions will be granted.[6]

B.   **Factual Background**[7]

On or about February 23, 1989, Thomas was transferred from SCI-Graterford to SCI-Rockview where he was housed for more than eleven (11) years. Plaintiff alleges that in April of 1989, unnamed doctors or nurses at SCI-Rockview Medical Department took a blood sample and tested it for diseases. Plaintiff asserts that the results of the blood test revealed he had the hepatitis virus and his liver was deteriorating faster than normal. Thomas contends the results were not made available to him, and, therefore, he could not seek medical care to treat the disease. Plaintiff states he did not receive any medical treatment for his hepatitis virus until October 1999.

Thomas contends that in April 1989 there was no protocol or medical treatment for inmates infected with hepatitis B or C and that it was not until January 2000 that SCI-Rockview and the DOC had "[a] medical 'protocol' from (sic) inmates affected with the Hepatitis C virus dispite (sic) an epidemic at that prison." Plaintiff further contends that

---

5.   Plaintiff's second motion was filed after receipt of defendants' letter.

6.   The Court may consider these documents in resolving the motion to dismiss without converting it into one for summary judgment since there is no dispute among the parties as to their authenticity and plaintiff's complaint refers to the substance of these documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("We now hold that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

7.   *See* Third Amended Complaint, ¶¶ 42-65.

defendants intentionally exhibited deliberate indifference by denying him medical treatment for the hepatitis virus from 1989 to 1996. Thomas asserts that the intentional concealment of his condition by unnamed prison officials at SCI-Rockview allowed the disease to grow worse since, in his opinion, his medical needs were "objectively sufficiently serious."

Thomas alleges that on October 15, 1998, Dr. John Symons, a Wexford employee, informed him that he had the hepatitis virus since 1989; specifically, Dr. Symons allegedly informed Thomas that he had cirrhosis of the liver, caused by a lack of proper medical care. Thomas contends he was introduced to Dr. Eggler, also a Wexford employee, who became his treating physician.

Thomas concludes that moving defendants knew he carried the hepatitis virus and intentionally refused to provide a minimum level of necessary medical care causing an excessive risk to his health. Thomas argues that the moving defendants, as reasonable persons, should have recognized the severity of his illness, yet intentionally concealed his hepatitis conditions for a period of eleven years causing the diseases to grow worse.

## DISCUSSION

### A. Standard of Review

Fed. R. Civ. P. 12(c) states, in part, that "[a]fter the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings." In determining a motion for judgment on the pleadings, there must be no dispute of material facts and the moving party must be entitled to judgment as a matter of law. When a motion for judgment on the pleadings is based on failure to state a claim, the same

6

standards apply that pertain to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Phalo v. Ohio Civil Rights Commission*, 2001 WL 506525, *2 (S.D. Ohio April 17, 2001). Moving defendants submit that based on the pleadings before this Court, there are no disputes of material facts and moving defendants are entitled to judgment as a matter of law. (Doc. 77, p. 7).

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990). A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) only if the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *ALA, Inc. v. CCAIR, Inc.* 29 F.3d 855, 859 (3d Cir. 1994). The reviewing court must consider only those facts alleged in the complaint and accept all of the allegations as true. *Id.*

In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." "The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief." *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted). Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990); *Independent*

7

*Enters., Inc. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165, 1168 (3d Cir. 1997). This Court will now discuss defendants' motions in light of the standards set forth above and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**B.     *Respondeat Superior***

The moving defendants contend that plaintiff's allegations regarding them fails to state a claim upon which relief can be granted because Thomas is relying solely upon a theory of *respondeat superior*. (Doc. 77, p. 9). Moving defendants further assert that plaintiff's statements are conclusory allegations that are not supported by specific facts and Thomas fails to link the moving defendants to the central acts that he alleges in his complaint. (*Id.*). In his opposing brief, Thomas contends moving defendants were provided with sound medical findings and had an obligation to inform him of his chronic illness. (Doc. 82, p. 9).

It is well-settled that claims brought under §1983 cannot be premised on a theory of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976). As explained in *Rode*:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acqui-

> escence. Allegations of participation or
> actual knowledge and acquiescence, however,
> must be made with appropriate particularity.

*Rode*, 845 F.2d at 1207.

