IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM SMITH, | : |
| | : |
| Plaintiff, | : |
| | : No. 1:01-0817 |
| | : |
| v. | : (Judge William W. Caldwell) |
| | : |
| JAMES MORGAN, et al., | : (Magistrate Judge Malachy E. Mannion) |
| | : |
| Defendants. | : Electronic Case Filing |

**CORRECTIONS DEFENDANTS' SUPPORTING BRIEF
TO THEIR MOTION FOR SUMMARY JUDGMENT
REGARDING PLAINTIFF'S NON-MEDICAL CLAIMS**

**STATEMENT OF THE CASE**

**A.   Identity of the Parties and Statement of Claim**

Plaintiff Kim Smith is an inmate currently incarcerated at the State Correctional Institution at Coal Township ("SCI-Coal Township").[1] The Department of Corrections Defendants ("Corrections Defendants") as they relate to Smith's non-medical claims include: (1) George Weaver; (2) Kathy Allen; (3) Patricia Yarger; (4) James Morgan; (5) Sharon Burks; (6) Robyn Johns, Ph.D.; (7) Hazel Zimmerman; (8) Frank Gillis; (9) Harry Ersek; (10) Gerald Whysong; (11) Nancy Ambrose; (12) Lynn Wolfgang; (13) Mary Bernas; (14) Timothy Jordan;

(15) John Learn; (16) Wilma Sewell; (17) Angela Zimmerman; (18) Kandis Dascani; and (19) Defendant Voeckler.[2] Smith also names as Defendants Wexford Health Sources, Inc. and Dr. Ronald Long who are represented by James D. Young, Esquire.[3]

In this 42 U.S.C. §1983 action, Smith alleges that the aforementioned Corrections Defendants violated his First, Eighth, and Fourteenth Amendment rights under the United States Constitution.[4] Smith is suing the Corrections Defendants in their individual capacities.[5] Smith seeks injunctive relief, as well as, compensatory and punitive damages.[6]

**B.   Relevant Procedural History**

Smith initiated this action with the filing of a Complaint and an Application for *In Forma Pauperis* status on May 10, 2001.[7] The Court, by Order dated June 6, 2001, directed Smith to file an Amended Complaint on or before July 6, 2001.[8] On June 18, 2001, Smith filed a Motion for Limited Discovery to compel the Department of Corrections to produce his grievance history so that he could prove

---

1   See Amended Complaint (doc. 20), p. 12
2   See Entry of Appearance (doc. 28).
3   See Amended Complaint, pp. 1-16.
4   Id.
5   See Amended Complaint, p. 8.
6   Id.
7   See Complaint (doc 1); Application to Proceed IFP (doc 2).
8   See Order dated June 6, 2001 (doc 8).

to the Court he exhausted administrative remedies.[9] The Court, by Order dated June 20, 2001, directed the Department of Corrections to serve upon the Court and Smith, any and all information relating to Plaintiff's exhaustion of administrative remedies.[10] The Department of Corrections complied with the Order on July 19, 2001.[11] Additionally, the Court issued an Order on July 3, 2001, directing Smith to file, on or before July 20, 2001, an Amended Complaint that complied with Federal Rule of Civil Procedure 8(a).[12] Smith filed his Amended Complaint on July 11, 2001.[13]

The Court, by Order dated August 3, 2001, found that Smith's Amended Complaint substantially complied with its previous orders, and directed the Clerk of Court to serve process upon the Defendants.[14] On November 6, 2001, the Corrections Defendants waived their right to reply to Plaintiff's Amended Complaint pursuant to 42 U.S.C. §1997(e).[15] On December 13, 2002, the Corrections Defendants file a Motion for Summary Judgment.[16] The Court granted the Corrections Defendants numerous motions for enlargements of time for the

