**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KIM SMITH,** : | |
|    **Plaintiff** : | **CIVIL ACTION NO. 1:01-0817** |
|    v. : | **(CALDWELL, D.J.)** |
| | **(MANNION, M.J.)** |
| **JAMES MORGAN, et al.,** : | |
|    **Defendants** : | |

## O R D E R

Presently pending before the court is plaintiff's "Motion to Compel Discovery and Court Order," (Doc. No. 92).

In his motion, the plaintiff seeks: (1) a court order directing the Correctional Defendants to provide him with a copy of the Department of Corrections', ("DOC"), Directive that orders the DOC to cut off power in all institutional cells; (2) a court order directing the Maintenance Department at SCI-Smithfield to provide him a report of the status of plug sockets in the RHU on the H Block and any repairs made from January 2000; and (3) a court order directing the Corrections Defendants to provide him with a copy of certain medical records.

With respect to the instant motion, the court could deem the motion withdrawn for the plaintiff's failure to file a brief in support thereof. See Pennsylvania Middle District Local Rule 7.5. However, in order to move this matter forward, the court will review the motion on its merits.

Initially, to the extent that the plaintiff requests this court to issue an order

directing the Corrections Defendants to provide him with a copy of the DOC Directive that orders the DOC to cut off power in all institutional cells and directing the Maintenance Department at SCI-Smithfield to provide him a report of the status of plug sockets in the RHU on the H Block and any repairs made from January 2000, documentation provided by the Corrections Defendants indicate that they have already responded to these requests in their "Response to Plaintiff's First Request for Production of Documents." (See Doc. No. 108, Ex. 2). In their response, the Corrections Defendants indicated that the specific documents which the plaintiff requests do not exist. This assertion is supported by the declaration of Lisa Hollibaugh, Assistant to the Superintendent at SCI-Smithfield. (Doc. No. 108, Ex. 3). However, in a good-faith effort to conclude discovery in this matter, and to the extent that they were arguably within the scope of his request, the Corrections Defendants provided the plaintiff with the following:

> (1) memorandum from SCI-Smithfield Maintanence (sic) Manager Donald Reihart dated January 31, 2002 regarding the Diesel Generator Update; (2) Log Book Excerpts regarding when SCI-Smithfield Generator did not properly start for the dates June 8, 2000, June 14, 2000, July 20, 2000, July 21, 2000, September 3, 2000, September 17, 2000, September 30, 2000, October 28, 2000, and November 16, 2000.

(See Doc. No. 108, Ex. 2). In addition, the Corrections Defendants produced for examination and inspection the Standby Generator tests conducted at SCI-Smithfield for the period covering June 6, 2000, through February 27, 2001, as

well as excerpts from SCI-Smithfield employee Paul Hoffman's computer records for the period covering August 29, 2000, through May 24, 2001, regarding maintenance concerns. (Id.).

Inasmuch as the Corrections Defendants' materials indicate that no documentation exists which specifically relates to the plaintiff's requests and that the Corrections Defendants have already provided the plaintiff with any documents in their possession which may reasonably be considered within the scope of the plaintiff's request, the plaintiff's motion to compel will be denied.

With respect to the plaintiff's request that the court issue an order directing the Corrections Defendants to provide him with a copy of certain medical records to support the claims raised in his complaint, the Corrections Defendants' materials demonstrate that in their "Response to Plaintiff's First Request for Production of Documents," in which the plaintiff requested the same medical records, the Corrections Defendants indicated that they "[would] provide to Plaintiff for his review and/or copying all medical documents, correspondence reports, diagnostic test results and x-ray reports the Department of Corrections has in its possession." The plaintiff was informed that he was required to submit a request to SCI-Coal Township Litigation Coordinator Kandis Dascani, who would provide him with an opportunity to examine his medical records. The plaintiff did so, and by correspondence dated August 16, 2002, Ms. Dascani informed the plaintiff that he would be permitted to run his account into the red for the cost of the copies of the

3

records, and that 50% of all subsequent incoming monies would be taken until his debt was clear. (Doc. No. 104, Exs. 1 & I). The plaintiff was further informed that he could choose which documents to copy, or have all of the documents copied at a cost of $ 339.19, after submitting a cash slip. (Id.). In the alternative, the plaintiff was informed that he could examine the records on his own and would be given a four hour time period to do so. (Id.).

In response, the plaintiff chose not to purchase copies of the documents, but to use the four hour time period to inspect and take notes on the requested documents. As such, the Corrections Defendants' materials establish that on August 26, 2002, at 11:00 a.m., the plaintiff was called down to the non-contact visiting room to review his records, where Ms. Dascani met him and provided him with the records for his review. According to the Corrections Defendants' materials, the records were presented to the plaintiff in an organized manner, subdivided into categories and in chronological order for his ease of review. Ms. Dascani returned shortly after 3:00 p.m., at which time the plaintiff informed her that he had only reviewed one quarter of the materials. On September 6, 2002, Ms. Dascani denied the plaintiff's request for additional time to review the records, reasoning that the plaintiff had adequate time to review the records on August 26, 2002, and further, that the plaintiff was given the opportunity to meet with the SCI-Coal Township Medical Records Technician previously to review his medical records, which was above and beyond what was required by DOC policy. (Doc. No. 104, Exs. 1 & J).

Based upon the materials provided by the Corrections Defendants, the plaintiff was given the choice to either have any or all of the records photocopied for him at his own expense, or to have four hours to review and take notes on any relevant records. The plaintiff chose to review the records on his own.  In addition to this review, the plaintiff was previously given the opportunity to meet with the SCI-Coal Township Medical Records Technician and review his medical records.  As such, the plaintiff's motion to compel further review of his medical records will also be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

the plaintiff's "Motion to Compel Discovery and Court Order," **(Doc. No. 92)**, is **DENIED** in its entirety.

    **s/ Malachy E. Mannion**
    **MALACHY E. MANNION**
    **United States Magistrate Judge**

**Dated:   July 21, 2003**
O:\shared\ORDERS\01-0817.22