MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kim Smith | :Civil Action No. 1:01-0817 |
|     Plaintiff | : |
| | :(Caldwell, D.J.) |
| v. | : |
| | :(Mannion, M.J.) |
| James Morgan, et al., | : |
|     Defendants | : |

FILED
HARRISBURG, PA

JUL 2 9 2003

MARY E. D'ANDREA, CLERK
Per_____
    Deputy Clerk

## NOTICE OF APPEAL

And now comes Kim Smih a lay person not lettered in legal matters and without the aid of counsel prays this Honorable Court applies a less stringent standard to this pro se Notice of Appeal from District Court order July 21, 2003 denying Discovery Request, and Request for Court Order. This is an appeal to the Thrid Circuit Court of Appeals, Appellant avers the following:

I    Appellant is seeking Court Order directing the Correction Defendants to provide appellant with Copies of Department of Correction Policy:

    (A)    That permits institutional staff to cut off power in the RHU in all state institutions, and at S.C.I.S. in which appellant was housed at the time the question to condition of confinement arise. As it is their was no power in RHU on H block in which to plug his health care device for his Apena. That these staff knowingly and intentionally and with deliberate indifference cut power off and this has been and is a known practice in all state institution. They claim they do not have records of such and if their is no records why was the power cut off, for the period of time appellant was housed in this unite from June 2000 to January 2001.

    (B)    That the Correction Defendants provide appellant with a copy of these claimed several signed refusal forms, in which the base their decision to deny health care. Since the correction defendants are claiming a material fat this is a material fact that would determine the issue of appellants claim, if they claimed such they should produce such.

    (C)    That the correction defendants provide appellant with a copy of the Hep-C

protocol. What took place is after a 90 day period appellant was terminated from this treatment based on a non-existent protocol based on a claim that appellant was not responding to treatment. I Sept. 2000 appellant was given and started treatment, at which time he was advised that treatment would last 6 month at which time a determination would be made to continue or terminate treatment if appellant was not responding to treatment. At no time was appellant advised that in 90 days treatment would be terminated if his virual load did not drop 50 %. At the time of termination about 90 days after treatment was started, appellant treatment was terminated based on a non existent correction protocol. At which time appellant viral load drop from 288,000 to 202,000. A grivance was filed and appellant won his treatment back. At this time appellant was not sure what he was being injected with but in less then a 90 day period his viral load went from 202,000 to over a million, showing the manner in which he was treated was cause to injury sustained to his liver. At no time was appellant instructed that this treatment could and would make this condition worsen. Because of the application to a non-existent correction policy in which was applied to appellant he sustained injury.

    (D)    Correction defendant policy that permits officers to order inmates to sign refusal forms for health care and when the inmate refuses he is punished or issued a misconduct.

    (E)    Correction policy that supports if a inmate has a bad attitude institutional staff has the authority to punish them, and correction policy that officers can sexually harrass inmates when they are using the tolet in their cells, and open the door and yell at them while they are on the tolet. Or the policy that lets correction officers interfer with health care, based on the concept that nurses have the authority to go over doctors orders and cut diabetic medication without a doctors order, and what policy affords institutional staff to support this level and form of abuse and denial of health care.

As an indigent person and under the freedom of information act appellant *should be* afforded the right to review his medical records at anytime. And should not be deprived such by institutional staff Ms. Dacani, or the correction defendants counsel to deny appellant access to his medical records is depriving him his constitutional rights, and this is what is taking place every time he request to see his medical record, he is advised to contact this person and do that and is consistently being denied this right. As an indigent person appellant should not be forced to pay for legal copies when he does not have the funds, nor is their a statue that permits institutional staff to place appellants account in the red and take 50 % of any income, this act would deprive appellant his basic needs, and access to court for his other litigational efforts. If appellant has to pay

filing fee of 20 % then another 50 % of his income this put appellant at a leave of proverty that is inconcieveable to the society today. Moreover appellant gave the defendants his discovery without any cost to them and it is not a good faith effort as they claim to force appellant to pay some over 300 dollars for his discovery, and then deprive him access to his medical record and denying him his rights under the freedom of information act.

In any and all discovery request the correction defendants have failed to respond with specific request for information and have since failed to provide appellant with such.

Wherefore based on the claims and district court order denying discovery appellant must appeal from the July 21, 2003 order as it is reflecting appellant has no right to the requested information and these requested information are policy which are in practice at this time and goes to the condition of confinement and denial of health care and cruel punishment.

Date: 7-27-03

Respectfully Submitted

/s/ Kim Smith

MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kim Smith | :Civil Action No. 1:01-0817 |
|     Plaintiff | : |
| | :(Caldwell, D.J.) |
| v. | : |
| | :(Mannion, M.J.) |
| James Morgan, et al., | : |
|     Defendants | : |

## VERIFICATION

I Kim Smith swear/affirm the following is true and correct under the penalties provided for under 18 Pa. C.S. § 4904 (unsworn falsification) that the facts contained herein are true and correct to the best of my knowledge and understanding and information. That on July 26, 2003 I place in institutional mail box envelopes containing appellants notice of appeal to be forwarded to the mail room and sent to the United States Postal Service to be mailed to the below listed parties to satisfy service requirements.

Office of the Clerk United States District Court Middle District

John Talaber Esq. Pa Dept of Corrections, 55 Utley Dr. Camp Hill Pa. 17011

James D. Young Esq. 301 Market St. P.O. Box 945 Harrisburg Pa. 17108-1245

Kim Smith CT-2162 1 Kelley DR. Coal Township Pa. 17866-1021

Date: 7-27-23

_Kim Smith_
Appellant

Case 1:01-cv-00817-WWC Document 149 Filed 07/29/2003 Page 5 of 5

