# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM SMITH, | : | NO.: 1:CV01-0817 |
|     Plaintiff | : | |
| | : | (Caldwell, J.) |
|     vs. | : | |
| | : | (Mannion, M.J.) |
| WEXFORD HEALTH SOURCES, | : | |
| INC., et al., | : | JURY TRIAL DEMANDED |
|     Defendants | : | |

## WEXFORD DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE MANNION

**I.     STATEMENT OF FACTS AND PROCEDURAL HISTORY:**

On May 10, 2001, the pro se Plaintiff, an inmate at the State Correctional Institution-Coal Township, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was previously incarcerated at SCI-Smithfield. Plaintiff has named various officials and/or employees of the Pennsylvania Department of Corrections as Defendants. The Complaint also names Wexford Health Sources, Inc., the contracted medical provider at SCI-Smithfield, as well as various Wexford employees as Defendants.

In his Complaint, Plaintiff is attempting to assert a number of claims, including denial of medical care for various ailments and/or conditions while incarcerated at SCI-Smithfield; denial of access to his legal mail; denial of access

to educational programs; use of excessive force by staff members; denial of due process at a misconduct hearing; harassment by prison officials; unlawful searches of his cell; the filing of false reports by prison officials; the destruction of his personal property; denial of access to the law library; and denial of diabetic meals.

By Order dated June 6, 2001, this Honorable Court opined that Plaintiff's filing was disorganized and difficult to decipher. In that Order, Plaintiff was directed to file an Amended Complaint addressing the deficiencies identified with respect to his initial pleadings. After obtaining an enlargement of time, on July 11, 2001, the Plaintiff submitted an Amended Complaint and a packet of exhibits relating to the inmate grievances which he had filed.

On November 6, 2001, the Wexford Defendants filed a Waiver of Reply to Plaintiff's Amended Complaint in accordance with the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997, as amended by § 803(d) of the Prison Litigation Reform Act of 1995. In their responsive pleading, the Wexford Defendants denied any and all liability to the Plaintiff and asserted all available affirmative defenses to the Amended Complaint.

The Wexford Defendants and the Corrections Defendants filed Motions for Summary Judgment asserting that there were no genuine issues of material fact and that all Defendants were entitled to a judgment in their favor as a matter of law. Defendants also filed Concise Statements of Undisputed Material Facts pursuant to

Local Rule 56.1, Briefs and various exhibits in support of their respective dispositive Motions. Plaintiff filed Briefs and various exhibits in opposition to the Defendants' Motions for Summary Judgment. Plaintiff did not, however, controvert the averments of material facts set forth in the Defendants' Concise Statement of Undisputed Material Facts. Pursuant to Local Rule 56.1, the averments of material facts contained in the Defendants' fact statements are deemed admitted for purposes of the pending Motions for Summary Judgment.

On August 7, 2003, Magistrate Judge Mannion issued a Report and Recommendation that: granted Defendants' Motions for Summary Judgment; denied Plaintiff's Motion for Temporary Restraining Orders; directed the Clerk of Court to amend the caption of the case; directed that the Amended Complaint be served upon Defendant, Dr. Kort; and remanded this matter to the Magistrate Judge for further pre-trial proceedings related to Plaintiff's claim against Dr. Kort, only. Plaintiff then requested and was granted an enlargement of time until October 17, 2003 within which to file Objections to the Report and Recommendation of Magistrate Judge Mannion. On or about October 16, 2003, Plaintiff filed Objections to the Report and Recommendation of Magistrate Judge Mannion and a Brief in Support of said Objections. The Wexford Defendants submit this Brief in Opposition to Plaintiff's Objections and respectfully request

that this Honorable Court adopt the Report and Recommendation of Magistrate Judge Mannion in its entirety.

