IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Kim Smith                                    :
                                             :
                                             :C.A. No. 01-cv-01-0817
     vs.                                     :
                                             :
                                             :                              FILED
James Morgan et al.,                         :                           SCRANTON
                                             :
                                             :                           FEB 23 2004
                                             :
                                                              PER ——— DEPUTY CLERK

## MOTION FOR APPOINTMENT OF COUNSEL

        And now comes Kim Smith a lay person not lettered in legal matters and without the
aid of counsel prays this court applies a less stringent standard to this pro-se pleading
for appointment of counsel avers the following:

        While their is no constitutional or statutory right to counsel for civil litigants
it is within the discretion of the courts to appoint counsel under 28 U.S.C. § 1915 (e)
Parham v. Johnson 126 F. 3d, 454-57 (3d. Cir. 1997)( discussing § 1915 (d), now § 1915
(e).  In considering whether to appoint counsel, a court should first determine whether
the plaintiff or petitioner claims have some arguable merit in fact and law. Id. 457 (
citing Tabron v. Grace, 6 F. 3d, 147, (3d Cir. 1993).  Once the action is deemed
meritorious, the Court must consider the six (6) Tabron factor to determine whether to
appoint counsel.

    1.      The plaintiff's ability to present his or her own case.

    2.      The complexity of the legal issue.

    3.      the degree to which factual investigation will be necessary and the ability
            of the plaintiff to pursue such investigation.

4.      the amount a case is likely to turn or credibility determined.

5.      whether the case will require the testimony of expert witnesses.

6.      whether the plaintiff can obtain and afford counsel on his own behalf.

Parham 126 F.3d. 457.  This list is not exhaustive, and the decision to appoint counsel must be made on a case by case basis after considering all relevant factors. Tabron 6 F. 3d. at 158-59: Parham 126, F. 3D. at 461 (quoting Malard v. United States Dist. Ct. 490 U.S. 296, 310 (1989)

A the factors in this present case weigh in favor of appointing counsel for all six factors in Tabron.

Most likely rely upon expert witness testimony and petitioners ability to effectively cross examine an expert witness in the rules of criminal procedure of jury trial, which would make it difficult for petitioner to conduct a factual investigation and effectively cross examine witness.

Wherefore for these reason and the fact that plaintiff is not a learned legal professional and would not know how to produce records or other information in this case under 28 U.S.C. § 1915 in forma pauperis, expost facto violation and whether if the strikes being used to deny him this statue is an expost facto violation under the United States Constitution, and by the use of case prior to the enactment of this statue disadvantaged plaintiff, or discriminated against him from adequately bring his action. In these United States a person should not be punished because of the level of his or her poverty and ability to pay a filing fee.  Wherefore because of the complex issues of this case and plaintiff ability to produce and present his claims it is respectfully requested that this court issue an order for the appointment of Pro-Bono Counsel from the United State Pro-Bono Committee.

Respectfully Submitted

Date: 2-26-04

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Kim Smith                                    :C.A. No. 1-cv-0817
                                             :
                                             :
                                             :
    vs.                                      :
                                             :
James Morgan, et al.,                        :
                                             :
                                             :

### CERTIFICATE OF SERVICE FOR INSTITUTIONALIZED LITIGANT

        I Kim Smith swear and affirm that the forgoing is true and correct to the best of
my knowledge and understanding, that on ___*26th* , *Feb* , *2004*___ I
placed in the Renewal Center out going mail box an envelope containg, petitioner motion
for enlargement of time, motion for appointment of counsel and change of address to be
forwarded to the United States Postal Service to be mailed first class mail to the below
listed parties.  Pursuant to 28 U.S.C. § 1746, I declare under the penalties of perjury
that the forgoing is true an correct to the best of my knowledge.

Office of the Clerk, Mary E. D'Andrea, United States Distrcit Court for the Middle
District of Pennsylvania, William J. Nealson Building & Courthouse, 225 North Washington
Ave., P.O. Box 1148, Scranton, Pa. 18501-1488

John J. Talber, Esq. Laura J. Neal, Esq. Department of Correction, 55 Utley Dr. Camp
Hill, Pa. 17011

James D. Young, Esq. Lavery, Faherty, Young, & Patterson, 225 Market St. Suite 304,
Harrisburg, Pa. 17101

Kim Smith, C/O Renewal Resident Mail, P.O. Box 23457, Pittsburgh, Pa. 15222-6475
Date: _2-26-04_                              *Kim Smith*
                                             Petitioner