IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
KIM SMITH,                         :
        Plaintiff
                                   :

        vs.                        :   CIVIL NO. 1:CV-01-0817
                                           (Judge Caldwell)
                                   :
JAMES MORGAN, et al.,
        Defendants                 :
```

O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

      We are considering the pro se plaintiff, Kim Smith's, motion for appointment of counsel.  In this civil rights action, Plaintiff sets forth a variety of claims, the principal ones concerning medical treatment.

      This is a civil action, not a criminal one.  Hence, the plaintiff has no constitutional or statutory right to appointed counsel.  *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).  Nor can the court compel a lawyer to represent an indigent plaintiff.  *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993).  Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may *request* an attorney to represent any person unable to afford counsel."  (emphasis added).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel. *Montgomery,* 294 F.3d at 498, and the decision can be made at any point of the litigation. *Id.* at 503-04. At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law." *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)). If the plaintiff's case satisfies this initial test, the district court must consider the "*Tabron* factors." *Montgomery*, 294 F.3d at 505. If the case "appears to have merit" and "most of the . . . *Tabron* factors have been met, the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel." *Id.* at 505 (quoting *Parham*, 126 F.3d at 461)(internal quotation marks omitted).

Plaintiff's motion for appointment of counsel was filed on February 23, 2004. At that time, two separate motions for summary judgment were pending. Upon review of the defendants' submissions and Plaintiff's opposition material, we decided that the only claim that appeared to have merit was the one concerning the treatment Plaintiff received for Hepatitis C. We accordingly arranged for the pertinent medical records to be sent to the pro bono coordinator for the Middle District Chapter of the Federal Bar association. The pro bono coordinator in

2

turn sent the records to a physician from the Pennsylvania Medical Society who volunteered to review them.

By letter dated September 23, 2004, the pro bono coordinator informed us that based upon the physician's review and the report received from the physician, the Chapter would "decline to provide a volunteer attorney to represent plaintiff," expressing the thought that the Chapter wished to marshal its "limited resources to assist *pro se* litigants . . . who can benefit from the assistance of a volunteer attorney."

Accordingly, this 29th day of September, 2004, it is ordered that Plaintiff's motion (doc. 161) for appointment of counsel is denied.

                                           /s/William W. Caldwell
                                           William W. Caldwell
                                           United States District Judge