ORIGINAL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Kim Smith                                    : Civil No. 1:cv-01-0817
    Plaintiff                              :
                                             :
                                             :
vs.                                          :
                                             :                FILED
                                             :           HARRISBURG, PA
James Morgan, et al.,                        :
    Defendants                             :           OCT 1 4 2004
                                                         MARY E. D'ANDREA, CLERK
                                                         Per_____
                                                              Deputy Clerk

NOTICE OF APPEAL FROM SEPTEMBER 23, 2004 ORDER
APPOINTMENT OF COUNSEL

NOTICE OF APPEAL FROM SEPTEMBER 29, 2004 ORDER
ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE
IN FAVOR OF DR. KORT

NOTICE OF APPEAL FROM DISTRICT COURT ORDER SEPTEMBER 29, 2004
GRANTING SUMMARY JUDGMENT TO ALL DEFENDANTS

---

And now, comes Kim Smith a lay person not lettered in legal matters and with out the aid of counsel prays a less stringent standard be applied to these pro-se Notice of Appeals, aver the following:

I.    District Court errored and abused its discretion, and knowingly and intentionally did so with deliberate indifference with the intention to deny petitioner of his appeal rights by stating any appeal is not taken in good faith.
    The Septembetr 23, 2004 order was in error as the law does not state that, nor

is the court afforded the right to make determination that a Chapter wishes to marshal its funding or limited resources to assist pro-se litigants who can benefit from assistance of a volunteer attorney. In this statement it dose not state if petitioner case has merit. And surely petitioner could benefit from volunteer counsel, as assistance would have abled petitioner to present the medical evidence, test, and treatment plan by treating physician Dr. Rabinowitz, of the Center for Liver Diseases, 200 Lothrop St. Pgh. 15213.

As it petitioner attempts to present this evidence to pro-bono coordinator was denied, and as long as petitioner was denied this ability to present his claim and material evidence no adequate determination could be had. Petitioner informed the court of his on going treatment and that such would be used as evidence and petitioner was denied this right. This also would have aided the Medical Society of Pennsylvania in its determination of health care in this case if they were granted the right to review medical records of Dr. Rabinowotz who was treating petitioner for his Hepatitis-C condition. But the court made its ruling based on the institutional records, and the determination of doctors that never seen or examined petitioner to determine his condition or if any injury was sustained by the act of the defendant Dr. Kort. And petitioner should not have been denied counsel as he can benefit from appointed counsel.

Indigent prisoners seeking relief under section 1983 may petition a federal court to appoint counsel to represent them U.S.C. § 1915(d) 1988. Before a court may exercise its discretion to appoint counsel, it must be satisfied that the petitioner claim is colorable; Compare Tucker v. Randall 948 F.2d 388, 391 (7th. Cir. 1991), appointment of counsel appropriate when plaintiff presented colorable claim of deliberate indifference to serious medical needs resulting in permanent deformities, hence the damage to petitioners liver, that threw this treatment his viral load jumped from 202,000 to over 11 million in less then 60 day period from this treatment. That since treatment stop on its own the viral load dropped to just over 600,000 according to test taken by Dr. Rabinowitz of Pgh. Liver Disease Center; McCarthy v. Weinberg 753 F.2d, 836, 838-39 (10th. Cir. 1985) and this evidence should have been admitted as material fact in this case and submitted to coordinator of the pro-bono counsel. As long as this evidence and material fact was denied no adequate adjudication could have been determine for the appointment of counsel. Cookish v. Cunningham 787 F.2d 1, 4 (1st. Cir. 1996), conflicting testimony of medical society and testing done by Dr. Rabinowitz presents a complex legal issue, and the fact that pro-bono coordinator refused to except this

information and any future information from any medical doctor petitioner maybe afforded the right to see, and now summary judgment can be afforded any of the defendants until petitioner be examined by a specialized medical staff for a liver disease. When petitioner did obtain this medical information he was denied the right to submitted it to the court or pro-bono coordinator depriving him of his right to present his claims and show proof of injury sustained. As long as petitioner was denied this right to present evidence it is an abuse of discretion to deny this claim and claim any appeal would be taken in bad faith, and deny petitioner his appeal rights.

II.    Petitioner was returned to his incarceration for a condition 7 parole violation, failure to complete a program. Petitioner was terminated for 1 hour and 20 minutes accountability, even though he turned in signed verification that he was where he was to be made no difference. This comes after the defendants counsel Mr. Talaber knowingly and intentionally with deliberate indifference contacted case manager Ms. Hill at Renewal Inc., after the court issued an order that the defendants were to turn over to pro-bono coordinator any medical records dealing with hepatitis C condition and treatment. Wherefore Mr Talaber had no legal right to contact me at the center on this issue or request I sign a release of information form, since the court had already directed this attorney to turn over the medical records and what medical records to turn over. After Mr. Talaber contacted the center petitioner started having problems from his case manager, she claimed in her good conciseness she would not send petitioner out for employment if employers called based on petitioners criminal history, then this case manager after denying petitioner employment, goes on to claim that petitioner was obligated to the center to give 2 pay check before he is to be released to a home plan, and released criminal history information to a non-criminal justice agency discriminating against petitioner and denying him his ability to obtain a home plan threw the city housing authority. Ms. Hill also hindered petitioner treatment for his hepatitis-C condition. Their is an exception issue and circumstance here; Cookish 787 F.2d at 2: Ulmer v. Chancellar 697 F.2d 209, 213 (5th. Cir. 1982); see also Tabon v. Garce 6 F. 3d 147, 155-58 (3rd. Cir. 1993), and it does not state a defense for resources to deny the appointment of counsel. Nor the denial of the admittance of evidence to support the claim, this denial is an exceptional circumstance and no adequate adjudication can be made as long as petitioner was denied the right to have the treating physician submit a report or test. If no

medical information of a Doctor who examined petitioner, no adequate determination of the fact could be made. Based on such the denial of the petition is not supported; 114 S.Ct. 1306 (1994).

