IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kim Smith | :Civil No. 1:01-CV-817 |
|    Plaintiff | : |
| | : |
| vs. | : |
| | : |
| Weaver et. al., | : |
|    Defendants | : |

FILED
SCRANTON
JAN 2 4 2005
MARY E. D'A... CLERK
Per_____
DEPUTY CLERK

## OBJECTION TO TAXATION OF COST
## PRACTICAL IN ACCORDANCE WITH 28 U.S.C. § 1920
## REQUEST FOR ORDER FOR DEFAULT JUDGMENT

And now comes Kim Smith a lay person not lettered in legal matters and without the aid of counsel prays a less stringent standard be applied to this pro - se pleading and objection avers the following:

1.  On or about November 3, 2004 the United States Court of Appeals issued a order denying the appeal in the above listed case for the failure to prosecute, in that plaintiff failed to pay the filing fee as requested by the court, for this issue to go forward. See attached exhibit A
    A.  Clerks Proedural Handbook XIX rule 28 U.S.C. § 1919, and F.R.C.P. 54(d)(1), and 28 U.S.C. § 1924 with a filing of Bankruptcy Code.

2.  28 U.S.C. § 1915 (4) in no event shall a prisoner be prohibited from bring a civil action or appealing a civil or criminal judgment for reason that the prisoner has no assets, and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915 (4)(2)(C)(g).

3.  Failure to procecute under 28 U.S.C. § 1915 in as much also states that a plaintiff at a later date can resubmit his claim to the court when funds are available for filing fee. In as much the case in the Court of appeal s still open and is not a final order. Wherefore any taxation is premature in this case until the final

adjudication of this appeal.

4.      Lastly plaintiff is awaiting release on parole and has no institutional job, and in light of the in adequate health care which has rendered plaintiff ability for employment limited, and any future employment is questionable, for the 10 year delay in the treatment of plaintiff's back, knee, shoulder, hep c, apena, diabetes, and the fact that plaintiff was declared disabled by the Social Security Administration, his employability is questionable. And his ability to pay the cast hindered, and the fact that any taxation may hinder his release and enhance his punishment is at question, would taxation over ride the liberty interest of being released.

4.      Default Judgment, Fed. Rule Civil Procedure Rule 7.1(b)(1) which states, file the rule 7.1(a) statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court. Also non governmental corporate parties must file, with first appearance, pleading, motion, response, or other request addressed to the court, statement identifying a parent corporation or any publicly held corporation, see Rule 11 as the counsel of Samuel H. Foremand Esq. and Laura J. Neal Esq. have failed to file an appearance of which defendants they represent and identify themselves so plaintiff could reply to any notice of filing on these defendants behalf. Counsel knew or they should have known that they should file an appearance notice, and they did not file such, and as of this date plaintiff does not have such a notice. See Roadway Express Inc. vs. Piper 447 U.S. 752 (1980); Hall v. Cole 412 U.S.1, 5 (1973) Greater attention by the district court to pleading and motion abuse and the imposition of sanction when appropriate, should discourage dilatory or abusive tactis; See e.g. Browning Debenture Holders Committee's v. DASA Corp. 560 F3d. 1078 (2nd. Cir. 1977); See Nemeroff v. Abelson 620 F. 2d. 339 (2nd. Cir. 1980) Whether a violation has occurred and what sanction if any to impose for a violation are matters committed to the discretion of the court, accordingly as under current law, the standard for appellate review of these decision will be abuse of discretion; See Cooter $ Gell v. Hartmarx Corp. 496 U.S. 384 (1990).

Wherefore based on the above it is respectfully requested that taxation of cost for appeal has not fully occurred and is premature as the appeal is still pending and can be resubmitted at any time when funds are available. And the two above listed counsel has failed to file an appearance notice with plaintiff and the court and any taxation that they may have considered should be stricken, and denied as a matter of

law and in operation of the local rules of court in civil action and under the summary judgment imposed by the court.

Also the fact of plaintiff's health care condition and the inability to institutional medical staff to adequately treat these condition over a 10 year period has only stopped any ability of plaintiff's ability for future employment as listed above. Enlight of up coming release and parole hearing weighed against a liberty interest is it constitutionally sound to impose taxation on a person who has no funds no assets, no income, no institutional job, and has a pending parole hearing for release. Wherefore any taxation is objected to in this matter.

Respectfully Submitted

Date 1-16-05

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kim Smith | :Civil No. 1:01-CV-817 |
|    Plaintiff | : |
| | : |
|    vs. | : |
| | : |
| Weaver et. al., | : |
|    Defendants | : |

### PROOF OF SERVICE

And now this 16 th. day of January, 2005 Kim Smith placed in D Block mail box an envelope containing his objection to taxation, to be forwarded to the below listed parties by first class mail, in compliance with a letter sent him by Mary D'Andrea clerk of courts middle district to reply with an objection by January 18,2005. The for going is true and correct to the best of my knowledge and understanding, and subjected to the penalties provided for under 28 U.S.C. § 1746.

Office of the Clerk, Mary E. D'Andrea, United States District Court, Middle District of Pennsylvania, William J. Nealson Federal Building & Courthouse, 235 North Washington Ave. P.O. Box 1148, Scranton, Pa. 18501-1148

John Talaber Esq., Assistant Counsel, Pennsylvania Department of Correction, Governor's Office of General Counsel, 55 Utley Dr., Camp Hill, Pa. 17011

Kim Smith CT-2162, 1 Kelley Dr. Coal Township, Pa. 17866-1021

Date; 1-16-05

*[signature]*
Petitioner

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 04-3984

Smith

vs.

Weaver, et al.

Kim Smith, Appellant

(Middle District of Pennsylvania Civil No. 01-cv-00817)

O R D E R

Pursuant to Rule 3(a) of the Federal Rules of Appellate Procedure and Third Circuit LAR Misc. 107.2,

It is O R D E R E D that the above-entitled case is hereby dismissed for failure to timely prosecute;

It is FURTHER O R D E R E D that a certified copy of this order be issued forthwith as the mandate.

For the Court,

Marcia M. Waldron

Clerk

Date: November 3, 2004
cc:     Kim Smith ###CT-2162
        John J. Talaber, Esq.
        Samuel H. Foreman, Esq.
        James D. Young, Esq.
        Robert G. Hanna Jr., Esq.

Name Tim Smith
Number CT2162
1 Kelley Drive
Coal Township, PA 17866-1021

RECEIVED
SCRANTON
JAN 2 4 2005
PER _____
DEPUTY CLERK

United States
for the
Middle District of Pennsylvania
Office of the Clerk
Mary E. D'Andrea, Clerk
William J. Nealon Federal Building
& U.S. Courthouse
235 North Washington Ave
P.O. Box 1148
Scranton, PA