Although a complaint is to be liberally construed in favor of the plaintiff (*See* Fed.R.Civ.P. 8(f)), the Court does not have to accept every allegation it contains as true. *Pennsylvania House, Inc. v. Barrett*, 760 F.Supp. 439, 449 (M.D.Pa. 1991)(McClure, J.). Furthermore, conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Flanagan v. Shively*, 783 F. Supp. 922, 927 (M.D. Pa. 1992).

An application of the above standards to Thomas' third amended complaint clearly shows that he has failed to set forth a cognizable claim against the moving defendants. Not only does plaintiff fail to comply with Fed. R. Civ. P. 8, he clearly is relying upon a theory of *respondeat superior*. Plaintiff's complaint, with respect to those defendants, does not state with appropriate particularity any personal knowledge or acquiescence on their part. Plaintiff merely offers conclusory statements. Accordingly, the moving defendants, Meyers, Whitman, Wakefield, and Lidgett are entitled to an entry of dismissal and defendants' motion for judgment on the pleadings will be granted.[8]

---

8. Plaintiff also relies upon a theory of *respondeat superior* as to nonmoving defendants Horn, Lehaman, Owens, Roth, Algaron, and Vaughn who were added to the instant case in plaintiff's third amended complaint, but, based on the record before the Court, does not appear to have been served. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) those defendants are summarily dismissed from the instant action because plaintiff fails to state a claim for which relief is available.

C.      **Statute of Limitations**

Title 28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis*. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In reviewing the applicability of the statute of limitations to an action filed pursuant to § 1983, a federal court must apply the appropriate state statute of limitations which governs personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985); *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 457 n.9 (3d Cir. 1996). The United States Supreme Court clarified its decision in *Wilson* when it held that the residual or general applicable state personal injury statute of limitations should be applied in § 1983 actions. *Owens v. Okure*, 488 U.S. 235, 245-49 (1989); *Little v. Lycoming County*, 912 F. Supp. 809, 814 (M.D. Pa.), aff'd mem., 101 F.3d 691 (3d Cir. 1996). Pennsylvania has a personal injury statute of limitations of two years. *Fitzgerald v. Larson*, 769 F.2d 160, 162 (3d Cir. 1985); *Smith v. City of Pittsburgh*, 764 F.2d 188, 194 (3d Cir.), *cert. denied*, 474 U.S. 950 (1985); *Little*, 912 F. Supp. at 814; *see* 42 Pa. C.S.A. § 5524 (Supp. 1997).

The question of when a cause of action accrues is a question of federal law. *Smith v. Wambaugh*, 887 F. Supp. 752, 755 (M.D. Pa. 1995), *aff'd.*, 87 F.3d 108 (3d Cir. 1996). "In general, a section 1983 claim accrues when the facts which support the claim are, or

should be, apparent to a person with a reasonably prudent regard for his rights and when the identity of the person or persons responsible for the alleged violation is known or reasonably should have been known to the plaintiff." *Id.* ( citations omitted).

Thomas filed his complaint on October 25, 2000. Plaintiff states that on October 15, 1998, he was informed that he had hepatitis and that he had the infection since 1989." (Doc. 45, ¶ 51). As such, his claims are clearly time barred.

Although this is not jurisdictional, and the statute of limitations defense may be voluntarily waived, it is certain that if this case was permitted to go forward in regards to the remaining defendants, motions to dismiss would be filed and would have to be granted.[10] It has been held that a district court may properly dismiss as frivolous an *in forma pauperis* complaint when it is apparent on the face of the complaint that the statute of limitations has expired. *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995); Myers v. Vogal, 960 F.2d 750, 750-51 (8th Cir. 1992); *Street v. Vose*, 936 F.2d 38, 39 (1st Cir. 1991) (per

---

9. Plaintiff contends in his opposing brief that he filed his original complaint in May 2000. (Doc. 82, p. 13). However, in May 2000, plaintiff filed a writ of mandamus which was construed to be a § 1983 action and transferred to the United States District Court in the Eastern District of Pennsylvania. The only named respondent/defendant in that matter was the Court of Common Pleas for Montgomery County. *See Thomas v. Court of Common Pleas of Montgomery County*, Civil No. 3:CV-00-0893 (M.D. Pa. June 13, 2000)(Caputo, J.). Several documents were filed with plaintiff's original complaint and all were date filed on October 25, 2000. (Docs. 1-3, 5-7). Plaintiff fails to provide an explanation for the late filing but merely contends that he filed the complaint on May 9, 2000, which is not supported by the record before the Court.