---

[9] See Motion to Compel Discovery (doc 12).
[10] See Order dated June 20, 2001 (doc. 13).
[11] See Response dated July 19, 2001 (doc. 22).
[12] See Order dated July 3, 2001 (doc. 14).
[13] See Amended Complaint (doc 20).
[14] See Order dated August 3, 2001 (doc. 24).
[15] See Waiver of Reply (doc.33). The parties have been exchanging discovery since that time.
[16] See Motion for Summary Judgment (doc. 99).

reasons stated therein, with the last order directing them to file the Supporting Brief on or before April 21, 2003.[17] Additionally, the Court granted the Corrections Defendants' Motion to File Independent Briefs addressing Smith's deliberate indifference claims in one Brief, and his remaining claims in a second Brief. Accordingly, this Brief is now timely filed in support of the Corrections Defendants Motion for Summary Judgment relating to Smith's non-medical allegations of constitutional violations.

**C.    Standard of Review**:

"The purpose of summary judgment is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense."[18] Further, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material facts and the moving party is entitled to judgment as a matter of law."[19]

---

[17]    See Corrections Defendants Motions for Enlargement of Time and Orders granting the Motions (docs. 101-103, 105, 111, 113, 117, 121,   ).

[18]    See Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976), cert. denied, 429 U.S. 1038 (1977).

[19]    Fed.R.Civ.P. 56(c); see also Turner v. Schering-Plough Corp, 901 F.2d 335, 340(3d Cir. 1990); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Matsushita Electric Industrial Co. v. Zenith Radio, 474 U.S. 574, 586 (1986)(setting the well established standards applicable to summary judgment);

A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under the law applicable to the case.[20]  An issue of material fact is genuine if it has a real basis in the record, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[21] A court considering a motion for summary judgment must view all the facts in the light most favorable to the non-moving party, here Smith, and give him the benefit of all reasonable inferences that can be drawn from the facts.[22]

When the moving party, here the Defendants, designate for the Court portions of the record that show a lack of genuine issues, the opposing party must do more than simply show that there is some metaphysical doubt as to the material facts; specifically, he must go beyond the pleadings, and by affidavit, depositions, answers to interrogatories, or admissions on file designate facts showing a genuine issue for trial.[23]  The trial court, without weighing the evidence or determining the

---

[20]     See Anderson, 477 U.S. at 257; Levendos v. Stern Entertainment Inc., 860 F.2d 1227, 1233 (3d. Cir. 1988).
[21]     See Matsushita Elec. Indus., 475 U.S. at 586-87; Anderson, 477 U.S. at 248.
[22]     See Matsushita, 475 U.S. at 587.
[23]     See Fed.R.Civ.P. 56(e); Celotex, 477 U.S. at 324.  Additionally, pursuant to Fed.R.Evid. 201, in relevant part, a court can judicially notice of a fact, at any stage in the proceeding, if it is "not subject to reasonable dispute in that it is either generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."  Further, "[a] court shall take judicial notice if requested by a party and supplied with the necessary information"  However "[a] party is

truth of the matter, must assess the adequacy of Smith's admissible evidence and determine whether that showing would be sufficient to carry his burden of proof such that a reasonable jury could return a verdict in his favor.[24] Further if Smith, as the Plaintiff, fails to make a sufficient showing on essential elements of his deliberate indifference claim, then the Defendants are entitled to judgment as a matter of law.[25]

**D.**     **Statement of Material Facts:**[26]

Plaintiff Kim Smith is a forty seven (47) year old inmate, sentenced in 1994 to a term of eight (8) to twenty (20) year for his Third Degree Murder conviction, currently confined to the care, custody, and control of the Pennsylvania Department of Corrections.[27] There is no dispute of material fact between the parties that the Department of Corrections has a constitutional obligation to provide inmates, such as Smith, with medical care consistent with community standards.[28] However, inmates are charged a two-dollar ($2.00) co-pay to utilize