II. **QUESTIONS PRESENTED:**

    A. **STANDARD OF REVIEW.**

    B. **WHETHER THE MAGISTRATE JUDGE PROPERLY CONCLUDED THAT THE WEXFORD DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW SINCE THERE ARE NO FACTS OF RECORD TO ESTABLISH DELIBERATE INDIFFERENCE TO ANY SERIOUS MEDICAL NEED OF THE PLAINTIFF?**

III. **ARGUMENT:**

    A. **STANDARD OF REVIEW.**

Pursuant to Rule 56(c), Federal Rules of Civil Procedure, summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. In determining whether genuine issues of material fact exist, the United States Supreme Court in <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S.Ct. 2505 (1986), held that: "The mere existence of a scintilla of evidence in support of the [non-moving] party's position will be insufficient; there must be evidence on which the jury could reasonably find for the non-moving party." <u>Id</u>., at 2525. Moreover, the inquiry focuses on "whether the evidence presents a sufficient disagreement to require submission to a jury, or

whether it is so one-sided that one party may prevail as a matter of law." Id., at 2512.

Once a party has shown an absence of evidence to support the claims of the non-moving party, the non-moving party must do more than simply sit back and rest on the allegations in the complaint. The plaintiff must go beyond the pleadings and by his own affidavits or the discovery on file, designate specific facts showing that there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The substantive law defines which facts are material, that is, which facts may affect the outcome of the lawsuit. Id. If the non-movant bears the burden of persuasion at trial, the moving party may meet its burden by showing that the evidentiary materials of record, if reduced to admissible form, would be insufficient to carry the non-movant's burden at trial. Chippollini v. Spencer Gifts, Inc., 814 F.2d 893, 897 (3d Cir. 1987); cert. dismissed, 483 U.S. 1052 (1987).

In disposing of Objections to a Magistrate's Report and Recommendation, the District Court must make a de novo determination of those portions of the record to which Objections are made. 28 U.S.C. § 636(b)(1)(C); see also, Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The District Court may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The district court judge may also receive further evidence or recommit the matter to the Magistrate with instructions. Id.

In this case, the discussion of the Wexford Defendants' Motion for Summary Judgment is contained on Pages 28 through 41 of Magistrate Judge Mannion's Report and Recommendation. The Wexford Defendants contend that in accordance with the Rule 56(c) procedures outlined above, Magistrate Judge Mannion applied the appropriate Eighth Amendment standards to the facts of record and concluded that the Wexford Defendants were entitled to summary judgment as a matter of law. In his Objections, Plaintiff does not assert any legal and/or logical reason why this Honorable Court should reject Magistrate Judge Mannion's Report and Recommendation granting summary judgment in favor of the Wexford Defendants.

> **B. MAGISTRATE JUDGE MANNION PROPERLY CONCLUDED THAT THE WEXFORD DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW, BECAUSE THE FACTS OF RECORD DO NOT ESTABLISH DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED.**

In Estelle v. Gamble, 429 U.S. 97, 104 (1976), the Supreme Court ruled that deliberate indifference to the serious medical needs of a prisoner constitutes a violation of that prisoner's Eighth Amendment right to be free from cruel and unusual punishment. In the context of medical care, the relevant inquiry is whether a defendant was: (1) deliberately indifferent to (the subjective element), (2) plaintiff's serious medical needs (the objective element). See, Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987), cert.

denied, 486 U.S. 1006 (1988). In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court clarified the definition of these components. Following Farmer, prison officials will be liable in an Eighth Amendment condition case only if "the official knows of and disregards an excessive risk to inmate health or safety." Farmer, 114 S.Ct. at 1997.

As a threshold matter, the Wexford Defendants assert that Plaintiff cannot establish the requisite "serious medical need" to state a viable Eighth Amendment claims for his conditions other than Hepatitis "C". Not every injury or illness about which an inmate complains invokes Eighth Amendment protections. See, Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978). The serious medical need requirement contemplates a condition of urgency, one that produces death, degeneration or extreme pain. See, Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987); Archer v. Dutcher, 773 F.2d 14, 16-17 (2d Cir. 1984), Hutchinsun v. United States, 838 F.2d 390 (9th Cir. 1988).