III. Claims against Dr. Kort are not timed barred as it is this action comes less then 60 days after the allege injury and violation of petitioners rights and the subjecting petitioner to cruel punishment, and the denial of adequate health care for a serious condition, and based on a non-existent protocol. And a time bar defense should have been submitted by the defendants, and the Court can not now come and attempt to raise such in its denial of this civil rights action.

IV. The independent review is in error as long as petitioner was denied and refused his ability to submit evidence by an expert who treated and tested petitioner, and petitioner should have been granted the right to have this medical evidence reviewed before any determination was made by a medical society who did not examine or test petitioner. Since Dr. Rabinowitz was the treating physician his records and reports should have been submitted for review along with the defendants evidence. The determination was made based on the defendants records and a independent doctor should have been requested. Petitioner obtain such medical evidence and was denied his ability to submit such by the court and pro-bono coordinator as evidence. How could the evidence of the defendants be reviewed and not the present treatment and testing by a learned doctor who specializes in the field of hepatitis C treatment. And how could a determination of this case be made by doctors who never saw or examined petitioner or his condition. Since these factors are important to this case no adequate determination could be made by the court, since petitioner was refused his ability by pro-bono counsel to review Dr. Rabinowitz's finding and test results and the biopsy of petitioner liver. Dr. Rabinowitz was the only other doctor to examine petitioner other then those of the defendants and petition obtain the medical expert to prove his claim. Records were released to pro-bono counsel who refused to except such and returned it to sender, denying petitioner his ability to present his claim.

V. Pro-bono coordinator denied petitioner his ability to provide pertinate medical information, then submitted to the Medical Society only that evidence submitted by the defendants, and denied to except expert testimony and evidence of petitioner pending condition.

VI. The defendants attorney knowingly and intentionally with deliberate indifference to court order, with a wanton desire to inflict pain, in its motion submitted to the court made reference in its motion that if petitioner was returned to his incarceration he would have to serve 10 years. This act shows a state of mind set to deprive petitioner of any of his ability to adjust to society. That the defendants counsel knowingly and intentionally contacted a Ms. Hill of Renewal Inc. under the portents that he need petitioner to sign a release of information, to release his medical record. This comes after the court issued an order directing the defendants to release any and all medical records deal with the petitioner hepatitis C condition. Which would not warrant the defendants counsel to contact petitioner and make claim that petitioner must signed a release of information form. After the defendants counsel contacted Ms. Hill this party knowingly and intentionally with wanton desire to inflict pain, stated in her good conciseness she would not send petitioner out for employment if an employer called based on petitioner criminal history, which petitioner has only 2 prior conviction. And none of them job related would not warrant this person to deny gainful employment and stop petitioner from complying with the stipulation of his green sheet. Ms. Hill went on to deny petitioner housing, claiming to City of Pittsburgh Housing Authority that petitioner was obligated to turn over 2 pay check to this center before being released. ( how could petitioner turn over such if he was knowingly and intentionally being denied his ability to become gainfully employed by Ms. Hill), Ms. Hill also released criminal history information to a non-criminal justice agency, when their was not an on going investigation going on, and cause this agency to side step their protocol for criminal history check, and go beyond the 7 year requirement. This act denied petitioner his housing, and his ability to comply with his green sheet. On May 20, 2004 petitioner was returned to his incarceration on a concept of accountability, petitioner was terminated from this program for 1 hour and 20 minutes accountability, even though petitioner had signed verification that he was where he was to be made no difference, which was a condition 7 parole violation failure to complete a program. Petitioner was given a 9 month hit for this claimed violation, this act also hindered petitioners ability to be treated for his diabetes, and hepatitis C condition.

VII. Base on these fact the defendants should not be granted summary judgment against petitioner when their was an over laying denial of petitioner to submit his

claims to pro-bono coordinator and medical society when petitioner was denied his right to submit expert testimony or witness who was presently treating petitioner for his condition, this was important evidence and petitioner was denied his right to submit such for review, and no adequate determination could have been made by the district court as long as petitioner was denied such. Petitioner informed the court of this request, and the defendants attorney, and they failed to reply, and at any time during any proceeding if important information comes available petitioner has a right to submit such and no party has the authority to abridge this right.

Wherefore, petitioner has filed this notice of appeal as the determination by the district court is not bound in law, and is so one sided that it did not afford petitioner the right to present his claim. Namely the report of treating physician Dr. Rabinowitz of the Center for Liver Diseases, 200 Lothrop St. Pgh. Pa. 15213.

Date: 10-13-04

Respectfully Submitted

Proof Of Service

I Kim Smith certify that on or about October 12, 2004 he place in the institutional mail box envelop containing petitioner notice of appeal to be forwarded to the United States Postal Service to be mailed to the below listed parties 1 st. class mail. I certify the forgoing is true and correct to the best of my knowledge and understanding and subjected to the penalties provided for under 28 U.S.C. § 1746.

Mary D'Andrea, Office of the Clerk, United States Distrcit Court, Middle District of Pennsylvania, U.S. Courthouse, 228 WAlnut St., Harrisburg, Pa. 17108

Office of Chief Counsel. Machael A. Farnan,/John J. Talaber 55 Utley Dr., Camp Hill, Pa. 17001

Kim Smith, 1 Kelley Dr., Coal Township, Pa. 17866-1021

Date: 10-12-04

_____
Petitioner