10. As is evident in the instant motion for judgment on the pleadings in which moving defendants raised the statute of limitations as another ground for dismissal of the third amended complaint.

11

curiam), *cert. denied*, 502 U.S. 1063 (1992); *Norris v. Vaughn*, Civ. No. 00-1856, slip op. at 3-4 (M.D. Pa. Oct. 30, 2000) (Rambo, J.); *Wicks v. Horn*, Civ. No. 98-0171, slip op. at 3-4 (M.D. Pa. Feb. 24, 1998) (Vanaskie, J.); *Clark v. Belfonti*, Civ. No. 96-1164, slip. op. at 3-4 (M.D. Pa. July 2, 1996) (Rambo, C.J.). Accordingly, Thomas' third amended complaint will be dismissed as legally frivolous as to the remaining defendants, pursuant to 28 U.S.C. §1915(e)(2)(B)(i) because it is clearly time barred.

Although Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires," the district court retains the discretion to deny leave to amend "on the ground that an amendment would be futile." *Smith v. National Collegiate Athletic Ass'n*, 139 F.3d 180, 190 (3d Cir. 1998), rev'd on other grounds, 525 U.S. 459 (1999). The running of a statutory limitations period can be grounds for a finding of futility. *See, e.g., Baker*, 50 F.3d at 1189-90. Thomas' § 1983 claims against the newly identified defendants in his proposed amended complaint are also precluded by Pennsylvania's two-year statute of limitations for personal injury actions. *See Bougher v. University of Pittsburgh*, 882 F.2d 74, 78-79 (3d Cir. 1989). The defendants in the proposed amended complaint are not new to the action, they are just now properly named. The actual names of the John and Jane Doe defendants does not create a "relating back" issue because the actual identification of the defendants does not change the fact that the original and amended complaints were time barred by the statute of limitations. Plaintiff's proposed medical malpractice claim is likewise time barred. As a result, Thomas' request for leave to amend his third amended complaint is denied.

D.  **Exhaustion of Administrative Remedies**

The Court further notes that even if the complaint was timely before me, Thomas' third amended complaint would be summarily dismissed for failure to exhaust his administrative remedies. Section 1997(e)(a) of Title 42 U.S.C. provides:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Supreme Court has made clear that prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through a grievance process. *See Porter v. Nussle*, 122 S.Ct. 983, 992 (2002)("we hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *Booth v. Churner*, 121 S.Ct. 1819, 1825 n. 6 (2001)("we hold ... that Congress has provided in § 1997e(a) that an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues.). Thus, prisoners are required to exhaust available administrative remedies prior to seeking relief pursuant to § 1983 or any other federal law.

The Pennsylvania Department of Corrections has a Consolidated Inmate Grievance Review System. DC-ADM 804 (effective October 20, 1994). With certain exceptions not

applicable here, DC-ADM 804 provides for an administrative review of institutional grievances. A grievance is a complaint submitted by an inmate related to a problem encountered during the course of confinement. DC-ADM 804 provides that an inmate may submit a written grievance to the prison's Grievance Coordinator. An appeal from the decision of the Grievance Coordinator may be made in writing to the prison superintendent, and a final written appeal may be presented to the Chief Hearing Examiner for the Department of Corrections.

Effective May 1, 1998, the Department of Corrections amended DC-ADM 804 to provide that a prisoner, in seeking review through the grievance system, may include requests for "any claims concerning violations of Department of Corrections directives, regulations, court orders, or other laws." DC-ADM 804-4 issued April 29, 1998. This was the policy in place at the time plaintiff filed his grievance.[11]

Plaintiff contends he exhausted his administrative remedies based on Grievance No. 0440-99 which was filed on July 2, 1999. The grievance states:

> I have been incarcerated in the state system since August 23, 1988. Lasty (sic) year I was informed by the medical staff of this prison that I have been diagnosed with Hepatitis C, (sic) and B. My blood has been periodically tested, but no treatment has been provided.

---

11.   DC-ADM 804 has since been amended effective January 1, 2001. As of January 1, 2001, all inmates under the jurisdiction of the Department who have been personally affected by a Department or institution action or policy are permitted to file a grievance, to file an appeal to the facility manager from the initial grievance review, and to file a final appeal of the grievance decision to the Secretary's Office of Inmate Grievances and Appeals.