---

entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed."
[24]     See Anderson, 477 U.S. at 248; Celotex, 477 U.S. at 322.
[25]     See Celotex, 477 U.S. at 323.
[26]     The Corrections Defendants are submitting a detailed *Statement of Material Facts* that includes a comprehensive review of Smith's grievances on the issues presented, as well as the Corrections Defendants' attempt to synthesize the allegations contained with Smith's *pro se* Third Amended Complaint. Accordingly, for purposes of this Brief and the Statement of Material Facts, counsel is citing to the paragraphs contained in the accompanying document for this section of the Brief.

medical services for "non-chronic" medical needs. Through this 42 U.S.C. §1983 action Smith challenges the Department's assessment of the co-pay, their determination of what constitutes a "chronic condition" and their unwillingness to go through Smith's voluminous medical records to determine the validity of co-pay charges two (2) years after their assessment.[29]

Smith, while incarcerated, has the opportunity to use the Department's Consolidated Inmate Grievance Review System ("Grievance System") to seek resolution of problems that may occur, that ranges from informal resolution with staff members to the ability to take the issue to the Secretary's Office of Inmate Grievances and Appeals for "final review."[30] Records are maintained in this Office, and for purposes of this 42 U.S.C. §1983 action, a review of the grievances indicates that Smith filed a grievance, but did not properly take it to "final review" relating to his lack of cable television for a five day period.[31] Even taking the allegations in the light most favorable to Smith, the Corrections Defendants submit that summary judgment on the claims is appropriate for them as a matter of law.

---

27   See Statement of Material Facts, ¶¶ 1-5.
28   See Statement of Material Facts, ¶¶ 10-13.
29   See Statement of Material Facts, ¶¶ 94-105
30   See Statement of Material Facts, ¶¶ 1-5.
31   See Statement of Material Facts, ¶¶ 106-109.

## **STATEMENT OF QUESTIONS PRESENTED**

I. ARE THE CORRECTIONS DEFENDANTS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW ON SMITH'S FIRST AMENDMENT CLAIMS OF RETALIATION AND DENIAL OF ACCESS TO COURTS GIVEN THERE ARE NO GENUINE DISPUTES OF MATERIAL FACT?

   Suggested Answer:   Yes

II. ARE THE CORRECTIONS DEFENDANTS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW ON SMITH'S EIGHTH AMENDMENT CONDITIONS OF CONFINEMENT CLAIM GIVEN THERE ARE NO GENUINE DISPUTES OF MATERIAL FACT?

   Suggested Answer:   Yes

III. ARE THE CORRECTIONS DEFENDANTS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW ON SMITH'S FOURTEENTH AMENDMENT PROPERTY CLAIMS GIVEN THERE ARE NO GENUINE DISPUTES OF MATERIAL FACT?

   Suggested Answer:   Yes

IV. ARE SOME OF THE CORRECTONS DEFENDANTS ENTITLED TO SUMMARY JUDGMENT BECAUSE THEY WERE NOT PERSONALLY INVOLVED IN THE ALLEGED CONSTITUTIONAL VIOLATIONS?

   Suggested Answer:   Yes

# ARGUMENT

I. **THE CORRECTIONS DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW ON SMITH'S FIRST AMENDMENT CLAIMS OF RETALIATION AND DENIAL OF ACCESS TO COURTS GIVEN THERE ARE NO GENUINE DISPUTES OF MATERIAL FACT.**

Prison officials may not retaliate against an inmate for engaging in activity that does not threaten prison order, the security of other inmates or staff, or implicate other legitimate penological interests.[32] To prevail on a retaliation claim "the prisoner must demonstrate that the prison authorities engaged in retaliatory action, and that this action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals."[33] An inmate must show that the actual motivating factor for an adverse action against him was his engagement in protected activity and that "but for" such conduct the adverse action complained of would not have occurred.[34] Furthermore, conclusory allegations of retaliation may safely be dismissed.[35] In this action, Smith presents no argument of retaliatory action by the Corrections Defendants, such as a motivating factor and their absence of a legitimate penological objective;

---

32  See Todaro v. Bowman, 872 F.2d 43, 49 (3d Cir. 1989); McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979).
33  See Brooks-Bey v. Kross, C.A. No. 94-7650, slip op. at 7-8 (3d. Cir. June 24, 1995), citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).
34  See McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979)
35  See Flaherty v. Couglin, 713 F.2d 10, 13 (2d Cir. 1983).

accordingly, his allegations are conclusory and summary judgment should be granted to the Corrections Defendants as a matter of law.