Based upon the foregoing caselaw, the Wexford Defendants assert that Plaintiff has not proven that he had any "serious medical need" with respect to his non-Hepatitis "C" problems while incarcerated at SCI-Smithfield. The Third Circuit requires Plaintiff to present expert medical opinion testimony to establish that Plaintiff's condition could be classified as serious. Boring v. Kozakiewicz,

7

833 F.2d 468, 473 (3d Cir. 1987).  Plaintiff has failed to provide the requested expert testimony.  Indeed, the record is devoid of any evidence establishing that Plaintiff suffered from any acute and/or emergent conditions (other than HCV) at SCI-Smithfield.  Since Plaintiff cannot establish an essential element of a cognizable Eighth Amendment claim, Magistrate Judge Mannion properly recommended that the Wexford Defendants are entitled to summary judgment as a matter of law on Plaintiff's non-Hepatitis C claims.

In the alternative, the record is devoid of evidence establishing the requisite deliberate indifference on the part of Wexford.  Estelle, supra., found that prisoner complaints which are directed at the wisdom or quality of the medical care received will not state an Eighth Amendment violation under §1983, even if the treatment was so negligent as to amount to malpractice.  Estelle, 429 U.S. at 107; Nottingham v. Peoria, 709 F. Supp. 542, 547 (M.D. Pa. 1988).  Nor is there an Eighth Amendment violation when a prisoner simply disagrees with a prison doctor's course of treatment.  Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992). No claim is presented when a doctor disagrees with the professional judgment of another doctor, as there may be more than one way to treat an illness. White v. Napoleon, 897 F.2d 103, 108-110 (3d Cir. 1990); Monmouth County, 834 F.2d at 346, cert. denied, 486 U.S. 1006 (1988).

In <u>Little v. Lycoming County</u>, 912 F. Supp. 809, 815 (M.D. Pa. 1996), Judge McClure explained that deliberate indifference is more than an inadvertent or good faith error, it is characterized by obduracy and wantonness. The court went on to explain that prison medical authorities are given considerable latitude with respect to diagnosis and treatment of inmates. <u>Id.</u> "Courts will disavow any attempt to second guess the propriety or inadequacy of a particular course of treatment… which remains a question of sound professional judgment." <u>Id.</u> "The key question… is whether defendants have provided defendant with some kind of treatment, regardless of whether it is what the plaintiff desires." <u>Id.</u> at 816. "Absent evidence of the requisite [mental] intent to establish indifference [a] plaintiff cannot sustain a §1983 action…. . <u>Bednar v. County of Schuylkill</u>, 29 F. Supp. 2nd 250, 253-54 (E.D. Pa. 1998) (citations omitted).

In this case, Dr. Long's Declaration and Plaintiff's prison medical records attest to the nature and extent of the medical treatment provided to inmate Smith while he was incarcerated at SCI-Smithfield. Smith's medical conditions were reviewed by physicians and other medical personnel at SCI-Smithfield on almost a weekly basis. Smith's medical conditions were also evaluated through the use of laboratory tests, including liver profiles and referrals to outside specialists and facilities. Moreover, Smith was evaluated as a candidate and received dual drug therapy in accordance with the Hepatitis C protocol implemented by the

Department of Corrections. The record is also devoid of any evidence that Dr. Long had the requisite personal involvement with the development of any Hepatitis C protocol, and that he cannot be held liable under § 1983. See, Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003).

Dr. Long's Declaration also attests to the fact that at all times during Smith's incarceration at SCI-Smithfield, the medical staff exercised sound, professional judgment with respect to the evaluation and treatment of Plaintiff's conditions; that Plaintiff received appropriate medical treatment within acceptable medical standards; and that no Wexford personnel exhibited deliberate indifference to Plaintiff's serious medical needs. Plaintiff cannot point to any facts of record, as opposed to unsubstantiated allegations in his pleadings, to establish that the Wexford Defendants knew of and disregarded an excessive risk to inmate Smith's health or safety. Under these circumstances, Magistrate Mannion properly concluded that the Wexford Defendants are entitled to summary judgment as a matter of law on Plaintiff's Eighth Amendment claims.

Plaintiff's Eighth Amendment claims boil down to a disagreement between an inmate and prison medical professionals regarding the appropriate course of treatment. As noted by the Third Circuit in Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1987), a mere disagreement between a doctor and an inmate plaintiff as to the medical diagnosis and treatment does not constitute deliberate

indifference.  See also, Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); Bednar v. County of Schuylkill, 29 F. Supp. 2d 250, 253 (E.D. Pa. 1998).  Based upon the foregoing, Inmate Smith cannot establish the requisite deliberate indifference to a serious medical need and Magistrate Judge Mannion properly concluded that Plaintiff's Eighth Amendment claims against the Wexford Defendants fail as a matter of law.