14

(Doc. 45, Plt. exh. DC-804 Part I). The Grievance Coordinator stated his complaint had been reviewed by the nurse supervisor and the DOC was attempting to finalize a policy for the treatment of Hepatitis C. (Doc. 45, Plt. exh. DC-804 Part II). The response further noted that "[a]s long as you are being periodically tested for the liver enzymes and they have not risen dramatically, you may not need treatment at this time." (*Id.*). Thomas was directed to speak with the doctors to see where he stood in reference to treatment. (*Id.*).

Thomas' grievance does not mention any of the defendants by name, does not seek any relief including monetary, and fails to identify any specific acts or omissions performed by a particular individual. The fact plaintiff pursued a generic grievance regarding his diagnosis and treatment does not necessarily satisfy the exhaustion requirement. The Third Circuit, in an unreported decision, has suggested that an inmate may not pursue a claim for monetary relief when such a claim was not pursued administratively. *See Geisler v. Hoffman*, Civil No. 99-1971, *slip op.* at 4 (3d Cir. Sept. 12, 2000). Two members of this Court, relying upon *Geisler*, have held that an inmate plaintiff's failure to seek monetary damages in prison grievance proceedings precluded the inmate from seeking such relief in a civil rights action. *See Laird v. Pennsylvania Department of Corrections*, Civil No. 3:CV-00-1039, *slip op.* at 3 (M.D. Pa. Sept. 26, 2001)(Nealon, J.).); *Chimenti v. Kimber, et al.*, Civil No. 3:CV-01-0273, *slip op.* at 11 (M.D. Pa. March 15, 2002)(Vanaskie, CJ.).)

Thomas did not include a request for monetary damages in his grievance nor did he seek declaratory relief. Thus, plaintiff's claims against defendants for monetary and equitable relief would appear to be foreclosed as a consequence of his failure to seek such

relief through the DOC grievance process. Plaintiff's third amended complaint and proposed amendments are subject to dismissal pursuant to § 1997(e)(a).

## CONCLUSION

Because plaintiff relies solely upon a theory of *respondeat superior*, defendants Meyers, Whitman, Wakefield, and Lidgett's motion for judgment on the pleadings will be granted. The third amended complaint will be summarily dismissed as to the remaining defendants for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii); failure to exhaust administrative remedies, 42 U.S.C. § 1997(e)(a); and as frivolous for being time barred, 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's motion for leave to file an amended complaint is denied as futile. Plaintiff's motions to add medical documents are granted. Finally, plaintiff's motion for appointment of counsel will be dismissed as moot. An appropriate order follows.

                                                                     *A. Richard Caputo*
                                                                     A. RICHARD CAPUTO
                                                                     United States District Judge

Dated: MARCH 25, 2002

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD THOMAS,
    Plaintiff,

    v.

ROBERT W. MEYERS, *et al.*,
    Defendants

CIVIL NO. 3:CV-00-1887

(JUDGE CAPUTO)

FILED
SCRANTON
MAR 2 5 2002

PER _____
DEPUTY CLERK

ORDER

NOW, THEREFORE, THIS 25th DAY OF MARCH, 2002, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendants' motion for judgment on the pleadings as to defendants Meyers, Whitman, Wakefield, and Lidgett (Doc. 74) is **granted**.

2. The third amended complaint (Doc. 45) is **summarily dismissed** as to the remaining defendants for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); as legally frivolous because time barred by the statute of limitations pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e)(a).

3. Plaintiff's motion for leave to file an amended complaint (Doc. 81) is **denied** as futile.

4. Plaintiff's motions to add medical documents (Docs. 83, 86) are **granted**.

5.  Plaintiff's motion for appointment of counsel (Doc. 85) is **dismissed** as moot.

6.  The Clerk of Court is directed to close the case.[12]

7.  Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

                                                          */s/ A. Richard Caputo*
                                                          A. RICHARD CAPUTO
                                                          United States District Judge

---

12. The dismissal of this action does not relieve plaintiff of the obligation to pay the full filing fee. Until the filing fee is paid in full, the Administrative Order previously issued is binding on the superintendent of SCI-Waymart, as well as the warden or superintendent of any correctional facility to which Thomas is transferred.