Additionally, Smith's vague claims of alleged denial of his access to the courts must fail. The United States Constitution provides a prisoner with the right of access to the courts through the First Amendment (to petition the courts) and the Fourteenth Amendment (substantive due process).[36] However, the right of access to the courts is not unlimited and "in order to state a cognizable claim for violation of the right to access the courts, a prisoner must allege and offer proof that he suffered an 'actual injury' to court access as a result of the denial."[37]

The Supreme Court defines an *actual injury* "as the loss or rejection of a nonfrivilous legal claim regarding sentencing or the conditions of confinement."[38] . A prisoner must show an injury to the *right of access*, by proving prison officials frustrated or impeded a prisoner's efforts to pursue a non-frivolous legal claim.[39] While the Federal Constitution provides prisoners with "meaningful access to the courts," it does not require the States to "enable a prisoner to discover grievances, and to litigate effectively once in court."[40] In Smith's case, he has not presented

---

[36]   See Bounds v. Smith, 430 U.S. 817, 823 (1977).

[37]   See Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997)(citing Lewis v. Casey, 518 U.S. 343, 349 (1996)(noting that "the inmate must 'demonstrate that the alleged shortcomings . . . hindered his efforts to pursue a legal claim.'").

[38]   See Casey, 518 U.S. at 350-51.

[39]   Id. at 354 (emphasis added).

[40]   Id. at 394, 353-54.

any averment of an actual injury caused by the Corrections Defendants' alleged denial of his access to the courts; accordingly, summary judgment should be granted on their behalf as a matter of law.

II.  **THE CORRECTIONS DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW ON SMITH'S EIGHTH AMENDMENT CONDITIONS OF CONFINEMENT CLAIM GIVEN THERE ARE NO GENUINE DISPUTES OF MATERIAL FACT.**

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.[41]  Unnecessary and wanton inflictions of pain include those that are totally without penological justification.[42] conditions which inflict needless suffering, whether physical or mental, may constitute cruel and unusual punishment.[43]  Punishment is cruel and unusual only if it is "unusually severe, if there is a strong possibility that it is inflicted arbitrarily, if it is substantially rejected by contemporary society, and if there is no reason to believe it serves any penal purpose more effectively than some less severe punishment."[44]  "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that

---

41   See Whitley v. Albers, 475 U.S. 312, 319 (1986).
42   See Hope v. Pelzer, 122 S.Ct. 2508, 2514 (2002).
43   See Tillery v. Owens, 719 F.Supp. 1256, 1275 (W.D. Pa. 1989), aff'd 907 F.2d 418 (3d Cir. 1990).
44   See Rhodes v. Robinson, 612 F.2d 766, 744 (3d Cir. 1979)(quoting Furman v. Georgia, 408 U.S. 238, 282 (1972)(Brennan, J. concurring)).

11

inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."[45]

However, in addressing Eighth Amendment conditions of confinement claims, the Supreme Court has stated that the Constitution does not mandate comfortable prisons.[46] Conditions which are not cruel and unusual are not unconstitutional.[47] "To the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."[48] Moreover, prisoners have no protected right to be housed in any particular housing unit within the prison.49 Smith once again sets forth any averments to substantiate how the conditions of his "hard cell" constituted cruel and unusual punishment, and this failure supports a finding for summary judgment on behalf of the Corrections Defendants as a matter of law.

**III. THE CORRECTIONS DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW ON SMITH'S FOURTEENTH AMENDMENT PROPERTY CLAIMS GIVEN THERE ARE NO GENUINE DISPUTES OF MATERIAL FACT.**

---

45    See Farmer v. Brennan, 511 U.S. 825, 847 (1994).
46    See Wilson, 501 U.S. at 298.
47    See Rhodes, 452 U.S. at 347 (1981).
48    Id.
49    See Sheehan v. Beyer, 51 F.3d 1170, 1174 (3d Cir. 1995).