With respect to the claims against Wendy Wright, the Healthcare Unit Administrator, it is important to note that she is a paralegal/ administrator and not a physician.  The United States Court of Appeals for the Third Circuit in Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) established that a non-physician defendant cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints when he is already receiving treatment by the prison's medical staff.  Likewise, a prison healthcare administrator "cannot be deliberately indifferent when an inmate is receiving care from a doctor."  Thomas v. Zinkel, 155 F. Supp. 2d 408, 413 (E.D. Pa. 2001).  Magistrate Judge Mannion properly concluded, as a matter of law, that Defendant Wright cannot be held liable on Plaintiff's Eighth Amendment claims.  Plaintiff's Objections do not address this issue and consequently that portion of Magistrate Judge Mannion's Report must be adopted and the claims against Defendant Wright dismissed as a matter of law.

When a private entity contracts with the state government to provide medical services to inmates, it is performing a function traditionally within the exclusive prerogative of the state, and in so doing, that entity becomes the functional equivalent of a municipal corporation. Such a private entity, therefore, cannot be held liable on a respondeat superior theory. See, Buckner v. Toro, 116 F.3d 450 (11th Cir.) cert. denied, 522 U.S. 1018 (1977). "Rather, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights." Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999).

In this case, the record does not reflect that any Wexford employee violated Plaintiff's federally protected rights with respect to medical care at SCI-Smithfield. Moreover, since the Plaintiff has failed to establish that Defendants Long, Hoffman or Baker caused him a constitutional injury, the claims against Defendant Wexford Health Sources, Inc. should also be dismissed. See, City of Los Angels v. Heller, 106 S.Ct. 1571 (1986). See also, City of Oklahoma v. Tuttle, 105 S.Ct. 2427, 2436 n. 8 (1985); Williams v. Borough of West Chester, 892 F.2d 453 (3d Cir. 1989) (If individual doctor Defendants did not violate the Plaintiff's constitutional rights, then the fact that a policy or practice might have permitted the unconstitutional action is beside the point.)

Moreover, there is no evidence of any unconstitutional policy, practice or custom on the part of Wexford. To the contrary, the Declarations of Dr. Long and Wendy Wright attest to the fact that it is the policy, practice and custom of Wexford Health Sources, Inc. that all inmates are to receive reasonable and medically necessary care in accordance with state and federal laws and the United States Constitution. Consequently, there is no basis for imposing § 1983 upon Wexford Health Sources, Inc. and Magistrate Judge Mannion properly concluded that summary judgment must be granted in its favor as a matter of law.

## IV.   **CONCLUSION**:

For the reasons advanced herein, the Wexford Defendants respectfully request that this Honorable Court overrule Plaintiff's Objections and adopt the Report and Recommendation of Magistrate Judge Mannion granting their Motion for Summary Judgment.

                                      Respectfully submitted,
                                      Lavery, Faherty, Young & Patterson, P.C.

                                      By:   S/ James D. Young
                                             James D. Young, Esquire
                                             225 Market Street, Suite 304
                                             P.O. Box 1245
DATE: October 30, 2003             Harrisburg, PA 17108-1245
                                             (717) 233-6633 (telephone)
                                             (717) 233-7003 (facsimile)
                                             Atty No. PA53904
                                             jyoung@laverylaw.com
                                             Attys for Wexford Defendants

# CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 30th day of October, 2003, I served a true and correct copy of the foregoing **WEXFORD DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE MANNION**, as follows:

*Via U.S. First Class mail, postage prepaid*:

Kim Smith
CT-2162
SCI-Coal Township
1 Kelley Drive
Coal Township, PA  17866-1020

*Via electronic filing:*

John Talaber, Esquire
Assistant Counsel
Pennsylvania Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA  17011


             S/ Linda L. Gustin
             Linda L. Gustin, Legal Secretary to
             Attorney James D. Young


This document has also been electronically filed and is available for viewing and downloading from the ECF system.