Smith's arguments that his Constitutional rights were violated through his not obtaining prison employment, and hence a loss of a property right, is meritless as a matter of law because it is well established that prisoners lack such a right.[50] Additionally, Smith's arguments relating to his denial of cable television is not properly before this Honorable Court because Smith failed to exhaust his administrative remedies on this issue prior to filing this action.[51]  Therefore, summary judgment should be granted to the Corrections Defendants on Smith's property claims.

---

[50]   See James v. Quinlin, 866 F.2d 629 (3d Cir. 1989).

[51]   See Statement of Material Facts, ¶¶ 106-109; see also 42 U.S.C. §1997e(a) "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are exhausted."; Booth v. Churner, 532 U.S. 731, 739 (2001)(finding the exhaustion of available administrative remedies mandatory.)

### IV. DEFENDANTS MORGAN, BURKS, GILLIS, SEWELL, DASCANI, AND VOECKLER ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE THEY WERE NOT PERSONALLY INVOLVED IN THE ALLEGED CONSTITUTIONAL VIOLATIONS?

A section 1983 action must allege that the defendant actually participated in or had actual knowledge of and acquiesced in the events forming the basis of the claims.[52] Smith fails to link these Corrections Defendants to the central acts of his alleged constitutional violations. Smith's allegations against these Defendants offer no basis for liability other than one based upon their respective supervisory positions as administrator's within the prison system: *Respondeat superior* alone cannot be a basis for a Section 1983 suit.[53] Therefore, summary judgment should be granted to the aforementioned Defendants as a matter of law and the claims against them dismissed with prejudice.

---

[52] See Chimenti v. Kimber, Civil No. 3:CV-01-0273, slip op. at 15, 16 (M.D. Pa. Mar. 15, 2002)(Vanaskie, C.J.)(attached with the Corrections Defendants' Brief in Support to their Motion for Summary Judgment regarding Plaintiff's Medical Claims). See also Thomas v. Meyers, Civil No. 3:CV-00-1887, slip op. at 8, 9 (M.D. Pa. Mar. 25, 2002)(Caputo, J.)(attached with the Corrections Defendants Brief in Support to their Motion for Summary Judgment regarding Plaintiff's Medical Claims).

[53] See Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976).

## **CONCLUSION**

**WHEREFORE**, in light of the foregoing, the moving Corrections Defendants respectfully request this Court to grant summary judgment on their behalf, and dismiss Smith's Amended Complaint against them with prejudice.

                                        Respectfully submitted,
                                        Office of General Counsel

                              BY:   s/ John J. Talaber
                                          Assistant Counsel
                                          Department of Corrections
                                          Office of Chief Counsel
                                          55 Utley Drive
                                          Camp Hill, PA  17011
                                          Phone (717) 731-0444
                                          Fax    (717) 975 2217
                                          Jtalaber@state.pa.us
                                          PA 83279

Dated:  April 21, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 1:01-0817 |
| | : | |
| v. | : | (Judge William W. Caldwell) |
| | : | |
| JAMES MORGAN, et al., | : | (Magistrate Judge Malachy E. Mannion) |
| | : | |
| Defendants. | : | Electronic Case Filing |

## PROOF OF SERVICE

The undersigned hereby certifies that the Corrections Defendants'

Supporting Brief to Their Motion for Summary Judgment Regarding Plaintiff's

Non-Medical Claims was served upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:

Kim Smith (CT-2162)
SCI-Coal Township
1 Kelley Drive
Coal Township, PA 17866-1020
on April 22, 2003

Service by Electronic Case Filing:

James D. Young, Esquire
on April 21, 2003

                                                                   s/ John J. Talaber
                                                                   John J. Talaber
                                                                   Assistant Counsel

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  April 21, 2003